IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VANESSA A. MCFADDEN | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 1:05CV02401 (RJL) |
| BALLARD SPAHR ANDREWS & INGERSOLL, LLP, et al. | : |
| Defendants. | : |

## ANSWER

Defendants, Ballard Spahr Andrews and Ingersoll, LLP ("Ballard Spahr" or "the Firm") and Margaret Riley-Jamison (Riley-Jamison)(collectively referred to as "Defendants") answer the allegations of the Complaint of Plaintiff, Vanessa A. McFadden ("Plaintiff" or "McFadden") as follows:

## NATURE OF THE ACTION

1. Defendants admit that Plaintiff has brought this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1966, 42 U.S.C. § 1981 (1988), and the District of Columbia Human Rights Act, D.C. Code § 2-1402.11 *et seq.*, for race discrimination and retaliation in employment as set forth in paragraph 1 of the Complaint, but deny that they have violated any law or legal requirement to give rise to this action.

2. Defendants admit that Plaintiff has also brought this action under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 *et seq.*, for disability discrimination and retaliation in employment as set forth in paragraph 2 of the Complaint, but deny that they have violated any law or legal

requirement to give rise to this action.

3.  Defendants admit that Plaintiff has also brought this action under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, as set forth in paragraph 3 of the Complaint, but deny that they have violated any law or legal requirement to give rise to this action.

## JURISDICTION

### Subject Matter Jurisdiction

4.  Defendants admit that Plaintiff seeks to invoke the jurisdiction of this Court as set forth in paragraph 4 of the Complaint. Paragraph 4 further alleges legal conclusions for which no response need be given.

5.  Defendants admit that Plaintiff seeks to invoke the jurisdiction of this Court as set forth in paragraph 5 of the Complaint. Paragraph 5 further alleges legal conclusions for which no response need be given, but, to the extent a response is required, they are denied.

6.  Defendants admit that the EEOC issued Plaintiff a right to sue letter dated September 14, 2005 and that she filed this action on December 14, 2005. The allegations that "Plaintiff's claims are properly before this Court" and that "she has exhausted her administrative remedies" are legal conclusions for which no response need be given, but, to the extent a response is required, they are denied. Further, Defendants lack sufficient information or belief to admit or deny Plaintiff's remaining allegations in Paragraph 6 concerning her receipt of a "right to sue letter" and, therefore, the allegations are denied.

### Personal Jurisdiction and Venue

7.  Defendants admit that Plaintiff seeks to invoke the jurisdiction of this Court as set forth in paragraph 7 of the Complaint. Paragraph 7 further alleges legal conclusions for which

no response need be given, but, to the extent a response is required, they are denied.

8. Defendants admit that Ballard Spahr has an office located within the District of Columbia and conducts business there. Defendants admit that Plaintiff has alleged various acts occurring in the District of Columbia, but denies that any of those acts give rise to any claims against Defendants. Paragraph 8 further alleges legal conclusions for which no response need be given, but, to the extent a response is required, they are denied.

## PARTIES

9. Defendants lack information sufficient to form a belief as to whether or not Plaintiff is a resident of the District of Columbia, and, therefore, denies same. Defendants admit that Plaintiff was formerly employed by Ballard Spahr. Paragraph 9 further alleges legal conclusions for which no response need be given, but, to the extent a response is required, they are denied.

10. Defendants admit that Ballard Spahr is a limited liability partnership which has an office located at 601 13th Street, N.W., Suite 1000 South, Washington, D.C. 20005-3807 and that it is a law firm whose principal business is providing legal services and that it employs over 500 employees in all of its offices put together. The remaining allegations in paragraph 10 state legal conclusions for which no response is required, but, to the extent a response is required, they are denied.

11. Defendants admit that Riley-Jamison is an individual, that she is a resident of Virginia, and that she is and was at times relevant to the Complaint, the Human Resources Manager at Ballard Spahr's Washington, D.C. office. Defendants admit that Plaintiff has named Riley-Jamison as a Defendant in her individual capacity, but denies that she has violated any law or legal requirement to give rise to this action or any personal liability. Paragraph 11 further

alleges legal conclusions for which no response is required, but, to the extent a response is required, they are denied.

## FACTUAL ALLEGATIONS

12. Defendants admit the allegations in paragraph 12 of the Complaint.

13. Defendants admit that Plaintiff was hired in Spring, 1989. Defendants further admit that Plaintiff was responsible for answering the telephone, entering timeslips, preparing invoices, setting up conferences, and editing and filing legal documents as part of, but not all, of her duties. All remaining allegations are denied.

14. The allegations in Paragraph 14 are denied.

15. The allegations in Paragraph 15 are admitted.

16. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint and, therefore, deny them.

17. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint and, therefore, deny the allegations.

18. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint and, therefore, deny the allegations.

19. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint and, therefore, deny the allegations.

20. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Complaint and, therefore, deny the allegations. As for the memorandum referred to in paragraph 20, it speaks for itself.

21. Defendants are without sufficient information to form a belief as to the truth or

falsity of the allegations in paragraph 21 of the Complaint and, therefore, deny the allegations.

22. It is admitted that Plaintiff told Mr. Henck and Ms.Riley-Jamison that her husband's chemotherapy treatments would begin in late December 2002 or early January 2003 and that she would need time off. Defendants are without sufficient information to form a belief as to the truth or falsity of the remaining allegations and, therefore, deny them.

23. The allegations in paragraph 23 are denied.

24. The allegations in paragraph 24 are denied.

25. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 25 of the Complaint and, therefore, deny the allegations.

26. The allegations in paragraph 26 are denied.

27. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 27 of the Complaint and, therefore, deny the allegations. The allegations in the second sentence of paragraph 27 are denied.

28. The allegations in paragraph 28 are denied.

29. The allegations in paragraph 29 are denied.

30. The allegations in paragraph 30 are denied.

31. The allegations in paragraph 31 are denied.

32. The allegations in paragraph 32 are denied.

33. The allegations in paragraph 33 are denied.

34. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 34 of the Complaint and, therefore, deny the allegations.

35. The allegations in paragraph 35 are denied.

36. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 36 of the Complaint and, therefore, deny the allegations.

37. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 37 of the Complaint and, therefore, deny the allegations

38. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 38 of the Complaint and, therefore, deny the allegations.

39. Defendants admit that beginning on or about October 16, 2003, Plaintiff went out on an extended medical leave of absence. Defendants are without sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 39 of the Complaint and, therefore, deny the allegations.

40. Defendants admit that Plaintiff received no compensation from the Firm from October 16, 2003 through November 14, 2003. Defendants further admit that on November 15, 2003, Plaintiff began receiving 60% of her salary under the Firm's short-term disability plan.

41. The allegations in paragraph 41 are denied.

42. It is admitted that Plaintiff's short-term disability benefits ended on or about January 14 and that Fern Forman was the benefits administrator for Ballard Spahr. Defendant lacks knowledge as to the remaining allegations of paragraph 42 and therefore, denies them.

43. The letter referenced in paragraph 43 speaks for itself. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 43 of the Complaint and, therefore, deny the allegations.

44. The letters referenced in paragraph 44 speaks for itself. It is admitted that McFadden completed a request for the additional non-FMLA leave.

45. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 45 of the Complaint and, therefore, deny the allegations.

46. Defendants admit that on May 14, 2004, Ballard Spahr personnel spoke to Plaintiff. The remaining allegations in paragraph 46 are denied.

47. Defendants admit that Plaintiff that she was terminated in mid-May, 2004. The remaining allegations in paragraph 47 are denied.

48. The allegations in paragraph 48 are denied.

49. Defendants admit that Plaintiff was provided with provisional benefits during her leave of absence and that her long-term disability claim was approved on September 22, 2005. Defendants deny that they provided misinformation to Plaintiff or that they "harangued" her. The remaining allegations in paragraph 49 are denied.

## COUNT I
### (Race Discrimination)

50. Defendants incorporate by reference their responses to paragraphs 1-49 of the Complaint.

51. Defendants admit that Plaintiff is an African American.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Paragraph 53 contains a legal conclusion to which no response is required. To the extent a response is required, it is denied.

54. The allegations in paragraph 54 are admitted.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

61. Defendants admit that Ballard Spahr has terminated both Caucasian and African-American employees and that Ms. Riley-Jamison has informed employees of their termination by Ballard Spahr. The remaining allegations are denied.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

63. Defendants deny the allegations in paragraph 63 of the Complaint.

64. Paragraph 64 calls for a legal conclusion to which no response in required. To the extent a response is required, it is denied.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

68. Defendants deny the allegations in paragraph 68 of the Complaint.

69. Defendants deny the allegations in paragraph 69 of the Complaint.

## COUNT II
### (Disability Discrimination)

70. Defendants incorporate by reference their responses to paragraphs 1-69 of the Complaint.

71. The allegations in the first two sentences of paragraph 71 of the Complaint state legal conclusions for which no response is required. Defendant lacks sufficient information to admit or deny the allegations in the third sentence of paragraph 71 and, therefore, the allegations are denied, but, to the extent a response is required, they are denied.

72. Defendants deny the allegations in paragraph 72 of the Complaint.

73. The allegations in paragraph 73 of the Complaint state legal conclusions for which no response is required, but, to the extent a response is required, they are denied.

74. Defendants admit that Ballard Spahr terminated Plaintiff's employment with the firm. Defendants deny the remaining allegations in paragraph 74 of the Complaint.

75. Defendants lack sufficient information or belief to admit or deny the allegations in paragraph 75 of the Complaint in that they do not ask job applicants or employees whether they are disabled or non-disabled and, therefore, the allegations are denied.

76. The allegations in paragraph 76 of the Complaint state legal conclusions to which no response is required, but to the extent a response is required, the allegations are denied.

77. Defendants deny the allegations in paragraph 77 of the Complaint. The last allegations in paragraph 77 of the complaint state legal conclusions that do not require a response, but to the extent a response is required, the allegations are denied, but, to the extent a response is required, they are denied.

78. Defendants deny the allegations in paragraph 78 of the Complaint.

79. The allegations in paragraph 79 state legal conclusions to which no response is required, but, to the extent a response is required, they are denied.

80. The allegations in paragraph 80 state legal conclusions to which no response is required, but, to the extent a response is required, they are denied.

81. Defendants deny the allegations in paragraph 81 of the Complaint.

82. Defendants deny the allegations in paragraph 82 of the Complaint.

83. The allegations in paragraph 83 state legal conclusions to which no response is

required, but, to the extent a response is required, they are denied.

84. Defendants lack sufficient information to admit or deny the allegations in paragraph 84 of the Complaint and therefore demands strict proof thereof. Defendants further deny that they have engaged in any discriminatory practices against Plaintiff.

## COUNT III
**(Family and Medical Leave Act Violations)**

85. Defendants incorporate by reference their responses to paragraphs 1-84 of the Complaint.

86. The allegations in paragraph 86 are denied.

87. The allegations in paragraph 87 state legal conclusions to which no response is required, but, to the extent a response is required, they are denied.

88. Defendants lack sufficient information to admit or deny the allegations in paragraph 88 of the Complaint. Further, the allegations in the last sentence of paragraph 88 state legal conclusions to which no response is required, but, to the extent a response is required, they are denied.

89. Defendants lack sufficient information to admit or deny the allegations in paragraph 89 of the Complaint. Further, the allegations in the last sentence of paragraph 89 state legal conclusions to which no response is required, but, to the extent a response is required, they are denied.

90. The allegations in paragraph 90 of the Complaint state legal conclusions to which no response is required, but, to the extent a response is required, they are denied.

91. Defendants deny the allegations in paragraph 91 of the Complaint.

92. Defendants deny the allegations in paragraph 92 of the Complaint.

93. Defendants deny the allegations in paragraph 93 of the Complaint.

94. Defendants deny the allegations in paragraph 94 of the Complaint

95. Defendants deny the allegations in paragraph 95 of the Complaint.

96. Paragraph 96 calls for legal conclusions to which no response is required. To the extent a response is required, it is denied.

97. Defendants deny the allegations in paragraph 97 of the Complaint.

98. Defendants lack sufficient information to admit or deny the allegations in paragraph 98 of the Complaint. Defendants further deny that they have engaged in any discriminatory practices against Plaintiff.

## COUNT IV
### (Retaliation)

99. Defendants incorporate by reference their responses to paragraphs 1-98 of the Complaint.

100. The allegations in paragraph 100 of the Complaint state legal conclusions to which no response is required, but, to the extent a response is required, they are denied.

101. The allegations in paragraph 101 of the Complaint state legal conclusions to which no response is required, but, to the extent a response is required, they are denied.

102. The allegations in paragraph 102 of the Complaint state legal conclusions to which no response is required, but, to the extent a response is required, they are denied.

103. The allegations in paragraph 103 of the Complaint state legal conclusions to which no response is required, but, to the extent a response is required, they are denied.

104. Defendants deny the allegations in paragraph 104 of the Complaint.

105. Defendants deny the allegations in paragraph 105 of the Complaint.

106. Defendants deny the allegations in paragraph 106 of the Complaint.

107. Defendants deny the allegations in paragraph 107 of the Complaint.

108. Defendants deny the allegations in paragraph 108 of the Complaint.

109. The allegations in paragraph 109 of the Complaint state legal conclusions to which no response is required.

110. Defendants deny the allegations in paragraph 110 of the Complaint.

111. Defendants deny the allegations in paragraph 111 of the Complaint.

112. Defendants deny the allegations in paragraph 112 of the Complaint.

113. Defendants deny the allegations in paragraph 113 of the Complaint.

114. Defendants deny the allegations in paragraph 114 of the Complaint.

115. Defendants deny the allegations in paragraph 115 of the Complaint.

116. Defendants lack sufficient information to admit or deny the allegations in paragraph 116 of the Complaint. Defendants further deny that they have engaged in any discriminatory practices against Plaintiff.

## PRAYER FOR RELIEF

117. Defendants deny the allegations in paragraph 117 of the Complaint.

118. Defendants deny the allegations in paragraph 118 of the Complaint.

119. Defendants deny the allegations in paragraph 119 of the Complaint.

All allegations in the Complaint not specifically admitted are hereby denied. Defendants expressly deny that Plaintiff is entitled to any relief whatsoever including the relief Plaintiff seeks in her Prayer for Relief.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred by the applicable statute of limitations.

### Third Defense

Plaintiff's claims are barred to the extent that Plaintiff has failed to exhaust her administrative remedies.

### Fourth Defense

Plaintiff has failed to mitigate her damages, if any.

### Fifth Defense

Defendants are entitled to a set-off of any recovery by Plaintiff.

Defendants reserve the right to add additional defenses as may be developed during discovery in this case.

WHEREFORE, Defendants, Ballard Spahr Andrews and Ingersoll, LLP and Margaret Reilly-Jamison, respectfully pray that the Court grant judgment in their favor and award them reasonable attorney fees and costs for the defense of this action.

    Respectfully submitted,

    Ballard Spahr LLP, et al.
    By counsel

/s/_____
Bernard J. DiMuro, Esq. (D.C. Bar #393020)
/s/_____
Jonathan R. Mook, Esq. (D.C. Bar #929406)
DiMURO GINSBERG, P.C.

908 King Street, Suite 200
Alexandria, VA  22314
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing was served via electronic filing this 10th day of February, 2006 to the following:

> Teresa W. Murray, Esq.
> The Law Offices of T.W. Murray, LLC
> 1111 Bonifant Street
> Silver Spring, Maryland 20920
> (301) 585-1870
> (301) 585-1871(fax)
> *Counsel for Plaintiff*

                                        _____
                                          Bernard J. DiMuro