UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
**VANESSA A. MCFADDEN**           )
       Plaintiff,           )
                             )
  v.                      )    **Civil Case No.05cv2401 (RJL)**
                             )
**BALLARD SPAHR ANDREWS &**       )
**INGERSOLL, LLP et al.**         )
                             )
       Defendants.          )
_____)

## JOINT MEET AND CONFER STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3, Plaintiff Vanessa A. McFadden and Defendants Ballard Spahr Andrews & Ingersoll and Margaret Riley-Jamison, file this Joint Meet and Confer Statement and accompanying proposed scheduling orders.

**A. STATEMENT OF FACTS AND STATUTORY BASIS FOR CLAIMS AND DEFENSES**

*(1) Plaintiff Vanessa McFadden's Statement*

Vanessa McFadden worked as a full-time legal secretary for the Defendant Ballard Spahr Andrews & Ingersoll ("Ballard Spahr" or "Firm") for over 15 years. In late 2002, Ms. McFadden's husband was diagnosed with terminal cancer, which required surgery and continuing, intensive treatment. Ms. McFadden requested leaves of absence from work as well as an intermittent part-time schedule to care for her husband and to assist with his chemotherapy treatments. Ms. McFadden alleges that the Defendant Firm and its Human Resources Manager, Defendant Margaret Riley-Jamison willfully violated the

Family and Medical Leave Act (FMLA) by denying her leave, misrepresenting Ms. McFadden's leave entitlement to her, interfering with her leave entitlement and failing to keep confidential her husband's medical condition.  Later, Ms. McFadden's own health deteriorated and she was diagnosed with several disabling conditions, which ultimately rendered her temporarily unable to work in late 2003.  While the Firm provided her some FMLA leave, upon the expiration of that leave, it did not offer Ms. McFadden a reasonable accommodation for her disability, despite her request for a reassignment to an open position.  The Defendants terminated Ms. McFadden, although it provided liberal paid and unpaid leave, short and long-term disability accommodation, and job retention to Caucasian Firm employees.  Ms. McFadden's termination occurred close in time to her exercise of rights to leave and reasonable accommodation under the FMLA and Americans With Disabilities Act.  She, consequently, brings claims for willful FMLA violations, disability and race discrimination and retaliation.  These claims are statutorily based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; The Civil Rights Act of 1866, 42 U.S.C. § 1981(1988); the District of Columbia Human Rights Act, D.C. Code § 2-1402.11 et seq; The Americans With Disabilities Act, 42 U.S.C § 12101 et seq.; and The Family and Medical Leave Act, 29 U.S.C. § 2601 et seq..

    *(2)  Defendants Ballard Spahr and Riley-Jamison's Statement*

Plaintiff, Vanessa McFadden, worked as a legal secretary and in various support positions at the Washington, D.C. office of defendant Ballard Spahr Andrews & Ingersoll ("Ballard Spahr") beginning May 1989.  Defendant Margaret Riley-Jamison is the

Human Resources Manager for Ballard Spahr's Washington, D.C. office. After Ms. McFadden's husband was diagnosed with cancer in 2002, Ms. McFadden was granted a number of leaves of absence and time off from work to assist her husband in his medical care. In the latter part of 2003, Ms. McFadden developed health problems of her own and, beginning in mid-October 2003, she began an extended medical leave of absence. Ms. McFadden remained on leave for seven months, during which time she received FMLA leave, short-term disability leave, salary advances, long-term disability advances and an extended unpaid leave of absence. After her leave expired in mid-May 2004, Ms. McFadden indicated to Ballard Spahr that she could not return to work despite Ballard Spahr's attempt to return her to a position. Given the fact that Ms. McFadden's leave had expired and she was unable to return to work, Ballard Spahr terminated Ms. McFadden's employment. Ms. McFadden applied for long-term disability insurance with Ballard Spahr's insurance provider, Unum Provident, and, subsequently, Ms. McFadden's long-term disability was approved. It is Ballard Spahr's understanding that Ms. McFadden presently is receiving long-term disability insurance as well as Social Security disability insurance on the basis that she is unable to work.

In dealing with Ms. McFadden's situation, Ballard Spahr not only complied with all legal requirements but gave her salary advances, as well as advances for disability insurance payments. Ms. McFadden's claims that Ballard Spahr engaged in disability and race discrimination and retaliation and violated her rights under the FMLA are without legal or factual foundation. In addition, many of Ms. McFadden's claims are untimely or fail to state any actionable adverse employment actions.

B. **THE 26(F) CONFERENCE**

Counsel for the Plaintiff, Teresa W. Murray and Counsel for the Defendants Jonathan Mook met on March 9, 2006 and discussed the matters set forth in Fed. R. Civ. P. 26(f) and Local Rule 16.3. The meeting was held telephonically and lasted approximately one hour. Each of the matters discussed is detailed below.

C. **MATTERS DISCUSSED**

(1) Plaintiff McFadden believes that this is case not likely to be disposed of by dispositive motion (i.e. summary judgment) because, as made evident by the pleadings filed to date, there exist numerous genuine disputes as to material facts. The Defendants disagree with McFadden's position and believe that this matter should be resolved by a dispositive motion, which Defendants plan to file after the close of discovery. No dispositive motions have currently been filed by either party in this case.

(2) The parties agree that any other party shall be joined in this action, within 30 days of the issuance of the scheduling order. Plaintiff proposes that pleadings should be amended by the discovery deadline. Defendants oppose Plaintiff's proposal and believe that any amendments to the pleadings should be filed within 30 days of the issuance of the scheduling order.

The parties could not agree to narrow the factual and legal issues beyond the Plaintiff's Complaint and Defendant's Answer. Defendant believes that the various factual and legal issues will be narrowed through the process of discovery in this case.

(3) The parties agree that this case should not be referred to a magistrate judge for any purpose including trial.

(4) The parties have discussed the possibility of settlement and both believe that settlement will most likely be entertained early on in this litigation, and after discovery is conducted and the Court has ruled on motion(s) for summary judgment. Parties' counsel both certify that they have discussed the ADR program with their respective clients and counsel has considered: (i) the client's(') goals in bringing or defending the litigation; (ii) why prior settlement talks the parties' engaged in between the filing of the Complaint and Answer did not produce an agreement; (iii) the point during litigation when ADR would be most appropriate; (iv) whether the parties would benefit from a neutral evaluation of their case; and (v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending. The parties do not believe that ADR would be appropriate at this juncture; however, we agree to notify the Court if and when the parties wish to attempt ADR. If the parties do elect to try ADR, both parties agree that a short stay would be in appropriate.

(5) Plaintiff McFadden believes that genuine disputes as to material facts will preclude the dismissal of this action on summary judgment. She further believes that there is no basis for any motion to dismiss, and one has not been filed by the Defendants. Defendants, however, believe the case will be resolved on summary judgment and plan to move for summary judgment at the appropriate juncture. The parties believe that dispositive motions and cross motions should be filed 30 days after the close of discovery, with Oppositions

due within 30 days thereafter and replies to oppositions due within 15 days. Plaintiff respectfully proposes that the Court render a decision on dispositive motion(s) within 60 days of the filing of the Reply brief.

(6) **Rule 26(a)(1) Initial Disclosures**.  The parties agree to serve the other with Initial Disclosures, per the Scheduling Order, by March 30, 2006.  In addition, the parties seek a scheduling order modifying the initial disclosure requirements of Fed. R.Civ. P. 26(a)(1) and presents their objections below.

   a. Plaintiff objects to initial disclosure requirements under Rule 26(a) in the following respects:

      i. Rule 26(a)(1)(B) – Plaintiff McFadden objects to any requirement that the parties provide copies of all documents, data compilations, and tangible things that may be used to support its claims or defenses, but does not object to this rule's requirement that the parties provide a general description by category and location of these documents.  Copies of documents requested in discovery will sufficiently meet the purpose of this rule without requiring the parties to duplicate efforts.  Defendants agree to this modification.

      ii. Rule 26(a)(1)(C) – Plaintiff McFadden objects to any required disclosure of computation of any category of damages as such information at this early stage of the litigation is premature and would unnecessarily obligate Plaintiff to proclaim too early the

6

    extent of her damages.  Plaintiff proposes that this rule be modified with respect to the timing of this disclosure such that she only be required to disclose this computation, once her claims survive summary judgment.

    Defendants oppose this modification and believe that even at this early stage of the litigation Plaintiff should be able to specify the nature and extent of her damages.  Given the fact that since her termination, Plaintiff has been receiving long term disability benefits and Social Security Disability benefits on the basis that she is totally unable to work, Defendants believe that Plaintiff cannot show that she has suffered any appreciable economic damages, even assuming the truth of her allegations (which Defendants deny).

(b)    Defendants' have no objections to initial disclosure requirements under Rule 26(a).

(7) **Discovery**.  Plaintiff anticipates discovery being extensive in this case.  Ms. McFadden filed a four-count Complaint against two Defendants and therefore needs significant discovery to support her claims and to obtain evidence, which the Defendants wish to use on dispositive motion and at trial.  Therefore, if managed properly, the parties believe discovery should take approximately six months and should be completed in its entirety, by October 31, 2006.  At present, Plaintiff does not perceive any need to place any limits on discovery, and has discussed with Defendants that presumptive limits on interrogatories,

>document production requests, depositions, etc. apply to *each* Defendant separately. Both parties have concerns regarding privacy issues. Both will want protective orders concerning the medical condition, records, information, etc. belonging to Ms. McFadden as well as Ballard Spahr employees with whom she makes comparisons.

Because Plaintiff's claims against the two Defendants arise out of precisely the same events and transactions during a limited time frame, Defendants do not believe that this case will require extensive or significant discovery. Therefore, the limits on discovery set forth in the Federal Rules and Local Rules of this Court should apply to both Defendants, jointly. Because of the potential difficulty of scheduling depositions during the summer months, Defendants agree with Plaintiff that a discovery period of six months is appropriate.

>(8) **Rule 26(a)(2) Expert Witnesses.** Plaintiff seeks a modification of Rule 26(a)(2) to require the parties to provide the disclosure of experts and expert report 45 days before the close of discovery to allow the other party to counter-designate, if they elect, and to conduct additional discovery on the subject matter of the expert's opinion. Plaintiff believes that the parties should be permitted to take the deposition of the expert anytime between the expert's disclosure and 90 days before trial. Defendants do not object to Plaintiff's proposed modification.

>(9) The parties believe that neither trial nor discovery should be bifurcated.

(10)   The parties agree that the pretrial conference should take place 60 days after the Court's denial or partial denial of dispositive motion(s) and that a firm trial date should be set at the pretrial conference.

Respectfully submitted,

Dated: March 24, 2006                    By:_____/s/_____
                                                Teresa W. Murray
                                                Bar No. 460430

                                         THE LAW OFFICES OF T.W. MURRAY, LLC
                                         1111 Bonifant Street
                                         Silver Spring, Maryland 20910
                                         Phone: 301-585-1870
                                         Fax: 301-585-1871

                                         Counsel for the Plaintiff


                                         By:_____/s/_____
                                                Jonathan Mook
                                                Bar No. 929406

                                         DIMURO GINSBERG, P.C.
                                         908 King Street, Suite 200
                                         Alexandria, VA 22314
                                         Phone: 703-684-4333
                                         Fax: 703-548-3181

                                         Counsel for the Defendants