UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Vanessa A. McFadden, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV02401 |
| ) | Judge Richard J. Leon |
| Ballard Spahr Andrews and ) | |
| Ingersoll, LLP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL**

**I.   INTRODUCTION**

In this case, Plaintiff, a former legal secretary with Defendant, Ballard Spahr Andrews and Ingersoll, LLP ("Ballard Spahr"), has sued Ballard Spahr and its office manager, Margaret Riley-Jamison, for a race discrimination, disability discrimination, violation of the Family and Medical Leave Act (FMLA) and retaliation. Plaintiff was employed by Ballard Spahr for approximately 15 years and following a six month leave of absence, she was terminated on or about March 10, 2004 when she informed Ballard Spahr that she could not return to work.

Plaintiff has filed a lengthy Complaint of 119 paragraphs and 24 pages seeking unspecified damages in numerous categories.[1]  In order to determine the factual basis for Plaintiff's numerous allegations and claims and a specification of her purported damages, Defendants served their First Set of Interrogatories and First Set of Document Requests by fax

---

[1]   According to the Prayer for Relief, Plaintiff seeks declaratory judgment; restraining order; back wages; costs; past and future pecuniary losses; equitable relief; general, special, liquidated, treble and compensatory damages; punitive damages; pre and post judgment interest; attorneys' fees and expert witness fees; and other relief.

and mail on May 15, 2006, over two months ago. Plaintiff failed to respond or object to the discovery before the June 18, 2006 deadline for response. Plaintiff never contacted Ballard Spahr during this period and never requested an extension.

On June 23, 2006, Defendants received Plaintiff's Answers and Objections to Ballard Spahr's discovery.  See Exhibit A.  Not only were Plaintiff's discovery responses belatedly served, they were woefully inadequate. As outlined below, Plaintiff provided a partial response[2] to only sixteen of twenty-five interrogatories, objecting that Interrogatory No. 17 onward exceeded the number of interrogatories allowed by the Federal Rules. Plaintiff also objected that more than thirty document requests was impermissible and refused to produce documents to any request after Document Request 30, although no Federal Rule limiting the number of document requests exists.

Despite request, Plaintiff has failed to withdraw her objections and respond fully to Defendant's discovery.[3]  Accordingly, Defendants have had no choice but to file their motion to compel.

## II. ARGUMENT

---

[2] The answers, as described below, were curt at best. Some responses simply stated that Plaintiff would search her own records for the information.

[3] Although Plaintiff failed to adequately respond to Defendants' request that she supplement discovery responses, Plaintiff managed to find time to promulgate her First Interrogatories, First Set of Document Requests and First Requests for Admissions on July 13, 2006. Many of Plaintiff's Requests for Admissions ask the Defendants to admit matters that require documents requested from Plaintiff in discovery, but which have not been produced. For example, Plaintiff has requested that Defendants admit that she is actually disabled and has a serious medical condition. Plaintiff further requests that Defendants admit that her husband has a serious medical condition. Information pertaining to these admission requests is to be found in the very documents that Defendants have requested in discovery, but Plaintiff has refused to produce.

### A. Plaintiff Has Waived Her Objections

Discovery was served by fax and mail on Plaintiff on May 15, 2006. Applying the three day mailbox rule, discovery was due on June 19, 2006. Plaintiff neither requested an extension nor demonstrated good cause for failure to timely respond to discovery.

Rule 29 of the Federal Rules of Civil Procedure requires that counsel must either comply with a discovery obligation, seek a court order enlarging the time period, or stipulate with opposing counsel for an enlargement of time. *Byrd v. Reno*, 1998 U.S. Dist. LEXIS 11855 (D. D.C. Feb. 12, 1998). A tardy objection to interrogatories or requests for production can only be excused with good cause. *Id*.

In *Byrd v. Reno, supra*, this Court considered whether objections to discovery had been waived when counsel failed to provide written responses to discovery by the deadline. Due to the failure to timely object, the court ruled that all objections other than relevance were waived, including objections to burdensomeness, attorney-client or work product privilege, vagueness, and overbreadth.

Plaintiff has claimed good cause exists because she was on vacation. Plaintiff's verification for her Interrogatory Answers was signed on June 12, 2006, however, long before the deadline to answer the interrogatories and document requests.[4] Moreover, going on vacation is not good cause nor an excuse for not seeking an extension either from Defendants or the court. Therefore, in this case all of Plaintiff's objections to Defendants' discovery requests should be deemed to have been waived and Plaintiff should be compelled to respond fully to Defendants'

---

[4] Discovery responses were sent to Defendants on June 22, 2006, ten days after the verification sheet was signed.

document requests and interrogatories. In the alternative, Defendants will address Plaintiff's specific objections below.

**B.     Plaintiff Should Be Compelled to Answer Defendants' Interrogatories**

**1.     Number of Interrogatories**

Plaintiff has refused to respond to Defendants' Interrogatory No. 17 forward, stating that Defendants have exceeded the number of permissible interrogatories including subparts. When counting subparts, courts have followed the approach of treating "subparts" as part of one interrogatory where they are logically or factually related to a primary question. See *Safeco Ins. Co. of America v. Rawston,* 181 F.R. D. 441, 445 (E.D. Cal. 1998) (adopting "logically subsumed" standard); *Myers v. United States Paint Co.*, 116 F.R.D. 165 (D. Mass. 1987); *Clark v. Burlington Northern Railroad*, 112 F.R.D. 117 (N.D. Miss. 1986); *Kendall v. GES Exposition Services*, 174 F.R.D. 684 (D. Nev. 1997) (interrogatory subparts are counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question). Applying that approach here, each subpart in Defendants' interrogatories is logically related to the primary question and, hence, Defendants have not exceeded the maximum number of interrogatories allowed under the Federal Rules. Thus, Plaintiff's objection is not well taken.[5]

**2.     Specific Interrogatories**

---

[5]     Because there are two defendants in this case (Ballard Spahr and Margaret Riley-Jamison), each Defendant was entitled to promulgate 25 interrogatories under Fed.R.Civ.P. 33(a). In their discovery requests, Defendants submitted combined interrogatory requests.

To the extent the Court believes that their combined interrogatories exceed the permitted number, Defendants request leave to do so. The Court has wide discretion to control the scope of discovery, including the number of interrogatories permitted by Rule 33, in accordance with the dictates of Rule 26(b)(2).

On July 18, 2006, Plaintiff agreed to supplement Interrogatories Nos. 3-10, 14. However, to date, she has failed to do so. Plaintiff should be required to fully supplement her interrogatory responses by a date certain, i.e., five days following the entry of an order granting Defendants' motion to compel.

Interrogatory No. 11 seeks information as to what positions Plaintiff claims she could perform during 2004. Plaintiff responded that she could be a receptionist. Because Defendants understand that Plaintiff's medical condition changed over time, Defendants have requested that Plaintiff supplement her answer to specify when in 2004 she contends that she could perform the duties of a receptionist. Plaintiff, however, has steadfastly refused to supplement her general response with this one piece of additional information

Plaintiff's answer to Interrogatory No. 12, first states that an employee died on October 16, 2004, and then states that Ballard Spahr hired that employee on October 21, 2004, on the day of her funeral. Defendants have requested Plaintiff to clarify the answer, but she has continued to stand by her confusing response.

Interrogatory No. 13 requests Plaintiff to list instances of "haranguing and misinformation provided by Ballard Spahr and Unum" as alleged in fn. 29 of her verified Complaint. Plaintiff claims to have no knowledge or recollection of any phone conversations (or any other conversations) other than that there were many of them. Defendants have requested that Plaintiff either supplement her answer or confirm that she has no knowledge of "haranguing and misinformation." Plaintiff has refused to do either.

Interrogatory No. 16 asks how Defendants miscalculated Plaintiff's FMLA entitlement and relates directly to the contention Plaintiff made in her verified Complaint that Defendants

denied her FMLA leave and interfered with her FMLA leave. Plaintiff's only response is that she was denied 16 weeks of leave. Defendants have requested that Plaintiff confirm that this is the only manner in which they are alleged to have denied or interfered with Plaintiff's leave. To date, Plaintiff has refused to respond.

Interrogatory No. 22 seeks information as to any income or compensation received by Plaintiff since her separation from Ballard Spahr. This information is relevant to Plaintiff's claim that she could work, as well as the defense of failure to mitigate. Plaintiff has objected on the basis of the collateral source doctrine. However, this is discovery, not trial. Defendants are entitled to information that is relevant to her claims, not only evidence that is admissible at trial. Information as to Plaintiff's receipt of disability payments from the Social Security Administration or from a private insurance carrier is relevant to whether she has received monetary payments on the basis of any representation that she was and continues to be unable to work. See, e.g., *Johnson v. Exxon Mobil Corp.*, 426 F.3d 887 (7th Cir. 2005) (plaintiff who applied for and received social security disability could not proceed with ADA claim.) That the collateral source doctrine may bar a set-off of damages is not relevant to the discovery of this information, which relates directly to Plaintiff's allegation that she was able to work at the time she was terminated by Ballard Spahr.

    **C.**    **Plaintiff Should Be Compelled to Produce Documents**

        **1.**    **Number of Document Requests**

Plaintiff has refused to produce documents responsive to a majority of Defendants' requests. Plaintiff contends that Defendants are limited to thirty document requests and that Defendants have promulgated too many requests and that the requests are not relevant to her

claims. Plaintiff is wrong.

Defendants' First Set of Document Requests, while divided into numerous requests, deal with concise issues that are directly relevant to Plaintiff's allegations and it should not be unduly burdensome for Plaintiff to respond to them. Document Request Nos. 1-63 all relate directly to the contentions made in Plaintiff's Complaint, which is 25 pages long and includes 119 paragraphs, and simply request all documents that support various contentions in the Complaint. If this has led to 63 document requests, it is only due to the length of the Complaint.

Also, if Plaintiff already has produced the documents or she has no documents responsive to a request, Plaintiff can simply say so. Defendants certainly have the right to know if Plaintiff has documents to support each of her contentions in her Complaint and to have those documents produced.

The remaining document requests seek information on Plaintiff's medical condition (Nos. 69 - 73),[6] expert witnesses (No. 74), statistical reports (No. 75), communications regarding the lawsuit (Nos. 76-80), Plaintiff's personnel file (Nos. 81-82), damages (No. 83), statements, diaries/calendars, communications (Nos. 84 - 88), and documents relating to the EEOC (Nos. 91-95). All of these document requests are relevant. They are not overly burdensome, as they relate only to certain discrete subject areas. Given that this lawsuit was filed over seven months ago and that Defendants' discovery was propounded over two months ago, Plaintiff should have

---

[6] Although Plaintiff has objected to providing documents pertaining to her medical condition, Plaintiff has indicated that she will provide the documents. To date, however, Plaintiff has failed to do so. Defendants, with minor modification, have agreed to a confidentiality agreement and protective order proposed by Plaintiff. Defendants, therefore, are hopeful that Plaintiff will promptly produce the documents requested. If Plaintiff produces the medical records, Defendants will notify the Court that they are withdrawing this aspect of their motion to compel.

produced these documents well before now and not forced Defendants to file a motion to compel in order to obtain them.

### 2. Specific Requests

In addition to objecting to the number of Defendants' document requests, Plaintiff also has interposed specific objections in a number of instances. None of Plaintiff's objections are well taken.

Document Request No. 64 seeks Plaintiff's tax returns for the years 1998 through the present and directly relates to her claimed economic damages, which include not only lost income, but also loss of rental property equity and income.[7] Plaintiff has stated that she will not produce her tax returns, although she has indicated that she would be willing to produce her W-2 forms. This is not sufficient. The courts have recognized that in cases where a plaintiff is seeking lost wages and other economic damages, a defendant is entitled to the production of the plaintiff's tax returns.[8] Moreover, in this matter, Plaintiff claims not only back and front pay, but also "loss of rental property equity and income." Therefore, Plaintiff has placed her non-wage, as well as her wage, income at issue and, therefore, Defendants should be entitled to the production of her tax returns, not just her W-2 forms.

Document Request No. 66 seeks information on Plaintiff's alleged comparators. In her lawsuit Plaintiff claims that she was treated less favorably than non-minority employees. If

---

[7] If Plaintiff has privacy concerns pertaining to her tax returns, Defendants are willing to have Plaintiff produce her tax returns under a protective order.

[8] See *Johnson v. Kraft Foods*, 2006 U.S. Dist. LEXIS 40923 (D. Kan. June 16, 2006) (the plaintiff claimed back pay and front pay, thus putting his income and the information in his tax return at issue); *Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997) (sexual harassment plaintiff who claimed back and front pay put income at issue).

Plaintiff intends to pursue such a claim, the comparator documents should be produced. If she does not, then Plaintiff can simply say so and Defendants will withdraw the request.

Document Request Nos. 67-68 seek documents on other lawsuits filed by Plaintiff. These latter requests should be easily answered by Plaintiff because it appears that, based upon her verified interrogatory answers, there are none. Defendants merely request that Plaintiff confirm this fact.

In Document Requests 89 and 90, Defendants seek all documents submitted to and received from the Social Security Administration ("SSA") and private disability insurance carriers, e.g., Unum. It is Defendants' understanding that Plaintiff was awarded social security disability and long term disability for being totally disabled and unable to work. Plaintiff agrees that it is proper to seek these documents for the purpose of impeachment. Plaintiff, however, has refused to produce the documents, claiming, without explanation, that the requests be narrowed.

Plaintiff should be compelled to respond to Defendants' Document Requests 89 and 90 as framed. The documents requested are directly relevant to a central issue in this case, i.e., whether Plaintiff could return to work at Ballard Spahr at the time she was terminated. Although Plaintiff's lawsuit claims she could work, her representations to both the SSA and a private disability insurer apparently are to the contrary. Moreover, based upon these representations, it appears that Plaintiff received disability benefits for the same time period she is claiming back pay from Defendants. In such situations, the courts have recognized that a plaintiff may not have

it both ways, i.e., collect disability benefits and also sue an employer under ADA.[9]  By refusing to produce documents pertaining to her application for and receipt of disability benefits, Plaintiff appears to be trying to prevent discovery of critical documents that undermine her claims in this litigation.

In response to Document Request No. 51 Plaintiff has raised a specific objection to providing documents pertaining to the medical condition of Plaintiff's husband even though Plaintiff contends that she was denied FMLA leave to care for his serious health condition. Counsel for Plaintiff has suggested that instead of seeking discovery through document requests, Defendants should seek this information at a deposition of Plaintiff. Defendants should not be forced to rely solely upon Plaintiff's testimony as to her husband's medical condition when there is contemporaneous documentary evidence available. Defendants clearly are entitled to the requested medical records as they have been put at issue by Plaintiff's claims.[10]

## D.     Plaintiff Should Be Compelled to Provide Damage Calculations

Plaintiff should have provided a calculation of damages (and an explanation for that

---

[9] *See, e.g., Feldman v. American Memorial Life Ins. Co.*, 196 F.3d 783 (7th Cir. 1999) (plaintiff who was awarded social security disability not entitled to pursue ADA claim that she was a qualified individual with a disability); *DiSanto v. McGraw Hill, Inc.*, 220 F.3d 61 (2d. Cir. 2000) (plaintiff's social security disability claim could not be reconciled with ADA claim that he was qualified and could work); *Motley v. New Jersey State Police*, 196 F.3d 160 (3d. Cir. 1999) (plaintiff's claim to Social Security Administration that he was totally disabled and unable to work foreclosed ADA claim that he was a "qualified individual"), *cert. denied*, 529 U.S. 1087 (2000); *Loeb v. Trans World Airlines*, 1999 U.S. App. LEXIS 25475 (8th Cir. 1999) (plaintiff's representations to Social Security Administration that she was unable to work inconsistent with ADA claim that she could perform her job with accommodation.)

[10] Plaintiff has promulgated Requests for Admission that ask Defendants to admit that Plaintiff's husband had a serious medical condition.  By doing so, Plaintiff has placed Defendants in the untenable position of being required to respond to admission requests on the very issues that Plaintiff has refused to produce documents.

calculation) by March 30, 2006, the date Rule 26 Initial Disclosures were due.[11]  However, Plaintiff failed to comply with her disclosure obligations, providing information only as to generic categories of damages.  Additionally, Plaintiff failed to respond to Interrogatory No. 20 requesting Plaintiff to "[i]dentify each element of damage which you claim and the amount of compensation you seek," as well as Document Request No. 83 on the same subject. Plaintiff objected solely on the basis that the twentieth interrogatory and the document request exceeded the permissible number.

Belatedly on July 27, 2006, Plaintiff submitted Supplemental Initial Disclosures dealing with her claimed damages, but failed to specify how her monetary damages were prepared and to provide the documents and other evidentiary materials upon which her calculation is based.  For example, Plaintiff has made a claim for approximately $130,000 in back pay without specifying how the calculation was made and in apparent contradiction to her representations to the Social Security Administration and Unum that she could not work.  Also, Plaintiff claims lost rental income without specifying what this item of damages entails, the real property that Plaintiff allegedly was unable to rent, and why the loss of her employment resulted in any lost rental income.

All of this information should have been provided over four months ago as part of Plaintiff's initial disclosures.  Accordingly, at this point in time, Plaintiff should be ordered to fully comply with her obligations under Rule 26 to provide a full and complete explanation as to

---

[11] Rule 26(a)(1)(C) requires that a party provide: "a **computation** of any **category** of damages claimed by the disclosing party, **making available** for inspection and copying as under Rule 34, the documents or other evidentiary materials, not privileged or protected from disclosure, **on which such computation is based**, including materials bearing on the nature and extent of injuries suffered." (Emphasis supplied.)

the calculation of her damages and to fully respond to Defendants Interrogatory No. 2 and Document Request No. 83 on the same subject. Otherwise, Plaintiff's claim for damages should be struck.

### III.  CONCLUSION

Plaintiff's objections should be struck and she should be required to promptly produce all documents in her possession or control in response to Defendants' document requests and to provide full and complete answers to Defendants' interrogatories. Defendants also should be awarded attorney fees and costs for having to file their motion to compel. Plaintiff's consistent stonewalling has seriously hampered Defendants' ability to respond to this lawsuit and pursue discovery in this case. Such obdurate behavior should not be countenanced by this Court.

                    Respectfully submitted,

                    Ballard Spahr LLP and Margaret Riley-Jamison,
                    By Counsel

_/s/_____
Bernard J. DiMuro, Esq. (D.C. Bar #393020)
Jonathan R. Mook, Esq. (D.C. Bar #929406)
DiMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA  22314
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Defendants*