UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VANESSA A. MCFADDEN<br>Plaintiff, | )<br>)<br>) |
| v. | )  **Civil Case No.05cv2401 (RJL)**<br>) |
| **BALLARD SPAHR ANDREWS &**<br>**INGERSOLL, LLP et al.** | )<br>)<br>) |
| Defendants. | )<br>) |

## PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedures 33 and 34 and applicable Local Rules Plaintiff, Vanessa A. McFadden, by and through undersigned counsel, hereby responds to the Defendants' Interrogatories and Request for Production of Documents as follows:

### GENERAL OBJECTIONS

These general objections are specifically incorporated into each and all of the enumerated responses that follow:

1. Plaintiff objects to the Defendants' Interrogatories and Request for Production of Documents to the extent that they may be construed to request disclosure of information that was prepared in anticipation of litigation, constitutes attorney work product, discloses the mental impressions, conclusions, opinions or legal theories of any attorneys for Plaintiff, contains privileged attorney-client communications, or seeks information that is protected by any other applicable privilege, law, rule or immunity.

DEFENDANT'S
EXHIBIT

A

ALL-STATE LEGAL®

2. Plaintiff objects to the Defendants' First Set of Interrogatories and Request for Production of Documents to the extent that they are vague, ambiguous or overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to the Defendants' requests for medical information to the extent it concerns, references, or describes confidential, doctor-patient privileged medical information relating to conditions unrelated to this case.

4. Plaintiff objects to the Interrogatories section marked "Instructions and Definitions", including but not limited to Instruction/Definition 6, which purports to include Ms. McFadden's attorneys among those who must provide answers to the Defendants' interrogatories. This obligation is greater than that which is required by the Federal Rules of Civil Procedure and if complied with, would result in the disclosure of information that was prepared in anticipation of litigation, contains privileged attorney-client communications, constitutes attorney work product, embodies the mental impressions, conclusions, opinions or legal theories of attorneys for Plaintiff, or seeks information that is protected by any other applicable privilege, law, rule or immunity.

5. Plaintiff objects to the section marked "Instructions and Definitions" as imposing obligations greater than those required by the Federal Rules of Civil Procedure.

## GENERAL COMMENTS

These general comments are specifically incorporated into each and all of the enumerated responses that follow:

1. These responses are based upon facts and information presently available and are given without prejudice to the responding party's right to further amend or supplement

2

these responses at a later date as such information becomes available or upon subsequent review of records or information learned.

2. By responding or failing to respond to some or all of the Interrogatories and Document Production Requests, Plaintiff does not concede the relevance, materiality or any applicable privilege or doctrine as such objections may apply at hearing or otherwise in this action.

3  By responding or failing to respond to some or all of the Interrogatories and Document Production Requests, Plaintiff does not concede the objections raised herein

## INTERROGATORIES

1.    Have you ever filed a complaint, claim or lawsuit in any administrative or judicial forum against any person or entity including, but not limited to, a former employer? If so, as to each such complaint, claim or lawsuit, set forth and identify, as precisely as you can: the identity of the parties; the file number; caption; forum, agency, court and/or other place with which same was filed; and the nature of the claims made and the disposition.

**ANSWER:** No

## MEDICAL TREATMENT

2.    Identify each health care provider[1] with whom you have consulted or by whom you have been treated or examined within the last ten (10) years. As to each, set forth as precisely as you can the following: the nature of your condition, concern, illness, treatment, or injury; the dates of any consultation, treatment or examination; the diagnosis; and any course of treatment, hospitalization and/or medications taken or prescribed.

**OBJECTION:** Plaintiff objects to this interrogatory as calling for information protected by the doctor-patient privilege. The interrogatory is also overly broad since it calls for the disclosure of the medical information concerning treatment and conditions well outside the time period relevant to this lawsuit. With respect to medical providers, conditions, treatment etc., which are germane to this lawsuit, Plaintiff is willing to negotiate a mutually-agreeable confidentiality agreement to protect the sensitive nature of the medical information requested by Defendants.

**ANSWER:** See Attachments G, H, J, K, L and U. CVS Pharmacies Washington, DC Phone: (202)584-5700 and Prime Mail Pharmacies, Phone: (877)35PRIME.

### COMMUNICATIONS

3.      Identify any and all persons with whom you have had conversations with regarding the allegations made in your Lawsuit, the injuries and damages you allege and your employment with Defendants. Set forth and describe in detail the time, place, and facts surrounding any and all of these communications.

**OBJECTION:** Plaintiff objects to this interrogatory as unduly burdensome and overly broad. Plaintiff further asserts a privilege over any communications she may have had with her counsel, physicians, clergy, etc., where a privilege is applicable. Without waiving these objections, Plaintiff provides the answer below.

**ANSWER:** I have spoken to Maureen Rayborn, Allan Winn , Ballard Spahr's management as necessary, EEOC as necessary, and the witnesses listed on my initial disclosures. I do not recall the time or place of the communications.

**CONTENTIONS**

     4.     Identify and describe each of the events, facts and communications which support, evidence, relate or refer to your requests for leave, as described in ¶ 21-29, 37, 39, 43-45 of the Complaint.

**ANSWER**: See Attachment M. The facts, events and communications are set forth in the allegations at the Complaint paragraphs indicated in interrogatory.

     5.     List all the times you missed work for either the partial day or entire day from 2001 onward and the reason why.

**OBJECTION:** Plaintiff objects to this interrogatory as overly broad. It calls for the disclosure of information outside the time period relevant to this lawsuit.

**ANSWER:** Ballard Spahr has a record of my attendance and reasons for absences.

     6.     Describe each of the events, facts and communications which support, evidence, relate or refer to what you were told about FMLA policies, by whom and when, as described in ¶¶ 19-24, 29, 43, 90-95 of the Complaint.

**ANSWER;** See Attachments A, C-E & M. Ms. Riley-Jamison talked about putting my husband in a hospice facility, and how the firm was paying me. She discussed confidential information about my health and my husband's health. The other employees would come back and question me about it. She was very close with the litigation department and several individuals from that department were aware of the many things that I discussed with Ms. Riley Jamison.

     7.     Describe each of the events, facts and communications which support, evidence, relate or refer to the conversion of your work schedule from full-time to part-time and approval

of that schedule by Defendants, as described in ¶¶ 26-29 of the Complaint.

**ANSWER:** See Attachment D. The facts, events and communications are set forth in the

allegations at the Complaint paragraphs indicated in interrogatory.


8.     List and describe each of the harassing comments you allege to have been

subjected to in the Complaint including the time, date, speaker, comment, location and witnesses.

**ANSWER;** The harassing comments were made in the office of Meg Riley Jamison, at my

desk and in the firm's kitchen. I don't recall the exact dates or times, but I experienced

anxiety and panic attacks after these confrontations. The only other person that I can recall

making harassing comments about my schedule leave was my boss Mr. Charles Hank. See

Complaint.


9.     Describe each of the complaints about discriminatory or retaliatory behavior you

allege to have made to Defendants including the time, date, substance of the complaint, to whom

you made the complaint, location and witnesses.

**ANSWER:** I was called into Ms. Riley-Jamison's office on a weekly basis if not more to

discuss the care of my husband's condition after the 3-4 day work week which was approved

by DC management, taking my daughters out of college during their senior year, getting

family members, church members and friends to assist in my husband's care. These

comments were made in Ms. Riley-Jamison's office only by Ms. Riley-Jamison's her self. I

received a call from Dr. John Marshall, my husband's oncologist around the end of May 2003

stating that the treatments weren't making any progress and his condition had not improved.

I was at my desk, Ms. Riley Jamison was passing and told me to leave my desk because

showing emotions (crying) was not professional. She then went to Ms. Briscoe and ask her to

take me outside to get some air (because she was late for an interview) without even

questioning me about what was wrong.

I was in the firm's kitchen taking my medications and Ms. Riley-Jamison blurted out

why did Ms. Craig go to Ms. Iversen and expressed why I was treated so unfairly when I was

not well myself and with my husband's condition. Also Ms. Craig confronted Mr. Henck as

well and referenced to Mr. Henck as a coward as long as it didn't affect him he didn't really

care and she could not believe his negative attitude about the situation.


10.    Identify and describe when and how you became disabled as alleged in ¶¶ 36, 38-

39, 71, 73, 76, 82 of the Complaint including a description of what you were able to do, what

activities you were not able to do, how you were not able to do the activities, and to what

illness/medical condition you attribute your inability to undertake the activity.

**OBJECTION:**   Plaintiff objects to this interrogatory as calling for information protected by the doctor-

patient privilege. The interrogatory is also overly broad since it fails to delineate any time parameters, and

as such, calls for the disclosure of the medical information concerning treatment and conditions, which

may be outside the time period relevant to this lawsuit. Without waiving these objections, Plaintiff

provides the answer below.


**ANSWER;**   I was diagnosed with Graves Disease, a thyroid disorder (refer to attachment K)

and several other chronic illnesses. My daughter aids in personal hygiene on a daily basis, she

also prepares my meals. My sight is fine until I have a head ache cluster, which lasts from

two to three days.  I have bronchial asthma. I use oxygen for anxiety and panic attacks, witch

are caused by stress. I can only stand with the assistance of a cane and could only stand for

one to two minutes at a time. I can't lift most anything. My balance is lost when walking and my daughter has to assist me out of the bed every morning. I also have bad bladder control. See Attachment K for applicable dates.

11.     Identify and describe what type of position you contend that you could perform during 2004, including a description of what the job responsibilities are and state whether you could perform them.

**ANSWER:** I could perform the position of Receptionist. I understand the duties of the receptionist are to manage incoming telephone calls. This is a function I could have performed.

12.     Describe as precisely as you can the conversation regarding your termination referenced in ¶¶ 46-48 of the Complaint, including time, location, participants and content of the conversation.

**ANSWER:** See Attachment P. John DiBatise offered me a position in word processing which I could not do because it required typing and editing documents as quickly as possible. I asked why I could not do the receptionist job because Ms Betty Ann Hahn was out on disability. They had a temp working in that position. Ultimately Ms Betty Ann passed away on October 16, 2004. I understand the Firm hired Ms Hahn as a permanent replacement on October 21, 2004 the day of her funeral. Ms Riley Jameson stated that our situations are different.

13.     With respect to each instance of "haranguing and misinformation provided by

8

Ballard Spahr and Unum" as alleged in f 49 of the Complaint, please:

    (a)    set forth in detail a description of same;

    (b)    identify the persons with knowledge of facts;

    (c)    identify all documents which evidence, support, refer or relate to such facts.

**ANSWER:** See Attachments. I cannot remember date and time of verbal conversations because there were so many phone calls during the period of February 2003 up until my disability was approved in September 2005.

    14.    Identify and describe all of the employees of Ballard Spahr who received considerations that you did not and contend you are entitled to as described in ¶¶ 55-59,108 of the Complaint, including the names of the employees and how you contend that they were treated differently than you.

**ANSWER**: See Attachment T.

    15.    Identify and describe each physical or mental impairment you have which substantially limits major life activities, including which major life activity is limited and how.

**ANSWER:** See Answer and Objections to Interrogatory No. 10.

    16.    Identify and describe in detail the way in which Defendants miscalculated your FMLA entitlement and denied and interfered with your leave as alleged in ¶ 92 of your

complaint, including what leave you contend you were entitled to and did not get.

**ANSWER:** See Attachments D and S. The Defendants did not grant me the full 16 weeks of unpaid leave as required by the D.C. Family and Medical Leave Act.

17.     Describe in detail the way in which Defendants failed to keep your and your husband's medical information confidential as alleged in ¶ 94 of the Complaint, including what information was not kept confidential, who did not keep it confidential, to whom it was told, and when.

**OBJECTION:** Defendants have exceeded the permissible number of interrogatories (including subparts). Plaintiff objects to the disclosure of any information of a doctor-patient privileged nature pertaining to Mr. McFadden's medical condition and expressly preserves same.

18.     Identify and describe in detail each of the "adverse personnel actions" taken against you as alleged in ¶104 of the Complaint, including what actions were taken, by whom and when.

**OBJECTION:**  Defendants have exceeded the permissible number of interrogatories (including subparts). Plaintiff further objects to this interrogatory as calling for a legal conclusion.

19.     Identify the medical conditions you attribute to Defendants' behavior as alleged in ¶ 117 of the Complaint and how you attribute that condition to Defendants' behavior.

**OBJECTION:** Defendants have exceeded the permissible number of interrogatories (including subparts).

**MISCELLANEOUS**

20.    Identify each element of damage which you claim and the amount of compensation you seek. As to each set, forth the method and manner in which calculate the amount you claim. Identify all documents that support same.

**OBJECTION:**  Defendants have exceeded the permissible number of interrogatories (including subparts).

21.    Set forth and describe all steps you have taken since your separation from Ballard Spahr to obtain new employment and the results of your search; identify all persons or entities from whom you have sought employment.

**OBJECTION;**  Defendants have exceeded the permissible number of interrogatories (including subparts).

22.    Set forth all income or unemployment compensation you have received since that date, identify the source of same, identify each of your employers since that date and identify your position and the rate of your compensation whether salaried, commissioned, hourly or otherwise.

**OBJECTION;**  Defendants have exceeded the permissible number of interrogatories (including subparts).  Plaintiff further objects to this interrogatory on the grounds of since it calls for the disclosure of information, which in no way offsets or mitigates damages alleged to be owed by Defendants to Plaintiff under the collateral source doctrine and other applicable legal precedent.

23.    List and describe each instance in which you applied for short or long term disability insurance, whether from Unum Provident, Ballard Spahr, the Social Security Administration or other private companies or governmental programs, and set forth the basis for your claim that you qualified for short or long term disability.

**OBJECTION:**  Defendants have exceeded the permissible number of interrogatories (including subparts).  Plaintiff further objects to this interrogatory on the grounds of relevance, since it calls for the disclosure of information, which in no way offsets or mitigates damages alleged to be owed by Defendants to Plaintiff under the collateral source doctrine and other applicable legal precedent.

24.    Set forth all short or long term disability payments you have received and identify the source, dates, amounts received and whether any claim has been asserted to return any payments.

**OBJECTION:**  Defendants have exceeded the permissible number of interrogatories (including subparts).  Plaintiff further objects to this interrogatory on the grounds of relevance, since it calls for the disclosure of information, which in no way offsets or mitigates damages alleged to be owed by Defendants to Plaintiff under the collateral source doctrine and other applicable legal precedent.

25.    Set forth the basis for your claim that Ms. Riley-Jamison is subject to individual liability.

**OBJECTION:**  Defendants have exceeded the permissible number of interrogatories (including subparts).  Plaintiff further objects to this interrogatory as one calling for a legal conclusion.

26.    Identify any and all documents that refer to or relate your responses to

12

interrogatories 1-25 above or were relied upon in answering the above interrogatories.

**OBJECTION:**  Defendants have exceeded the permissible number of interrogatories (including subparts).


## DOCUMENT REQUESTS

**CONTENTIONS**

1.      Any documents that support your contention in Paragraph 14 of the Complaint that Plaintiff performed her duties and responsibilities well and consistently met or exceeded Ballard Spahr's expectations.

**RESPONSE:**  Documents produced at Attachment 1.


2.      Any documents that support your contention in Paragraph 15 of the Complaint that Ballard Spahr provided its senior legal secretaries paid sick leave for 10 days of absences.

**RESPONSE:**  See Ballard Spahr Policy and Procedures Manual at Attachment A.


3.      Any documents that support your contentions in Paragraph 16 of the Complaint that Plaintiff took an absence from work on Friday, October 17, 2002, and put in leave request and received approval.

**RESPONSE:**   None in Plaintiff's possession.


4.      Any documents that support your contentions in Paragraph 18 of the Complaint that Plaintiff spoke to Charles Henck and that he approved her absences.

**RESPONSE:**  See documents produced at Attachments B & C.

5.      Any documents that support your contentions in Paragraph 19 of the Complaint that Plaintiff reported these matters to Riley-Jamison and was advised that Plaintiff would have to be placed on FMLA leave.

**RESPONSE:** See documents produced at Attachment C.


6.      Any documents that support your contentions in Paragraph 20 of the Complaint that you returned to work on November 2, 2002, received a memorandum from Fern Forman, and were told to supply a certification.

**RESPONSE:** See documents produced at Attachments B & C.


7.      Any documents that support your contentions in Paragraph 21 of the Complaint that you supplied the certification, continued to work a normal schedule, and took two days off at Mr. Henck's suggestion.

**RESPONSE:** See documents produced at Attachment C.


8.      Any documents that support your contentions in Paragraph 22 of the Complaint that you told Mr. Henck and Ms. Riley-Jamison of the chemotherapy treatments, the timing of the chemotherapy treatments, and that you needed time off.

**OBJECTION:** By providing the response below Plaintiff waives neither the confidential nor the doctor-patient privileged nature of any document or record pertaining to Mr. McFadden's medical condition and expressly preserves same.

**RESPONSE:** See documents produced at Attachments C & D.

9.     Any documents that support your contentions in Paragraph 23 of the Complaint that you were told that your FMLA period was twelve weeks and included days you reported to work, told Ms. Riley-Jamison that the FMLA period was 16 weeks, told Ms. Riley-Jamison that you sought assistance from the Department of Labor, and that Ms. Riley-Jamison insisted that the period was only twelve weeks.

**RESPONSE:** See documents produced at Attachment C.

10.     Any documents that support your contentions in Paragraph 24 of the Complaint that Ms. Riley-Jamison contacted Ms. Forman who agreed that the period was twelve weeks and that the period included days worked.

**RESPONSE:** See documents produced at Attachments C & 2.

11.     Any documents that support your contention in Paragraph 25 of the Complaint that you e-mailed your husband's chemotherapy schedule to Mr. Henck and Ms. Riley-Jamison.

**RESPONSE:** See documents produced at Attachments D.

12.     Any documents that support your contentions in Paragraph 26 of the Complaint that Mr. Henck and Mr. Winn approved the conversion of your schedule to a part-time schedule, that you had a part-time schedule, and the structure of your part-time schedule.

**RESPONSE:** See documents produced at Attachments D & 3.

13.    Any documents that support your contention in Paragraph 27 of the Complaint that you began working a part-time schedule on January 6, 2003.

**RESPONSE:** See documents produced at Attachments D & 3.

14.    Any documents that support your contentions in Paragraph 28 of the Complaint that Ms. Riley-Jamison told you that the part-time schedule would be a problem and asked if you could find anyone else to care for your husband.

**RESPONSE:** See documents produced at Attachment F.

15.    Any documents that support your contentions in Paragraph 19 of the Complaint that Ms. Riley-Jamison told you that Ballard Spahr was doing you a favor, that the FMLA does not permit intermittent leave, that you questioned Ms. Riley-Jamison and were told that's the law.

**RESPONSE:** See documents produced at Attachment D.

16.    Any documents that support your contention in Paragraph 31 of the Complaint that you worked part-time and took intermittent leave from January 6, 2003 through May 12, 2003.

**RESPONSE:** See documents produced at Attachments D & 3.

17.    Any documents that support your contentions in Paragraph 32 of the Complaint that Ballard Spahr employees subjected you to harassing comments and that Mr. Henck

instructed Ms. Craig to contact you at home.

**RESPONSE:** See documents produced at Attachment I and 4.


18.    Any documents that support your contentions in Paragraph 33 of the

Complaint that Ms. Riley-Jamison required you to call in Monday and Wednesday mornings,

sent you seven e-mails in one day informing you that you were on leave without pay, and that you

reported with to Mr. Henck..

**RESPONSE:**  None in Plaintiff's possession.


19.    Any documents that support your contention in Paragraph 34 of the Complaint

that you complained of racial discrimination to Mr. Henck and another legal secretary from

November 2002 to March 2003.

**RESPONSE:**   None in Plaintiff's possession


20.    Any documents that support your contentions in Paragraph 35 of the Complaint

that Ms. Riley-Jamison confronted you in the kitchen, told you that she heard you complaining

and yelled at you.

**RESPONSE:**  None exist.


21.    Any documents that support your contentions in Paragraph 36 of the Complaint

that your co-workers observed your physical condition deteriorate, that your physician requested

you be placed on disability and that this did not occur.

17

**RESPONSE:**   See documents at Attachments G and H.


22.    Any documents that support your contentions in Paragraph 37 of the Complaint that you took twelve days off from work and that Ballard Spahr approved these absences.
**RESPONSE:**  See documents produced at Attachments D & 3.


23.    Any documents that support your contentions in Paragraph 38 of the Complaint that you worked full-time from May 2003 to October 2003, that you were diagnosed with various illnesses, and that you were substantially limited in standing, walking, breathing, manual dexterity and sleeping.

**OBJECTION:**   Plaintiff asserts the doctor-patient privilege with regard to medical records and information, which pertain to conditions unrelated to matters of this lawsuit.  Further, Defendants are already in possession of medical records supplied them by Plaintiff; therefore, to reproduce them here would be unduly burdensome financially and unnecessarily duplicative.  With regard to other medical documents, Plaintiff is willing to negotiate a  mutually-agreeable confidentiality agreement to protect the sensitive nature of the medical information and records, which are requested by Defendants.
**RESPONSE:**  See documents produced at Attachments D, G, H, M & 3.


24.    Any documents that support your contentions in Paragraph 39 of the Complaint that your physician deemed you disabled, instructed you to take disability leave, that you informed Mr. Henck, and that you began disability leave on October 15, 2003.


**OBJECTION:**   Plaintiff asserts the doctor-patient privilege with regard to medical records and information, which pertain to conditions unrelated to matters of this lawsuit.  Further, Defendants are

already in possession of medical records supplied them by Plaintiff; therefore, to reproduce them here would be unduly burdensome financially and unnecessarily duplicative.  With regard to other medical documents, Plaintiff is willing to negotiate a  mutually-agreeable confidentiality agreement to protect the sensitive nature of the medical information and records, which are requested by Defendants.

**RESPONSE:**  See documents produced at Attachments D, G, H, & M.


25.    Any documents that support your contentions in Paragraph 41 of the Complaint that Ballard Spahr sponsors short and long term disability plans for which Unum Provident is the insurance carrier.

**RESPONSE:**  See documents produced at Attachments D and 5.


26.    Any documents that support your contentions in Paragraph 42 of the Complaint that you were eligible for long-term disability on January 14, 2005, that you applied at that time, that Ballard Spahr did not process the claim for 12 days and that Ms. Forman was responsible.

**RESPONSE:**  None in Plaintiff's possession.

27.    Any documents that support your contentions in Paragraph 43 of the Complaint that you were advised that your FMLA leave expired on February 4, 2004 on March 9, 2004, that no one contacted you about an alternate position, and that you could perform an alternate position.

**RESPONSE:**  See documents produced at Attachment O.


28.    Any documents that support your contentions in Paragraph 45 of the Complaint that you received no response to your leave request, contacted Ms. Forman and were told to

resign.

**RESPONSE:** See documents produced at Attachment P.


29.    Any documents that support your contentions in Paragraph 46 of the Complaint that Ms. Iverson, Mr. DiBattista, Ms. Forman and Ms. Riley-Jamison contacted you at home, informed you that your leave expired, told you that you could not go to work, offered you a typist position, and that you told them that you could not type.

**RESPONSE:**  See documents produced at Attachment 6.


30.    Any documents that support your contentions in Paragraph 48 of the Complaint that you brought up the receptionist position, asked why you were treated differently that a Caucasian receptionist and were told the situation was different.

**RESPONSE:** None in Plaintiff's possession.


31.    Any documents that support you contentions in Paragraph 49 of the Complaint that you were subject to haranguing and misinformation and required to pay back provisional benefits.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence.  Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

32.    Any documents that support your contentions in Paragraph 53 of the Complaint that you suffered various adverse employment actions.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome. Lastly, Plaintiff objects to this request as one calling for a legal conclusion.


33.    Any documents that support your contentions in Paragraphs 55, 75, and ____ of the Complaint that you were replaced by a Caucasian, non-disabled woman.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.


34.    Any documents that support your contentions in Paragraph 55 of the Complaint that you were denied paid leave, unpaid leave, and other benefits granted to Caucasian employees.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery.

Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

35.    Any documents that support your contentions in Paragraph 56 of the Complaint that Ballard Spahr and Ms. Riley-Jamison interfered with your intermittent leave while granting schedule modifications to Caucasian employees.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

36.    Any documents that support your contentions in Paragraph 57 of the Complaint that Ballard Spahr and Ms. Riley-Jamison put additional requirements on you not given to Caucasian employees.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

37.    Any documents that support your contentions in Paragraph 58 of the Complaint that Ballard Spahr and Ms. Riley-Jamison harassed you while not harassing Caucasian

employees.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

38.    Any documents that support your contentions in Paragraph 59 of the Complaint that Ballard Spahr and Ms. Riley-Jamison terminated you while not terminating similarly situated Caucasian employees.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

39.    Any documents that support your contentions in Paragraph 60 and 106 of the Complaint that the reasons offered by Defendants are pretextual.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome. Lastly, Plaintiff objects to this request as one calling for a legal

conclusion.

40.    Any documents that support your contention in Paragraph 61 of the Complaint that Ms. Riley-Jamison terminated several other African-American employees.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

41.    Any documents that support your contentions in Paragraphs 62, 63 and 65 of the Complaint that Ballard Spahr and Ms. Riley-Jamison were motivated to take adverse employment actions based upon your race.

**OBJECTION.** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

42.    Any documents that support your contentions in Paragraphs 69, 84, 98 and 116 of the Complaint that Defendants have engaged in other discriminatory practices.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible

evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

43.    Any documents that support your contentions in Paragraph 71 of the Complaint that you are a qualified individual with a disability, have physical and mental impairments and are limited in major life activities.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

Further, Plaintiff asserts the doctor-patient privilege with regard to medical records and information, which pertain to conditions unrelated to matters of this lawsuit. Further, Defendants are already in possession of medical records supplied them by Plaintiff; therefore, to reproduce them here would be unduly burdensome financially and unnecessarily duplicative. With regard to other medical documents, Plaintiff is willing to negotiate a mutually-agreeable confidentiality agreement to protect the sensitive nature of the medical information and records, which are requested by Defendants.

44.    Any documents that support your contention in Paragraph 73 of the Complaint that you could have performed the essential functions of a vacant position at Ballard Spahr.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery.

Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

45. Any documents that support your contention in Paragraph 76 of the Complaint that you requested a reasonable accommodation for your disability.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

46. Any documents that support your contentions in Paragraph 77 of the Complaint that Ballard Spahr failed to provide you a reasonable accommodation, that you requested a receptionist position, that you could have performed as a receptionist and that this did not place an undue hardship on Ballard Spahr.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.. Lastly, Plaintiff objects to this request as one calling for a legal conclusion.

47.     Any documents that support your contention in Paragraph 79 of the Complaint that Defendants have had a record of your disability since October 14, 2003.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

48.     Any documents that support your contention in Paragraph 80 of the Complaint that Defendants regarded you as disabled.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

49.     Any documents that support your contentions in Paragraph 81 and 82 of the Complaint that Ballard Spahr terminated you due to actual disability, a record of disability and perceived disability.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be

financially and logistically burdensome.

50.     Any documents that support your contentions in Paragraph 87 of the Complaint
that you worked at least 12 months and over 1,250 hours prior to October, 2002.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by
propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery.
Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible
evidence.  Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be
financially and logistically burdensome.

51.     Any documents that support you contentions in Paragraph 89 of the Complaint that
Mr. McFadden underwent a series of chemotherapy treatments once or twice a week from January
6, 2003 to May 12, 2003, and that you were eligible and entitled to FMLA leave.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by
propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery.
Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible
evidence.  Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be
financially and logistically burdensome.  Further, Plaintiff waives neither the confidential nor the doctor-
patient privileged nature of any document or record pertaining to Mr. McFadden's medical condition and
expressly preserves same.

52.     Any documents that support your contentions in Paragraph 91 of the Complaint
that Ballard Spahr misrepresented that FMLA leave could not be taken intermittently, that days
worked counted toward FMLA entitlement, and that FMLA leave had expired.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

53.    Any documents that support your contentions in Paragraph 92 of the Complaint that Defendants miscalculated your family leave entitlement and denied and interfered with your leave.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

54.    Any documents that support your contention in Paragraph 93 of the Complaint that Defendants failed to provide accurate and proper notice of FMLA leave.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

55.    Any documents that support your contentions in Paragraph 94 of the Complaint that Defendants failed to keep your and your husband's medical information confidential and communicated private medical conditions to staff during your absence.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

56.    Any documents that support your contention in Paragraph 95 of the Complaint that Defendants coerced and restrained your use of FMLA leave between November, 2002 and May, 2003.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

57.    Any documents that support your contention in Paragraph 100 of the Complaint that you complained to Ballard Spahr officials that Ms. Riley-Jamison treated you disparately and negatively.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery.

Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence.  Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

58.     Any documents that support your contentions in Paragraph 101 of the Complaint that you complained of discriminatory practices to Mr. Henck and other employees, that those employees informed management and that Ms. Riley-Jamison admitted knowledge of those complaints.

**OBJECTION:**   Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence.  Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

59.     Any documents that support your contentions in Paragraph 102 of the Complain that you engaged in conduct protected by the FMLA, that Mr. Henck and Mr. Winn approved intermittent leave, and that you asserted leave rights and assistance by the Department of Labor to Ms. Riley-Jamison.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

60.    Any documents that support your contentions in Paragraph 104 of the Complaint that Defendants engaged in adverse personnel actions against you.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome. Lastly, Plaintiff objects to this request as one calling for a legal conclusion.

61.    Any documents that support your contention in Paragraph 105 of the Complaint that there is a causal nexus between the adverse personnel actions and protected activities.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome. Lastly, Plaintiff objects to this request as one calling for a legal

conclusion.

62.    Any documents that support your contention in Paragraph 107 of the
Complaint that Ms. Riley-Jamison and Mr. Henck that statements about your leave that
reflected disdain.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by
propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery.
Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible
evidence.  Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be
financially and logistically burdensome.

63.    Any documents that support your contention in Paragraph 108 of the
Complaint that you were not treated like similarly situated employees.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by
propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery.
Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible
evidence.  Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be
financially and logistically burdensome.  Lastly, Plaintiff objects to this request as one calling for a
legal conclusion.

64.    Any documents that support your contentions in Paragraphs 110, 111, 112,
113 and 114 that Defendants retaliated against you.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by

propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome. Lastly, Plaintiff objects to this request as one calling for a legal conclusion.

## TAX RETURNS

64. Any and all documents that constitute, memorialize, refer or relate to your federal and/or state tax returns (including all attachments and schedules) whether filed jointly or singly from January 1, 1998 to the present.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome. Further, Plaintiff objects to this request on the grounds of relevance.

## COMPARATORS

66. Any and all documents that constitute, memorialize, refer or relate to any facts that support or evidence facts that tend to prove that you were treated in a disparate and/or discriminatory manner compared to non-disabled employees or Caucasian employees.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by

propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

## OTHER SUITS

67.    Any and all documents which constitute, memorialize, refer or relate to any and all claims of discrimination or lawsuits you have made or filed against any current or former employer.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

68.    Any and all documents which constitute, memorialize, refer or relate to any and all administrative claims or lawsuits of any nature you have filed or which have been filed against you.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome. Further, Plaintiff objects to this request on the grounds of

relevance.

## MEDICAL AND MENTAL HEALTH RECORDS

69.     All documents, records, reports, notes, memoranda, x-ray reports, laboratory reports and reports of any and all diagnostic studies or tests relating in any way to any treatment, consultation or examination provided to you by, or sought by you from health care providers, as a result of your injuries claimed to have been sustained as a result of the conduct, acts and/or omissions of Defendants at issue in this proceeding.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

Further, Plaintiff asserts the doctor-patient privilege with regard to medical records and information, which pertain to conditions unrelated to matters of this lawsuit. Further, Defendants are already in possession of medical records supplied them by Plaintiff; therefore, to reproduce them here would be unduly burdensome financially and unnecessarily duplicative. With regard to other medical documents, Plaintiff is willing to negotiate a  mutually-agreeable confidentiality agreement to protect the sensitive nature of the medical information and records, which are requested by Defendants.

70.    All documents, records, reports, notes, memoranda, x-ray reports, laboratory reports and reports of any and all diagnostic studies or tests relating in any way to treatment, consultation or examination provided to you by, or sought by you from, any health care provider within the last ten (10) years.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence.  Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

Further, Plaintiff asserts the doctor-patient privilege with regard to medical records and information, which pertain to conditions unrelated to matters of this lawsuit.  Further, Defendants are already in possession of medical records supplied them by Plaintiff; therefore, to reproduce them here would be unduly burdensome financially and unnecessarily duplicative.  With regard to other medical documents, Plaintiff is willing to negotiate a  mutually-agreeable confidentiality agreement to protect the sensitive nature of the medical information and records, which are requested by Defendants.

71.    Any and all documents which constitute, memorialize, refer or relate to evaluations, therapy, treatments, and/or consultations you have sought or received from any (a) health care provider regarding your mental and/or emotional health or (b) marital counselor within the last ten (10) years.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery.

Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

Further, Plaintiff asserts the doctor-patient privilege with regard to medical records and information, which pertain to conditions unrelated to matters of this lawsuit. Further, Defendants are already in possession of medical records supplied them by Plaintiff; therefore, to reproduce them here would be unduly burdensome financially and unnecessarily duplicative. With regard to other medical documents, Plaintiff is willing to negotiate a mutually-agreeable confidentiality agreement to protect the sensitive nature of the medical information and records, which are requested by Defendants.

72.    Any and all documents which constitute, memorialize, refer or relate to records maintained or generated by each health care provider from whom you have received treatment or with whom you have consulted within the last ten (10) years.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

Further, Plaintiff asserts the doctor-patient privilege with regard to medical records and information, which pertain to conditions unrelated to matters of this lawsuit. Further, Defendants are already in possession of medical records supplied them by Plaintiff; therefore, to reproduce them here would be unduly burdensome financially and unnecessarily duplicative. With regard to other medical

documents, Plaintiff is willing to negotiate a  mutually-agreeable confidentiality agreement to protect

the sensitive nature of the medical information and records, which are requested by Defendants.

 

      73.     Copies of any and all bills and invoices from any health care provider for

services or treatment (a) which you contend were incurred as a result of Defendants' conduct

at issue in this proceeding and/or (b) who you have received within the last ten (10) years.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by

propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery.

Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible

evidence.  Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be

financially and logistically burdensome.

 

 

**EXPERTS**

      74.     For each expert retained by you to testify at trial, provide the

following documents:

       (a)     All drafts of reports, all versions and non-identical copies of each report,

               excluding the final report produced.

       (b)     All notes, handwritten or otherwise, made by the expert or considered by the

               expert concerning the subject matter of the litigation or the substantive content

               of the report.

 

 

       (c)     All drawings, diagrams, plans, or charts made by or considered by the

expert

concerning, representing or describing the subject matter of the report.

(d)     All photographs, videotape, slides, microfilm, or other such records concerning

the subject matter of the expert's report.

(e)     All statements, correspondence, or notes of communications between you and

any expert engaged by the Plaintiff in this litigation or between the expert and

counsel for the Plaintiff concerning the subject matter of the litigation or the

content of the report.

(f)     All literature relied upon or considered by the expert in connection with the

litigation and/or the content of the expert's report, including all texts, pamphlets,

government or industry standards.

(g)     All documents, reports, memoranda, or records or computer data relied upon or

considered by the expert in support of the expert's opinions in this litigation.

(h)     All documents, reports of analyses, raw data reflecting any materials collected

for analysis, summaries, studies, tape recordings, photographs, or computer

disks concerning or relating to any kind of testing conducted by the expert

pertaining to the substance of the expert's report.

(I)     All documents provided to the expert for his or her review by the Plaintiff or

Plaintiff's

counsel.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by

propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery.

Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible

evidence.  Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be

financially and logistically burdensome.

**STATISTICAL**

75.    Any and all documents that (a) purport to set forth or support statistical information concerning, or that tend to compare or assess, your treatment compared to Caucasians or non-disabled persons employed by defendant and/or (b) tend to prove your claims of discrimination, retaliation and/or pretext.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence.  Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

**COMMUNICATIONS**

76.    Any and all documents which constitute, memorialize, refer or relate to communications you have had with any person concerning facts or claims alleged in your Lawsuit.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery.  Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence.  Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.  Plaintiff further asserts a privilege over any communications she may have had with her counsel, physicians, clergy, etc., where a privilege is

applicable.

77.    Any and all documents which constitute, memorialize, refer or relate to communications or statements any person has had or made concerning:

      (a)    the facts and claims alleged in your Lawsuit;

      (b)    your performance or actions as an employee of defendant;

      (c)    their observations, knowledge or information of defendant's treatment of you or others;

      (d)    their knowledge or information of discriminatory or retaliatory acts or statements by defendant;

      (e)    their knowledge or information about facts or communications regarding the accrual, entitlement or payment of commissions for defendant's sales representatives.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence.  Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.  Plaintiff further asserts a privilege over any communications she may have had with her counsel, physicians, clergy, etc., where a privilege is applicable.

78.    Any and all documents which constitute, memorialize, refer or relate to communications by and between you and any agents, employees, managers, partners or supervisors of Ballard Spahr concerning:

      (a)    the facts or claims alleged in your Lawsuit;

      (b)    your performance or actions as an employee of defendant;

(c)     facts or events that give rise to your claims in the Lawsuit;

(d)     observations, knowledge and information of defendant's treatment of you and others;

(e)     observations, knowledge or information of discriminatory or retaliatory acts or statements by defendant;

(f)     their knowledge or information about facts or communications regarding the accrual, entitlement or payment of commissions for defendant's sales representatives; and

(g)     that employee's or agent's knowledge of discrimination by defendant.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.


79.     Any and all documents which constitute, memorialize, refer or relate to audio and/or visual recordings of any employee or agent of the defendant.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.


80.     Any and all documents which constitute, memorialize, refer or relate to communications between you and any person in the course of your employment with Ballard

Spahr.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence.  Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.  Lastly, Plaintiff objects to this request as overly broad.

**PERSONNEL FILE**

81.    Any and all documents which constitute, memorialize, refer or relate to your personnel file from any place of employment within the last ten (10) years.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence.  Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.  Lastly, Plaintiff objects to this request as overly broad and irrelevant.

82.    Any and all documents which constitute, memorialize, refer or relate to your applications for employment or letters or other communications seeking employment within the last ten (10) years.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery.

Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome. Lastly, Plaintiff objects to this request as overly broad and irrelevant.

## DAMAGES

83.    Any and all documents which constitute, memorialize, refer or relate to the damages you claim and/or your calculation of same.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

## MISCELLANEOUS

84.    Any and all documents which constitute, memorialize, refer or relate to statements made, reviewed or approved by any person regarding the facts stated or claims made in your Lawsuit including, but not limited to, alleged acts of discrimination or retaliation taken against others.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome. Plaintiff further asserts a privilege over any communications she may have had with her counsel, physicians, clergy, etc., where a privilege is applicable.

85.     Any and all documents which constitute, memorialize, refer or relate to diaries or calendars (professional or personal) maintained by you while employed by defendant or which reflect your activities or communications while employed by defendant.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome. Lastly, Plaintiff objects to this request as overly broad and irrelevant.

86.     Any and all documents which constitute, memorialize, refer or relate to facts or communications that tend to prove your claims that defendant's actions or decisions with respect to you were or are pretextual.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

87.     Any documents relied upon to answer interrogatories from Ballard Spahr or Ms. Riley-Jamison.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery.

Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome. Lastly, Plaintiff objects to this request as overly broad

88. Any documents identified by you in the Rule 26 Disclosures.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

89. Any documents submitted to or received from the Social Security Administration relating to a claim for social security or disability benefits.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome. Lastly, Plaintiff objects to this request as overly broad and irrelevant.

90. Any documents submitted to or received from Unum Provident relating to your claim for disability benefits.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence.  Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.  Lastly, Plaintiff objects to this request as overly broad and irrelevant.


**EEOC PROCEEDING**

91.    Any and all documents that constitute, memorialize, refer or relate to information submitted by you or your agents to the Equal Employment Opportunity Commission ("the EEOC") regarding the claims made by you against defendant.

**OBJECTION:**  Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery.  Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence.  Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.  Lastly, Plaintiff objects to this request as overly broad and irrelevant.


92.    Any and all documents received by you or your agents from the EEOC regarding the claims made by you against defendant.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery.

Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome. Lastly, Plaintiff objects to this request as overly broad and irrelevant.

93.    Any and all documents which constitute, memorialize, refer or relate to communications you or your agents have had with agents or employees of the EEOC.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome. Lastly, Plaintiff objects to this request as overly broad and irrelevant.

94.    The Notice of Right to Sue issued by the EEOC as referenced in paragraph 6 of the Amended Complaint.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible

evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome. See Complaint attachment.

      95.     Any and all documents which constitute, memorialize, refer or relate to any information maintained or investigations conducted by the EEOC regarding your claims of discrimination or retaliation.

**OBJECTION:** Defendants have exceeded a reasonable number of document production requests by propounding nearly 100 requests., which do not serve the principles of speedy and efficient discovery. Nor are the requests, given their volume, reasonably calculated to lead to the discovery of admissible evidence. Moreover, if Plaintiff were to respond to Defendant's inordinate requests, it would be financially and logistically burdensome.

I verify under penalty of perjury that the foregoing Complainant's Answers and Objections to Agency's Interrogatories and Request for Production of Documents are true and correct.

Executed this __12th__ day of June 2006

Vanessa A. McFadden

Respectfully submitted,

**THE LAW OFFICES OF T.W. MURRAY**
1111 Bonifant Street
Silver Spring, Maryland 20910
Ph: 301-585-1870
Fax: 301-585-1871

By: _Teresa W. Murray_
         Teresa W. Murray

Counsel for Plaintiff

Dated: June 22, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on the ___22nd___ day of __June 2006__, a copy of the foregoing Plaintiff's Answers and Objections to Defendants' Interrogatories and Request for Production of Documents via overnight mail to:

Jonathan Mook
DIMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA 22314

_Teresa W. Murray_
Teresa W. Murray