UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **Vanessa A. McFadden,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05CV02401 |
| | ) | Judge Richard J. Leon |
| **Ballard Spahr Andrews and** | ) | |
| **Ingersoll, LLP,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT**
**OF DEFENDANTS' MOTION TO COMPEL**

Defendants, by counsel, hereby supplement their previously filed motion to compel in light of Plaintiff's service of First Supplemental Answers to Defendants' Interrogatories on August 4, 2006. See Exhibit A.[1]

In their motion to compel, Defendants requested that Plaintiff be required by a date certain to supplement her interrogatory responses to Defendants' Interrogatory Nos. 3-10. Plaintiff's recently served supplemental answers address Defendants' Interrogatory Nos. 3-5, 8, and 10. Plaintiff, however, has not supplemented her answers to Defendants' Interrogatory Nos. 6, 7, and 9, which address what Plaintiff claims she was told about the Defendant Ballard Spahr's FMLA policy, Plaintiff's claim that her schedule was modified, and Plaintiff's claim that she complained to Defendants about discriminatory or retaliatory behavior. Defendants,

---

[1] Although Defendants have endorsed Plaintiff's proposed protective order and confidentiality agreement, Plaintiff still has not responded to Defendants' requests for production of medical records. See Defendants' Document Requests Nos. 23-24, 43, 69-73. Defendants, therefore, renew their motion to compel Plaintiff's responses to these requests.

therefore, renew their request that Plaintiff be ordered to fully answer Defendants' Interrogatory Nos. 6, 7, and 9 within five days of an order granting Defendants' Motion to Compel.

Moreover, Plaintiff's supplemental responses to Defendants' Interrogatory Nos. 4, 8, and 10 remain inadequate and, hence, Plaintiff should be compelled to fully answer these interrogatory questions. For example, Interrogatory No. 4 seeks a description of Plaintiff's requests for leave as described in the Complaint. Plaintiff has responded by simply listing her work schedule. In the Complaint, Plaintiff makes various representations about how she was treated and what she was told when she requested leave. See Complaint ¶¶ 19-26, 28-32, 36, 45-46, 107. Plaintiff's present response addresses none of these contentions. If Plaintiff intends to pursue claims against the Defendants based upon alleged mistreatment or denial of leave, she should be required to address the basis for her contentions in responding to Defendants' Interrogatory No. 4.

Interrogatory No. 8 requests a list of harassing comments that Plaintiff claims were made to her as she alleges in her lawsuit. See Complaint, ¶¶ 32-33, 35, 49, 58, 107. In response, Plaintiff merely states that she incorporates her response to Interrogatory No. 9. Plaintiff has previously agreed to supplement Interrogatory No. 9, but to date she has failed to do so. Incorporating an inadequate response is not answering the interrogatory. Moreover, Interrogatory Nos. 8 and 9 seek different information. Interrogatory No. 9 asks what complaints Plaintiff made to Defendants about discriminatory behavior. The interrogatory is not focused on what harassing comments allegedly were made to Plaintiff. Plaintiff's Complaint repeatedly states that Plaintiff was subjected to harassing comments (See Complaint, ¶¶ 32-33, 35, 49, 58, 107); Defendants are entitled to know what Plaintiff claims those comments to be.

In Interrogatory No. 10, Defendants request that Plaintiff supplement her response to include when she became disabled. Plaintiff agreed to do so, but she only responded that she began experiencing impairment in early 2002. Defendants did not ask when she began experiencing symptoms of impairments, but when she became disabled. Plaintiff should be required to respond to the interrogatory as written.

To conclude, Defendants withdraw their request for the Court to set a date certain for Plaintiff to respond to Interrogatory Nos. 3 and 5. Defendants renew their request that the Court set a date certain for Plaintiff to supplement Interrogatory Nos. 6, 7, and 9 and to further supplement Interrogatory Nos. 4, 8, and 10.

Respectfully submitted,

Ballard Spahr LLP,
By counsel

_____/s/_____
Bernard J. DiMuro, Esq. (D.C. Bar #393020)
Jonathan R. Mook, Esq. (D.C. Bar #929406)
DiMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, Virginia 22314-3067
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Defendants*