UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VANESSA A. MCFADDEN ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BALLARD SPAHR ANDREWS & ) <br> INGERSOLL, LLP et al. ) <br> ) <br> Defendants. ) <br> ) | Civil Case No.05cv2401 (RJL) |

**PLAINTIFF'S FIRST SUPPLEMENTAL ANSWERS TO
DEFENDANTS' INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedures 33 and applicable Local Rules Plaintiff Vanessa A. McFadden, by and through undersigned counsel, hereby supplements her prior Answers to Defendants' Interrogatories.

**GENERAL COMMENTS**

These general comments are specifically incorporated into each and all of the enumerated responses that follow:

1. These responses are based upon facts and information presently available and are given without prejudice to the responding party's right to further amend or supplement these responses at a later date as such information becomes available or upon subsequent review of records or information learned.

2. By responding or failing to respond to some or all of the Interrogatories, Plaintiff does not concede the relevance, materiality or any applicable privilege or doctrine as such objections may apply at trial or otherwise in this action.

3. By responding or failing to respond to some or all of the Interrogatories, Plaintiff does not concede the objections raised herein.

**EXHIBIT A**

4. This supplement in no way obviates any prior general or specific objection made by Ms. McFadden.

## INTERROGATORIES

3. Identify any and all persons with whom you have had conversations with regarding the allegations made in your Lawsuit, the injuries and damages you allege and your employment with Defendants. Set forth and describe in detail the time, place, and facts surrounding any and all of these communications.

**OBJECTION:** Plaintiff objects to this interrogatory as unduly burdensome and overly broad. Plaintiff further asserts a privilege over any communications she may have had with her counsel, physicians, clergy, etc., where a privilege is applicable. Without waiving these objections, Plaintiff provides the supplemental answer below.

**ANSWER:** At Ballard Spahr, I have spoken to the following individuals regarding my Lawsuit: a) John Dibattista in September 2005 regarding a UNUM check. He mentioned that he was aware that the EEOC had given me a right to sue and I indicated that I would pursue this matter further; b) I spoke with Charles Henck in January 2006 and he asked me to tell the EEOC that he was a good boss; c) I spoke with Allan Winn about my charge pending at the EEOC. At the EEOC, I spoke with Investigator Chandler regarding the allegations of my complaint. I also spoke with several other individuals regarding my Lawsuit, the dates and times I cannot recall precisely but most occurred in March 2006, they include: a) Cassandra Briscoe, b) Julia Jones; c) office of Eleanor Holmes-Norton; d) Patricia Dixon; e) Carolyn Plater-Fox; f) JoAnn Smith; and g) Elaine Wilbur.

2

CONTENTIONS

4.  Identify and describe each of the events, facts and communications which support, evidence, relate or refer to your requests for leave, as described in ¶ 21-29, 37, 39, 43-45 of the Complaint.

**ANSWER**: I worked a part-time schedule to care for my husband from January – June 2003. I worked the following alternating schedule: Week 1 – Tuesday, Thursday and Friday (with Mondays and Wednesdays off) and Week 2 - Tuesday – Friday (with Mondays off).

5.  List all the times you missed work for either the partial day or entire day from 2001 onward and the reason why.

**OBJECTION:** Plaintiff objects to this interrogatory as overly broad. It calls for the disclosure of information outside the time period relevant to this lawsuit.

**ANSWER:** I cannot recall every day that I was absent from work from 2001-2004, but I do recall being out of the office during the following times and for the reasons indicated:

October 17 & 18, 2002 – my colonoscopy

October 21 through November 2, 2002 – my husband's surgery and need to care for him

On or about October 23, 2002 – day off given to me by Charles Henck

December 5, 2006 – my husband's post-operation/six-week check up

Various days between January and June 2003 to care for my husband and assist him in attending chemotherapy.

August 2003 – two-week vacation

I was also out various days in the year 2003 for doctor's appointments.

October 18, 2003 until termination – out of work due to disability

Please see Plaintiff's Bates 027 for other dates of absence.

3

8. List and describe each of the harassing comments you allege to have been subjected to in the Complaint including the time, date, speaker, comment, location and witnesses.

ANSWER: I also incorporate my answer to Interrogatory No. 9.

10. Identify and describe when and how you became disabled as alleged in ¶¶ 36, 38-39, 71, 73, 76, 82 of the Complaint including a description of what you were able to do, what activities you were not able to do, how you were not able to do the activities, and to what illness/medical condition you attribute your inability to undertake the activity.

OBJECTION: Plaintiff objects to this interrogatory as calling for information protected by the doctor-patient privilege. The interrogatory is also overly broad since it fails to delineate any time parameters, and as such, calls for the disclosure of the medical information concerning treatment and conditions, which may be outside the time period relevant to this lawsuit. Without waiving these objections, Plaintiff provides the answer below.

ANSWER: Since I am not a medical professional, I cannot say with certainty when the onset of my medical conditions occurred. I can state, however, that I began experiencing impairments in early 2002.

14. Identify and describe all of the employees of Ballard Spahr who received considerations that you did not and contend you are entitled to as described in ¶¶ 55-59, 108 of the Complaint, including the names of the employees and how you contend that they were treated differently than you.

ANSWER: All of the following individuals received leave and/or schedule modifications for their

4

alleged medical conditions or their family members' medical conditions: a) legal secretaries – Rhear Mahr, Elaine Wilbur (allowed to work at home), Judy Mintz, Marti Hall, and Cathy Hannah; b) Chrsitie Hearn – floater; c) Janet Craig – Systems Administrator; and d) Betty Ann Hahn – Receptionist.

Respectfully submitted,

Dated: August 4, 2006

By: _____
Teresa W. Murray

THE LAW OFFICES OF T.W. MURRAY, LLC
1111 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-585-1870/Fax: 301-585-1871

## CERTIFICATE OF SERVICE

I hereby certify that on the __4th__ day of __August 2006__, a copy of the foregoing Plaintiff's First Supplemental Answers to Defendants' Interrogatories was sent via facsimile and first-class mail to:

Jonathan Mook
DIMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
Fax: 703-548-3181

_____
Teresa W. Murray

5