# THE LAW OFFICES OF T.W. MURRAY, LLC

1717 K STREET, N.W.
SUITE 600
WASHINGTON, D.C. 20036

1111 BONIFANT STREET
SILVER SPRING, MARYLAND 20910

PH: 301-585-1870 FAX: 301-585-1871

July 10, 2006

**VIA FACSIMILE: 703-548-3181**

Mr. Jonathan R. Mook, Esq.
DiMuro Ginsberg, P.C.
908 King Street, Suite 200
Alexandria, Virginia 22314

> Re: *McFadden v. Ballard Spahr Andrews & Ingersoll, LLP et al.*, Case No. 05cv2401

Dear Mr. Mook:

I have in hand both your letters of June 29, 2006 and July 10, 2006. I had been out of the office for my vacation, when your June 29 correspondence arrived. I am just returning to the office today and have multiple matters to attend to, including the above-referenced matter. I anticipate providing a written response to your correspondence within a week's time. Thank you for your patience and understanding.

Very truly yours,

Teresa W. Murray

EXHIBIT
A

## THE LAW OFFICES OF T.W. MURRAY, LLC

1717 K STREET, N.W.
SUITE 600
WASHINGTON, D.C. 20036

1111 BONIFANT STREET
SILVER SPRING, MARYLAND 20910

PH: 301-585-1870 FAX: 301-585-1871

July 18, 2006

VIA FACSIMILE: 703-684-4333
AND FIRST-CLASS MAIL

Mr. Jonathan R. Mook, Esq.
DiMuro Ginsberg, P.C.
908 King Street, Suite 200
Alexandria, Virginia 22314

Re: *McFadden v. Ballard Spahr Andrews & Ingersoll, LLP et al., Case No. 05cv2401*

Dear Mr. Mook:

I have in hand your letter of June 29, 2006 regarding Plaintiff Vanessa A. McFadden's objections and responses to Defendants' interrogatories and document production requests. Your letter raises several concerns and questions about Ms. McFadden's responses and this letter offers a good faith response to the issues you've raised.

As an initial matter, Ms. McFadden has in no way waived the objections stated in her responses. Our office communicated to you on June 22, 2006 that Plaintiff was forwarding her responses that day and that she had not waived any of the objections to Defendants' discovery requests. And in any event, the slight delay in her submission was for good cause given that Ms. McFadden was out of town during this time period and additional time was required to coordinate the exchange of information and materials between and her and our office. I will now address the various issues you raised in you letter individually.

### Number of Discovery Requests

In an attempt to bury the Plaintiff in an avalanche of document production requests, the Defendants submitted 95 requests for documents. There need be no Federal or Local Rule proscribing this tactic as any reasonable person would consider such requests to be manifestly inordinate and unduly burdensome. The shear number of the requests demonstrates that Defendants have not honed their discovery efforts to fashion a reasonable number of requests. The burden and expense that Plaintiff would suffer by responding to nearly 100 document production requests outweighs its likely benefit to the Defendants. Both parties are generally

charged with ensuring that discovery be conducted efficiently and non-oppressively. The Defendants' requests run counter to that.

Further, the Defendants have exceeded the 30-interrogatory limit by propounding compound interrogatories. These interrogatories comprise a combination of two or more interrogatories labeled as a single interrogatory. They contain isolated and discrete subparts because they require Ms. McFadden to provide new and additional information than the main question posed, not just details. For instance, your Interrogatory No. 10 contains three interrogatories: 1) when and how Plaintiff became disabled (this could arguably be construed as two interrogatories); 2) description of what she is able to do and not do; and 3) identification of the illnesses and conditions that have caused her inability to undertake the activity. And many more of Defendants' interrogatories were compound or contained discrete subparts;[1] thus, Ms. McFadden rightly counted these interrogatories as separate interrogatories.

Ms. McFadden's objections with regard to the number of interrogatories and document production requests, therefore, stand.

### General Objections

With regard to your concerns over Ms. McFadden's General Objections, to the extent you are unclear about the application of General Objection No. 2; I refer you to the specific objections identified in response to each discovery request. With regard to objections based on attorney-client privilege, to counsel's knowledge, Plaintiff is not withholding any documents under this privilege and should counsel discovery otherwise, we will forward a privilege log to Defendants. Lastly, Plaintiff objects to Instructions and Definitions Nos. 5 and 6. Number 5 asks Ms. McFadden to provide information regarding Defendants' agents and representatives. Not only does she not know who these individuals are, she cannot state, under oath, what have they knowledge of. Number 6 directs the discovery requests to Plaintiff's attorneys who are not parties to this lawsuit; thus, are not the proper recipients or respondents to Defendants' requests.[2]

### Health Records

As noted in Ms. McFadden's discovery responses, she does not object the production of medical records that pertain to the issues in this controversy.[3] You have agreed to a protective order and we will begin preparation of a draft order for your review and consideration. There still remains a dispute, nevertheless, about two matters. First, Ms. McFadden has not waived any

---

[1] Int. No. 2 – 4 interrogatories; Int. No. 3 – 2 interrogatories; Int. No. 10 – 3 interrogatories; Int. No. 13 – 2 interrogatories; Int. No. 16 – 3 interrogatories.

[2] See also, General Objection No. 4.

[3] Ms. McFadden, however, does not agree to admissibility of these records as evidence at trial or on summary judgment.

privilege by providing medical information and records to Unum Provident. As you know, the release of this information to Unum was on a limited and confidential basis for the purposes of securing disability benefits. No waiver occurred. Second, your request regarding Cornelius McFadden's health condition, which I do not believe is in dispute, is not reasonably calculated to lead to the discovery of admissible evidence. You claim that you desire Mr. McFadden's medical records to determine "whether or not Plaintiff was taking care of her husband and driving him to appointments." As a practical matter, Mr. McFadden's medical records will not display that information. This information is more appropriately obtained at a deposition of Ms. McFadden.

### Specific Responses and Answers

Document Production Request No.89 – Receipt of Social Security Disability benefits is not a bar to Ms. McFadden's disability discrimination claims and certainly did not relieve Ballard Spahr from its duty to provide Ms. McFadden a reasonable accommodation. See *Cleveland v Policy Management Sys. Corp.*, 526 U.S. 795 (1999). Assumedly the basis for this request lies in the Defendants' attempt to obtain prior inconsistent statements made by Ms. McFadden regarding her abilities and limitations. Under *Cleveland*, this may be proper. Yet, Request No. 89 goes well beyond that asking for every document submitted to the Social Security Administration. Please modify your request.

Document Production Request No. 90 – Ms. McFadden will withdraw her relevancy objection and as soon as practicable, will supplement her responses with appropriate documents once the protective order is issued by Judge Leon. All other objections stand.

Interrogatory No. 2 – This interrogatory is not a document production request; therefore, Ms. McFadden is not required to provide "the universe of Plaintiff's health care records." Also, as stated in her response, Ms. McFadden does not recall all of the dates she received medical treatment and thus cannot provide that information. Again, once a protective order is in place, Ms. McFadden will provide relevant medical records to Defendants.

Interrogatory No. 3 – Ms. McFadden will supplement.

Interrogatory No. 4 – The Complaint allegations provide the facts and events requested in this Interrogatory. I will, however, consult with Ms. McFadden and if additional facts exist, she will supplement.

Interrogatory No. 5 – Although Ms. McFadden cannot recall with precision her work schedule of a few years ago, she will supplement her answer with the dates she recalls being absent from work and the reasons why she was absent.

Interrogatory Nos. 6-10 – After consultation with Ms. McFadden, she will supplement;

3

however, I make no representations that additional information exists.

Interrogatory Nos. 11 & 13 - Ms. McFadden stands by her answer to Interrogatory Nos. 11 and 13.

Interrogatory No. 12 - Ms. McFadden stands by her answer to Interrogatory No. 12. Please refer to Attachment P.

Interrogatory No. 14 - After consultation with Ms. McFadden, she will supplement her answer.

Interrogatory No. 16 – This interrogatory calls for an answer that Ms. McFadden has no personal knowledge to provide. Indeed, *she* has asked the Defendant Firm in her discovery responses how it calculated her leave entitlement. She is in no position to state under penalty of perjury how the Defendants miscalculated her leave but can only state that she believes she had not received her 16-week DCFMLA entitlement. With regard to how the Defendants interfered, the Complaint allegations provide the facts, which lea Ms. McFadden to conclude that the Defendants interfered with her leave entitlement. If Defendants wish to elicit more details on that allegation beyond that, they are free to exhaust the extent of her memory at her deposition.

Interrogatory No. 22 – I am evaluating your arguments with regard to the collateral source doctrine and will consult with Ms. McFadden regarding relevant information for an answer. I will advise.

Finally, Ms. McFadden will provide her damages calculation as required by Federal Rule 26(a) by week's end. As you will recall, in our Joint Meet & Confer Statement, Ms. McFadden proposed that the requirement be removed from the initial disclosure requirements, at least at this early stage. But given Judge Leon's ruling on the Statement, which counsel received after returning from her vacation, he did not subtract that requirement. Ms. McFadden will provide that information to Defendants shortly.

If you wish to discuss any of these matters further, I invite you to contact me. Otherwise, you can expect to receive supplementation and a draft protective order over the next couple weeks.

Very truly yours,

Teresa W. Murray

4