UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Vanessa A. McFadden, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV02401 |
| ) | Judge Richard J. Leon |
| Ballard Spahr Andrews and ) | |
| Ingersoll, LLP, *et al*., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPLY MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION TO COMPEL**

Defendants, by counsel, hereby submit this reply in support of their previously filed motion to compel.

As an initial matter, Defendants' motion should be granted as conceded due to Plaintiff's failure to timely file an opposition. Defendants filed their motion to compel on August 3, 2006. Plaintiff's opposition was due on August 14, eleven days later. Instead of complying with the time requirements, Plaintiff filed an opposition shortly before midnight on August 17, 2006. Plaintiff did not request an extension of the due date for her opposition either from Defendants' counsel or the court. Instead, Plaintiff blithely ignored the Federal and Local Rules in belatedly filing her opposition to the motion to compel. If a memorandum in opposition is not filed within eleven days of service, the Court may treat the motion as conceded. Local Rule 7.1. Defendants respectfully request that the Court do so. Should this Court not treat as conceded Defendants' motion to compel, Defendants' respond below to Plaintiff's arguments.

I.      **Plaintiff's Waiver of Objections**

Ironically, in her untimely opposition, Plaintiff argues that she had good cause to belatedly respond to Defendants' discovery. In doing so, Plaintiff ignores the fact that her verification was signed within the thirty day period for her to timely respond. The question remains as to why Plaintiff's discovery responses could not have been sent to Defendants at the same time Plaintiff signed her verification. Additionally, Plaintiff now states that she was out of the area for health related reasons and describes Defendants' assertion that Plaintiff was on vacation as "fantastical." After being apprised that discovery was overdue, however, counsel for Plaintiff informed Defendants that she and her client had been on vacation. See, Ex. A, Murray Letters July 10 and July 18, 2006. Only after Defendants contacted counsel for Plaintiff on June 22, 2006 and informed counsel that her discovery responses were overdue did Plaintiff forward the responses to Defendants. See Ex. B, Mook Letter June 22, 2006. Moreover, as support for the new claim of Plaintiff being out of town for health-related reasons, Plaintiff attaches a physician's letter written on August 31, 2004. See Exhibit 2 to Plaintiff's Opposition to Defendants' Motion to Compel.

The Federal Rules of Civil Procedures, Rules 33 and 34, set forth a time frame for providing responses to discovery requests. That time period is thirty days. If Plaintiff was experiencing difficulty responding within this period of time, Plaintiff should have requested an extension from Defendants. *Byrd v. Reno*, 1998 U.S. Dist. LEXIS 11855 (D. D.C. Feb. 12, 1998) (confronted with a discovery deadline, counsel must either comply with the deadline, seek a court order enlarging the time or stipulate with opposing counsel enlarging the time). Instead, Plaintiff did not even bother to communicate with Defendants until after her counsel was informed that Plaintiff's discovery was overdue and that any objections have been waived.

**II.     Plaintiff Should Be Compelled to Answer Interrogatories**

   **A.     Number of Interrogatories**

Plaintiff contends that the first 16 interrogatories propounded by Defendants were actually 25 interrogatories and that Plaintiff has no obligation to respond to Defendants' remaining interrogatory requests. Plaintiff's method of counting the number of interrogatories is contradicted by her very own discovery requests to Defendants. In those requests, Plaintiff has propounded 30 numbered interrogatories, including subparts. See Exhibit C. By Plaintiff's system of counting, she has propounded upon Defendants several times the limit on the number of interrogatories.[1] Nonetheless, Defendants timely responded to Plaintiff's first 25 interrogatories without raising an objection as to numerosity.

Moreover, Plaintiff's interrogatories to Defendants are drafted in the exact same way as Defendants' interrogatories of which she complains. For example, Defendants' Interrogatory No. 13 requests Plaintiff to describe each instance of "haranguing and misinformation" alleged in her complaint and to identify persons with knowledge of the facts. Plaintiff claims that this question consists of two interrogatories. Plaintiff's Interrogatory No. 10, similarly, requests Defendants to describe each denial of Plaintiff's requests for leave, to specify the date of denial, the identify all of participants in the decision, and to explain any and all reasons for denials. By Plaintiff's

---

[1]     For example, Plaintiff's Interrogatory No. 12 requested Defendants to "[i]dentify all discharges where Margaret Riley-Jamison was directly or indirectly involved in the decisional process between the years 2002 and 2004. For each such discharge, identify the following: (a) date of action; (b) name of employee title of position employee held; (c) race, disability/serious health condition status, prior protected activity of the individual discharged; (d) race, disability/serious health condition status, prior protected activity of the replacement; if applicable, and (e) reason(s) for the action." Plaintiff appears to consider this to be one interrogatory, as she propounded numerous interrogatories with a similarly long list of subparts.

3

counting, this would be four interrogatories. Yet, Plaintiff counts it as one of the thirty interrogatories she propounded. Simply put, Plaintiff should not be able to have it both ways.

In her opposition, Plaintiff completely ignores the "logically subsumed" principle of law and does not dispute the applicability of the "logically subsumed" test. When counting subparts, courts have followed the approach of treating "subparts" as part of one interrogatory where they are logically or factually related to a primary question. See *Safeco Ins. Co. of America v. Rawston,* 181 F.R. D. 441, 445 (E.D. Cal. 1998) (adopting "logically subsumed" standard); *Myers v. United States Paint Co.*, 116 F.R.D. 165 (D. Mass. 1987); *Clark v. Burlington Northern Railroad*, 112 F.R.D. 117 (N.D. Miss. 1986); *Kendall v. GES Exposition Services*, 174 F.R.D. 684 (D. Nev. 1997) (interrogatory subparts are counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question). Applying that approach here, each subpart in Defendants' interrogatories is logically related to the primary question and, hence, Defendants have not exceeded the maximum number of interrogatories allowed under the Federal Rules. Thus, Plaintiff's objection is not well taken.

**B.    Specific Interrogatories**

Plaintiff originally promised to supplement her answers to Interrogatory Nos. 4, 6, 7, and 9. However, now Plaintiff claims not to have any additional information. If Plaintiff had confirmed earlier that no additional information exists and Plaintiff cannot recall any other facts, Defendants would not have needed to file their motion to compel with respect to these interrogatories.

Interrogatory No. 8 requests that Plaintiff identify the comments she believes to be harassing and by whom they were made. Plaintiff has now responded by stating that she cannot recall the comments or when they happened and simply refers to her Complaint. Plaintiff's

Complaint merely states that "Ms. Riley-Jamison and other Ballard Spahr partners/employees subjected Ms. McFadden to harassing comments." Complaint, ¶ 32. Other than Ms. Riley-Jamison and Ballard Spahr partner, Charles Henck, Plaintiff has not identified any individuals whom she claims made harassing comments to her and, hence, her claims should be limited to allegations against these two individuals. Moreover, with respect to these two persons, Plaintiff should be compelled to specify the nature of the alleged comments and when they allegedly occurred. Defendants have the right to be informed as to the particulars of the charges that Plaintiff has made. If Plaintiff is unwilling or unable to specify the nature and date of the purportedly harassing comments, her claim of harassment against Defendants should be dismissed.

Interrogatory No. 10 asks Plaintiff to identify when and how she became disabled. Plaintiff responded by stating that she is not a medical doctor. While that may be true, Plaintiff's answer is misleading. During 2003, 2004 and 2005, Plaintiff filed numerous applications for social security disability, FMLA leave, short-term disability leave, and long-term disability leave. At some point, Plaintiff obviously became too disabled to work, yet she has refused to state when, apparently for tactical reasons in this litigation. If, as Plaintiff acknowledges, she was entitled to disability benefits because she was unable to work, she obviously cannot sustain a legal claim against Defendants for not returning her to work and terminating her employment.

In attempting to justify her failure to provide a complete response to Interrogatory No. 11, Plaintiff argues that only the period of time when she was terminated is relevant to her ability to work. Plaintiff is incorrect. Plaintiff's disability and whether she was physically able to work are highly relevant not only to her allegation that she was able to work at the time of her termination, but also to her alleged damages. Plaintiff claims three years of back pay and front

pay for the next 18 years. In order to obtain these damages, Plaintiff obviously must be able to establish that she could have continued working at Ballard Spahr. Hence, Defendants are entitled to a complete response to Interrogatory No. 11.

In her opposition, Plaintiff claims that Defendants' request that Plaintiff clarify her answer to Interrogatory No. 12, which states that Ballard Spahr hired a deceased woman to be a receptionist, is frivolous and should be answered at a deposition of Plaintiff. Prior to filing their motion to compel, Defendants requested repeatedly that Plaintiff's confusing interrogatory answer be clarified, but Plaintiff adamantly refused to do so. Therefore, Defendant's motion to compel a clear answer is not frivolous.

In Interrogatory No. 13, Defendants request that Plaintiff explain each instance of purported "haranguing and misinformation" by Ballard Spahr and its insurance provider as alleged in the Complaint. Plaintiff has responded that she recalls a number of phone conversations from 2003 through 2005, but cannot remember the participants or contents of any conversation. It is baffling that Plaintiff can allege in her Complaint that conversations with Defendants constituted harassment if she cannot remember who spoke to her or what the person said. If Plaintiff has no factual bases for her claims, then she should say so.

In Interrogatory No. 16, Defendants request Plaintiff to explain how Defendants miscalculated her FMLA entitlement and interfered with her leave. Plaintiff states in her opposition that she has no knowledge of what actions Defendants took, but that she is sure she did not receive the amount of leave to which she was entitled. If Plaintiff has no further knowledge or factual bases for her claim, she should confirm this fact, as Defendants repeatedly requested her to do.

Even though Defendants repeatedly, over a period of two months, asked Plaintiff to answer Interrogatory No. 22, she refused to state that she would do so until her opposition was filed. Plaintiff has not, however, provided any time frame for her response. Given that Defendants propounded their interrogatories in May, Plaintiff should be ordered to respond promptly, i.e., within five days of the date of this Court's order granting Defendants' motion to compel.

### III.    Plaintiff Should Be Compelled to Respond to Document Requests

Plaintiff objects to producing relevant documents because she contends the Defendants propounded too many document requests. In her opposition, Plaintiff agrees there are no limits on the number of document requests and that there are relevant requested documents that she has not produced. Yet, Plaintiff continues to refuse to produce the documents and ignores the fact that 64 document requests simply ask for all documents that support contentions made in Plaintiff's lengthy Complaint. Plaintiff argues in her opposition that she is being asked to conduct a time-consuming search. However, she is only being asked to produce documents that support her claims. The requests clearly are relevant and if Plaintiff does not have any documents to support her allegations, she need merely say so.

Plaintiff also objects to producing her tax returns in response to Document Request No. 64 despite the fact that Plaintiff is claiming extensive damages, including an item denominated as "lost rental property equity." Plaintiff has provided no amount or calculation for this item of damage, nor has she specified how this claimed damage is attributable to Defendants. In fact, Plaintiff never has provided any information to Defendants regarding how she calculates her damages. Plaintiff just baldly asserts that her tax returns are irrelevant to how she calculated her damages. Plaintiff's position is untenable.

In footnote 25 of her opposition, Plaintiff claims that on August 10, 2006 she produced all her medical records to Defendants in response to Document Request Nos. 69-73 and, thus, the motion to compel Plaintiff to produce her medical records is moot. On August 11, 2006 Defendants received some additional documents from Plaintiff. These documents consisted of: two letters from two different doctors, one memo from a doctor, a letter from Plaintiff to Ballard Spahr's disability insurance carrier, emergency room records from two hospitals, medical records from a third doctor, and Ballard Spahr's FMLA and disability doctors. In her initial disclosures, Plaintiff listed six medical professionals who treated her. To date, Plaintiff has provided complete records from only one of those physicians. These documents are under Plaintiff's custody and control. Defendants have been forced to undertake the expense of seeking Plaintiff's medical records through subpoenas to her health care providers and have received documents from three physicians to date. Plaintiff's contention that she has provided her medical records to Defendants is incorrect, and Defendants' motion to compel Plaintiff to fully respond to Document Request No. 69 is not moot.

Defendants have repeatedly requested that Plaintiff produce in response to Document Request Nos. 89-90 all documents submitted to and received from the Social Security Administration and Unum Provident, Ballard Spahr's long term disability carrier. Plaintiff has repeatedly refused based on the collateral source doctrine. That doctrine is irrelevant to Defendants' discovery requests. Defendants are seeking this information for the representations that Plaintiff made when she certified herself to be disabled and unable to work and, hence, entitled to disability payments. After first arguing that these representations are not dispositive of her ability to work, Plaintiff now agrees that the representations are relevant and that she is willing to provide the documents to Defendants. However, Plaintiff states that she will not

produce the documents until the court rules on Defendants' motion to compel. Opposition at 16. Plaintiff's position is totally inappropriate. There is no dispute that the documents are relevant and should be produced. Plaintiff simply refuses to produce them. Defendants respectfully request that the court sanction Plaintiff for her refusal to produce such clearly relevant and discoverable documents by awarding Defendants their attorney fees for having to pursue this motion to obtain the documents.

## IV.   Conclusion

It is obvious that Plaintiff is engaging in delay tactics and is blatantly refusing to produce discoverable evidence. Defendants propounded discovery on May 15, 2006. Now, over three months later, Defendants have received little more than a few dozen documents and half-answers to their discovery requests. Defendants respectfully request the Court to compel Plaintiff to respond to discovery as set forth in their previously filed motion and to award Defendants their attorney fees and costs.

Respectfully submitted,

Ballard Spahr LLP,
By counsel

_____/s/_____
Bernard J. DiMuro, Esq. (D.C. Bar #393020)
Jonathan R. Mook, Esq. (D.C. Bar #929406)
DiMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, Virginia  22314-3067
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Defendants*