UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VANESSA A. MCFADDEN )<br>Plaintiff, )<br> )<br>v. )<br> )<br>BALLARD SPAHR ANDREWS & )<br>INGERSOLL, LLP et al. )<br> )<br>Defendants. )<br> ) | Civil Case No.05cv2401 (RJL) |

## PLAINTIFF VANESSA A. MCFADDEN'S FIRST REQUEST FOR DISCOVERY TO DEFENDANT BALLARD SPAHR ANDREWS & INGERSOLL, LLP

The Plaintiff, Vanessa A. McFadden, by and through undersigned counsel, hereby requests that the Defendant Ballard Spahr Andrews & Ingersoll (hereinafter "Ballard Spahr", "Defendant" or "The Firm") answer the following interrogatories, admit and/or deny the requests for admissions fully in writing, under penalty of perjury, and produce the documents requested in the following requests for production of documents, pursuant to Federal Rules of Civil Procedure 33, 34, 36, within thirty (30) calendar days of service.

The following instructions and definitions apply throughout this, and any subsequent, discovery requests:

### INSTRUCTIONS

1. In answering these interrogatories, Ballard Spahr should furnish all available information, including information in the possession of its attorneys and all persons acting on its behalf.


EXHIBIT C

2. If Ballard Spahr cannot answer these interrogatories in full after exercising due diligence to secure the information requested, Ballard Spahr should so state and answer to the extent possible, specifying the nature of its inability to answer the remainder, and providing whatever information or knowledge that it possesses concerning the unanswered portion. Also, identify each person, if any known, who should know, is believed to know, may know or possesses such knowledge and/or information.

3. The discovery requests which follow are to be considered as continuing, and Ballard Spahr is requested to provide, by way of supplementary answers and responses, such additional information or documents as it or any other persons acting on its behalf may hereafter obtain, which will augment, clarify or otherwise modify the answers now given to these requests. Such supplementary responses are to be seasonably served upon the Plaintiff but not later than 15 days after receipt of such information or documents. All documents are to be produced at THE LAW OFFICES OF T.W. MURRAY, 1111 Bonifant Street, Silver Spring, Maryland 20910.

4. With regard to any requested document withheld because of a claim of privilege or work product, please make the claim expressly and describe the nature of the document not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the Plaintiff or Judge to assess the applicability of the privilege or protection, by stating:

>  (1) the basis for such withholding,
> 
>  (2) the author(s) of the document,
> 
>  (3) the identity of each person to whom an original or copy of the document was sent,

(4) the identity of each person who has knowledge of the contents of the document,

(5) the date of the document, and

(6) the general subject matter of the document.

5. If any document responsive to this discovery request is no longer in your possession or subject to your control or no longer exists, please identify whether such document is: a) missing or lost; b) destroyed (by any means); c) transferred to others; and/or d) otherwise disposed of. In any of the above instances, please describe in detail the circumstances surrounding and any reason, authorization, and/or approval of such disposition, and state the actual and/or approximate date of such disposition.

## DEFINITIONS

As used herein, the following terms shall have the meaning indicated below:

a) "You" and "your" mean Ballard Spahr, its partners, agents, officers, managers or other persons acting on its behalf.

b) "Ballard Spahr", "Defendant" or "The Firm" means the limited liability partnership of Ballard Spahr Andrews & Ingersoll and its partners.

c) "Plaintiff" means Vanessa A. McFadden.

d) "Complaint" means Complaint filed by Plaintiff to institute the civil action against the Defendants in the United States District Court for the District of Columbia, styled *McFadden v. Ballard Spahr Andrews & Ingersoll, LLP et al.*, Civil Case No. 05CV2401.

e) "Answer" means the pleading filed by the Defendants in response to Plaintiff's Complaint in the above-referenced civil action.

f) "Persons" means natural persons, corporations, partnerships, agent, principal, group, firm, sole proprietorships, unions, associations, federations or any type of entity or organization.

g) "Date" means the month, day and year, if ascertainable, or if not, the best approximation thereof.

h) "Relating to," "relate to" and "regarding" mean in whole or in part stating, constituting, containing, embodying, reflecting, identifying, discussing, evaluating, examining, analyzing, referencing, reviewing, or in any way dealing with the named subject.

i) "Communication" means any written or verbal statement, expression or utterance of any kind, including but not limited to correspondence, memoranda, notes, faxes, e-mails **(including wireless Blackberry communications and all electronically stored e-mail data in deleted or purged files, on back-up tapes, and on servers)**, conversations and gestures.

j) "Document" means any printed, electronic, typewritten, handwritten, or otherwise recorded matter of whatever character, including, but without limitation, letters, e-mails **(including wireless Blackberry communications and all electronically stored e-mail data in deleted or purged files, on back-up tapes, and on servers)**, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, resumes, applications, work sheets, reports, calendars, interoffice communications, statements, announcements, photographs, tape recordings, motion pictures, video tapes, computer disks, computer printouts, or other computerized data, and any carbon or photographic copies of any such material, if Ballard Spahr does not have custody or control of the original.

4

k) "Identify" means, with respect to a natural person, to state: (1) his or her name; (2) his or her race, disability/serious health condition status, prior protected activity; (3) his or her last known address and telephone number; (4) his or her job title and dates of employment; (5) the name and address of his or her employer; and (6) his or her relationship, if any, to the Plaintiff and Ballard Spahr.

l) "Identify" means, with respect to a corporation, association, partnership or other entity, to state: (1) the legal name under which such entity is incorporated or registered; (2) the state in which such entity is incorporated or registered; (3) the full business address and telephone number of such entity; and (4) the offices of such entity.

m) "Identify" means, with respect to documents, to state: (1) the author thereof and the person or persons to whom the document was originally directed; (2) the source from whom Ballard Spahr obtained such document or documents; (3) the date of each such document or documents; (4) the current custodian of each such document or documents; (5) the location at which each such document or documents is situated; and (6) the subject matter of each such document or documents.

n) "Describe" means to state: (1) the name of the individual or individuals involved; (2) the date of the activity; and (3) each and every action or statement made during the activity (if verbal); and in or on the communication (if written).

o) For each interrogatory, identify each person, who furnished information in preparing the answer thereof and indicate which interrogatories, or section thereof, each person is providing information towards.

p) For each document, identify each person who provided it to you.

# FIRST SET OF INTERROGATORIES

Interrogatory No. 1: State each and every qualification, and essential function of the position of Legal Secretary at Ballard Spahr.

Interrogatory No. 2: Describe all Firm policy(ies) and practices, which were applicable to Plaintiff that relate to the reasonable accommodation of qualified employees with disabilities.

Interrogatory No. 3: Identify each and every reasonable accommodation offered by Ballard Spahr to Plaintiff for her actual, perceived, or record of disability.

Interrogatory No. 4: Identify each and every reasonable accommodation requested by Plaintiff for her actual, perceived, or record of disability.

Interrogatory No. 5: Describe in detail the process undertaken by Ballard Spahr to evaluate any and all reasonable accommodation requests made by Plaintiff, including the identity of each person who participated in the process, each and every option considered by Ballard Spahr, and its ultimate decision.

Interrogatory No. 6: Identify the person selected to replace Vanessa McFadden as Legal Secretary. Be sure to specify the replacement's race, disability/serious health condition status, and whether s/he engaged in prior protected activity.

Interrogatory No. 7: Identify in detail all leave requested and received by Plaintiff from January 1, 2002 up to the date of her termination of employment.

Interrogatory No. 8: State each and every reason why Vanessa A. McFadden's employment with Ballard Spahr was terminated.

Interrogatory No. 9: Identify in detail all schedule modifications requested and received by Plaintiff from January 1, 2002 up to the date of her termination from employment.

6

Interrogatory No. 10: Describe any and all denials of Plaintiff's requests for leave from January 1, 2002 up to the date of her termination from employment. Please be sure to specify the date of the denial, the identity of all participants in the decision to deny the leave request, and explain any and all reasons for the denials.

Interrogatory No. 11: Describe any and all discussions, meetings, and communications regarding Plaintiff's request(s) for reasonable accommodation that have been held between and/or among partners and/or employees of Ballard Spahr.

Interrogatory No. 12: Identify all discharges where Margaret Riley-Jamison was directly or indirectly involved in the decisional process between the years 2002 and 2004. For each such discharge, identify the following: (a) date of action; (b) name of employee title of position employee held; (c) race, disability/serious health condition status, prior protected activity of the individual discharged; (d) race, disability/serious health condition status, prior protected activity of the replacement; if applicable, and (e) reason(s) for the action.

Interrogatory No. 13: Identify all discharges where Charles Henck was directly or indirectly involved in the decisional process between the years 2002 and 2004. For each such discharge, identify the following: (a) date of action; (b) name of employee title of position employee held; (c) race, disability/serious health condition status, prior protected activity of the individual discharged; (d) race, disability/serious health condition status, prior protected activity of the replacement; if applicable, and (e) reason(s) for the action.

Interrogatory No. 14: Identify and describe any and all communications (See Definition to include e-mails) between Margaret Riley-Jamison and any partner or manager of Ballard Spahr regarding Plaintiff's medical condition, **or** termination. Be sure to describe all

7

such communications between Ms. Riley Jamison and any of the individuals identified in Defendants' Initial Rule 26(a)(1)(A) disclosure.

Interrogatory No. 15: Describe in detail how Plaintiff's job duties and functions were performed during her leaves of absence from work from October 2003 up to and including the date of her termination.

Interrogatory No. 16: Identify and describe all vacant positions within Ballard Spahr between October 2003 and December 2004.

Interrogatory No. 17: Describe in detail all leave and schedule modifications requested and received by any and all legal secretaries employed by Ballard Spahr (except Plaintiff) from January 1, 2002 through December 31, 2005. Please be sure to specify the date(s) of the leave, the identity of all participants in the decision to grant the leave request, and explain any and all reasons for the leave.

Interrogatory No. 18: State each and every factual basis for Ballard Spahr's contention that Plaintiff represented that she "was unable to return to work". Please be sure to identify the person(s) who witnessed such an alleged statement.

Interrogatory No. 19: Identify all formal discrimination complaints filed against Ballard Spahr wherein it is alleged that the Firm or any or all of its partners " FMLA"discriminated against the complaining party on any of the following basis: race, health condition (ADA or Family Medical Leave Act) or retaliation. For each such complaint, identify the following: (a) the date of the complaint/charge; (b) names of Charging Party/Plaintiff; (c) bases of the complaint/charge; (d) issue(s) in the complaint/charge; and (e) status of complaint/charge (i.e., finding of discrimination, pending trial, settled, etc.).

Interrogatory No. 20: Identify and describe all Family and Medical Leave Act leave provided by Ballard Spahr to any of its employees between the years 2002 and 2004. Please be sure to include the following: a) date(s) of the leave; b) identity of the employee who received the leave; c) identity of the individual who approved the leave; d) whether medical verification was requested and/or received; and e) the reason(s) for the leave.

Interrogatory No. 21: State with particularity how The Firm calculated Plaintiff's leave (including Family Medical Leave Act leave) during her medical-related absence from work from October 2003 until her termination.

Interrogatory No. 22: Identify each and every legal secretary employed by Ballard Spahr from the year 2002- to present (per Definition K above).

Interrogatory No. 23: Identify each and every reasonable accommodation provided by Ballard Spahr to an employee of the Firm due to medical reasons. Please be sure to include: a) date(s) of the accommodation; b) name of the employee who received the accommodation; c) identity of the person(s) who approved the accommodation; d) whether medical verification was requested and/or received; and e) the reason(s) for the accommodation.

Interrogatory No. 24: State each and every factual and legal basis for the Defendants' affirmative defense in its Answer that they are entitled to a "set-off of any recovery by Plaintiff."

Interrogatory No. 25: Identify and describe each defense Ballard Spahr will advance in response to the Complaint, identifying any facts, which support the defense(s).

Interrogatory No. 26: Identify each person whom Ballard Spahr knows or believes has, or may have, information concerning the allegations contained in this action, including

9

information which may support or negate the allegations presented in the Complaint, and identify the information s/he is known or believed to have.

Interrogatory No. 27: State with particularly the days and hours Ms. McFadden worked and the days and hours she did not report to work from January 1, 2002 up to the time of her termination.

Interrogatory No. 28: Describe the in detail the conference held between Ms. McFadden and John DiBattista, Fern Forman and Margaret Riley-Jamison, on or about May 14, 2004.

Interrogatory No. 29: State each and every reason why Ballard Spahr denied Plaintiff's reasonable accommodation request for the Receptionist position.

Interrogatory No. 30: Identify in detail the procedures a member of the Firm's support staff must use to obtain a leave of absence. Please be sure to describe all procedures available for obtaining FMLA and sick leave from January 1, 2003 through the present.

## FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Request No. 1: All documents identified, used, referenced, referred to, and/or relied upon in responding to the above interrogatories, labeling each one as to the interrogatory to which it responds, and indexing those documents with a table of contents.

Request No. 2: Any and all Firm policies, practices, guidelines, and manuals that relate to leaves of absences for health-related reasons that were applicable to Plaintiff during her employment with Ballard Spahr.

Request No. 3: All communications (See Definition I, including emails) between and/or among Charles Henck and any employee or partner of Ballard Spahr (including Plaintiff) relating to Vanessa McFadden in any of the following respects: a) her husband's medical

condition and/or certification thereof; b) reasonable accommodation of Ms. McFadden; c) proposal and/or decision to terminate Ms. McFadden; d) her complaints of mistreatment and/or discrimination; e) Ms. McFadden's job duties and/or responsibilities; and f) her leave or attendance.

Request No. 4: All communications (See Definition I, including emails) between and/or among Margaret Riley-Jamison and any employee or partner of Ballard Spahr (including Plaintiff) relating to Vanessa McFadden in any of the following respects: a) her husband's medical condition and/or certification thereof; b) reasonable accommodation of Ms. McFadden; c) proposal and/or decision to terminate Ms. McFadden; d) her complaints of mistreatment and/or discrimination; e) Ms. McFadden's job duties and/or responsibilities; and f) her leave or attendance.

Request No. 5: All communications (See Definition I, including emails) between and/or among Wendy Iversen and any employee or partner of Ballard Spahr (including Plaintiff) relating to Vanessa McFadden in any of the following respects: a) her husband's medical condition and/or certification thereof; b) reasonable accommodation of Ms. McFadden; c) proposal and/or decision to terminate Ms. McFadden; d) her complaints of mistreatment and/or discrimination; e) Ms. McFadden's job duties and/or responsibilities; and f) her leave or attendance.

Request No. 6: Any and all policies, practices, guidelines, and manuals regarding reasonable accommodation of employees with actual, perceived or recorded disabilities at Ballard Spahr.

Request No. 7: All documents (which refer or relate to the Firms procedures available to employees who wish to take FMLA leave.

Request No. 8:     All documents relating to any proposed or actual termination of any member of the Firm's support staff between the years 2003 and present.

Request No. 9:     Any and all documents, which relate to the Receptionist position and/or its essential functions, including, but not limited to, its position description, performance standards, and vacancy announcements.

Request No. 10:    All personnel, human resources, and disciplinary files of Vanessa McFadden, including all files containing records of Ms. McFadden's medical condition and/or history.

Request No. 11:    All records that relate to any medical-related absences taken by support staff at Ballard Spahr, including but not limited to leave taken by Janet Craig, Elaine Wilber, and/or Kathy Hanna.

Request No. 12:    The position descriptions of all non-attorney employees of Ballard Spahr.

Request No. 13:    All documents relating to, relied upon, considered, or reviewed by Ballard Spahr when considering and deciding to terminate Ms. McFadden.

Request No. 14:    All documents relating to any proposed or actual schedule modification provided to a non-attorney employee of Ballard Spahr between January 1, 2003 through December 2004.

Request No. 15:    All documents relied upon in evaluating Vanessa McFadden's requests for reasonable accommodation.

Request No. 16:    All documents which relate to, reference, or concern the selection of the person to replace Vanessa McFadden.

Request No. 17:    The professional calendars for calendar years 2002-2004 (including electronically created or stored calendars) of the following individuals:

12

 (a) Charles Henck;

 (b) Allan Winn; and

 (c) Margaret Riley-Jamison.

Request No. 18: All communications (see Definition I, including e-mails) concerning Vanessa McFadden in any respect, had between and/or among each and any of the following persons between October 2003 and May 2004:

 (a) Charles Henck;

 (b) Wendy Iversen;

 (c) Janet Craig;

 (d) Allan Winn; and

 (e) Margaret Riley-Jamison.

Request No. 19: Every statement and every draft of every statement given by any individual relating in any respect to the allegations contained in the Complaint.

Request No. 20: All documents (See Definition J) that have not otherwise been produced, relating in any respect to the allegations contained in the Complaint in the control and/or possession of Ballard Spahr, including but not limited to such documents in the possession of the following individuals:

 (a) Charles Henck;

 (b) Wendy Iversen;

 (c) Janet Craig;

 (d) Allan Winn; and

 (e) Margaret Riley-Jamison.

Request No. 21:   For each termination identified in response to Interrogatory Nos. 12 and 13, provide all documents relating to the discharge action.

Request No. 23:   All documents relating to any formal or informal complaint or charge of discrimination against Ballard Spahr or any of its managers or partners.

Request No. 25:   All notes, electronic mail, investigations, comments (formal and informal), letters, memoranda, records of conversations, meeting dates, voice mail messages, and any other documents which Ballard Spahr possesses regarding or relating to the Complaint, including any relating to Defendants' defenses.

Request No. 26:   Any and all documents identifying, describing, referencing or relating to the demographics of Ballard Spahr's personnel, by disability, race and protected activity, employed in the years 2002 or 2003 or 2004.

Request No. 27:   Any and all documents, which delineate, describe, summarize reference or calculate Plaintiff's leave (whether vacation, sick, FMLA, etc) between January 2003 and May 2004.

Request No. 28:   Any and all communications between/with/to/from any partner or manager of Ballard Spahr and Vanessa McFadden regarding her leave, attendance, disability, or reasonable accommodation thereof, that has not already been produced by Ballard Spahr.

Request No. 29:   Any and all documents relating to Vanessa McFadden's medical condition possessed by Ballard Spahr that has not already been produced.

Request No. 30:   Any and all documents relating to Cornelius McFadden's medical condition possessed by Ballard Spahr.

## FIRST REQUEST FOR ADMISSIONS

Please admit or deny the following:

Request No. 1:    Vanessa McFadden is an individual with an actual disability.

Request No. 2:    Vanessa McFadden met or exceeded the expectations of Ballard Spahr while working as Legal Secretary for the Firm.

Request No. 3:    Ballard Spahr terminated Vanessa McFadden effective May 14, 2004.

Request No. 4:    Prior to her termination, Vanessa McFadden was a qualified individual with a disability.

Request No. 5:    Vanessa McFadden was regarded as disabled by Ballard Spahr.

Request No. 6:    Vanessa McFadden was regarded as disabled by Margaret Riley-Jamison.

Request No. 7:    Ballard Spahr possessed records of Vanessa McFadden's disabling condition, prior to her discharge.

Request No. 8:    Vanessa McFadden's disability and physical limitations were the motivating factors behind her termination.

Request No. 9:    Ballard Spahr replaced Vanessa McFadden with a non-disabled individual.

Request No. 10:   Prior to her termination, Vanessa McFadden requested to be reassigned to the Receptionist position.

Request No. 11:   Vanessa McFadden could perform the essential functions of the Receptionist position with our without a reasonable accommodation.

Request No. 12:   Ballard Spahr denied Vanessa McFadden's request to be reassigned to the position of Receptionist.

Request No. 13:   Vanessa McFadden engaged in protected activity by complaining about race-based disparate treatment.

15

Request No. 14:   Vanessa McFadden engaged in protected activity by taking and requesting disability-related absences and leave from work.

Request No. 15:   Vanessa McFadden engaged in protected activity by requesting reasonable accommodation.

Request No. 16:   After Vanessa McFadden's discharge, Ballard Spahr replaced her with an individual who had no prior protected activity.

Request No. 17:   Vanessa McFadden is African American.

Request No. 18:   Ballard Spahr provided liberal leave procedures and benefits to non-African-American members of its support staff.

Request No. 19:   Vanessa McFadden requested reasonable accommodations for her disability, including time off from work, and reduced work schedule from full-time to part-time.

Request No. 20:   Charles Henck is Caucasian.

Request No. 21:   Margaret Riley-Jamison is Caucasian.

Request No. 22:   Ballard Spahr released confidential medical information concerning Cornelius and/or Vanessa McFadden to one or more of the Firm's employees.

Request No. 23:   Prior to the year 2002, Vanessa McFadden worked for Ballard Spahr at least one year and over 1,250 hours.

Request No. 24:   Ballard Spahr hired a Caucasian individual to replace Vanessa McFadden.

Request No. 25:   On or after October 18, 2003, Vanessa McFadden had a serious health condition as defined under the Family and Medical Leave Act.

Request No. 26: On or after October 18, 2003, Vanessa McFadden's serious health condition entitled her to leave of up to 12 weeks, under the Family and Medical Leave Act.

Request No. 27: In and after October 20, 2002, Cornelius McFadden had a serious health condition as defined under the Family and Medical Leave Act.

Request No. 28: Vanessa McFadden requested a leave of absence from work in or around October 2002 to care for her husband, Cornelius McFadden who was suffering from a serious health condition.

Request No. 29: Vanessa McFadden was entitled to up to 12 weeks of leave under the Family and Medical Leave Act, due to her need to provide care for her spouse's serious health condition.

Request No. 30: Ballard Spahr replaced Vanessa McFadden with an individual with no prior EEO activity.

        Respectfully submitted,

        THE LAW OFFICES OF T.W. MURRAY
        1111 Bonifant Street
        Silver Spring, MD 20910
        Phone: (301) 585-1870
        Fax:   (301) 585-1871

        By /s/ Teresa W. Murray
        Teresa W. Murray

Dated: July 13, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on the __13th__ day of __July 2006__, a copy of the foregoing Plaintiff Vanessa A. McFadden's First Request For Discovery was faxed to 703-548-3181 and sent via first-class mail to:

Jonathan Mook
DIMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA 22314

_____
Teresa W. Murray