## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

**VANESSA A. MCFADDEN**     )
     )
     Plaintiff,     )
     )
     v.     )     **Civil Case No.05cv2401 (RJL)**
     )
**BALLARD SPAHR ANDREWS &**     )
**INGERSOLL, LLP et al.**     )
     )
     Defendants.     )
_____)

### PLAINTIFF'S SURREPLY/SUPPLEMENTAL OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

Because Defendants' Reply is replete with misinformation, confusion and exaggeration, Plaintiff Vanessa A. McFadden, by and through undersigned counsel, is compelled to respond. If every misstatement made by the Defendants were addressed, this response would be too lengthy; thus, she addresses only the following points:

1. Plaintiff timely filed her Opposition to the Defendants' Motion to Compel. Under Federal Rule of Civil Procedure 6(e), Plaintiff was afforded three days, in addition to the prescribed 11 days, to file her Opposition. Thus, Plaintiff has in no way conceded Defendants' Motion; hence, the Court should reject Defendants' request to grant their Motion as conceded.

2. Defendants mislead the Court in their representation that Plaintiff's counsel informed Defendants that she and her client had been on vacation as the reason for her late submission of discovery responses. This simply is not true. Upon

examination of correspondence from Plaintiff's counsel attached as Exhibit A to Defendants' Reply, to which they direct the Court, two facts illumine that squarely contradict the Defendants' representations.  First, Plaintiff's counsel was on vacation **after** submitting Plaintiff's discovery responses to Defendants.  In her July 10, 2006 letter, Plaintiff's counsel referenced her absence from the office, not as it pertained to Plaintiff's discovery responses, but as it pertained to Defendants' counsel's letter of June 29, 2006.  Second, Plaintiff counsel's letter of July 18, 2006 does not state that Plaintiff McFadden was on vacation but, as indicated in Plaintiff's Opposition, stated that Ms. McFadden was "out of town."  Therefore, Defendants' statement that Plaintiff's counsel advised Defendants that she and her client were on "vacation" is a stark and shameful misrepresentation.

3. With regard to Document Request Nos. 89-90, Plaintiff is not unreasonably refusing to provide the subset of documents that she submitted to the Social Security Administration and Unum that contain her statements regarding her medical conditions and/or ability to work.  This acknowledgment only concerned part of Plaintiff's objection as to relevance.  As the Defendants have appeared to overlook, Plaintiff has raised a numerosity objection to these two document requests.  Consequently, she is appropriately awaiting the Court's decision on the numerosity objection, before responding to the requests.  Because there is a valid and pending objection to these document requests before the Court, Defendants' appeal for sanctions against the Plaintiff is inappropriate and unjustified.

Respectfully submitted,

Dated: August 24, 2006                    By**:_____/s/_____**
                                                    Teresa W. Murray


THE LAW OFFICES OF T.W. MURRAY, LLC
1111 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-585-1870
Fax: 301-585-1871

Counsel for the Plaintiff