**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VANESSA A. MCFADDEN,  )  <br>                            )  <br>      Plaintiff,            )  <br>                            )  <br>      v.                    )     Civil Case No.05cv2401 (RJL)  <br>                            )  <br>BALLARD SPAHR ANDREWS &     )  <br>INGERSOLL, LLP et al.       )  <br>                            )  <br>      Defendants.           )  <br>_____) | |

## PLAINTIFF'S MOTION TO QUASH *SUBPOENA DUCES TECUM*

Plaintiff Vanessa A. McFadden, by and through undersigned counsel, moves this honorable Court for an Order to Quash a *subpoena duces tecum* issued by Defendants Ballard Spahr Andrews & Ingersoll and Margaret Riley-Jamison to Wells Fargo Home Mortgage Company. Because the subpoena seeks materials that are not relevant to any issue in this case, not reasonably calculated to lead to the discovery of admissible evidence, and will result in an unwarranted intrusion into the credit and financial condition of Plaintiff and her husband, the Court should quash the subpoena, under Federal Rule of Civil Procedure 26(b)(2) and 45.

### I. MEET AND CONFER CERTIFICATE

Plaintiff conferred with Defendants regarding her objections to the Defendants' Wells Fargo subpoena, on August 30, 2006. Defendants' counsel indicated that he would look into that matter further after consulting with other counsel in his firm and respond via letter. The parties agreed that Plaintiff had until September 8, 2006 to file a Motion

to Quash, should the parties not be able to reach an agreement over the subpoena. Defendants transmitted a letter to Plaintiff dated September 1, 2006 offering their rationale for requesting documents from Wells Fargo. Plaintiff responded via letter on September 7, 2006 addressing the rationale offered by the Defendants and requesting that they, at a minimum, limit the scope of the documents sought to those directly related to the Defendants' stated rationale. Defendants, however, refused to curb the subpoena in any way; thus, Plaintiff files the instant Motion.

## II. ARGUMENT

Via subpoena issued August 16, 2006, the Defendants are attempting to require Wells Fargo Home Mortgage Company to turn over to the Defendants the following documents:

1. Any and all documents that refer or relate to any application for any type of loan by Cornelius McFadden and/or Vanessa McFadden including but not limited to application for loans, verifications of employment and wages, verification of previous addresses, verifications of disability, credit references, credit reports, personal or work references, and responses to any requests to outside sources for information regarding Vanessa or Cornelius McFadden of any nature.

2. Any and all correspondence, notes/log, memoranda or any other written documentation regarding any loan applied for by Vanessa or Cornelius McFadden.

Ex. 1.

Plaintiff respectfully requests that the Court issue an Order quashing Defendants' subpoena to Wells Fargo for the following reasons:

1. Under Federal Rule of Civil Procedure 26(b)(1), a party "mat obtain discovery regarding any matter, not privileged, that is relevant to the claim

or defense of any party . . . [or which] appears reasonably calculated to lead to the discovery of admissible evidence." None of the documents requested by the Defendants will assist the factfinder in evaluating Plaintiff's claims concerning whether the Defendants committed unlawful disability or race discrimination or unlawfully refused to provide Ms. McFadden leave she was entitled to under law, given her serious health condition. Similarly, the documents have no bearing on the Defendants defense that Ms. McFadden was totally disabled and unable to continue working for the firm. Mr. and Mrs. McFadden's loan information (application, payment history, notes/memoranda pertaining to their loan, etc.), credit references, credit reports, personal or work references are not germane to the factual or legal issues present in this dispute. Thus, the subpoena is outside the bounds set by Rule 26.

2. In addition to the irrelevant nature of the mortgage documents, the Defendants' subpoena is not reasonably calculated to lead to the discovery of admissible evidence. Defendants' purported rationale for issuing the subpoena largely rests on what it characterizes as Ms. McFadden's "loss of rental income" damages claim. In this suit, Ms. McFadden alleges that she has sustained significant financial damage from the Defendants' unlawful actions including, but not limited to, the loss of rental income that she derived from real estate property. The Defendants claim that Wells Fargo Mortgage documents will clarify whether Ms. McFadden sold her property

due to the financial distress of job loss or whether it was a voluntary act on her part for personal reasons. It can hardly be imagined that mortgage company documents will in any way reference or indicate the reasons a homeowner sells investment property. Thus, the Defendants' broad request for mortgage and credit documents relating to Mr. and Mrs. McFadden is far a field from its stated need for the documents and is not sufficiently tailored to meet the reasonably-calculated standards of Rule 26.

3. Since the disclosure of the documents requested by the Defendants would result in an unwarranted invasion into the private financial affairs of the McFaddens, Plaintiff presents additional good cause for an Order to quash. Defendants' access to documents concerning her home loans, credit references, credit reports, and personal or work references are not only irrelevant as discussed above, but private information that should be compelled pursuant to the powers of this Court, only when reasonably necessary. Here, it is not necessary for the Defendants to access these materials for purposes of defending this lawsuit. Ms. McFadden, therefore ,asks for the Court's protection in keeping her and her family's confidential financial records confidential.

### III.   CONCLUSION

The Defendants subpoena of private lending and credit records pertaining to Vanessa and Cornelius McFadden bear no relevance to any of the issues present in this

4

case. Neither is the subpoena reasonable tailored to lead to the discovery of admissible evidence. Therefore, according to Federal Rules of Civil Procedure 26(b)(2) and 45, and the Court's inherent power to regulate discovery so as to protect privacy interests of the parties, Plaintiff McFadden respectfully asks the Court to quash Defendants' *subpoena duces tecum* to Wells Fargo Home Mortgage.

Respectfully submitted,

Dated: September 8, 2006        By:_____/s/_____
                                    Teresa W. Murray

THE LAW OFFICES OF T.W. MURRAY, LLC
1111 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-585-1870
Fax: 301-585-1871

Counsel for the Plaintiff

5