UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Vanessa A. McFadden,   )<br>                                           )<br>           **Plaintiff,**        )<br>                                           )<br>v.                                      )    Civil Action No. 1:05CV02401<br>                                           )    Judge Richard J. Leon<br>**Ballard Spahr Andrews and**   )<br>**Ingersoll, LLP,** *et al.*,          )<br>                                           )<br>           **Defendants.**      )<br>                                           ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL**

**I.     INTRODUCTION**

In this case, Plaintiff, a former legal secretary with Defendant, Ballard Spahr Andrews and Ingersoll, LLP ("Ballard Spahr"), has sued Ballard Spahr and its office manager, Margaret Riley-Jamison, for disability and race discrimination, violation of the Family and Medical Leave Act ("FMLA"), and retaliation. Plaintiff was employed by Ballard Spahr for approximately 15 years and following a six month leave of absence, she was terminated on or about May 10, 2004 when she informed Ballard Spahr that due to her health condition, she could not return to work.

Through discovery, Defendants have confirmed that prior to her termination, Plaintiff certified to UnumProvident, Ballard Spahr's long-term disability ("LTD") insurance carrier, that she was totally and permanently disabled and could not work, and as a result of her representations, Plaintiff has been receiving LTD benefits. Defendants also understand that the Social Security Administration certified Plaintiff as disabled as of January, 2003, while she was still employed by Ballard Spahr, but on FMLA leave. Additionally, Defendants understand that Plaintiff began receiving benefits under the Social Security disability insurance ("SSDI")

program retroactive to July, 2003, also while still employed by Ballard Spahr. Despite this, in her lawsuit Plaintiff alleges that she could have returned to Ballard Spahr as a receptionist, and she is claiming back pay damages of over $134,000 from the termination of her employment in May, 2004 to the present, and front pay stretching eighteen years into the future.

In order to verify their understandings of Plaintiff's representations to the Social Security Administration and her receipt of SSDI, on August 16, 2006, Defendants served a subpoena on the Social Security Administration seeking Plaintiff's records. On August 24, 2006, the Social Security Administration responded by requesting a release form be signed by Plaintiff. (See Ex. A). By letter dated August 29, 2006,Defendants forwarded to Plaintiff's counsel the Social Security Administration's response and requested that Plaintiff sign and return the form by September 6, 2006. To date, and despite follow-up requests of Plaintiff, Defendants have received no response. Defendants also have repeatedly requested the same information from Plaintiff in discovery, but Plaintiff again has refused to produce the information.

Because information pertaining to Plaintiff's ability or inability to continue working at the time she was terminated is a critical issue in this case, Defendants have had no choice but to move this Court to compel Plaintiff to forward to Defendants a signed release so that Defendants may obtain Plaintiff's records from the Social Security Administration.

II.     ARGUMENT

     A.     **This Court Has the Authority to Compel Plaintiff to Sign the Release**

Courts regularly have ordered parties to sign a release for their Social Security

Administration records when the documents are relevant to the litigation.[1] In *Rodriguez v. IBP, Inc.*, 243 F. 3d 1221 (10th Cir. 2001), for example, the Tenth Circuit held that federal district judges have the authority to order parties to request releases of their records for purposes of discovery. The plaintiff in *Rodriguez* sued for retaliatory discharge, and the district court ordered him to provide a release for his Social Security records upon learning that he was receiving SSDI benefits. Since the plaintiff's ability to work was relevant to the litigation, the appellate court affirmed the district court's order.

### B. Plaintiff's Social Security Records Are Relevant to Her Claims

Plaintiff's ability to work is relevant to her claims. Plaintiff has alleged disability discrimination, race discrimination, Family and Medical Leave Act violations, and retaliation and has sought damages based upon her ability to have continued working following her termination. Plaintiff, specifically, has alleged that she was able to return to work at Ballard Spahr as a receptionist in May, 2004. Complaint at ¶¶ 46-48. However, Defendants believe that at this point in time Ms. McFadden already was receiving SSDI benefits because she claimed and was certified as being disabled and unable to work.

---

[1] All courts to consider the issue have found that they have the authority to order parties to sign a release for Social Security records. See, e.g. *Bradley v. Val-Mejias*, 2001 U.S. Dist. LEXIS 25278 (D. Kan. Oct. 10, 2001) (ordering the plaintiff to sign a release when the Social Security Administration informed the defendant it would not comply with the subpoena without a release); *Thai v. Miller Truck Lines, Inc.*, 2006 U.S. Dist. LEXIS 56300 (W.D. La. Aug. 11, 2006) (granting the defendant's motion to compel the plaintiff to sign releases for his medical, personnel, education, employment, social security disability and social security earnings records where the plaintiff's medical history was at issue and stating that courts routinely direct plaintiffs to sign such authorizations); *Mosely v. Cooper Tire & Rubber Co.*, 2006 U.S. Dist. LEXIS 56031 (D. Ariz. Aug. 10, 2006) (granting the defendant's motion to compel the plaintiff to sign a release for her employment, insurance and Social Security Administration records where the plaintiff's physical condition was in controversy).

In the matter at hand, Plaintiff has put her medical history and ability to work at issue by claiming disability discrimination and front pay. See, e.g., *Feldman v. American Memorial Life Ins. Co.*, 196 F.3d 783 (7th Cir. 1999) (plaintiff who was awarded social security disability not entitled to pursue ADA claim that she was a qualified individual with a disability); *DiSanto v. McGraw Hill, Inc.*, 220 F.3d 61 (2d. Cir. 2000) (plaintiff's social security disability claim could not be reconciled with ADA claim that he was qualified and could work); *Motley v. New Jersey State Police*, 196 F.3d 160 (3d. Cir. 1999) (plaintiff's claim to Social Security Administration that he was totally disabled and unable to work foreclosed ADA claim that he was a "qualified individual"), *cert. denied*, 529 U.S. 1087 (2000); *Loeb v. Trans World Airlines*, 1999 U.S. App. LEXIS 25475 (8th Cir. 1999) (plaintiff's representations to Social Security Administration that she was unable to work inconsistent with ADA claim that she could perform her job with accommodation.).[2]

In order to receive SSDI benefits, one must be unable to engage in any substantial gainful activity by reason of medically determinable physical or mental impairments which reasonably can be expected to result in death or which have lasted or can be expected to last for a continuous period of time of not less than 12 months. 42 U.S.C. § 423(d). Defendants are entitled to discovery showing whether Plaintiff met this standard according to the Social Security Administration and whether Plaintiff claimed to satisfy this standard.

Moreover, Plaintiff has claimed damages for at least twenty years following her termination. Plaintiff already is collecting the maximum amount possible from Ballard Spahr's

---

[2] In addition, in order to state a *prima facie* case of race discrimination, Plaintiff must be able to show that she was qualified to do her job. *Stella v. Mineta*, 284 F.3d 135, 145 (D.C. Cir. 2002). If Plaintiff was unable to work, she could not have been qualified.

long-term disability insurance carrier and from SSDI.  Since these payments are based upon the determination that Plaintiff is unable to work, she apparently cannot establish any front-pay damages claim.

**III.   CONCLUSION**

Defendants respectfully submit that this Court should exercise its authority to compel Plaintiff to sign the release for her Social Security Administration records attached hereto as Exhibit A. These documents are relevant to her claims and Defendants have no other means of obtaining the information since Plaintiff has refused to produce these documents herself. Also, given Plaintiff's intransigence, Defendants should be awarded attorney fees and costs for having to file their motion to compel.

                                                      Respectfully submitted,

                                                      Ballard Spahr LLP and Margaret Riley-Jamison,
                                                      By Counsel

_____\s_____
Bernard J. DiMuro, Esq. (D.C. Bar #393020)
Jonathan R. Mook, Esq. (D.C. Bar #929406)
DiMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA  22314
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Defendants*