UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Vanessa A. McFadden, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV02401 |
| ) | Judge Richard J. Leon |
| Ballard Spahr Andrews and ) | |
| Ingersoll, LLP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO QUASH**

Defendants, Ballard Spahr Andrews & Ingersoll LLP and Margaret Riley-Jamison, by counsel, hereby submit their Opposition to the Motion to Quash the Subpoena Duces Tecum filed by Plaintiff, Vanessa McFadden.

**I.   Introduction and Statement of Facts**

In this case, Plaintiff, a former legal secretary employed by Defendant Ballard Spahr for approximately 15 years, contends that Defendants engaged in disability and race discrimination, violated the Family and Medical Leave Act, and retaliated against her. Plaintiff was terminated from Ballard Spahr's employ in May, 2004, after having been on FMLA and non-FMLA leave since October, 2003. At the time of her termination, Defendants contend they offered Plaintiff a position to return to work, but Plaintiff informed them that she was unable to work due to her disability.

Plaintiff acknowledges that Ballard Spahr offered her a position as a word processor, which she could not perform, but contends she requested an alternate position as a receptionist, which Defendants allegedly denied. According to Plaintiff's First Amended Initial Disclosures, Plaintiff's

purported damages include back pay of $135,417, front pay for 18 years of future employment, compensatory damages for emotional distress, and continuing loss of rental property equity and income of $858 per month.

At the same time as Plaintiff contends that she was able to work as a receptionist, it is Defendants' understanding she made representations to her mortgage company, Wells Fargo Home Mortgage ("Wells Fargo"),[1] that she was fully disabled and unable to work and, hence, was entitled to receive hardship assistance due to her disability.[2] (See Ex. A - March 5, 2004 Letter, Ballard Spahr to Wells Fargo drafted at Plaintiff's request [Ballard-00595]. In order to obtain information about the representations Plaintiff may have made pertaining to her inability to work, as well as information pertaining to the rental properties for which she allegedly lost equity and income, Defendants served Wells Fargo Home Mortgage with a subpoena duces tecum on August 17, 2006.

On September 8, 2006, Plaintiff moved to quash this subpoena.[3]

## II.   Legal Argument

In her Motion to Quash, Plaintiff argues that Defendants' subpoena of Wells Fargo is not

---

[1] It is Defendants' understanding that Plaintiff and/or her husband owned three houses in Washington D.C. for which Wells Fargo held at least one of the mortgages. Plaintiff's family lived in one of the houses, while the other two either remained empty or were intermittently occupied by renters.

[2] Plaintiff made similar representations to Ballard Spahr's long-term disability insurer, UnumProvident, and to the Social Security Administration. In 2004 and 2005, Plaintiff received Social Security disability insurance ('SSDI') retroactive to July, 2003, and long-term disability insurance ("LTD") from UnumProvident retroactive to January, 2004.

[3] Prior to filing her motion, Plaintiff raised objections to the subpoena. In response, Defendants offered to narrow the scope of the subpoena if Plaintiff would otherwise respond to Defendants' discovery as to her alleged damages or limit her claims for damages. To address any privacy concerns Plaintiff might have, Defendants further offered to treat the subpoenaed information as confidential pursuant to the parties' agreed-upon protective order. Plaintiff did not respond to Defendants' offers.

reasonably calculated to lead to the discovery of admissible evidence, not relevant to the issues in the case, and constitutes an invasion of privacy. Plaintiff is incorrect.

The documents requested from Wells Fargo Home Mortgage are relevant and discoverable. Additionally, Plaintiff's privacy concerns may be addressed by maintaining the information as confidential pursuant to the parties' agreed-upon protective order. Hence, Plaintiff's motion to quash should be denied.

### A.  Plaintiff's Representations Regarding Her Disability Are Discoverable

First, Defendants understand that Plaintiff requested hardship assistance from Wells Fargo by representing that she was disabled, unable to work, and/or receiving disability benefits from Ballard Spahr's long-term disability insurance carrier and from the Social Security Administration. Defendants, therefore, are interested in obtaining copies of Plaintiff's representations to her mortgage company for such assistance and learning when she made those representations.

Any such representations contained in the documents requested indisputably are relevant to testing the validity of Plaintiff's assertion in this case that at the time she was terminated she was able to work. Because Defendants understand that Plaintiff made contemporaneous representations to the contrary to Wells Fargo, the documents subpoenaed are directly relevant for impeachment purposes.

### B.  The Documents Subpoenaed Are Relevant to Plaintiff's Claimed Damages

Second, Plaintiff is seeking damages for alleged "lost rental income" and, apparently, other damages (including emotional injuries) due to her purported financial distress following the termination of her employment with Ballard Spahr.

Defendants have received no calculation or explanation of Plaintiff's purported "lost rental

income" other than a monthly sum and Plaintiff's representation that she was forced to sell one or two of her real properties for financial reasons. In response to Defendants' discovery requests, Plaintiff has refused to produce any information demonstrating lost rental income or loss of property equity, or any other documentation, such as tax returns, showing financial distress.

Since Plaintiff has provided no supporting information for her purported damages, the Defendants have been forced to obtain information pertaining to Plaintiff's financial situation through document subpoenas to third parties, such as Wells Fargo.[4] Defendants anticipate that the Wells Fargo documents will provide information about the value of the properties Plaintiff owned, whether they actually were used to generate rental income, and whether they were sold due to Plaintiff's alleged financial distress.

At the time she was terminated, Plaintiff had received substantial monetary sums and disability benefits. Hence, it appears questionable that her termination from Ballard Spahr's employ could have caused her to experience the degree of financial distress that she now is claiming. If Plaintiff were not threatened with foreclosure, but sold her properties voluntarily, this fact certainly undermines her assertion that the loss of rental income is attributed to her termination.[5]

---

[4] Because it is Defendants' understanding that Plaintiff was a co-owner of at least some of the real properties and that the mortgages were in the names of Plaintiff and her husband, Defendants have requested joint financial information in their subpoena. (See, Ex. B - Washington D.C. Property Deeds Search).

[5] Indeed, it appears that Plaintiff sold the two houses, in which she did not reside, in order to purchase and remodel a second home in Florida for reasons of Plaintiff's health, not because of Plaintiff's purported financial distress. Public records show that Plaintiff sold the two houses in February and July, 2005, and purchased a home in Florida in March, 2005. Upon information and belief, Plaintiff invested substantial sums remodeling the Florida home and making it handicapped accessible. (See Ex. C - June 10, 2005 UnumProvident Report [Unum 00811-812]).

Plaintiff also is seeking damages for mental distress. To the extent that Plaintiff claims her purported emotional distress was caused by having to sell real properties she owned due to alleged financial distress, information about the status of the mortgages on her properties and Plaintiff's financial situation certainly is relevant.

In short, in defending against Plaintiff's claims, Defendants should be entitled to subpoena and obtain documents in the hands of her mortgage company, such as financial statements and credit reports, that would shed light on Plaintiff's purportedly "distressed" financial condition and her need to sell her real properties for financial reasons. If Plaintiff does not believe the financial information subpoenaed by Defendants is relevant to her case, then Plaintiff should withdraw her claims for "lost rental income" and purported emotional distress resulting from her financial condition. Plaintiff should not be able to have it both ways: asserting questionable damage claims, yet seeking to deny the very discovery that will test the validity of those claims.

**C.     Defendants Already Have Agreed to Keep the Subpoenaed Information Confidential**

Prior to Plaintiff filing her motion to quash, Defendants offered to maintain the documents subpoenaed from Wells Fargo as "confidential" pursuant to the terms of an agreed-to protective order. Defendants reiterate that assurance and will respect the confidentiality of any financial records of Plaintiff or her husband that would be produced by Wells Fargo. The courts have recognized that privacy concerns are no reason to deny the discovery of information relevant to the action, particularly where a confidentiality provision or protective order can resolve the problem. See *Roberts-Douglas v. Meares*, 624 A. 2d 405 (D.C. App. 1992); *Reserve Solutions, Inc. v. Vernaglia*, 2006 U.S. Dist. LEXIS 56702 (S.D. N.Y. August 11, 2006); *Sneirson v. Chemical Bank*, 108 F.R.D. 159 (D. Del. 1985). Accordingly, Plaintiff has no valid concerns about any invasion of

her privacy stemming from the Wells Fargo subpoena.

**III.    Conclusion**

For the reasons stated above, Defendants respectfully submit that Plaintiff's Motion to Quash the Subpoena Duces Tecum should be denied in its entirety.

Respectfully submitted,

Ballard Spahr LLP and Margaret Riley-Jamison,
By Counsel


_____/s/_____
Bernard J. DiMuro, Esq. (D.C. Bar #393020)
Jonathan R. Mook, Esq. (D.C. Bar #929406)
DiMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA  22314
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Defendants*
