UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
VANESSA A. MCFADDEN            )
                               )
        Plaintiff,             )
                               )
    v.                         )   Civil Case No.05cv2401 (RJL)
                               )
BALLARD SPAHR ANDREWS &        )
INGERSOLL, LLP et al.          )
                               )
        Defendants.            )
_____)

**PLAINTIFF'S REPLY BRIEF TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO QUASH *SUBPOENA DUCES TECUM***

## I.  INTRODUCTION

Having failed to justify its alleged need for confidential financial and mortgage records relating to Plaintiff Vanessa A. McFadden, the Defendants' *subpoena duces tecum* to Wells Fargo Home Mortgage Company must be quashed.

## II. ARGUMENT

For three important reasons, this Court should reject the Defendants' arguments raised in their Opposition brief and grant Plaintiff McFadden's Motion to Quash:

1. Defendants' subpoena goes far beyond the limited zone of relevance – which in this case, encompasses only those representations made by Ms. McFadden to Wells Fargo regarding her disability.  In their Opposition, Defendants admit that this is one of central purposes for issuing the subpoena, Opposition at 2; however, the actual subpoena surpasses this stated purpose and requests all

    documents related to "loans", credit reports, credit references, work references and even, personal references. On its face, the subpoena is overly broad and not reasonably tailored to obtain documents relevant to the issues in this case.

2. In their Opposition, the Defendants state that they seek documents, which "provide information about the value of the properties Plaintiff owned, whether they actually were used to generate rental income, and whether they were sold due to Plaintiff's alleged financial distress," Opposition at 4. While it is foreseeable that mortgage company records will contain data about property values, Ms. McFadden anticipates that Wells Fargo possesses little or no information regarding how her properties were being used, after she purchased them, and little to no information regarding the reasons she sold them. Defendants clearly have nothing more than conjecture about what records they "believe" Wells Fargo may have regarding Mr. and Ms. McFadden's financial condition. They even go so far as to speculate that Ms. McFadden sold two houses "to purchase and remodel a second home in Florida . . ." without stating any facts, which would buttress that belief. Conjecture and speculation do not support the use of the Court's subpoena power to compel the production of private mortgage records.

3. Lastly, the Defendants attempted link between Ms. McFadden's emotional distress claim and their misguided discovery effort is unsuccessful. A plaintiff's claim for financial damages and mental distress does not automatically provide a defendant license to subpoena financial institutions

who have dealings with the plaintiff, under the guise that it needs access to confidential records to test the damages claim. This would be inherently unwarranted because such information, if obtained, would only be tangentially related to plaintiff's emotional state and would directly invade the confidentiality of his or her economic information and data. If the Court were to accept the Defendants' ill-considered arguments, every plaintiff in a garden variety employment discrimination case who makes claims for back pay and emotional distress, due to the loss of employment income, would then relinquish his or her right to privacy in financial records. This result is untenable and unjustified, particularly after balancing the significant harm that would be suffered by the plaintiff and the minute evidentiary benefit and value to the defendant.

### III. CONCLUSION

Because the Defendants' subpoena to Wells Fargo Mortgage Company fails to match the purported purpose for its issuance, is not likely to yield relevant evidence, and would invade Ms. McFadden's financial privacy, she respectfully requests that the Court quash Defendants' *subpoena duces tecum* to Wells Fargo.

                                        Respectfully submitted,

Dated: September 22, 2006          By**:**        **/s/**
                                        Teresa W. Murray

                                THE LAW OFFICES OF T.W. MURRAY, LLC
                                1111 Bonifant Street
                                Silver Spring, Maryland 20910
                                Phone: 301-585-1870
                                Fax: 301-585-1871
                                Counsel for the Plaintiff