UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
VANESSA A. MCFADDEN            )
                               )
         Plaintiff,            )
                               )
    v.                         )   Civil Case No.05cv2401 (RJL)
                               )
BALLARD SPAHR ANDREWS &        )
INGERSOLL, LLP et al.          )
                               )
         Defendants.           )
_____)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL
SINGING OF RELEASE FORM**

Plaintiff Vanessa A. McFadden, by and through undersigned counsel, opposes Defendants' Ballard Spahr Andrews & Ingersoll and Margaret Riley-Jamison's Motion to Compel, which would direct Ms. McFadden to sign a form releasing *all* records held by the U.S. Social Security Administration (SSA) relating to Ms. McFadden. Ms. McFadden has refused to sign such a release because only a small subset of documents held by the SSA are potentially relevant to the issues before the Court in this matter.[1] Ms. McFadden basis her Opposition on two critical points:

1. SSA's evaluation of Ms. McFadden's application for social security disability benefits is irrelevant to the Court's adjudication of her disability discrimination claims under the Americans With Disabilities Act (ADA) and the state equivalent, D.C. Human Rights Act. In *Cleveland v. Policy Management Systems Corp.*, 526

---

[1] See Plaintiff's Opposition to Motion to Compel of August 17, 2006 at 15-16.

U.S. 795 (1999), the Supreme Court recognized the important differences between the Social Security Act and the ADA's underlying purposes and definitions of disability. Thus. the Defendants quotation in their Motion regarding the SSA's definition of disability is wholly irrelevant to the precise definition of disability under the ADA. Mot. Compel at 4. More, in *Cleveland*, the Supreme Court recognized that the SSA and the ADA treat the concept of reasonable accommodation – one of the central claims here – vastly different. The Court noted that the SSA's interpretation of an individual's ability to perform his or her job does not take into account the possibility of reasonable accommodation. 119 S.Ct. 1600, 1602. Thus, SSA documents and their treatment of Plaintiff's claims for SSDI benefits are legally irrelevant to this case.

2. The Defendants' Motion is premature, since the Court is currently considering this matter under another Motion to Compel filed by the Defendants on August 3, 2006. Specifically, currently before the Court are Plaintiff McFadden's relevance objections to Defendants' Document Production Requests Nos. 89 and 90, which request Ms. McFadden to produce all documents in her possession submitted to and received from the SSA. As Plaintiff communicated to the Defendants, she believes it prudent to await the Court's ruling on the relevance of SSA records, before executing a release, which would grant the Defendants unfettered access to documents that she believes to be factually and legally irrelevant.

Accordingly, Ms. McFadden respectfully requests that the Defendants' Motion to Compel Signing of Release Form be denied.

Respectfully submitted,

Dated: September 26, 2006        By:_____/s/_____
                                         Teresa W. Murray

THE LAW OFFICES OF T.W. MURRAY, LLC
1111 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-585-1870
Fax: 301-585-1871
Counsel for the Plaintiff