UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| **Vanessa A. McFadden,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:05CV02401** |
| | ) | **Judge Richard J. Leon** |
| **Ballard Spahr Andrews and** | ) | |
| **Ingersoll, LLP,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL PLAINTIFF TO SIGN RELEASE**

Defendants, by counsel, hereby submit this reply in support of their previously filed

motion to compel the plaintiff to sign a release of records.[1]

**I.      Statement of Facts**

In order to judge the relevance and importance of the Social Security Administration

documents that Defendants are seeking, it is important to place those documents in the context of

---

[1]      Although Defendants normally would not raise the issue, Defendants would note that
Plaintiff failed to timely file her opposition to their motion to compel.  Defendants filed their
motion to compel on September 11, 2006. Plaintiff's opposition was due on September 22,
eleven days later. On September 26, 2006, Plaintiff filed an opposition four days late. Plaintiff
did not request an extension of the due date for her opposition either from Defendants' counsel
or the court.  If a memorandum in opposition is not filed within eleven days of service, the Court
may treat the motion as conceded. Local Rule 7.1.  Defendants respectfully request that the
Court do so.

Plaintiff's belatedly-filed opposition is just the latest in a series of untimely filed or
served pleadings.  So far, Plaintiff has served responses to Defendants' First Set of
Interrogatories and Defendants' First Set of Document Requests and filed her Opposition to
Defendants' Motion to Compel Documents and Interrogatory Answers well beyond the due date.
Defendants respectfully submit that Plaintiff's dilatory behavior and stonewalling should not be
countenanced by this Court, especially where it appears to be geared to prevent Defendants from
engaging in meaningful discovery prior to the close of discovery on October 31, 2006.

Plaintiff's claims of disability discrimination. Plaintiff alleges that notwithstanding her disabling

conditions she was otherwise qualified and able to work with a reasonable accommodation.

Plaintiff applied for social security disability insurance ("SSDI") benefits in or about November,

2003. (Ex. A - Letter from Social Security Administration to Plaintiff). She was approved for

SSDI on March 16, 2004, prior to her termination in May, 2004, by Ballard Spahr. Due to the

amount of time Plaintiff was absent from work in 2003, the Social Security Administration

("SSA") determined that Plaintiff was disabled as of January 2, 2003, approximately ten months

before she began her disability leave. Because the  SSA begins paying benefits five months after

the onset of an individual's disability, Plaintiff's benefits were given a start date of July, 2003,

while still working for Ballard Spahr.

Plaintiff has refused to produce the SSA documents because she contends that

Defendants propounded too many document requests to her. (Plaintiff's Opposition to Motion to

Compel Documents and Interrogatory Answers at 16.)  Plaintiff, despite request, also has refused

to sign a consent form to allow Defendants to obtain the documents from the SSA directly.  As a

result of Plaintiff's obdurate conduct, Defendants have had no option but to file their motion

requesting this Court to compel Plaintiff to sign the consent form.

II.    **Legal Argument**

A.    **Legal Relevance of SSA Records**

To be a qualified individual with a disability under the ADA entitled to pursue an ADA

claim, a plaintiff must establish that he or she can perform the essential functions of a job, with

or without reasonable accommodation. *Carr v. Reno*, 306 U.S. App. D.C. 217, 23 F. 3d 525

(D.C. Cir. 1994).  In order to receive SSDI benefits, however, an applicant must establish that he

or she is disabled under the Social Security Act and is "not only unable to do [his or her]

previous work, but cannot... engage in any other king of substantial gainful work." 42 U.S.C. §

423(d)(2)(a).

The Supreme Court has addressed the inconsistency between a person's approval for

SSDI and that same individual's claim to be a qualified individual with a disability.  In

*Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 119 S. Ct. 1597, 143 L. Ed. 2d

966 (1999), the Supreme Court ruled that although a plaintiff is not judicially estopped from

asserting an ADA claim because the plaintiff previously has sought SSDI benefits, an ADA

plaintiff cannot ignore representations to the SSA that he or she is too disabled to work.  Indeed,

the Court in *Cleveland* made clear that an ADA plaintiff must sufficiently explain any apparent

inconsistency between statements in an SSDI application that the individual cannot work and

assertions in an ADA lawsuit that he or she is a qualified individual. If a plaintiff is unable to

provide a sufficient explanation for the inconsistency, the plaintiff cannot establish that he or she

is a qualified individual and summary judgment must be granted for the defendant.[2]

In her opposition, Plaintiff appears to be arguing prematurely, without Defendants even

being able to review the documents, that she is otherwise qualified even though the SSA found

her unable to work in any gainful employment. This argument may be appropriate in response to

a motion for summary judgment, but it does not address the relevance of the documents for

purposes of discovery. The Supreme Court has explicitly found that a disability discrimination

---

[2]    See, e.g., *Johnson v. ExxonMobil, Corp.*, 426 F. 3d 887 (7th Cir. 2005) (ADA plaintiff
cannot simply ignore the apparent contradiction that arises out of the earlier SSDI total disability
claim, but must proffer a sufficient explanation); *McClaren v. Morrison Management
Specialists, Inc.*, 420 F. 3d 457 (5th Cir. 2005) (employee could not establish prima facie case of
discrimination where he could not explain inconsistency between statement to SSA that he could
not work in order to obtain benefits and his allegation that he could work in order to bring
discrimination lawsuit).

plaintiff's representations to the SSA are highly relevant. Plaintiff has advanced no legally

cognizable reason as to why they should not be produced.

### B.     Plaintiff Previously Agreed Her SSA Records Are Relevant

Even Plaintiff, in her previously filed Opposition to Defendants' Motion to Compel

Documents and Interrogatory Answers, agreed that her representations to the Social Security

Administration were relevant. (Plaintiff's Opposition at 16.)  Nevertheless, Plaintiff asserted that

she would not produce any such relevant documents until after the court decided whether

Defendants had promulgated too many document requests. (Plaintiff's Surreply to Motion to

Compel at 2.) By serving a subpoena on the Social Security Administration, Defendants are

seeking the admittedly relevant documents without any burden on Plaintiff other than to sign a

release. Plaintiff's present Opposition and refusal to sign a release stands in sharp contrast to her

earlier acknowledgment that the SSA documents are relevant and highlights her tactic of

stonewalling and blocking the production of relevant documents.

Even though, as noted above, Plaintiff agreed in her Opposition to Defendants' Motion to

Compel Documents and Interrogatory Answers that the SSA documents are relevant, she now

does an about face and argues that they are irrelevant because the standard for SSDI is different

than the ADA standard. As discussed above, the Supreme Court has already reconciled the two

standards in determining that ADA plaintiffs must come forward with a sufficient explanation as

to why they are otherwise qualified for a position after certifying to the SSA that they are unable

to work in any gainful employment.  There can be no valid legal dispute that Plaintiff's

representations to the SSA for receipt of SSDI are relevant and discoverable.

### C.     Defendants Are Entitled to Obtain Records from the SSA

Finally, Plaintiff suggests in her Opposition that this matter is better resolved as part of Defendant's Motion to Compel Documents and Interrogatory Answers and states that she will produce the records should the court order he to do so.  Even if this Court were to grant Defendants' motion to compel and order Plaintiff to produce the SSA documents in her possession, there is no guarantee that Plaintiff has all the relevant SSA documents.

Earlier in discovery, Defendants requested Plaintiff's medical records. After numerous objections, Plaintiff agreed to produce her medical records, but only about 25 pages of medical records from two doctors were provided to Defendants in discovery.  Plaintiff, however, has been examined by more than five physicians during the relevant time period and Defendants' subpoenas to those physicians and the long-term disability insurer has resulted in the production of more than 200 pages of medical records. Clearly, Defendants' discovery of Plaintiff's SSA records should not be limited only to those documents presently in Plaintiff's possession. Defendants are entitled to obtain the complete set of her records from the Social Security Administration.

Plaintiff also argues that only a small subset of documents held by the SSA is relevant. Given Plaintiff's claims, it is unclear why only a small subset of the documents would be relevant. All of the documents would show Plaintiff's medical condition, her description of her medical condition, or retention of disability payments.

## III.    Conclusion

For the reasons stated above, Defendants respectfully request the Court to grant their Motion to Compel Plaintiff to Sign a Release.

Respectfully submitted,

Ballard Spahr LLP, *et al.*
By counsel


_____/s/_____
Bernard J. DiMuro, Esq. (D.C. Bar #393020)
Jonathan R. Mook, Esq. (D.C. Bar #929406)
DiMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, Virginia  22314-3067
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Defendants*