**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| Vanessa A. McFadden, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05CV02401 |
| | ) | Judge Richard J. Leon |
| Ballard Spahr Andrews and | ) | |
| Ingersoll, LLP, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO TEST THE SUFFICIENCY OF**
**PLAINTIFF'S RESPONSES TO REQUESTS FOR ADMISSION**

Defendants, Ballard Spahr Andrews & Ingersoll LLP and Margaret Riley-Jamison, by

counsel, hereby submit this memorandum in support of their motion to test the sufficiency of

Plaintiff Vanessa McFadden's Responses to Defendants' Requests for Admission and to deem

the requests to be admitted based on known facts.[1]

**I.      Introduction**

Plaintiff, a former legal secretary with Defendant, Ballard Spahr Andrews and Ingersoll,

LLP ("Ballard Spahr"), has sued Ballard Spahr and its office manager, Margaret Riley-Jamison,

for disability and race discrimination, violation of the Family and Medical Leave Act ("FMLA"),

and retaliation. Plaintiff was employed by Ballard Spahr for approximately 15 years.  Following

a six month leave of absence, she was terminated on or about May 10, 2004 when she informed

Ballard Spahr that due to her health condition, she could not return to work.

---

[1]Defendants specifically challenge Plaintiff's responses to admission requests No. 5, 6,
10, 11, 12, 13, 26, 32, 34, 37, 40, 41, 42, 43, 44, 45 and 51.

In her lawsuit, Plaintiff contends that she could have worked as a receptionist at the time she was terminated and that Ballard Spahr should have reassigned her to a receptionist position rather than terminating her employment.  (Complaint at 48)  Because Ballard Spahr failed to do so, Plaintiff contends that she is entitled to, *inter alia*, back pay of almost $150,000 and front pay for the next 18 years.

Notwithstanding Plaintiff's present assertions and claims, statements by Plaintiff's physicians and her own statements at the time of the events in question indicate that Plaintiff was and continues to be totally disabled and unable to work.  The documents that Defendants have obtained through discovery indicate that (1) in seeking long-term disability insurance and social security disability insurance ("SSDI"),  Plaintiff consistently has claimed she is totally disabled; (2) Plaintiff's physicians repeatedly have stated that she is incapable of ever returning to work; and (3)  Plaintiff retroactively received disability benefits dating back to before she began her leave of absence with Ballard Spahr.

Although in responding to discovery, Plaintiff was required to produce her physicians' records, she produced only a scant 25 pages of medical records from two physicians.  This production was woefully inadequate in light of the fact that Plaintiff's interrogatory responses identified more than seven physicians whom she has seen.  In light of Plaintiff's failure to produce more than a small number of her medical documents, Defendants served subpoenas *duces tecum* upon Plaintiff's health care providers and the disability insurance carrier, UnumProvident,  to obtain Plaintiff's medical records and insurance submissions. [2]

---

[2]In response to Defendants' subpoena *duces tecum*, UnumProvident produced over 200 pages of medical records from five physicians that Plaintiff had submitted in support of her application for long-term disability benefits.  On October 6, 2006, this Court ordered Plaintiff to

Based upon the records and documents obtained from these subpoenas, on September 6, 2006, Defendants served admission requests asking that Plaintiff admit the authenticity and contents of various medical records as well as admit what was written in certain other documents relating to Plaintiff's medical condition and her application for disability benefits. (Exhibit A, attached hereto.)[3]  Plaintiff responded to the Requests for Admission on October 5, 2006. (Exhibit B, attached hereto.) Without explanation, Plaintiff denied numerous requests that obviously should have been admitted.  Because there is no valid basis for Plaintiff to deny  the obvious, Defendants have filed the instant motion.

## II.    Legal Argument

Rule 36(a) of the Federal Rules of Civil Procedure states that "[t]he party who has requested the admission may move to determine the sufficiency of the answers or objections.  If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served."  In her response to Defendants' admission requests,  Plaintiff has refused to admit known facts and has provided no explanation for any denial.  Plaintiff's response falls far short of the requirements of Rule 36.

### A.    Requirements in Responding to Requests for Admission

In responding to a request for admission, parties have an obligation to make a reasonable

---

provide Defendants by October 13, 2006 with a release for her records from the Social Security Administration ("SSA").  Defendants received Plaintiff's release on October 16, 2006 and have forwarded the release to the SSA.  To date, Defendants have not received Plaintiff's SSA records.

[3]Because the exhibits attached to this memorandum contain medical and other sensitive information pertaining to Plaintiff, they are being filed with the Clerk's Office separately under seal.  Also, Defendants have included only those exhibits to their Requests for Admission that pertain to the admission requests referenced in this motion.

inquiry and to respond in good faith. *Brown v. Arlen Management Corp.*, 663 F. 2d 575 (5th Cir.

1981). Where a party denies an admission request, the denial must be specific. Also, when good

faith requires a party to qualify an answer or deny only part of the request, the party must admit

as much as is true and deny the remainder only. Fed.R.Civ.P. 36; *Apex Oil Co. v. Belcher Co.*,

855 F. 2d 1009 (2d Cir. 1988). If a party fails to admit known facts the court, upon motion, may

deem those facts to be admitted. Fed.R.Civ.P. 36(a) ("If the court determines that an answer

does not comply with the requirements of this rule, it may order that the matter is admitted . . .

.") See also *Liafail, Inc. v. Learning 2000, Inc.*, 2003 U.S. Dist. LEXIS 3545 (D. Del. March 3,

2003) (where party denied known facts in responding to admission requests, court ordered that

requests be deemed admitted).

### B.    Requests Relating to Plaintiff's Physicians and Medical Records

Plaintiff has refused to admit that copies of her medical records are authentic, including

some records that Plaintiff produced to the Defendants in response to their discovery requests.

Plaintiff also has refused to admit that certain of her physicians provided  medical care to her

even though these physicians were listed in her answers to interrogatories as providing such care.

Plaintiff has not explained any of her denials to the following requests:

Request No. 5 states that Exhibit 5 is a true and accurate copy of Plaintiff's medical

records with Dr. Thomas. These records were received pursuant to a subpoena to Dr. Thomas.

Request No. 6 states that Exhibit 6 is a true and accurate copy of Plaintiff's

medical records with Dr. Berberian. These records were received from Dr. Berberian and a

portion also were produced by Plaintiff at P 181-8.

Request No. 10 states that Exhibit 10 is a true and accurate copy of Dr. Dashottar's

medical records of Ms. McFadden. The records were submitted to UnumProvident at Ms. McFadden's request.  They were obtained by Defendants pursuant to their subpoena to UnumProvident.

Request No. 11 states that Exhibit 11 is a true and accurate copy of Dr. Griffin's medical records of Ms. McFadden. Again, these records were sent to UnumProvident from Dr. Griffin at Plaintiff's request and obtained by Defendants pursuant to their subpoena to UnumProvident.

Request No. 12 states that Exhibit 12 is a true and accurate copy of Dr. Mussenden's medical records of Ms. McFadden. Dr. Mussenden is Ms. McFadden's primary care physician and these records were sent to UnumProvident by Dr. Mussenden at Plaintiff's request.

Request No. 13 states that it is a true and accurate copy of a letter from Dr. Clark to UnumProvident regarding Plaintiff. This is an accurate description of Exhibit 13.

Request No. 51 states "Dr. Seth Morgan is a physician specializing in neurology who treated Ms. McFadden" and Request No. 52 states  "Dr. Ajay Dashottar is a physician specializing in endocrinology/internal medicine who treated Ms. McFadden." Letters from both Dr. Morgan and Dr. Dasshottar discussing their treatment of Plaintiff state the specialty of each physician in their letterheads. (See Ex. C and D).

There can be no valid basis for Plaintiff to legitimately question the authenticity of her own medical records obtained from her health care providers or the medical specialities of her physicians.  In responding to Defendants' admission requests, Plaintiff certainly has not articulated one. She simply has made blanket denials.

### C.      Requests Relating to the Exact Words on Documents

Defendants also requested Plaintiff to admit  that certain statements were contained in

specific documents that were attached to the Requests for Admission.  For example:

- Request No. 26 states "[i]n Exhibit 19, on bates-number Unum 00828, Ms. McFadden states that she will never return to work on a part time or full time basis and 'yes' in response to the question of 'how does [her] injury or sickness continue to impede [her] ability to perform [her] occupational duties.'" (See Ex. A, Defendants First Request for Admissions at Ex. 19)

- Request No. 32 states "[i]n Exhibit 7, on bates-number HCP 53, Dr. Morgan states that Ms. McFadden feels that her memory is 'not too good.'" (See Ex. A, Defendants First Request for Admissions at Ex. 7).

- Request No. 34 states "[i]n Exhibit 13, on bates-number Unum 00256, Dr. Clark wrote that 'it is not to be expected that [Ms. McFadden] will ever be able to resume gainful employment' on March 17, 2004." (See Ex. A, Defendants First Request for Admissions at Ex. 13)

- Request No. 37 states "[i]n Exhibit 21, on bates-number Unum 00626 and 00628, Dr. Armstrong prescribed Ms. McFadden an oxygen canister for her lifetime." (See Ex. A, Defendants First Request for Admissions at Ex. 21)

Plaintiff denied these requests without explanation.  As all of these requests accurately quote the language in the document, it is unclear what a good faith basis for Plaintiff's denials possibly could be.  Defendants should not be placed in the position of having to speculate as to why Plaintiff has denied these admission requests, nor should Defendants be forced to prove obvious facts such as the statements contained in Plaintiff's medical records.

**D.    Requests Relating to Eligibility Standards for Disability Insurance**

In their Requests for Admission Nos. 42 and 43, Defendants requested that Plaintiff admit  the criteria whereby she was approved for both long-term disability and SSDI:

Request No. 42 states "[t]he standard to be disabled for long-term disability insurance from UnumProvident is 'that because of injury or sickness: (1) the insured cannot perform each of the material duties of his regular occupation; and (2) after benefits have been paid for 24 months, the insured cannot perform each of the material duties of any gainful occupation for which he is reasonably fitted by training, education or experience.'"  Attached to the Requests for Admission was a letter from UnumProvident stating its long-term disability standard. (See Ex. A, Defendants' First Requests for Admission, Exhibit 25).  Plaintiff denied this request without explanation.

Request No. 43 states "[t]he standard to be disabled for long-term disability insurance from social security is the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can reasonably be expected to result in death or which has lasted or can be expected to last for a continuous period of time of not less than 12 months."  This is the language set forth in 20 CFR § 404.1505 as the standard for SSDI.  Plaintiff also denied this request without explanation.

There is no reasonable basis to deny these requests.  There can be no question that the standards for long term disability insurance and for SSDI are set forth in Admission Requests Nos. 42 and 43.   Plaintiff's denial is without basis and evidences her failure to respond in good faith in violation of the requirements of Rule 36.

### E.     Requests Relating to Disability Payments

Plaintiff also has denied various requests relating to her approval for, and receipt of, long-term disability insurance and social security disability benefits:

Request No. 40 states "Ms. McFadden was approved for long-term disability benefits from UnumProvident retroactive to January, 2004." UnumProvident, Ballard Spahr, and Plaintiff all have produced evidence that establishes that Plaintiff received disability insurance benefits retroactive to January 14, 2004. Numerous letters, checks, and payment schedules produced by Plaintiff show this to be the case. (Ex. E - P 313-326). Nonetheless, Plaintiff, without explanation, has denied the request.

Request No. 41 states "Ms. McFadden applied for social security disability insurance on or about November, 2003, and was approved for benefits on or about March 16, 2004." Both UnumProvident and Plaintiff produced a letter from the Social Security Administration dated March 16, 2004, stating that Plaintiff became disabled on January 2, 2003, was eligible for benefits in July, 2003, would receive benefits retroactively, and would receive $1,497.00 per month. (Ex. F, P 300-3). Again, Plaintiff, without explanation, denied the request.

Request No. 44 states "Ms. McFadden was approved for benefits from Unum Provident in the amount of approximately $2,727.82 per month." Plaintiff and Unum Provident have produced documents demonstrating that is the amount of benefits for which Plaintiff was approved. In response to Defendants' Interrogatory No. 22, Plaintiff states that she receives $651.71 per month from Unum after two deductions: $579.05 per month for an earlier overpayment by Unum and $1,497.00 per month because that is the amount she receives from SSDI. This means that Plaintiff was approved for a total of $2,727.76, pennies from the amount

in the admission request.

Request No. 45 states "Ms. McFadden was approved for benefits from social security in the amount of approximately $1,497.00 per month." Plaintiff denied the request without explanation even though in her verified response to Defendants' Interrogatory No. 22 she responded that she received a deduction from Unum Provident in the amount on $1,497.00 for SSDI benefits.

Given the indisputable documentary record and Plaintiff's own interrogatory answers, there is no conceivable basis for Plaintiff's denial of Requests Nos. 40, 41, 44 and 45.  Plaintiff appears to have simply denied requests that she believes may be harmful to her case, notwithstanding the lack of any basis to do so.

F.     **Defendants Are Entitled To Sanctions**

Rule 37(a)(4) governs the imposition of sanctions when a court grants a motion to test the sufficiency of the answers to requests for admissions. It states "[t]he court shall... require the party . . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's non-disclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." The purpose of Rule 37 sanctions is both to penalize conduct and to deter future abuse. *Poole v. Textron, Inc*., 192 F.R.D. 494 (D. Md. 2000) (awarding sanctions where court granted motions to test the sufficiency of responses to admission requests and to compel), *Liafail,* 2003 U.S. Dist. LEXIS 3545, *21 (awarding

sanctions where court granted party's motion to test sufficiency of responses to admission requests).

As set forth in Defendants' Good Faith Certification, Defendants have made good faith efforts to obtain an explanation from Plaintiff for her denials of obvious facts. Plaintiff simply has not responded to Defendants. As a result, Defendants have had no choice but to proceed with their motion. Given Plaintiff's repeated discovery abuse and her obvious impropriety in denying requests for admission of known facts, sanctions are warranted.

**IV.    Conclusion**

To allow Plaintiff's denial of Defendants' admission requests to stand will needlessly prolong the resolution of this case and cause Defendants to incur substantial costs in proving facts that should be incontrovertible. Plaintiff has no good faith basis to deny the authenticity of her own medical records, the statements set forth in those records, or the statements pertaining to her receipt of disability benefits. Nevertheless, if the authenticity of Plaintiff's medical records and other requests for which there can be no good faith denial are not deemed to be admitted, Defendants will have no choice but to move this court to extend discovery beyond the October 31, 2006 discovery deadline in order to depose seven physicians to authenticate and verify the statements contained in their medical records and to confirm that they treated Plaintiff – facts that are known to both parties.

Accordingly, for the reasons set forth above, Defendants respectfully request that this Court grant its Motion to Test the Sufficiency and deem the requests referenced herein that are based on known facts as admitted. Defendants also respectfully request the court to grant them sanctions in an amount to be later determined by the court.

Respectfully submitted,

Ballard Spahr LLP and Margaret Riley-Jamison,
By Counsel
_____\s_____
Bernard J. DiMuro, Esq. (D.C. Bar #393020)
Jonathan R. Mook, Esq. (D.C. Bar #929406)
DiMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA  22314
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Defendants*