## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
|  |  |
|---|---|
| **VANESSA A. MCFADDEN** | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Case No.05cv2401 (RJL) |
|  | ) |
| **BALLARD SPAHR ANDREWS &** | ) |
| **INGERSOLL, LLP et al.** | ) |
|  | ) |
| Defendants. | ) |
|_____) |  |

### MOTION FOR EXTENSION OF DISCOVERY DEADLINE
### (EXPEDITED CONSIDERATION REQUESTED)

### I. INTRODUCTION

Plaintiff, Vanessa A. McFadden, by and through undersigned counsel, hereby respectfully requests an extension of the discovery deadline by 45 days, to allow the parties time to complete discovery efforts and to resolve discovery disputes. Plaintiff conferred with Defendants regarding the need for additional time for discovery and for a motion for extension on two occasions, the most recent of which occurred October 25, 2006, and Defendants do not consent to extending discovery.[1] Because discovery is currently set to close on Tuesday, October 31, 2006, Plaintiff respectfully requests expedited consideration of this Motion.

---

[1] Plaintiff is unaware whether Defendants will file an Opposition to this Motion. Although they are under no obligation to do so, unless so ordered by the Court, Plaintiff respectfully requests that Defendants file their Opposition by the close of business Friday, October 27, 2006, in order to allow the Court to render its decision prior to the current discovery deadline of October 31, 2006.

II.  BASIS FOR MOTION

In support of this Motion, Ms. McFadden provides the following:

1.      Both parties have been diligently working on discovery in this matter. Both Plaintiff and Defendants have propounded written discovery to include interrogatories, document production requests, and requests for admissions.

2.      Both parties have responded to discovery requests propounded by the other side. Pursuant to the Court's Orders filed October 2, 2006 and October 6, 2006, Plaintiff has supplemented all interrogatories, responded to all document production requests, and signed the release for records from the Social Security Administration.

3.      Nevertheless, discovery disputes remain.  The Defendants have recently filed a Motion to Test the Sufficiency of Plaintiff's Answers to Requests for Admissions.  The parties will be working to address Defendants' concerns about Plaintiff's answers and it is hoped that the items raised in the Motion will be rendered moot.  In addition, the parties have both communicated deficiencies that they have found in the other's responses to discovery requests. Both sides are working to resolve those disputes; however, resolution of has not yet been achieved.  Additional time is needed to do so.

4.      Due to the flurry of activity during the discovery period to date, neither party has conducted depositions.  Although depositions have been noticed,[2] both parties desire to first

---

[2] Plaintiff has noticed depositions for October 31, 2006, in the event this Motion is denied.  Defendants originally noticed the deposition of Vanessa McFadden on October 26, 2006.  Parties, however, later agreed to postpone her deposition until after the October 31st discovery cutoff, so as to permit the Defendants to receive its requested

obtain the information and documents they have requested, prior to deposing parties and witnesses in this matter.

5.  Neither party has requested an extension of the discovery deadline in this case, prior to the instant Motion.

### III. CONCLUSION

Due to the existence of outstanding discovery disputes to be resolved, the need to exchange and receive additional information and records from third-parties and opposing parties, and the need for both parties to conduct depositions, Plaintiff respectfully requests that the Court extend the discovery deadline by 45 days, making the discovery deadline December 15, 2006. Consequently, the scheduling order would be modified to make dispositive motions due by January 15, 2007, Oppositions due February 15, 2007, and Replies due March 2, 2007. Plaintiff further respectfully requests that the Court afford this Motion expedited consideration given the impending October 31, 2006 deadline.

Respectfully submitted,

By:_____
Teresa W. Murray
**THE LAW OFFICES OF T.W. MURRAY, LLC**
1111 Bonifant Street
Silver Spring, MD 20910
Ph: 301-585-1870/Fax: 301-585-1871
Counsel for the Complainant

Dated: October 26, 2006

---

documents from Providence Hospital and the Social Security Administration, and to avoid continuing her deposition and requiring Ms. McFadden to travel to Washington, D.C. twice. Defendants later presented Plaintiff with a Consent Motion and Order to that effect, to which Plaintiff responded by suggesting that they move for an extension of discovery in general, rather than piecemeal. Defendants then rejected this proposition. By letter dated October 23, 2006, Defendants backtracked on the agreement to conduct Ms. McFadden's deposition outside of the discovery period and indicated their intention to depose Ms. McFadden on October 26, 2006. Given Defendants' 11th hour reversal, Ms. McFadden could not make travel arrangements to come to Washington, D..C from Florida. Plaintiff's counsel informed Defendants' counsel on October 25, 2006, that she understood Defendants would depose Ms. McFadden after the discovery cut-off and that Ms. McFadden would not be in attendance. Thus, Defendants will need to depose Plaintiff after the currently-scheduled discovery deadline.