## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **Vanessa A. McFadden,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:05CV02401** |
| | ) | **Judge Richard J. Leon** |
| **Ballard Spahr Andrews and** | ) | |
| **Ingersoll, LLP,** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
### FOR EXTENSION OF DISCOVERY

Defendants, Ballard Spahr Andrews & Ingersoll, LLP, *et al.*, by counsel, hereby file this

brief in opposition to Plaintiff's Motion for Extension of Discovery Deadline.  As set forth in

more detail below, Plaintiff's request for a general 45 day extension of discovery in this case is

neither warranted nor justified given (1) Plaintiff's failure to diligently pursue discovery during

the seven month discovery period set forth in the scheduling order agreed to by both parties and

(2) Plaintiff's failure to properly respond to Defendants' discovery requests and to comply with

this Court's discovery orders.

**I.      Plaintiff Has Had More Than Adequate Time to Pursue Discovery**

The parties filed their Meet and Confer Statement in this case on March 27, 2006.  The

parties' proposed scheduling order, which was approved by the court, allowed for seven months

of discovery, with discovery to end on October 31, 2006.  Plaintiff, however, did not initiate any

discovery until almost four months after the Meet and Confer Statement was filed, when on July

13, 2006 she served her first set of interrogatories and document requests.  Plaintiff did not

undertake any further discovery efforts until October 24, 2006 (one week from the discovery cut-

off) when she served a notice of deposition on October 31, 2006 for individual defendant, Margaret Riley-Jamison; Ballard Spahr partner, Charles Henck; and Ballard Spahr employee, Janet Craig.[1]  This is the full extent of Plaintiff's discovery efforts.

For Plaintiff now to assert in her motion that she has "been diligently working on discovery" finds no support in the record.  See Motion for Extension of Discovery Deadline at 2. Plaintiff had more than sufficient time to conduct discovery.  She simply did not do so.  That was Plaintiff's choice.  Defendants should not be burdened with the additional time and expense of extended discovery because of the Plaintiff's decision not to conduct discovery in a timely fashion.  Conspicuously absent in Plaintiff's motion is any indication as to what particular discovery she seeks in the extended forty-five day period or what discovery Defendants may have prevented her from pursuing in the past seven months.  Plaintiff's failure to point to any specific discovery that she needs, or has been prevented from obtaining, is telling and should spell the death knell of her motion.

## II.    Plaintiff Has Failed to Properly Respond to Defendants' Discovery.

In order to address the propriety of Plaintiff's motion, Defendants believe that the motion should be judged in the context of Plaintiff's numerous failures to properly respond to Defendants' discovery or otherwise obstruct the discovery process.  In this regard, Plaintiff's motion makes a number of erroneous and misleading statements pertaining to the discovery efforts of the parties.  See Motion for Extension of Discovery Deadline at 4.  To set the record

---

[1]As set forth in Section II.B.6, *infra*, that Notice of Deposition did not comply with the Federal and Local Rules for providing adequate notice to an opposing party; nor did Plaintiff's counsel consult with Defendants'counsel as to the deposition date or subpoena the non-party witness, e.g., Charles Henck and Janet Craig. Nonetheless, Defendants presently intend to go forward with the depositions on October 31, 2006.

straight, Defendants state as follows:

      1.    <u>Plaintiff's Failure to Properly Respond to Interrogatories and Document Requests</u>.

On May 15, 2006, Defendants propounded to the Plaintiff, interrogatories and document

requests.  Plaintiff's responses, which were not served until June 22, 2006, were woefully

inadequate.  Although Defendants requested that Plaintiff adequately respond to their discovery,

Plaintiff refused and, as a consequence, Defendants were forced to file a motion to compel on

August 3, 2006.  On September 29, 2006, this Court granted Defendants' motion to compel,

striking Plaintiff's objections, and requiring Plaintiff to provide full and complete responses to

Defendants' interrogatories and document requests within fifteen days, i.e., October 14, 2006.

      On October 17, 2006, Plaintiff mailed supplemental responses to Defendants'

interrogatories and document requests.  Notwithstanding this Court's order striking Plaintiff's

objections to Defendants' discovery, Plaintiff asserted both general and specific objections in her

supplemental discovery responses.  Despite request, Plaintiff has refused to remove those

objections and fully respond as the court required.  Accordingly, Defendants now have been

placed in the position of having to file a motion to strike Plaintiff's objections as being violative

of this Court's September 29, 2006 order and to compel Plaintiff to fully and completely respond

to discovery yet again.

      2.    <u>Plaintiff's Failure to Provide Release for Social Security Documents</u>.  Despite

request, Plaintiff refused to provide Defendants with a release for her records from the Social

Security Administration, which has awarded Plaintiff benefits for being totally disabled and

unable to work.  As a consequence, Defendants were forced to file a motion with this Court

requiring Plaintiff to sign that release.

On October 6, 2006 this Court granted Defendants' motion and required Plaintiff to provide a release for her records on or before October 13, 2006. On October 16, 2006, Defendants received Plaintiff's release for her SSA records and, has forwarded that release to the Social Security Administration requesting that Plaintiff's records be produced. To date, however, Defendants have not received those records – a delay that has been caused solely by the actions of Plaintiff.

3.    Plaintiff's Unsuccessful Attempt to Quash Document Subpoena. After Defendants served Plaintiff's mortgage company, Wells Fargo, with a subpoena to obtain information pertaining to, *inter alia*, Plaintiff's request for medical hardship assistance and purported "lost rental income," Plaintiff filed a motion to quash that subpoena delaying Defendants' ability to review those documents. On September 29, 2006, this Court denied Plaintiff's motion to quash.

4.    Plaintiff's Failure to Properly Respond to Admission Requests. On September 6, 2006, Defendants served their requests for admission, asking Plaintiff to admit the authenticity of, and statements in, various documents, including her medical records and documents submitted to UnumProvident, the long-term disability insurance carrier from which Plaintiff is receiving long-term disability benefits. In response, Plaintiff denied the authenticity of these records and various statements contained in those records. These are known facts and non-controvertible. Despite request, Plaintiff has refused to reassess her denials or even explain the basis for those denials. Accordingly, Defendants have been forced to file a motion to test the sufficiency of Plaintiff's answers, which motion currently is pending before this Court.

5.    Plaintiff's Failure to Appear for Deposition. On October 3, 2006, Defendants

4

noticed Plaintiff's deposition for October 26, 2006.  Because of the likelihood that Plaintiff's deposition would need to be continued for a second day due to the fact that Defendants had yet to receive discovery responses from Plaintiff and records from the Social Security Administration, Plaintiff's counsel requested that Plaintiff's deposition be postponed from October 26, 2006 until a date subsequent to Defendants' receipt of this discovery.  In response, Defendants forwarded to Plaintiff's counsel a consent order to extend the date of her deposition following the discovery cutoff date of October 31, 2006 and to extend the date for filing dispositive motions.  Plaintiff's counsel, however, did not sign and return the consent order to Defendants.  Accordingly, by letter telefaxed to Plaintiff's counsel on October 23, 2006, Defendants' counsel reiterated that Plaintiff's deposition would go forward as noticed on October 26, 2006.

The evening before Plaintiff's scheduled deposition, Defendants' counsel received a telephone call from Plaintiff's counsel stating that Plaintiff would not appear.  With no signed consent order received from Plaintiff's counsel, Defendants' counsel informed Plaintiff's counsel that Plaintiff's deposition was still scheduled for October 26, 2006.

On October 26, 2006, Defendants' counsel appeared for Plaintiff's deposition as noticed.  Neither Plaintiff nor her counsel appeared.  As a result, Defendants have been placed in the position of having to file a motion to compel Plaintiff to appear for her deposition as re-noticed by Defendants outside of the discovery cut-off period and for an extension of the date for filing dispositive motions.

6.     Plaintiff's Untimely Deposition Notice.  After the close of business on Tuesday, October 24, 2006, Defendants' counsel received by telefax, Plaintiff's Notice of Deposition for

Defendant Margaret Riley-Jamison; Ballard Spahr partner, Charles Henck; and Ballard Spahr employee, Janet Craig. The deposition notice states that Plaintiff will take the depositions of these three individuals on Tuesday, October 31, 2006, at the law offices of Plaintiff's counsel in Silver Spring, Maryland.

This was the first time that Plaintiff's counsel had indicated that she wanted to depose Ms. Riley-Jamison, Ms. Craig, or Mr. Henck. Moreover, the notice that was sent by telefax did not constitute adequate notice for the taking of their depositions. There is no provision in the Federal or Local Rules for service by fax of notices of deposition. Defendants' counsel received by mail a copy of the deposition notice on Thursday, October 26. This is only three days notice, which is not sufficient under the Local Rules. Also, Plaintiff has not served non-parties Charles Henck or Janet Craig with a subpoena for their depositions. Nonetheless, the individuals named in the notice of deposition are prepared to go forward with depositions on October 31, 2006.[2]

7.    Plaintiff's Belated Questions About Defendants' Discovery Responses.

Defendants served their responses to Plaintiff's written discovery requests in a timely fashion on August 14, 2006. Not until more than two months later, on October 25, 2006 (and just one week before the close of discovery), did Defendants receive any correspondence questioning Defendants' responses. Defendants presently are in the process of preparing a response to Plaintiff's recently received letter. Plaintiff's recent letter does not constitute an appropriate basis to generally extend discovery in this case.

III.    **Plaintiff's Motion to Extend Discovery Is Without Any Factual or Legal Basis**

---

[2]Because of scheduling difficulties, the times for the deposition of the individuals who have been noticed need to be adjusted. Except for this minor issue, however, the individuals intend to appear for their depositions.

The above itemization of Defendants' attempts to obtain appropriate discovery responses from the Plaintiff and Plaintiff's failure to properly engage in the discovery process should make it perfectly clear that Plaintiff's motion to extend discovery is not well grounded. Although the Defendants have worked diligently in pursuing discovery in this matter, it is the Plaintiff who has been stonewalling and obstructing the discovery process. Plaintiff has had more than sufficient opportunity to complete her discovery within the time frame set forth in the existing scheduling order. There is absolutely no basis, or even a good faith argument, for Plaintiff to seek an extension of discovery in this case. Plaintiff apparently is seeking a general extension of discovery so that she may undertake the basic discovery that should have been initiated months ago. Defendants should not be forced to pay the price of Plaintiff's dilatory behavior.

## IV.    Conclusion

This is a case for which the seven-month period of discovery was more than ample had Plaintiff and her counsel pursued discovery in a timely fashion, rather than obstructing Defendants' discovery efforts and failing to comply with this Court's discovery orders. Plaintiff's litigation tactic of recalcitrance and delay has resulted in this eleventh hour attempt to further prolong discovery in this case and to needlessly increase Defendants' costs and expenses of litigating this matter. Put simply, enough is enough. Plaintiff's motion to extend the discovery period should be denied.

Respectfully submitted,

Ballard Spahr LLP and Margaret Riley-Jamison,
By Counsel


_____\s_____
Bernard J. DiMuro, Esq. (D.C. Bar #393020)
Jonathan R. Mook, Esq. (D.C. Bar #929406)
DiMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA  22314
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Defendants*

8