## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Vanessa A. McFadden,       ) | |
|                             ) | |
|     Plaintiff,       ) | |
|                             ) | |
| v.                          ) | Civil Action No. 1:05CV02401 |
|                             ) | Judge Richard J. Leon |
| Ballard Spahr Andrews and   ) | |
| Ingersoll, LLP, *et al.*,   ) | |
|                             ) | |
|     Defendants.      ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION
TO COMPEL PLAINTIFF TO APPEAR FOR DEPOSITION, TO AMEND
DISPOSITIVE MOTION DEADLINE, AND FOR SANCTIONS**

Defendants, Ballard Spahr Andrews & Ingersoll, LLP, *et al.*, by counsel, hereby file this brief in support of their motion (1) to compel plaintiff to appear for her deposition outside of the discovery cutoff date of October 31, 2006, (2) to amend the deadline for the filing of dispositive motions such that any dispositive motions shall be filed by January 15, 2007, and (3) to impose sanctions upon Plaintiff and her counsel for failure to appear at her deposition noticed for October 26, 2006.

As set in more detail below, Plaintiff requested that her deposition, which had been noticed for October 26, 2006, be taken outside of the discovery period. In response, Defendants forwarded to Plaintiff's counsel a consent order to this effect and for an extension of the date for the filing of dispositive motions. However, Plaintiff refused to sign such a consent order and, additionally, to appear for her deposition as noticed on October 26, 2006. As a consequence, Defendants have been placed in the position of seeking an order from this Court to compel Plaintiff to appear for her deposition renoticed outside of the discovery period and to extend the

date for filing dispositive motions. Because this motion is necessitated by Plaintiff's failure to sign the proposed consent order and to appear for her deposition on October 26, 2006, Defendants also are seeking sanctions against Plaintiff and her counsel.

**I.      Defendants' Notice of Plaintiff's Deposition and Plaintiff's Failure to Appear**

On September 20, 2006 Defendants' counsel sent a letter to Plaintiff's counsel stating that Defendants desired to take the deposition of Plaintiff and set forth various alternative dates in October for the taking of Plaintiff's deposition. (Exhibit A). Having received no response to this letter, on October 3, 2006, Defendants noticed Plaintiff's deposition for October 26, 2006. In correspondence accompanying that notice, Defendants indicated that Plaintiff's deposition likely would need to be continued for a second day due to the fact that Defendants had yet to receive discovery responses from Plaintiff and records from the Social Security Administration. (Exhibit B).

As a result, Plaintiff's counsel requested that Plaintiff's deposition be postponed from October 26, 2006 until a date subsequent to Defendants' receipt of discovery, including the SSA documents. This arrangement, according to Plaintiff's counsel, would avoid the necessity of Plaintiff traveling to Washington, D.C. on two occasions from her present home in Florida. Defendants responded, by letter dated October 10, 2006, that if Plaintiff would sign a consent order solely to extend the date of her deposition following the discovery cutoff date of October 31, 2006, Defendants would file the order with the court to have Plaintiff's deposition taken outside of the close of discovery.[1] Defendants' counsel sent Plaintiff's counsel an order to this

---

[1]      Defendants were placed in the position of taking Plaintiff's deposition after the close of discovery solely because of Plaintiff's failure to comply with her discovery obligations.

2

effect. (Exhibit C).

Plaintiff's counsel, however, did not sign the order, but instead requested that discovery be extended generally. Defendants, by letter dated October 16, 2006, stated that they would not agree to a general extension of discovery. (Exhibit D). Because Plaintiff's counsel did not return a signed consent order to extend Plaintiff's deposition, Defendants' counsel, by letter dated October 23, 2006, reiterated that Plaintiff's deposition would go forward as noticed. This letter was telefaxed to Plaintiff's counsel on that date. (Exhibit E).

At approximately 6:30 p.m. on October 25, 2006, Defendants' counsel received a telephone call from Plaintiff's counsel stating that Plaintiff would not appear for her deposition that had been noticed for the following morning. Defendants' counsel did not postpone Plaintiff's deposition inasmuch as the signed consent order had not been returned by Plaintiff's counsel. On October 26, 2006, Defendants' counsel appeared for Plaintiff's deposition as noticed. Neither Plaintiff nor her counsel appeared.

To date, Plaintiff has not returned the signed consent order to Defendants' counsel. Instead, Plaintiff has moved this Court for a general 45 day extension of discovery, in part, due to the fact that Plaintiff's deposition will now need to be taken after the discovery deadline has passed. Defendants have filed an opposition opposing any general extension of discovery in this case.

**II.    This Court Should Order Plaintiff to Appear for Deposition, Extend the Date for Dispositive Motions, and Award Sanctions to Defendants.**

Due to Plaintiff's failure to attend her duly noticed deposition, as discussed above, Defendants have been placed in the position of needing to depose Plaintiff at a later date

subsequent to the discovery cutoff date of October 31, 2006.[2]  Accordingly, Defendants request that this Court enter an order compelling Plaintiff to appear for her deposition as later noticed on or before December 15, 2006.  It is anticipated that by this date, Defendants should have received further responses to discovery and records from the Social Security Administration.  District courts have the discretion to control discovery and change discovery dates.  See *In re Sealed Case*, 331 U.S. App. D.C. 385, 151 F. 3d 1059 (D.C. App. 1998).

Because the scheduling order provides that dispositive motions are to be filed in this case on or before December 1, 2006, Defendants also would request that the present scheduling order be amended to provide for the filing of dispositive motions on January 15, 2007, with oppositions due February 15, 2007 and replies due March 2, 2007.  This amendment to briefing on dispositive motions is necessitated by the fact that Plaintiff's deposition will be taken outside of the discovery period.

Finally, because Plaintiff's failure to attend her duly noticed deposition or to sign a consent order to extend the date of her deposition, Defendants request that Plaintiff be ordered to reimburse Defendants for the court reporter fee (approximately $150) and $500 in attorney fees. Rule 37(d) states that [i]f a party... fails to appear before the officer who is to take the deposition, after being served with a proper notice... the court in which the action is pending on motion may make such orders in regard to the failure as are just... In lieu of any order or in addition thereto, the court shall require that party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorneys' fees, caused by the failure."  The court reporter fee

---

[2]  Defendants are not seeking and oppose any general extension of discovery in this case.  See Defendants' Opposition to Plaintiff's Motion for Extension of Discovery.

and attorney fees were necessitated by Plaintiff's failure to attend her deposition or sign the consent order allowing her deposition to be taken out of the discovery period. See, e.g., *Farnsworth v. City of Kansas City*, 863 F. 2d 33 (8th Cir. 1988) (attorneys' fees appropriately awarded for failure to attend deposition).

**III.   Conclusion**

For the reasons set forth above, Defendants respectfully request that this Court grant their motion to compel Plaintiff to appear for deposition, to amend the dispositive motion deadline, and to impose sanctions on Plaintiff and her counsel.

        Respectfully submitted,

        Ballard Spahr LLP and Margaret Riley-Jamison,
        By Counsel

        _____\s_____
        Bernard J. DiMuro, Esq. (D.C. Bar #393020)
        Jonathan R. Mook, Esq. (D.C. Bar #929406)
        DiMURO GINSBERG, P.C.
        908 King Street, Suite 200
        Alexandria, VA  22314
        (703) 684-4333
        (703) 548-3181 (facsimile)
        *Counsel for Defendants*