


ATTORNEYS AT LAW



October 10, 2006

BERNARD J. DIMURO
NINA J. GINSBERG
JONATHAN R. MOOK
JOHN M. TRAN
MICHAEL E. BARNSBACK
HILLARY J. COLLYER
JENNIFER S. KESSLER
STEPHEN J. STINE

MICHAEL S. LIEBERMAN,
OF COUNSEL

*Via Fax and Mail*
Teresa W. Murray, Esquire
The Law Offices of T.W. Murray, LLC
1111 Bonifant Street
Silver Spring, Maryland 20910-3310

Re:   *Vanessa A. McFadden v. Ballard Spahr Andrews & Ingersoll, LLP, et al*
       Civil Action No.: 1:05CV02401 (RJL)

Dear Ms. Murray:

Following up on our telephone conversation on Friday, I am writing to confirm that with respect to the Providence Hospital subpoena, we shall limit the subpoena request to the time period 2002 through the present and that your client's release form may reflect this fact. When I receive the release from your client, I will forward it to Providence Hospital with a cover letter confirming that the subpoena is limited to Ms. McFadden's records from 2002 through the present.

Also, as we discussed, if the records that are produced contain family medical history that is irrelevant to Ms. McFadden's claims in this case, we shall maintain the confidentiality of that family medical history (or other irrelevant medical information). Accordingly, in any publicly filed pleadings, we would redact any irrelevant medical information from the documents.

I understand this arrangement adequately addresses your concerns and those of your client with respect to the subpoena for Providence Hospital. Therefore, I would request that you provide me with the release signed by your client as soon as possible and in any event, no later than Friday, October 13, 2006.

On a related matter, we would be amenable to rescheduling Ms. McFadden's deposition, which has been noticed for October 26, 2006, until after the Defendants' receipt of discovery, including the documents from Providence Hospital and the Social Security Administration. Given the court orders that have been entered, I expect that Defendants will receive full and complete responses to the discovery that has been served upon Ms. McFadden. However, since Defendants have not received releases from your

client for the Providence Hospital and Social Security Administration records, these records may not be received prior to Ms. McFadden's scheduled deposition. Accordingly, in order to avoid a situation where that deposition would need to be continued pending receipt of these documents, and Ms. McFadden would be required to travel to Washington, D.C. from her house in Florida a second time, we would agree to your suggestion to postpone her deposition in order to accommodate her situation.

I would suggest that we present the court with a consent order agreeing to the taking of Ms. McFadden's deposition beyond the October 31, 2006 discovery deadline and providing that dispositive motions, e.g., motions for summary judgment, would be due 30 days following the date of Ms. McFadden's rescheduled deposition. Such an order should address your client's concerns about the need to travel twice to the District of Columbia. A proposed order to this effect is attached. Let me know if I may sign your name, and I will file it with the court.

Very truly yours,

Jonathan R. Mook

JRM/bpb

Enclosure

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Vanessa A. McFadden,<br><br>      Plaintiff,<br><br>v.<br><br>Ballard Spahr Andrews and<br>Ingersoll, LLP, *et al.*,<br><br>      Defendants. | Civil Action No. 1:05CV02401<br>Judge Richard J. Leon |

## CONSENT ORDER

Upon the agreement of the parties, as evidenced by their signatures below, and

Whereas Defendants have noticed Plaintiff's deposition for October 26, 2006;

Whereas all documents responsive to Defendants' discovery requests and third-party subpoenas may not be produced by that date;

Whereas the parties desire avoiding the possibility that Plaintiff may need to be deposed on at least two separate dates, i.e. on October 26, 2006 and on a date following Defendants' receipt of documents, in part, because Plaintiff is now residing in Florida; and

Whereas dispositive motions in this matter are due on December 1, 2006, it is hereby:

ORDERED that Plaintiff's deposition may be taken beyond the October 31, 2006 discovery deadline; and it is

FURTHER ORDERED that the parties shall have thirty days following the date of Plaintiff's deposition to file any dispositive motions with the court.

ENTERED this _____ day of October, 2006.

_____
Richard J. Leon, United States District Court Judge

SEEN AND AGREED:


_____
Teresa W. Murray, Esq.
The Law Offices of T.W. Murray, LLC
1111 Bonifant Street
Silver Spring, Maryland 20910-3310
(301) 585-1870
(301) 585-1871(fax)
*Counsel for Plaintiff*


SEEN AND AGREED:


_____
Bernard J. DiMuro, Esq. (D.C. Bar #393020)
Jonathan R. Mook, Esq. (D.C. Bar #929406)
DiMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA 22314-3067
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Defendants*