UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Vanessa A. McFadden, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV02401 |
| ) | Judge Richard J. Leon |
| Ballard Spahr Andrews and ) | |
| Ingersoll, LLP, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE OBJECTIONS AND FOR SANCTIONS**

Defendants, Ballard Spahr Andrews & Ingersoll LLP and Margaret Riley-Jamison, by counsel, pursuant to Fed.R.Civ.P. 37, hereby file this memorandum of law in support of their motion to strike Plaintiff's objections in her recently served Third Supplemental Answers and Objections to Defendants' Interrogatories and Second Supplemental Responses to Defendants' Requests for Admission (Exhibit A attached hereto) and to impose appropriate sanctions upon Plaintiff and her counsel.

As set forth in more detail below, Plaintiff has failed to comply with this Court's order of September 29, 2006 requiring her to fully and completely respond to Defendants' interrogatories and document requests without objection. In such a circumstance, Fed.R.Civ.P. 37 provides that the court may order sanctions and such a result is appropriate here.

**I.  Background**

Plaintiff, a former legal secretary at Defendant Ballard Spahr, has brought this action alleging disability discrimination, race discrimination, Family and Medical Leave Act violations, and retaliation against Defendants. In order to determine the factual basis for Plaintiff's

numerous claims, Defendants promulgated interrogatories and document requests on May 15, 2006. Plaintiff failed to respond to Defendants' discovery requests within the time period set forth in the Federal Rules. In Plaintiff's belatedly served responses, she refused to answer a number of interrogatories and failed to produce more than a *de minimus* number of documents.

Faced with Plaintiff's incomplete and inadequate responses, Defendants filed a Motion to Compel on August 3, 2006. In the Memorandum in Support of the Motion to Compel, Defendants requested that all of Plaintiff's objections be struck for failure to timely object, based upon this Court's decision in *Byrd v. Reno*, 1998 U.S. Dist. LEXIS 11855 (D. D.C. Feb. 12, 1998) (ruling that objections, including attorney-client privilege, had been waived by failure to timely object).

Defendants' motion was granted on September 29, 2006. This Court struck Plaintiff's objections and specified that full and complete discovery responses were to be served within fifteen days of the date of the order, i.e., October 14, 2006. In language specifically pertinent here, the Court's order stated "that Plaintiff's objections to Defendants' interrogatories and documents requests are overruled."

On October 17, 2006, Plaintiff served by mail her Third Supplemental Answers and Objections to Defendants' Interrogatories and Second Supplemental Responses to Defendants' Requests for Admission.[1] Instead of complying with the Court's September 29, 2006 Order and fully responding to discovery, Plaintiff included general objections to all discovery and made specific objections to several interrogatories and document requests.

---

[1]Because October 14, 2006 was a Saturday, Plaintiff had additional time until Monday, October 16, 2006 to serve her discovery responses. Plaintiff did not do so, however.

## II.     Plaintiff's Objections Should Be Struck and Sanctions Imposed

As a result of Plaintiff's refusal to comply with this Court's September 29, 2006 order, Defendants still have not received a full and complete response to discovery that was served initially on Plaintiff on May 15, 2006. Accordingly, Defendants' ability to litigate this case has been seriously hampered by Plaintiff's obdurate behavior for which there can be no excuse.

Moreover, Plaintiff's refusal to supplement discovery pursuant to the Court's Order is just the latest incident of stonewalling and gamesmanship in which the Plaintiff repeatedly has engaged. Plaintiff has been delinquent in serving responses to interrogatories, filing oppositions to motions, and producing relevant documents. She has refused to sign consent forms for relevant documents and records and has engaged in other delaying tactics of which the Court is well aware. Most recently, she failed to attend her duly noticed deposition.

Under Rule 37 of the Federal Rules of Civil Procedure, the court has the power to impose sanctions for discovery violations. See *Bonds v. District of Columbia*, 320 U.S. App. D.C. 138, 93 F. 3d 801 (D.C. Cir. 1996). When a party fails to comply with a discovery order, sanctions may include taking certain facts as established, prohibiting a party from introducing certain matters into evidence, finding a party in contempt of court, and dismissing the action in part or in its entirety. See *Caldwell v. Center for Correctional Health and Policy Studies, Inc.*, 228 F.R.D. 40 (D. D.C. 2005). In this instance, Defendants suggest that the appropriate sanction would be for this Court again to strike Plaintiff's objections, order her immediately (e.g., within five days) to fully and completely respond without objection to Defendants' interrogatories and document requests, and to grant Defendants their attorney fees and costs for having to bring this motion.

## III.    Conclusion

3

For the reasons set forth above, Defendants respectfully request the Court to grant their Motion to Strike Objections and for Sanctions for Plaintiff's refusal to comply with the Court's order of September 29, 2006.

Respectfully submitted,

Ballard Spahr LLP and Margaret Riley-Jamison,
By Counsel

_____
Bernard J. DiMuro, Esq. (D.C. Bar #393020)
Jonathan R. Mook, Esq. (D.C. Bar #929406)
DiMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, Virginia  22314-3067
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Defendants*