### The Law Offices of T.W. Murray, LLC

1717 K Street, N.W.
Suite 600
Washington, D.C. 20036

1111 Bonifant Street
Silver Spring, Maryland 20910

Ph: 301-585-1870  Fax: 301-585-1871

October 27, 2006

**VIA FACSIMILE: 703-548-3181**
<u>**AND FIRST-CLASS MAIL**</u>

Mr. Jonathan R. Mook, Esq.
DiMuro Ginsberg, P.C.
908 King Street, Suite 200
Alexandria, Virginia 22314

>   Re:  <u>*McFadden v. Ballard Spahr Andrews & Ingersoll, LLP et al.,*</u> *Case No. 05cv2401;*
>   *Outstanding Discovery Matters*

Dear Mr. Mook:

This letter will address some of the discovery issues that are outstanding in the above-referenced case.  It is hoped that a resolution(s) can be reached over most, if not all, of the matters in dispute.

**<u>Plaintiff's Answers and Objections to Defendants' Requests for Admissions</u>**

In your letter dated October 12, 2006, your raise concerns regarding Ms. McFadden's answers to certain of the Defendants' Requests for Admissions.  I have thoroughly reviewed your letter, re-reviewed our answers, and conferred with Ms. McFadden for preparation of this response.

As an initial matter, in answering requests for admissions, Ms. McFadden is authorized under Federal Rule of Civil Procedure 36, to "specifically deny the matter," which she had done, "**<u>or</u>** set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." (emphasis added).  Contrary to the assertion in your letter, she holds no obligation to deny with explanation; however, in the interest of resolving this discovery dispute, which will render moot Defendants' Motion to Test the Sufficiency of Plaintiff's Responses to Requests for Admissions, we address each of your concerns here:

**Request Nos. 5, 6, 10, 11, 12, 13, 34** – Repeatedly throughout the Defendants' Requests for Admissions, Defendants ask Ms. McFadden to admit to the truth and accuracy of various records that Defendants contend were created and/or maintained by various health care providers pertaining to Ms. McFadden.  Ms. McFadden, however, has never before seen many of these

documents, and, therefore, cannot verify under penalty of perjury that they are what Defendants purport that they are. If Defendants seek to authenticate these documents, this is best accomplished by and with the health care professionasl who created the records. Consequently, with respect to Request No. 5, Ms. McFadden cannot verify that any of the records HCP 4-15 are true and accurate. She can, nevertheless, admit to HCP-16, which she has before seen. With regard to Request No. 6, she admits to seeing HCP-23, 25, 26, 27, 28, 41, and 44 previously, but cannot verify the truth and accuracy of the remaining documents. With regard to Request Nos. 10, 11, & 13 (and 34), because Ms. McFadden has never seen these records before, she cannot confirm or deny that they are true and accurate copies of Dr. Dashottar's or Dr. Griffin's or Dr. Clark's records; thus, she must deny same. Your letter incorrectly states that we have previously received copies of Dr. Dashottar's documents. See your letter of September 1, 2006. With respect to Request No. 12, Ms. McFadden is unaware of the documents identified in this request. She has admitted to the truth and accuracy of those documents created by Dr. Mussenden that she had been aware of. (See Answer to Request No. 9). Some of the documents (UNUM 243, 244, 249-251) appear to be related to Dr. Armstrong, in any event; thus her denial is valid. Ms. McFadden will supplement Request Nos. 5 & 6, accordingly.

**Request No. 26** – To be clear, the portion of the document referenced in Request No. 26 was not written by Ms. McFadden; hence, she did not "state" the information referenced in the request. Nonetheless, Ms. McFadden did adopt and attest to this statement, which appears to be written by Dr. Mussenden, by signing the document. Notwithstanding this, the document speaks for itself and I see no reason for Ms. McFadden to admit or deny the contents of any document, when that fact can be verified by reviewing the document. If, however, the Defendants insist on receiving an answer to this request, please advise and Ms. McFadden will supplement.

**Request No. 32** – This request again asks Ms. McFadden to admit or deny a statement made in a document. The document speaks for itself and no need exists for Ms. McFadden to admit or deny the text of a document. More still, the statement referenced in the Request is only a fragment of a sentence. If, however, the Defendants insist on receiving an answer to this request, please advise and Ms. McFadden will supplement with an answer admitting to the entire statement.

**Request No. 37** – Ms. McFadden's answer to this Request is valid. The document stamped UNUM 626 appears to be a prescription issued by Dr. Armstrong that, in part, prescribes an oxygen canister for Ms. McFadden, but makes no mention that such an instrument would be "for her lifetime." The other document, UNUM 628 appears to be a document prepared by Lincare that states that via "medical information . . . provided to our office during the patient intake process, . . . [t]he estimated length of need for oxygen therapy is 99 Mos. (Lifetime)" – this does not constitute a prescription by Dr. Armstrong. In other words, Dr. Armstrong does not indicate in his prescription that Ms. McFadden will need a "lifetime" of oxygen therapy; therefore, she cannot admit that "Dr. Armstrong prescribed Ms. McFadden an oxygen canister for her lifetime." Ms. McFadden's denial is proper.

**Request No. 40** – As UNUM's letter dated March 15, 2004 indicates, UNUM made a one-time payment to Ms. McFadden, under its reservation of rights clause, covering January 14, 2004 –

March 31, 2004, while still evaluating her LTD claim.  Request No. 40, as understood by Plaintiff, states she has received full LTD benefits from January 2004 to present.  Since this is not the case, Ms. McFadden properly denied the Request.  If Defendants intended otherwise, please clarify.

**Request No. 41** – After reviewing Ms. McFadden's records, she found that she mistakenly believed that the Social Security Administration (SSA) had approved her benefits in May, rather than March 2004.  Ms. McFadden will amend and admit this Request.

**Request No. 42** – Ms. McFadden appropriately denied this request because the statement presented is not accurate.  The "standard" referenced in the request is not "to be *disabled* for long-term disability *insurance*" as stated, (emphasis added) but, as Plaintiff understands, may represent the standard used by UNUM to determine *eligibility* for LTD *benefits* under Ballard Spahr's policy with UNUM.  Ms. McFadden's denial is valid since she cannot attest to UNUM's standards for disability insurance.

**Request No. 43** – This Request calls for Ms. McFadden to admit or deny a legal test or standard, which she is unable to do and that which she is not required to do.  Under F.R.C.P. 36, Defendants may ask Ms. McFadden to admit statements, opinions of fact, or application of law to fact.  Ms. McFadden denied this Request because she cannot attest to the appropriate legal standard for the provision of SSDI benefits.  Indeed, legal practitioners cannot agree on the appropriate standard or the interpretation of the regulatory language at issue; thus, Ms. McFadden, a lay person, cannot reasonably be expected to admit or deny the correctness of a legal standard.

**Request Nos. 51 & 52** – Ms. McFadden originally denied these requests because she did not find them to be totally accurate.  She will, however, amend her responses to admit the portions she believes to be accurate and deny the remainder.

Please provide a response regarding Request Nos. 26, 32, & 40, as discussed above.  After receiving your response, which we hope will clarify matters, Ms. McFadden will be happy to supplement.

**Plaintiff's Third Supplement Answers and Objections to Interrogatories and Second Supplemental Responses to Defendants' First Requests for the Production of Documents**

*Objections*

Your letter of October 23, 2006 misstates the Court's Order of September 29, 2006 that granted the Defendants' Motion to Compel.  As you know, before the Court were only certain discovery requests and objections that had been raised by the Plaintiff and challenged by Defendants.  In overruling Plaintiff's objections, the Court only considered and overruled those

objections that had been briefed and argued in the motion papers. Consequently, any and all objections that were not brought before the Court were not overruled or even considered. Accordingly, Plaintiff's objections regarding attorney-client, work product, and doctor-patient privileges were not challenged by the Defendants and more importantly, were not overruled by Court order. Thus all general and specific objections relating to these privileges are valid and have not been voided by the Court. (General Objections 1,3,4; Answers to Interrogatories Nos. 3, 10, 17; Responses to Requests for Production of Documents 43, 70, 71, 72, 76, 77, 84). Likewise, objections stating that an interrogatory asks Plaintiff to provide a legal conclusion were not overruled by the Court. Indeed, Defendants' Motion to Compel makes no reference to Interrogatory Nos. 18, 20 & 25, where this objection is asserted. The only remaining objection involves an overly broad objection to Interrogatory No. 5. Defendants withdrew the portion of their Motion with respect to this Interrogatory. See Supplemental Memorandum in Support of Motion to Compel. Notwithstanding the validity of these objections, please know that Ms. McFadden is not withholding any non-privileged documents. Thus the withdrawal of any objections, which Defendants have not justified, would not result in any additional documents being produced to Defendants. Please let me know if Defendants wish to dialogue any further on this point.

*Alleged Missing Documents*

Your October 23rd letter also alleges that documents are "missing" from Ms. McFadden's second supplemental production. This is not so. Ms. McFadden has turned over all the documents that she has in her possession that are responsive to Defendants' requests for the production of documents. After conferring with Ms. McFadden, she has informed me that she does not have a copy of her SSDI application, but that she submitted the original application, without photocopying it, to the SSA. And to address your query in your October 25, 2006 letter, Ms. McFadden has produced the only tax return records she has. She advises that she did not file a 2004 or 2005 tax return.

If you need any additional information or wish to clarify or discuss any of the matters referenced here, please feel free to contact me. I await your response.

Very truly yours,

Teresa W. Murray