UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
VANESSA A. MCFADDEN              )
                                 )
         Plaintiff,              )
                                 )
v.                               )   **Civil Case No.05cv2401 (RJL)**
                                 )
**BALLARD SPAHR ANDREWS &**      )
**INGERSOLL, LLP et al.**        )
                                 )
         Defendants.             )
_____)

**PLAINTIFF'S OPPOSITION TO DEFENDATNS' MOTION TO TEST THE
SUFFICIENCY OF RESPONSES TO REQUESTS FOR ADMISSIONS**

Plaintiff Vanessa A. McFadden, by and through undersigned counsel, hereby opposes Defendants' Motion to Test the Sufficiency of (Plaintiff's) Responses to Requests for Admissions. Ms. McFadden has fully complied with Federal Rule of Civil Procedure 36 and her obligation to provide verified answers. Defendants' Motion lacks sufficient factual or legal basis for the Court to deem the Requests admitted. For the reasons discussed below, Ms. McFadden respectfully requests that the Court deny Defendants' Motion.

PROCEDURAL BACKGROUND

On October 5, 2006, Ms. McFadden submitted answers and objections to Defendants' Requests for Admissions. (Ex. 1). Defendants forwarded a letter dated October 12, 2006 to Ms. McFadden raising, for the first time, their concerns over Ms. McFadden's responses. This multi-page letter challenged several of Ms. McFadden's responses – a significant portion of which involved the review of multiple medical records. After carefully re-reviewing all of the records as well as her responses, Plaintiff forwarded a responsive

letter on October 27, 2006, explaining her denials of some of the requests, and indicating her intention to supplement other requests. (Ex. 2). Before Plaintiff could respond and before being asked by Defendants if she would respond, Defendants filed the instant Motion. As of this date, Plaintiff has supplemented her responses, as she indicated in her October 27th letter, (Ex. 3), and very few real issues remain for the Court's determination.

ARGUMENT

Under Federal Rule of Civil Procedure 36, the responding party may either "specifically deny the matter," "**or** set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." (Emphasis added). Rule 26(g) also requires that responses be certified as accurate by the responding party. Defendants challenge 18 of 54 responses submitted by Ms. McFadden on various grounds. Ms. McFadden, however, answered Defendants' Requests for Admissions, per Rule 36 requirements. Contrary to the Defendants' contention, Rule 36 does not require Ms. McFadden to provide an "explanation" for her denials. (Defendants' Motion to Test the Sufficiency of Responses to Requests for Admissions, hereinafter "Mot." at 3). She *may* provide an explanation, but, as specifically set forth in Rule 36, is not required to do so.

**A. Ms. McFadden Properly Denied Unidentified Medical Records**

Defendants propounded numerous requests asking Ms. McFadden to admit or deny the truth and accuracy of documents that Defendants allege are medical records created by health care professionals who treated Ms. McFadden. Ms. McFadden is familiar with or had otherwise seen before some of these records, and hence, admitted that they were true and

2

accurate copies of her medical records. Yet, Defendants' requests contained other records, which Ms. McFadden had never before seen and she, accordingly and appropriately, denied that they were her medical records. (See Exs. 1 & 3, Request Nos. 5,6, 10-13, 51, 52). After re-reviewing each and every medical record attached to the Request, Ms. McFadden explained the reason for her denials to Defendants in her October 27th letter. Defendants nevertheless insist that she admit to the truth and accuracy of these documents, when no basis exists in law or in fact for Ms. McFadden to verify, under penalty of perjury, the authenticity of records she neither created or seen. Defendants cannot bully Ms. McFadden into doing so.

Defendants argue that Ms. McFadden submitted some of these records in support of her long-term disability claim with UNUM Provident, Ballard Spahr's disability insurance carrier. Defendants seek to imply that Ms. McFadden's denials are false and that she has previously possessed these documents. This is simply not true. Ms. McFadden has denied the truth and accuracy of the subset of records she could not identify. Any medical documents that Ms. McFadden submitted in support of her claim have been admitted to. Any other records transmitted to UNUM in connection with her claim were forwarded, not by Ms. McFadden, but directly by her physicians, largely in response to UNUM's multiple requests for additional medical information. Like most people, Ms. McFadden does not have and has never had copies of some of her medical records created by her physicians.

In all, Defendants beseech this Court to force Ms. McFadden to authenticate documents, of which she has no knowledge. Defendants had a full and fair opportunity during discovery to depose any or all of the physicians who treated Ms. McFadden. Given that this matter involves disability claims and that Defendants themselves are defending this

action arguing that Ms. McFadden was medically incapable of returning to work, even with accommodation, the Defendants should have known to examine her physicians and ask them to authenticate documents, which they prepared and maintained. Defendants, nonetheless, chose not to depose Ms. McFadden's physicians during several months of discovery. Now, Defendants want Ms. McFadden to do their work for them. This is unjustified.

**B. Ms. McFadden Cannot Speak for Documents**

Inaptly, Defendants propounded Request Nos. 26, 32, 34, 37 asking Ms. McFadden to admit or deny statements, or parts of statements, contained in documents. Ms. McFadden has objected to these requests because the documents, and their contents, speak for themselves. Defendants have failed to present any good reason for this Court to order Ms. McFadden to admit that documents state what they state. Notwithstanding her objections, Ms. McFadden has admitted to full and accurate statements contained in the documents identified by the Defendants.

The dispute now centers on whether Ms. McFadden properly denied that various physicians "stated" or "wrote" the documents in question. See Ex. 3, Suppl. Answers to Request Nos. 32, 34, 37. Ms. McFadden's denials are proper since she lacks personal knowledge regarding whether or not her physicians authored these documents, particularly when she has neither witnessed their drafting nor seen them before receiving Defendants' Requests. Again, Defendants could have authenticated these documents and elicited testimony on its contents through depositions of the physicians. Defendants chose not to depose Ms. McFadden's health care professionals and cannot obtain from Ms. McFadden

what they should have obtained from her doctors.[1]

### C. Ms. McFadden Cannot Admit to Legal Standards

Federal Rule of Civil Procedure 36(a), permits Requests for Admissions "that relate to statements, opinions of fact, or application of law to fact, including the genuineness of any documents described in the request." Parties are not permitted to request that the opposing party admit or deny the law or legal standards. Nevertheless, here, Defendants beg the Court to compel Ms. McFadden to admit to a federal regulation.[2] As conceded in their Motion, Defendants submitted Request No. 43 asking Ms. McFadden to admit to regulatory language set forth in 20 CFR 404.1505. (Mot. at 7). Appropriately, she objected on this basis and denied the request.

Furthermore, such a request defies common sense. Ms. McFadden is a lay person with no law-school education. She cannot and should not admit to a legal regulatory standard, when she lacks the knowledge to do so, particularly under penalty of perjury. Defendants may simply cite to the regulation to support their legal argument(s).

---

[1] Defendants intimate that they would be filing a Motion to Extend Discovery to depose Ms. McFadden's physicians, if the instant Motion were denied. Plaintiff would vehemently oppose such a Motion, particularly since Defendants rejected Plaintiff's proposal to jointly seek an extension of discovery and in light of Defendants' Opposition to Plaintiff's Motion for Extension of Discovery Deadline, which contained shamefully inaccurate accusations holding Plaintiff responsible for unfinished discovery as well as a request that discovery close as scheduled. Further, a late motion by Defendants to extend discovery should be flatly denied by the Court, since Defendants decided to forego deposing these doctors when they had every opportunity in discovery to do so. Defendants have known of these physicians and their treatment of Ms. McFadden for over seven months and based on that knowledge, issued subpoenas to these doctors for medical records. Defendants must now live with their choice.

[2] Plaintiff has supplemented her answer to Request No. 42 with an admission to the full and accurate standard utilized by UNUM in connection with long-term disability claims.

5

### D. Ms. McFadden's Responses Concerning Disability Payments Are Accurate.

After consultation and review of documents, Ms. McFadden has admitted, as appropriate, Request Nos. 40 and 41. Ms. McFadden denied Request Nos. 44 and 45 because the figures contained in the requests are not accurate. If Defendants wish to obtain additional information relating to Ms. McFadden's disability payments, they may do so when they depose Ms. McFadden, if permitted by the Court.

### E. Sanctions Are Unjustified

Rule 37 permits sanctions only when the parties have conferred in good faith, when the parties' failure to respond was not substantially justified or when such a sanction would not be unjust. This matter is not a case for sanctions. First, the parties could have resolved these matters without Court intervention. Defendants did not confer with Plaintiff about the filing of this Motion, and filed same while Plaintiff was re-examining the requests and her answers, and formulating a written response. This Motion concerns matters that the parties could have and should have been able to resolve themselves; thus, Defendants have not engaged in a good faith effort to address the items before the Court.

Second, Ms. McFadden was substantially justified in responding to the Defendants' requests in the manner she did. Most of the requests in dispute are confusing, incongruous, and outright misplaced. Ms. McFadden has answered truthfully and appropriately all of Defendants' requests. Once Defendants lodged their objections to her responses, she conscientiously re-examined every response and every document, promised to supplement, and did so, accordingly. Defendants present no facts to support their wild accusations that

6

Ms. McFadden engaged in "abuse" or "impropriety." Sanctions against Ms. McFadden are, therefore, completely unwarranted.

Respectfully submitted,

Dated: November 6, 2006            By: _____/S/_____
                                           Teresa W. Murray

                                   THE LAW OFFICE OF T.W. MURRAY
                                   1025 Connecticut Avenue
                                   Suite 1000
                                   Washington, D.C. 20036
                                   Phone: 202-327-5477/Fax: 202-327-5451

                                   Counsel for Plaintiff