UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Vanessa A. McFadden,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05cv02401 (RJL/JMF) |
| ) | |
| **Ballard Spahr Andrews and** ) | |
| **Ingersoll, LLP,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO TEST THE SUFFICIENCY OF RESPONSES
TO THE REQUESTS FOR ADMISSION**

Defendants, by counsel, hereby submit this reply in support of their previously filed motion to test the sufficiency of Plaintiff's responses to the Defendants' Requests for Admission ("Motion to Test Sufficiency"). Plaintiff should be required to admit Request Nos. 5, 6, 10, 11, 12, 13, 32, 34, 37, 40, 43, 44, and 45.[1]

**I.      Statement of Facts**

As described before, Vanessa McFadden ("Plaintiff") has brought a disability and race discrimination lawsuit against her former employer and the human resources manager ("Defendants"). Plaintiff brought her claim despite being found disabled and unable to work her position or any other position by the Social Security Administration for social security disability insurance ("SSDI") and Unum Provident, Defendants' long term disability insurance carrier. The

---

[1]      As a result of defendant filing its Motion to Test Sufficiency, plaintiff amended its answers to defendant's admission requests so that plaintiff's responses to Request Nos. 26, 41 and 42 are no longer at issue.

issue of Plaintiff's ability to work is key to this litigation. As such, Defendants have attempted to simplify issues before the Court through propounding Requests for Admission.

Based upon the records and documents obtained from subpoenas duces tecum and Plaintiff, on September 6, 2006, Defendants served admission requests asking that Plaintiff admit the authenticity and contents of various medical records as well as admit what was written in certain other documents relating to Plaintiff's medical condition and her application for disability benefits. Plaintiff responded to the Requests for Admission on October 5, 2006. Without explanation, Plaintiff denied numerous requests that obviously should have been admitted. Despite multiple attempts, Plaintiff refused to discuss the problems with the Requests for Admission with Defendants. Plaintiff did not respond until after this Motion was filed. At that point, she admitted Request Nos. 26, 32 (partial), 34 (partial), 40, 41, 42, 51, and 52 and changed a blanket denial into a response that she lacked the information to admit or deny for Request Nos. 5, 6, 10, 11, 12, and 13.

**II.     Legal Argument**

    **A.     A Party Answering Admission Requests Must Make a Reasonable Inquiry As To Information Reasonably Available to The Party**

Under Fed. R. Civ. P. 36(a), an answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. *Kendrick v. Sullivan*, 1992 U.S. Dist. LEXIS 6715 (D. D.C. May 15, 1992). The determination of what constitutes a "reasonable inquiry" is committed to the discretion of the trial court. *Id*. At a minimum under Rule 36(a), a party must make inquiry of third parties when there is some identity of interest such as a present or past relationship of mutual concerns. *A. Farber &*

*Partners, Inc. v. Garber*, 237 F.R.D. 250 (C.D. Cal. 2006). Requests for admission need not be limited to information within the knowledge of the answering party. The answering party should be required to make reasonable inquiries of third parties. *Doe v. Mercy Health Corporation*, *infra*., at *33-34. There is a strong disincentive to find an undue burden where the answering party can make the necessary inquiries without extraordinary expense or effort. *Infra*., at *33. It is not enough for parties to claim lack of knowledge; a party must show that the information is not reasonably in its power to obtain. *United States v. Taylor*, 166 F.R.D. 356 (M.D. N.C. 1996).

In *Doe v. Mercy Health Corp*., 1993 U.S. Dist. LEXIS 13347 (E.D. Pa. September 16, 1993), the responding party refused to authenticate various documents as genuine copies on the basis that it was not the author or publisher of the documents and refused to admit or deny that given documents contained given statements. The court held that this refusal was inappropriate and contradicted the purpose of Rule 36. Because Rule 36 requires a reasonable inquiry of the third party, the responding party must make an inquiry into the genuineness of the documents. Moreover, the answering party is required to set forth what the inquiry entailed. The court ruled that the requests for admission regarding authentication of documents were deemed admitted.

  **B.** **Plaintiff's Responses To Several Admission Requests Remain Insufficient**

    **1.** **Plaintiff Should Be Required to Admit Admission Request Nos. 5, 6, 10, 13, 32 and 34 Regarding the Authenticity of Her Medical Records**

In this matter, Defendants have requested that Plaintiff authenticate some of her own medical records which were attached to the admission requests. (See Ex. A, Request Nos. 5, 6, 10, 11, 12 and 13). Plaintiff has refused to do so. (Ex. B). In her Opposition, Plaintiff argues that she properly denied Request Nos. 5, 6, 10, 11, 12, and 13 because she did not maintain copies of the records. (Opposition at 3). Plaintiff also qualified her admissions to Request Nos. 32 and 34

to state that although the document appears to have been written by her physicians, she cannot state that the documents were written by her physicians.

From these responses, it is clear that Plaintiff has not made a reasonable inquiry to answer the requests. She has not spoken to her physicians or Unum Provident, the entities that provided the records. All of these records are within Plaintiff's custody or control. Much like the plaintiff in *Doe*, Plaintiff here has failed to meet the requirements of Rule 36. Therefore, Defendants respectfully request the Court to deem these requests admitted for failure to make a reasonable inquiry.

### 2. Plaintiff Should Be Required to Admit Admission Request No. 37

In Request No. 37, Plaintiff was asked to admit that "[i]n Exhibit 21, on bates-number Unum 00626 and 00628, Dr. Armstrong prescribed Ms. McFadden an oxygen canister for her lifetime." In response, Plaintiff admitted that the documents indicated that Dr. Armstrong prescribed an oxygen canister, but denied "that either or both of the documents indicate that Dr. Armstrong prescribed Ms. McFadden an oxygen canister for her lifetime and denies same." (Ex. C, Plaintiff's Supplemental Answers and Objections to Defendants' Requests for Admission at 4). Unum 00626 (Ex. D, Exhibit 21 to Defendants' Requests for Admission) is a photocopied prescription signed by Dr. Armstrong for a home oxygen canister. Unum 00628 (Ex. D) is a letter from the company providing the oxygen canister to Dr. Armstrong confirming the prescription of home oxygen for "99 Mos. (Lifetime)." By the phrasing of her response, it is clear that Plaintiff is playing games with the documents. The documents clearly demonstrate that Dr. Armstrong prescribed home oxygen for life.

### 3. Plaintiff Should Be Required to Admit Request No. 43 Regarding Social Security Standard for Long-Term Disability Insurance

Request No. 43 requested Plaintiff to admit that "[t]he standard to be disabled for long-term disability insurance from social security is the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can reasonably be expected to result in death or which has lasted or can be expected to last for a continuous period of time of not less than 12 months." This is the language set forth in 20 CFR § 404.1505 as the standard for SSDI. Plaintiff also denied this request without explanation. In contrast to the argument in her Opposition, Plaintiff did not object to Request No. 43 on any basis or deny the Request on the basis that it called for a legal conclusion. Regardless, in 1970, Fed. R. Civ. P. 36 was amended to allow for requests applying law to fact. *Sigmund v. Starwood Urban Retail*, 236 F.R.D. 43 (D. D.C. 2006, Facciola, J.). In this matter, Plaintiff applied for SSDI and was approved under this standard. The question of Plaintiff's disability and inability to work is a key fact in this matter. Therefore, a request for admission regarding the standards Plaintiff met in order to obtain SSDI is relevant and appropriate.

**4.     Plaintiff Should Be Required To Admit Request No. 40**

Request No. 40 asked plaintiff to admit that she "received long-term disability benefits from Unum Provident retroactive to January 2004." She amended her answer to state "plaintiff admits she received payments from Unum Provident retroactive to January 2004." Hence, she has eliminated the qualifier that the payments are for "long term disability benefits." She should either admit this fact as well or state why it is inaccurate.

**5.     Plaintiff Should Be Required to Admit Request Nos. 44 and 45 Regarding the Monies She Received for Long-Term Disability From Unum Provident**

Request No. 44 asked Plaintiff to admit that "[she] was approved for benefits from Unum Provident in the amount of approximately $2,727.82 per month." Plaintiff and Unum Provident

5

have produced documents demonstrating that is the amount of benefits for which Plaintiff was approved. In response to Defendants' Interrogatory No. 22, (Ex. E) Plaintiff states that she receives $651.71 per month from Unum after two deductions: $579.05 per month for an earlier overpayment by Unum and $1,497.00 per month because that is the amount she receives from SSDI. This means that Plaintiff was approved for a total of $2,727.76, six cents less than the amount in the admission request.[2] Therefore, Plaintiff answered in her interrogatories that she was approved for benefits from Unum Provident of $2,727.76, which is just six cents shy of $2,727.82, the amount listed in Defendants' Request. In denying Request No. 44, Plaintiff states that the amount in the Request is inaccurate, but she did not state that she is quibbling over pennies.

Request No. 45 asked Plaintiff to admit that "[she] was approved for benefits from social security in the amount of approximately $1,497.00 per month." Plaintiff denied the request without explanation even though in her verified response to Defendants' Interrogatory No. 22 she responded that she received a deduction from Unum Provident in the amount on $1,497.00 for SSDI benefits. Plaintiff also states that Request No. 45 is an inaccurate amount, but it is identical to the amount she states in her interrogatory answers.

Moreover, documents from Unum Provident and the Social Security Administration to Plaintiff, produced by both Plaintiff and Unum Provident, demonstrate that this is the amount of money Plaintiff was approved for. (See Ex. F, Unum Provident Pre-Disability Monthly Earnings Calculation Worksheet, and G, Letter from SSA to Plaintiff). In her Opposition, Plaintiff baldly

---

[2] "Requests for admission are not games of 'Battleship' in which the propounding party must guess the precise language coordinates that the responding party deems answerable." *House v. Giant of Md.*, 232 F.R.D. 257 (E.D. Va. 2005).

claims that the figures are inaccurate.[3] (Opposition at 6). However, Defendants have with exhibits and Plaintiff's own interrogatory answers shown that the figures are accurate.

### C. Sanctions Are Justified and Required

In her Opposition, Plaintiff argues that sanctions cannot be justified unless the parties have conferred in good faith. (Opposition at 6). Defendants attempted to confer with Plaintiff, but she did not respond to any letters or phone calls. Defendants wrote Plaintiff regarding these issues on October 12, 2006, thirteen days before this motion was filed. Defendants also attempted to contact Plaintiff by telephone. Plaintiff did not respond to any of these overtures until October 27, 2006, two days after the motion was filed. Plaintiff's refusal to confer with Defendants is not a valid basis for denying sanctions. On the contrary, it is a reason to grant sanctions. If these issues could have been decided without the Court, Plaintiff's refusal to confer has forced Defendants to go to Court, wasting the Court's time and Defendants' attorneys' fees.

Plaintiff also contends that sanctions should not be granted because she was substantially justified in answering the way that she did. As discussed above, many of Plaintiff's denials are contrary to undisputable facts. Moreover, as soon as this motion was filed, Plaintiff admitted that a number of her denials were inaccurate. (Ex. B - October 27, 2006 Letter from Murray). It is also clear that Plaintiff has made no effort, as required by the Federal Rules of Civil Procedure, to conduct a reasonable inquiry.

Rule 37(a)(4) states "[t]he court **shall**... require the party... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving

---

[3] Plaintiff suggests that Defendants depose her in order to find out the correct amount of payments. Defendants noticed Plaintiff's deposition with 23 days notice, but Plaintiff decided not to attend.

party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's non-disclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust" (emphasis added). As the Rule states that the party or attorney shall be required to pay reasonable expenses to the moving party, the Court should grant sanctions against Plaintiff and/or counsel for the Plaintiff.

**III.   Conclusion**

For the reasons stated above, Defendants respectfully request the Court to grant their Motion to Test the Sufficiency of Plaintiff's Response to the Requests for Admission.

Respectfully submitted,

Ballard Spahr LLP, *et al.*
By counsel

_____/s/_____
Bernard J. DiMuro, Esq. (D.C. Bar #393020)
Jonathan R. Mook, Esq. (D.C. Bar #929406)
DiMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, Virginia  22314-3067
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Defendants*