UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VANESSA A. MCFADDEN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No.05cv2401 (RJL) |
| ) | |
| BALLARD SPAHR ANDREWS & ) | |
| INGERSOLL, LLP et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF'S SUPPLEMENTAL ANSWERS AND OBJECTIONS TO DEFENDANTS' REQUESTS FOR ADMISSIONS

Pursuant to Federal Rules of Civil Procedures 36 and applicable Local Rules, Plaintiff Vanessa A. McFadden, by and through undersigned counsel, hereby provides Supplemental Answers and Objections to Defendants' Requests for Admissions.

### OBJECTIONS & COMMENTS

The following objections and comments are specifically incorporated into each and all of the enumerated responses below:

1. Plaintiff generally and specifically objects to any Request for Admission, which asks her to admit or deny the transmission of any document(s) from one individual/organization to another individual/organization or to Defendants. Plaintiff hereafter admits or denies whether a documents is a true and accurate copy of a record that she has previously seen and/or reviewed, but makes no representations as to the circulation of the records to other parties. She lacks the personal knowledge to admit or deny the transmission of such records and, therefore, denies same.

2. Where Requests for Admissions call for Plaintiff to admit or deny statements referenced in a document(s), Plaintiff hereby states that, notwithstanding her answer,

EXHIBIT C

which in no way waives this objection, that the document(s) speak for itself/themselves.

3. Plaintiff's responses are based upon facts and information presently available and are given without prejudice to the responding party's right to further amend or supplement these responses at a later date as such information becomes available or upon subsequent review of records or information learned.

4. By responding or failing to respond to some or all of the Requests for Admissions, Plaintiff does not concede the relevance, materiality or any applicable privilege or doctrine as such objections may apply at trial or otherwise in this action.

5. By responding or failing to respond to some or all of the Requests for Admissions, Plaintiff does not concede the objections raised herein.

6. By responding or failing to respond to some or all of the Requests for Admissions, Plaintiff does not concede the admissibility of any of the documents referenced in the Requests and specifically reserves her right to challenge on any evidentiary ground the admissibility of any or all of the documents referenced herein, at trial or on summary judgment.

## REQUESTS FOR ADMISSION

5. Exhibit 5 (HCP 4-16) is a true and accurate copy of Plaintiff's medical records with Dr. Kristen Thomas.

**RESPONSE:** Plaintiff admits that the document Bates stamped HCP-16 is a true and accurate copy of Ms. McFadden's medical record with Dr. Thomas. She cannot verify the truth and accuracy of the remainder of the documents and, therefore, denies same.

2

6. Exhibit 6 (HCP 19-49) is a true and accurate copy of Plaintiff's medical records from Dr. Brenda Berberian.

**RESPONSE:** Plaintiff admits that the documents Bates stamped HCP-23, 25, 26, 27, 28, 41, and 44 are true and accurate copies of Ms. McFadden's medical records from Dr. Berberian. She cannot verify the truth and accuracy of the remainder of the documents and, therefore, denies same.

26. In Exhibit 19, on bates-number Unum 00828. Ms. McFadden states that she will never return to work on a part time or full time basis and "yes" in response to the question of "how does [her] injury or sickness continue to impede [her] ability to perform [her] occupational duties."

**RESPONSE:** Admit.

32. In Exhibit 7, on bates-number HCP 53, Dr. Morgan states that Ms. McFadden feels that her memory is "not too good."

**RESPONSE:** Plaintiff admits that the document Bates-stamped HCP 53 contains the following statement: "She feels that her memory is "not too good" noting that this all changed at the start of this year with increased mistakes at work leading to her employer asking her to seek medical attention." Ms. McFadden cannot state, under penalty of perjury, that this (unsigned) document was indeed authored by Dr. Morgan and, accordingly, denies same.

34. In Exhibit 13, on bates-number Unum 00256, Dr. Clark wrote that "it is not to be expected that [Ms. McFadden] will ever be able to resume gainful employment" on March 17, 2004.

3

**RESPONSE:** Plaintiff admits that in document Bates-stamped UNUM 00256 the following statement is contained therein: "It is not to be expected that she will ever be able to resume gainful employment." Ms. McFadden cannot state, under penalty of perjury, that Dr. Clark, indeed, "wrote" this document and, accordingly, denies same.

37. In Exhibit 21, on bates-number Unum 00626 and 00628, Dr. Armstrong prescribed Ms. McFadden an oxygen canister for her lifetime.

**RESPONSE:** Plaintiff admits that the documents indicate that Dr Armstrong prescribed Ms. McFadden an oxygen canister. Plaintiff denies that either or both of the documents indicate that Dr. Armstrong prescribed Ms. McFadden an oxygen canister for her lifetime and denies same.

40. Ms. McFadden received long-term disability benefits from Unum Provident retroactive to January, 2004.

**RESPONSE:** Plaintiff admits that she received payments from UNUM Provident retroactive to January 2004.

41. Ms. McFadden applied for social security disability insurance on or about November, 2003 and was approved for benefits on or about March 16, 2004.

**RESPONSE:** Admit.

42. The standard to be disabled for long-term disability insurance from Unum Provident is "that because of injury or sickness: (1) the insured cannot perform each of the material duties of his regular occupation; and (2) after benefits have been paid for 24 months, the insured cannot perform each of the material duties of any gainful occupation for which he is

4

reasonably fitted by training, education or experience." (See Exhibit 25).

RESPONSE: Plaintiff admits that UNUM Provident requires claimants "to meet the policy definition of 'disabled' to maintain eligibility for [Long Term Disability] benefits" and defines "disability" and "disabled" as "because of injury or sickness: 1. he insured cannot perform each of the material duties of his regular occupation; and 2. after benefits have been paid for 24 months, the insured cannot perform each of the material duties of any gainful occupation for which he is reasonably fitted by training, education or experience."

43. The standard to be disabled for long-term disability insurance from social security is the inability to engage in any substantial gainful activity by reason of any medically determinate physical or mental impairments which can reasonably be expected to result in death or which has lasted or can be expected to last for a continuous period of time of not less than 12 months.

RESPONSE: This request calls for Plaintiff to admit or deny a legal standard in contravention of Federal Rule of Civil Procedure 36. Plaintiff, therefore, denies same.

44. Ms. McFadden was approved for benefits from social security in the amount of approximately $1,497.00 per month.

RESPONSE: Deny.

51. Dr. Seth Morgan is a physician specializing in neurology who treated Ms. McFadden.

5

RESPONSE: Admit.

52.  Dr. Ajay Dashottar is a physician specializing in endocrinology/internal medicine who treated Ms. McFadden.

RESPONSE: Admit.

Dated: November 6, 2006

Respectfully submitted,

By: /s/ Teresa W. Murray
Teresa W. Murray

THE LAW OFFICES OF T.W. MURRAY, LLC
1111 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-585-1870/Fax: 301-585-1871

## CERTIFICATE OF SERVICE

I hereby certify that on the __6th__ day of __November 2006__, a copy of the foregoing Plaintiff's Answers and Objections to Defendants' Requests for Admissions was sent via facsimile and first-class mail to:

Jonathan Mook
DIMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
Fax: 703-548-3181

/s/ Teresa W. Murray
Teresa W. Murray

6

I verify under penalty of perjury that the foregoing Plaintiff's Supplemental Answers to Defendant's Requests for Admissions are true and correct.

_____
Vanessa A. McFadden

# THE LAW OFFICE OF T.W. MURRAY

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| **TO:** Jonathan Mook | **FROM:** Teresa W. Murray |
| **COMPANY:** DiMuro Ginsburg | **DATE:** 11/6/2006 |
| **FAX NUMBER:** 703-548-3181 | **TOTAL NO. OF PAGES INCLUDING COVER:** 8 |
| **PHONE NUMBER:** | **SENDER'S REFERENCE NUMBER:** 202-327-5477 |
| **RE:** McFadden v. Ballard Spahr | **YOUR REFERENCE NUMBER:** |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

**NOTES/COMMENTS:**

1025 CONNECTICUT AVENUE, N.W., SUITE 1000
WASHINGTON, D.C. 20036