UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

File Copy

| | |
|---|---|
| VANESSA A. MCFADDEN )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BALLARD SPAHR ANDREWS & )<br>INGERSOLL, LLP et al. )<br>)<br>    Defendants. )<br>_____)<br>                            ) | Civil Case No.05cv2401 (RJL) |

PLAINTIFF'S THIRD SUPPLEMENTAL ANSWERS AND OBJECTIONS TO
DEFENDANTS' INTERROGATORIES
AND
SECOND SUPPLEMENTAL RESPONSES TO
<u>DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Pursuant to Federal Rules of Civil Procedures 33 and 34, applicable Local Rules Plaintiff, and the Court's Order of October 2, 2006, Vanessa A. McFadden, by and through undersigned counsel, hereby provides her Third Supplemental Answers to the Defendants' Interrogatories and Second Supplemental Responses to their Request for Production of Documents.

<u>GENERAL OBJECTIONS</u>



These general objections are specifically incorporated into each and all of the enumerated responses that follow:

1. Plaintiff objects to the Defendants' Interrogatories and Request for Production of Documents to the extent that they may be construed to request disclosure of information that was prepared in anticipation of litigation, constitutes attorney work product, discloses the mental impressions, conclusions, opinions or legal theories of any attorneys for Plaintiff, contains privileged attorney-client communications, or

1

D. Loss of rental property equity and income – Loss of $1,554.75/monthly in rental income after having to sell two investment properties to support family. This an ongoing loss.

E. Liquidated and treble damages – to be determined by judge

F. Compensatory Damages for emotional distress – cannot be quantified and is a jury question. I am seeking the maximum compensation permitted by law.

G. Punitive Damages for Defendants' reckless disregard for Ms. McFadden's rights - cannot presently be quantified and is a jury question.

H. Attorney's fees and costs – approximately $32,000 (using prevailing/Laffey Matrix attorney rates) and continuing.

I. For supporting documents, see answers to No. 65, 73, and 83 from Defendant's First Request of Production of Documents.

21. Set forth and describe all steps you have taken since your separation from Ballard Spahr to obtain new employment and the results of your search; identify all persons or entities from whom you have sought employment.

**ANSWER**: I have not been able to seek or secure new employment.

22. Set forth all income or unemployment compensation you have received since that date, identify the source of same, identify each of your employers since that date and identify your position and the rate of your compensation whether salaried, commissioned, hourly or otherwise.

14

**OBJECTION;** Plaintiff objects to this interrogatory. It calls for the disclosure of information, which in no way offsets or mitigates damages alleged to be owed by Defendants to Plaintiff under the collateral source doctrine and other applicable legal precedent.

**ANSWER:**
**June 2004- December 2004**
$7,783.38 Social Security Disability
$17,458.04 UNUM Disability

**January 2005-December 2005**
$18,816.00 Social Security Disability
$18,809.00 UNUM Disability

**January 2006-July 2006**
$10,976.00 SSI

UNUM $651.71 per month after two deductions: 1) $579.05 overpayment reduction with 4 year penalty ; and 2) minus $1,497.00 for SSD Benefits

My monthly income is $2,219.19. If I were currently employed, it would be $5,025.32

23. List and describe each instance in which you applied for short or long term disability insurance, whether from Unum Provident, Ballard Spahr, the Social Security Administration or other private companies or governmental programs, and set forth the basis for your claim that you qualified for short or long term disability.

**ANSWER**: See documents produced in response to Nos. 89 and 90 of Defendant's First Request for Production of Documents.

24. Set forth all short or long term disability payments you have received and identify the source, dates, amounts received and whether any claim has been asserted to return any payments.

**ANSWER:** On the basis of payments from UNUM under "reservation of rights," my long-term disability was not approved. After submitting my Appeal to UNUM in October 2004,

15