UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
VANESSA A. MCFADDEN            )
                               )
         Plaintiff,            )
                               )
     v.                        )   Civil Case No.05cv2401 (RJL/JMF)
                               )
BALLARD SPAHR ANDREWS &        )
INGERSOLL, LLP et al.          )
                               )
         Defendants.           )
_____)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE
OBJECTIONS AND FOR SANCTIONS**

Plaintiff, Vanessa A. McFadden, by and through undersigned counsel, opposes Defendants' Motion to Strike Objections and For Sanctions since all of Plaintiff's objections were not deemed waived by the Court's September 29, 2006 Order (filed October 2, 2006) and Plaintiff has taken no action in dereliction of the Court's order. Plaintiff, therefore, asks the Court to deny Defendants' Motion in its entirety.

PROCEDURAL BACKGROUND

Defendants served interrogatories and requests for the production of documents on Ms. McFadden to which she responded providing substantive answers as well as general and specific objections. After some exchange between the parties, mostly concerning Ms. McFadden's medical records, Defendants filed a Motion to Compel arguing in part, that Ms. McFadden waived her objections by untimely submitting her answers and objections to Defendants' discovery requests. Also, in this Motion, Defendants contested

particular interrogatories answers and certain, specific objections submitted by Ms. McFadden.  Ms. McFadden opposed the Motion to Compel arguing that she submitted her responses only a few days late principally due to Ms. McFadden's need to transmit and coordinate responses with her counsel, since she resides out of state.  The Court issued its decision signed September 29, 2006 and filed October 2, 2006.[1]  The Order stated, in part, that "plaintiff's objections to defendants interrogatories and document requests are overruled, and it is further . . . ORDERED that plaintiff supplement her responses to interrogatories 3-10, 11, 14, and 16, and it is further . . ."  The Order also stated that "plaintiff's responses be served upon the defendants within fifteen days of the date of this Order."  Plaintiff served her supplemental responses on October 17, 2006, responding to all interrogatories and document production requests ordered by the Court.

By letter dated October 23, 2006, Defendants claimed that Plaintiff's re-assertion of objections based: 1) calling for a legal conclusion; 2) overly broad request; and 3) attorney-client, doctor-patient, work product privileges had been waived by the Court's Order.  Having interpreted the Court's order quite differently than Defendants, Plaintiff provided a written response dated October 27, 2006.  She stated that the Order overruled her objections contested by the Defendants, but did not indicate that all of her objections were waived as untimely.  She further stated that she had not re-asserted any overruled objections in her supplement.  (Ex. 1, T. Murray letter 10/27/06 at 3-4).    Defendants, nevertheless, filed the instant Motion.

---

[1] On October 17, 2006, Plaintiff timely submitted her supplemental discovery responses within 15 days of that the date the Order was filed – October 2, 2006.  The filing date is the date the Court "published" the Order to Ms. McFadden and it was within 15 days of this date that she appropriately served her supplementation.

2

ARGUMENT

A. **The Court's Order Did Not Determine That Ms. McFadden Waived All of Her Objections, but That Objections Challenged By Defendants Were Overruled**.

The Court's Order filed October 2, 2006 did not find that Ms. McFadden waived her objections to Defendants' discovery requests because of an untimely submission lacking good cause. Defendants argued in their Motion to Compel that Ms. McFadden's three or four day tardy submission warranted a waiver of her objections. Plaintiff opposed this Motion specifically demonstrating good cause for the late responses. The Court did not discuss these arguments in its Order and certainly did not conclude that Ms. McFadden waived each and every objection raised in her discovery responses.

Rather, the Order stated that Plaintiff's objections were "overruled." Overruling an objection and a party's waiver of an objection hold very different legal definitions. According to Barron's Law Dictionary, "waiver" is "an intentional and voluntary giving up… or surrender of some known right." Gifis, Steven, BARRON'S LAW DICTIONARY, 3rd Ed., p. 524. On the other hand, "overrule" means to "overturn or make void;" and occurs upon the "court's denial of any motion or point raised to the court, such as overruling a motion for a new trial or objection overruled." *Ibid*, p. 338.

Plaintiff believes that the Court carefully chose the word "overrule" and stated such in its Order. Here, the Court did not find that despite Plaintiff's claim to good cause that no existed or that she had, by conduct, waived the objections. Instead, the Court made void the objections raised by Defendants to the Court concerning interrogatory nos.

3

3-10, 11, 14, and 16 and numerosity objections (interrogatory nos. 17 onward and document requests 31-95).  Indeed, the Court's order references these particular interrogatories and document requests.  Had the Court deemed *all* of Plaintiff's objections to be waived, it would have ordered Ms. McFadden to supplemental *all* discovery requests, where she asserted objections.  The Court, however, did not so hold.

### B. Ms. McFadden's Common-Law Privileges and Objections Not Overruled By the Court Are Valid.

In response to Defendants' Interrogatory Nos. 18, 20,[2] and 25, Ms. McFadden objected to Defendants' interrogatories because they required her to provide a legal conclusion.  Notwithstanding these objections, Ms. McFadden answered.  See Defendants' Motion to Strike Objections and For Sanctions, Exhibit A.  Defendants, nonetheless, have decided to make a mountain out of a mole hill by filing the instant Motion.  The Motion is particularly inappropriate given that the Defendants had not challenged the "calling for a legal conclusion" objection in their Motion to Compel.  Hence, the Court did not overrule this objection.  And more, because the Court did not find that all objections were waived Ms. McFadden's re-assertion of this objection does not contravene the Court's order, and is in fact, appropriate.  As a practical matter, even if objection of this kind were stricken, Ms. McFadden's substantive answer would not change.  Thus, Defendants' complaints about these interrogatories must be denied.

With regard to Interrogatory No. 5, Ms. McFadden lodged an "overly broad" objection to this interrogatory, which asked her to "[l]ist all the times you missed work

---

[2] After reviewing Ms. McFadden's original discovery responses, she noted that she had not initially raised a "calling for a legal conclusion" objection in response to Interrogatory No. 20, and therefore withdraws this objection stated in her supplemental response.

4

for either the partial day or entire day from 2001 onward and the reason why." Because Ms. McFadden previously supplemented this response, Defendants expressly withdrew their challenge to Ms. McFadden's responses to Interrogatory No. 5, in their Motion to Compel. See Supplemental Memorandum in Support of Motion to Compel. To now file a motion asking the Court to strike this objection is completely without merit.

Lastly, Defendants ask the Court to deem waived Ms. McFadden's common law privileges of attorney-client communications, work product doctrine/immunity, and doctor-patient confidentiality, on matters unrelated to this lawsuit. Ms. McFadden has not waived any of these privileges and the Court has not found that she has. With the exception of Defendants' timeliness arguments applicable to all objections, Defendants did not even raise a single challenge to any or all of these privileges, in their Motion to Compel. Given that, the Court did not directly consider, determine or waive these important privileges. More still, since the Order did not adopt Defendants' waiver argument on untimeliness grounds, the Court did not implicitly waive the privileges either.³ Thus, Ms. McFadden's privileges remain intact.

### C. No Grounds Exist for Plaintiff to Be Sanctioned.

Yet again, Defendants ask for sanctions against Plaintiff without justification. A request for sanctions has seemingly become standard in each Motion Defendants file. Since they have presented another request here, Plaintiff will respond.⁴ Plaintiff has not

---

³ If the Court, however, did intend to deem all of Ms. McFadden's objections waived, with this clarification from the Court, Ms. McFadden will withdraw all objections.
⁴ Sadly, and again, Defendants recite erroneous allegations that Ms. McFadden has engaged in various "tactics," including unidentified "obdurate behavior" to stonewall discovery. The record in this case, chiefly Plaintiff's

5

defied any order issued by this Court and the Motion to Compel order is no exception. Plaintiff fairly and correctly read the Court's order to overrule objections raised by Defendants in their Motion to Compel and *not* to waive all objections as untimely, including common law privileges.  If the Court indeed meant otherwise, Ms. McFadden welcomes that clarification and will gladly follow the Court's order(s).  There simply has been no actual or intended disobedience on Ms. McFadden's part of the Court's Order; hence, sanctions are not justified.

Moreover, Defendants have suffered no harm here.  As pointed out to Defendants in her October 27th correspondence, Ms. McFadden is not withholding any non-privileged documents pursuant to objections that are not privileged. (Ex. 1).  Put simply, there exist no additional documents or information to supply to Defendants, even if the objections were withdrawn or stricken, except privileged documents.  Thus, Defendants have suffered no harm by the preservation of these objections and would gain nothing, except attorney's fees, for filing the instant Motion.  Defendants should themselves be sanctioned for needlessly filing this Motion and forcing Ms. McFadden to respond.

## CONCLUSION

In her supplemental discovery responses, Ms. McFadden has not re-asserted any objection overruled by the Court.  The Court did not conclude that Ms. McFadden waived all of her objections; hence, any objections not overruled remains valid, particularly those concerning attorney-client, work product, and doctor-patient privileges.  For these

---

responses to such dishonest representations in prior filings, as well as the absence of any Court ruling finding any inappropriate conduct on part of the Plaintiff, sufficiently belies these allegations.

reasons, the Court must deny Defendants Motion to strike the objections.  Further, Defendants have failed to demonstrate that Ms. McFadden has violated a Court Order; thus, their request for sanctions must likewise be denied.

Respectfully submitted,

By: _____

Teresa W. Murray
THE LAW OFFICE OF T.W. MURRAY
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C. 20036
PH: 202-327-5477