UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
VANESSA A. MCFADDEN            )
                               )
        Plaintiff,             )
                               )
    v.                         )   Civil Case No.05cv2401 (RJL/JMF)
                               )
BALLARD SPAHR ANDREWS &        )
INGERSOLL, LLP et al.          )
                               )
        Defendants.            )
_____)

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL
PLAINTIFF TO APPEAR FOR DEPOSITION AND TO AMEND DISPOSITIVE
MOTION DEADLINE
AND
<u>OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS</u>**

Plaintiff, Vanessa A. McFadden, by and through undersigned counsel, hereby files the following response to Defendants' Motion to Compel Plaintiff to Appear for Deposition, To Amend Dispositive Motion Deadline And For Sanctions:

a.  Ms. McFadden does not oppose the Court issuing an order permitting the Defendants to depose her outside the discovery period, since the parties have long since agreed to such an arrangement;

b.  Ms. McFadden does not oppose the modification to the scheduling deadlines as proposed by the Defendants; and

c.  Plaintiff staunchly opposes any imposition of sanctions against her or her counsel, since Defendants last-minute decision to renege on the

parties' agreement concerning Ms. McFadden's deposition caused her inability to appear, not any improper conduct on her part.

ARGUMENT

On or about October 7, 2006, the parties discussed Ms. McFadden's deposition, which the Defendants noticed for October 26, 2006 and indicated at the outset would need to be continued for a second day due to Defendants preference to depose Ms. McFadden after receipt of documents from the Social Security Administration and Providence Hospital.  During this discussion, the parties agreed that since discovery was scheduled to close on October 31, 2006, Defendants' above-described preference, and Ms. McFadden's need to travel from Florida to Washington, D.C., with her physical limitations, on two separate occasions, Defendants would depose her outside the discovery period.  At no time during this discussion, did Defendants mention executing or filing a consent order with the Court to accomplish this.  Defendants confirmed the parties' agreement, which plaintiff's counsel communicated to Ms. McFadden, on October 10, 2006.[1]  With this letter, the Defendants for the first time enclosed a proposed consent order.  Plaintiff then proposed that the parties consent to an extension of the discovery deadline so that all outstanding discovery matters could be resolved.

---

[1] Defendant's October 10th letter states in part: "we would be amenable to rescheduling Ms. McFadden's deposition, which has been noticed for October 26, 2006, until after the Defendants' receipt of discovery, including the documents from Providence Hospital and the Social Security Administration.  Given the court orders that have been entered, I expect that Defendants will receive full and complete responses to the discovery that has been served upon Ms. McFadden.  However, since Defendants have not received releases from your client for the Providence Hospital and Social Security Administration records, these records may not be received prior to Ms. McFadden's scheduled deposition.  Accordingly, in order to avoid a situation where that deposition would need to be continued pending receipt of these documents, and Ms. McFadden would be required to travel to Washington, D.C. from her house in Florida a second time, we would agree to your suggestion to postpone her deposition in order to accommodate her situation."

2

Defendants did not agree, so Ms. McFadden filed a Motion requesting the discovery extension.

Meanwhile, less than four days before the originally-noticed deposition, Defendants faxed a letter to Plaintiff's counsel on October 23, 2006, stating that Defendants planned on going forward with Plaintiff's deposition on October 26, 2006. Plaintiff's counsel was out of the office that day and out the following day for a trial in Maryland District Court and did not receive the fax until October 25, 2006. That day, Plaintiff's counsel contacted Defendants' counsel and advised him that Ms. McFadden would not be attending and that it was our agreement that Defendants would depose Ms. McFadden at a later time. Even if Plaintiff's counsel had received the fax as soon as it came over on October 23, 2006, three and a half days is insufficient notice for a party to appear for a deposition, particularly one who is in her senior years, disabled and living hundreds of miles away in another State. On October 25th, Defendants' counsel asked plaintiff's counsel if she or Ms. McFadden would be attending the deposition, plaintiff's counsel responded in the negative. Defendants, therefore, knowingly chose to stage the deposition the next day and now brazenly ask for reimbursement for court-reporter costs and attorney's fees in connection with a deposition that they knew was not and indeed, could not go forward. Plaintiff should not be sanctioned for what is the result of Defendants' own back-peddling.

3

## CONCLUSION

In sum,

a.    Ms. McFadden has no opposition to a Court order allowing the Defendants to depose her outside the discovery period.  She will willingly appear, as agreed, provided that Defendants afford her adequate notice to make travel arrangements;

b.    Ms. McFadden has no opposition to modifying the deadline for dispositive motions and related deadlines, as proposed by the Defendants in their Motion; and

c.    Neither Ms. McFadden nor her counsel should be sanctioned for Defendants backing out, at the 11th hour, of the parties' agreement to depose Ms. McFadden's post-discovery.  A few days notice that a deposition is "back on" is clearly an inadequate amount of time for a party, known to be disabled and out-of-State, to appear.  Any expenses incurred by Defendants proceeding with a deposition that they knew was going to be unattended, are their own.

    Respectfully submitted,

    By: _____

Teresa W. Murray
THE LAW OFFICE OF T.W. MURRAY
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C. 20036
PH: 202-327-5477