UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Vanessa A. McFadden,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 05-2401 (RJL/JMF) |
| ) | |
| **Ballard Spahr Andrews and** ) | |
| **Ingersoll, LLP,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO STRIKE OBJECTIONS AND FOR SANCTIONS**

In opposing Defendants' motion to strike the objections contained in Plaintiff's Third Supplemental Answers and Objections to Defendants' Interrogatories, Plaintiff simply plays word games with the court in attempting to deny the obvious – that Plaintiff's objections to Defendants' interrogatories and document requests previously were overruled by order dated September 29, 2006, and that Plaintiff may not continue to assert such objections (or interpose additional objections) in complying with the court's order to fully and completely respond to Defendants' discovery requests.[1]

In its September 29, 2006 order, this Court stated "that plaintiff's objections to defendants' interrogatories and document requests are overruled." This language is clear and unambiguous. Plaintiff's argument that she still may assert various common law privileges

---

[1] The Court's order specified that Plaintiff was required to provide full and complete responses to Defendants' discovery requests within fifteen 15 days of the date of the order, which was signed on September 29, 2006 and is stamped "filed" on that date. Plaintiff, however, did not provide her responses, which were incomplete, until October 17, 2006. As Plaintiff notes in her opposition, the order was forwarded to counsel electronically on October 2, 2006, but this latter date did not change the date of the order or the time requirements for Plaintiff's compliance with its terms.

(including attorney-client, work product, and doctor-patient confidentiality) because this Court's September 29, 2006 order stated that plaintiff's objections were "overruled," rather than "waived," is a non-sequitur.  Because plaintiff failed to object to Defendants' interrogatories and document requests in a timely fashion, she "waived" all of her objections, including objections based upon attorney-client and other privileges.  See *Byrd v. Reno*, 1998 U.S. Dist. LEXIS 11855 (D.D.C. Feb. 12, 1998) (ruling that a party's objections, including the assertion of attorney-client privilege, had been waived by that party's failure to timely interpose objections to the discovery).  Accordingly, this Court overruled those objections which, as Plaintiff acknowledges in her opposition, means to "overturn or make void."  Plaintiff's continued objections and assertions of privilege, therefore, are void and have no force or effect.  In conformity with this Court's order of September 29, 2006, those objections should be struck.

In addition, sanctions should be imposed pursuant to F.R.C.P. 27(b) for plaintiff's failure to comply with this Court's order of September 29, 2006.  The D.C. Circuit has specifically recognized that in cases such as this, where a party violates a discovery order, the party and the attorney advising that party are subject to sanction and are liable for the moving party's reasonable expenses, including attorney fees, caused by the violation of the discovery order.  *Jenkins v. TDC Management, Corp.*, 21 F.3d 436 (D.C. Cir. 1994).  Such a result is appropriate here.

In seeking to deflect this Court from imposing sanctions, Plaintiff argues that the Defendants have suffered no harm from her continued assertion of objections to Defendants' discovery because there are no "non-privileged documents for her to produce."  Plaintiff's argument, however, begs the question.  This Court already has overruled all of Plaintiff's objections, including those based upon privilege, and, hence, Plaintiff is obligated to produce all

2

responsive documents, including those that she continues to assert are subject to a privilege. Plaintiff clearly possesses such documents inasmuch as she has produced a privilege log demonstrating that she continues to withhold medical records as well as various documents that she claims are attorney-client or work-product. See Exhibit A, Plaintiff's Privilege Log. As set forth above, such privilege claims previously were overruled by this Court in its order of September 29, 2006 and there is no valid basis for Plaintiff's continued assertion that these documents are exempt from production.

In sum, because Plaintiff failed to comply with this Court's order of September 29, 2006, by fully responding to Defendants' interrogatories and document requests without objection or claims of privilege, Defendants were obligated to bring their instant motion to strike objections and, hence, should be awarded their attorneys' fees for their having to do so.

Respectfully submitted,

Ballard Spahr LLP, *et al.*
By counsel

_____/s/_____
Bernard J. DiMuro, Esq. (D.C. Bar #393020)
Jonathan R. Mook, Esq. (D.C. Bar #929406)
DiMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, Virginia  22314-3067
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Defendants*