# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| **Vanessa A. McFadden,** | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 05-2401 (RJL/JMF) |
|  | ) |
| **Ballard Spahr Andrews and Ingersoll, LLP,** *et al.***,** | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION
### TO COMPEL PLAINTIFF TO APPEAR FOR DEPOSITION,
### TO AMEND DISPOSITIVE MOTION DEADLINE, AND FOR SANCTIONS

Defendants, Ballard Spahr Andrews and Ingersoll, LLP and Margaret Riley-Jamison, by by counsel, hereby submit this reply in support of their motion to compel Plaintiff to appear for her deposition outside of the discovery period, to amend the dispositive motion deadline, and for sanctions against Plaintiff and her counsel for failure to appear for her duly noticed deposition.

**I.   Defendants' Request to Depose Plaintiff Outside Discovery Period and to Amend Motions Deadline**

In her opposition papers, Plaintiff makes plain that she does not oppose having her deposition taken outside of the discovery period, which closed as of October 31, 2006, or for an amendment to the existing scheduling order to extend the dates for filing dispositive motions and responses thereto. Accordingly, Defendants request that this Court grant its motion with respect to these matters as being uncontested.

With respect to an order to be entered by this Court, Defendants respectfully request that the time periods initially suggested by the Defendants in the proposed order accompanying their motion be revised to take into account the fact that, to date, Defendants still have not obtained

full discovery responses from Plaintiff or documents from the Social Security Administration.[1] In this regard, Defendants suggest that the order simply provide that Plaintiff will appear for a duly-noticed deposition outside of the discovery period after Defendants' receipt of documents from the Social Security Administration and any further discovery responses from Plaintiff, as ordered by the Court, or earlier at Defendants' option.

When Defendants initially filed their motion on October 30, 2006, they had submitted to the Social Security Administration Plaintiff's release form, which this Court ordered Plaintiff to complete. Defendants, therefore, anticipated that they would receive the Social Security documents within a relatively short period of time and that Plaintiff's deposition could be taken by mid-December, 2006. Plaintiff, however, failed to date the release form that she had signed, and the Social Security Administration ("SSA") returned the form to Defendants' counsel. Defendants' counsel forwarded the form to Plaintiff's counsel for her client to sign and date. However, despite request, Plaintiff's counsel has yet to return a completed form to Defendants' counsel. Accordingly, at this point in time, Defendants are not in a position to predict when they will be able to obtain Plaintiff's SSA records.[2]

Given the present uncertainty as to the date when Defendants' counsel may obtain the SSA records as well as additional discovery from Plaintiff, which presently is the subject of a

---

[1] Defendants initially proposed that Plaintiff's deposition be taken by December 15, 2006, unless the date was extended by the court. As set forth above, it is highly doubtful whether this time frame could be met due to the actions of Plaintiff in failing to timely provide Defendant with a fully executed release for her Social Security records.

[2] Additionally, there are pending motions to compel Plaintiff to provide without objection full and complete responses to Defendants' interrogatories and document requests and to adequately answer Defendants' admission requests. Should these motions be granted by the court, Plaintiff will be obligated to provide additional discovery responses to Defendants.

motion to compel, Defendants suggest that the Court's order not include a specific date within which Plaintiff's deposition must be taken, but instead provide that it be taken after Defendants have received the outstanding discovery referenced above, or earlier at Defendants' option. Defendants also request that the dates for filing dispositive motions be amended so that the time frame for filing dispositive motions be specified as 30 days following Plaintiff's deposition, with oppositions to be filed 30 days thereafter, and replies to be filed within 15 days.

Because of the need to alter the suggested dates in Defendants' initial proposed order, Defendants are submitting a revised proposed order for the court's consideration.

## II. Defendants' Request for Sanctions

In opposing Defendants' request that sanctions be imposed for her failure to appear for her duly noticed deposition on October 26, 2006 (within the discovery period), Plaintiff acknowledges that she refused to sign a consent order providing for the taking of her deposition outside of the discovery period because she wanted a general extension of the discovery deadline, not one related solely to the taking of her deposition.[3] By refusing to sign a consent order, Plaintiff placed Defendants in the position of having to go forward with her deposition as noticed within the existing discovery period, which ended on October 31, 2006.

Defendants telefaxed a letter to Plaintiff's counsel on Monday, October 23, 2006, confirming that the Defendants were going forward with Plaintiff's deposition on October 26, 2006 in light of Plaintiff's failure to sign a consent order.[4] The only excuse that Plaintiff offers

---

[3] Defendants would note that Plaintiff's motion to extend the discovery deadline was denied by this Court on November 1, 2006.

[4] Defendants' counsel also attempted to contact Plaintiff's counsel by telephone on October 23, 2006, but could not do so because the voice mail system at the offices of Plaintiff's counsel was full and would not allow Defendants' counsel to leave a message.

for not responding to Defendants' letter until approximately 6:30 p.m. on October 25, 2006 (the evening before Plaintiff's scheduled deposition) is the fact that Plaintiff's counsel was not in the office on October 23 and 24, 2006 because of a trial in Maryland District Court. Plaintiff's counsel acknowledges that she was in the office on October 25, 2006, but provides no explanation as to why she did not contact Defendants' counsel about the deposition until after the close of business on that date.

Accordingly, even viewing the matter in the light most favorable to Plaintiff and her counsel, there is no excuse (1) for Plaintiff not to have signed the consent order allowing for the taking of her deposition outside of the discovery period or (2) if Plaintiff would not sign the order, failing to appear for her deposition as noticed on October 26, 2006 (or, at the very least, notifying Defendants' counsel in a timely fashion that Plaintiff would not appear for her deposition). Plaintiff's claim that the parties had an agreement to extend Plaintiff's deposition is plainly wrong. Absent a signed consent order extending discovery to take Plaintiff's deposition, there was no agreement. Had Plaintiff endorsed Defendants' proposed order then there would have been no need for Defendants to prepare for the deposition, schedule a court reporter, etc. Plaintiff's last minute cancellation of the deposition should result in a sanction. Accordingly, Defendants' request that sanctions be imposed upon Plaintiff and her counsel in an amount to be determined by this Court.

### III. Conclusion

For the foregoing reasons, Defendants respectfully submit that their motion to compel Plaintiff to appear for her deposition after the close of discovery and to amend the dispositive motion deadline be granted and Defendants' revised proposed order be entered by the court. Additionally, because Plaintiff failed to appear for her duly noticed deposition on October 26,

2006, or to provide adequate notice that she would not be able to appear, Plaintiff and her counsel should be subject to sanctions.

                                                                      Respectfully submitted,

                                                                      Ballard Spahr LLP, *et al.*
                                                                      By counsel

_____/s/_____
Bernard J. DiMuro, Esq. (D.C. Bar #393020)
Jonathan R. Mook, Esq. (D.C. Bar #929406)
DiMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, Virginia 22314-3067
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Defendants*