UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
VANESSA A. MCFADDEN            )
                               )
        Plaintiff,             )
                               )
v.                             )   Civil Case No.05cv2401 (RJL/JMF)
                               )
BALLARD SPAHR ANDREWS &        )
INGERSOLL, LLP et al.          )
                               )
        Defendant.             )
_____)

PLAINTIFF'S MOTION TO COMPEL
DEFENDANT'S RESPONSES TO DISCOVERY REQUESTS

Plaintiff Vanessa A. McFadden, by and through undersigned counsel, moves for an order compelling Defendant Ballard Spahr Andrews & Ingersoll (hereinafter "Ballard Spahr" or "Firm") to provide complete responses to Plaintiff's Interrogatories and Requests For The Production of Documents. Ballard Spahr has refused for over two and a half months to provide Ms. McFadden with critical information and documents, which would establish, through circumstantial evidence, that the Firm and Defendant Riley-Jamison intentionally discriminated against Ms. McFadden due to her race, disability and protected activity. As fully discussed below, the Defendant's failure to disclose this evidence lacks factual or legal justification; thus, Plaintiff respectfully requests an order compelling the production of full and complete discovery responses as well as sanctions under Rule 37.

PROCEDURAL BACKGROUND

On July 13, 2006, Ms. McFadden propounded interrogatories, document production requests and requests for admissions on Defendant. (Ex. 1). Defendant supplied limited

responses on August 14, 2006. (Ex. 2, documents omitted). After a lengthy review of their answers and sets of documents produced, Ms. McFadden forwarded a letter on October 25, 2006 to Defendant extensively outlining the deficiencies in its production. (Ex. 3). Defendant responded via letter dated October 31, 2006. (Ex. 4). While, in the letter, Defendant promised a limited supplementation of its initial responses, it rejected Ms. McFadden's proposed resolutions to the discovery disputes. After waiting over two months to receive the promised supplementation, Defendant has yet to forward any supplement to its discovery responses and no accord has been reached regarding disputes.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 33 requires parties to answer each interrogatory "separately and fully in writing under oath, unless it is objected to, in which event he objecting party shall state the reasons for the objection and shall answer to the extent the interrogatory is not objectionable." F.R.C.P. 33(b)(1). Federal Rule of Civil Procedure 34 requires parties to "state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which even the reasons for the objection shall be stated . . [and] inspection is permitted for the remaining parts." F.R.C.P. 34(b). Parties seeking discovery who have not received responses in accordance with Rules 33 and 343 may, among other options, move for an order compelling responses as well expenses and reasonable attorney's fees for the motion to compel. F.R.C.P. 37(a).

ARGUMENT

A. **PLAINTIFF'S DISCOVERY REQUESTS, DEFENDANT'S RESPONSES AND OBJECTIONS, AND BASIS FOR MOTION TO COMPEL**

For the Court's ease of review, Ms. McFadden provides below a summary of the discovery requests, Defendant's responses and her basis for requesting an order compelling proper responses by the Defendant.

| INTERROGATORY/DOCUMENT PRODUCTION REQUEST | DEFENDANT'S ANSWERS & OBJECTIONS[1] | BASIS FOR MOTION |
|---|---|---|
| Interrogatory No. 1: State each and every qualification, and essential function of the position of Legal Secretary at Ballard Spahr. | **Answer**: Reference to position description (Ballard 519-520, Ex. 5) | Plaintiffs bringing claims under the Americans With Disabilities Act (ADA) must establish that they are "qualified individuals with a disability, i.e. that they can perform the *essential functions* of their jobs with or without a reasonable accommodation. 29 C.F.R. § 1630.2(o)(1)(ii) (1997) Not all job functions are "essential;" accordingly, employers are often times in a better position to identify the functions they consider essential to jobs. At the very least, Plaintiff should be permitted to discover pre-summary judgment, whether there is a factual dispute or none regarding the essential functiosn of the legal secretary position. |
| Interrogatory No. | **Objection**: "requires them to | Ms. McFadden requires this |

---

[1] Where Defendant registered an objection(s) to a discovery requests, Plaintiff notes it/them in this column. Unless otherwise indicated (i.e. "Answer: …" or "Response: …") Defendant provided no additional answer or documents in response to the request.

3

| | | |
|---|---|---|
| 6: Identify the person selected to replace Vanessa McFadden as Legal Secretary. Be sure to specify the replacement's race, disability/serious health condition status, and whether s/he engaged in prior protected activity. | inquire into whether employees have engaged in prior protected activity or whether employees are disabled or have a serious health condition"<br><br>**Answer**: "Ms. McFadden was replaced by Melissa McKinney-Nqaroori. Ms. McKinney-Nqaroori initially worked as an agency temp from January, 2004 to May, 2004 and began her regular, full-time employment in May, 2004. In March, 2006, Ms. McKinney-Nqaroori resigned and was replaced by Dayna "Cooper, who is African-American."<br><br>***\*\*By letter dated October 31, 2006, Ex. 4, Defendant indicated that they would "supplement Interrogatory No. 6 with information [i.e. demographics] on Ms. NcKinney-Nqaroori". Plaintiff has received no supplement from Defendant.*** | information for purposes of satisfying her *prima facie* burden by establishing that her replacement is outside her protected class. |
| Interrogatory No. 14: Identify and describe any and all communications (See Definition to include e-mails) between Margaret Riley-Jamison and any partner or manager of Ballard Spahr regarding Plaintiff's medical condition, **or** termination. Be sure to describe all such communications between Ms. Riley | **Objections**: "overly broad", "not reasonably calculated to lead to the discovery of admissible evidence"<br>**Answer**: "See documents produced in response to Document Request No. 4." | Ms. Riley Jamison is not only the Firm's Human Resources Manager but also a named Defendant in this action. The request for identification of her communications with Firm partners regarding two discrete and undeniably relevant topics of her medical condition and termination is reasonably-tailored, clearly relevant and indeed, potentially critical to Ms. McFadden establishing intent and motive – central elements of her claims of discrimination and |

4

| | | |
|---|---|---|
| Jamison and any of the individuals identified in Defendant' Initial Rule 26(a)(1)(A) disclosure. | | retaliation. Ms. Riley-Jamison may have made other revealing statements about her animus toward disabled individuals that are similar to her comment made in the presence of Ms. McFadden that the Firm "needed healthier employees." Such statements are compelling evidence of discriminatory motive and intent and Ms. McFadden must have the opportunity to explore their existence. |
| Interrogatory No. 16: Identify and describe all vacant positions within Ballard Spahr between October 2003 and December 2004. | **Objections**: overly broad and not reasonably calculated to lead to the discovery of admissible evidence inasmuch as the interrogatory is not limited to Ballard Spahr's Washington D.C. office or to support staff positions.<br><br>***Plaintiff offered a compromise to Defendant narrowing her request as follows: Plaintiff will accept a supplemental answer identifying and describing all vacant support staff position within Ballard Spahr's Washington D.C. office between October 2003 and December 2004. *Defendant rejected this compromise.* | One of Ms. McFadden's disability claims involves Ballard Spahr's failure to provide her a reasonable accommodation via reassignment. The ADA and its regulation identify reassignment to a vacant position as a possible reasonable accommodation, which can be afforded to individuals with disabilities. 42 U.S.C. § 12111(9) (1994); 29 C.F.R. § 1630.2(o)(2)(i-ii) (1997). To that end, Ms. McFadden endeavors to discover what vacant positions were open and available that the Firm could have reassigned her to, instead of summarily discharging her. |
| Interrogatory No. 17: Describe in detail all leave and schedule modifications requested and received by any | **Objections**: "overly broad and unduly burdensome", "not limited to Ballard Spahr's Washington D.C. office and the time period is unreasonably broad."<br>*** Plaintiff offered a | Because the Defendant failed to provide an explanation of how this interrogatory would be unduly burdensome to answer, Plaintiff cannot adequately test the |

5

| | | |
|---|---|---|
| and all legal secretaries employed by Ballard Spahr (except Plaintiff) from January 1, 2002 through December 31, 2005.  Please be sure to specify the date(s) of the leave, the identity of all participants in the decision to grant the leave request, and explain any and all reasons for the leave. | compromise to Defendant narrowing her request as follows: Plaintiff will accept a supplemental answer, which is limited to Ballard Spahr's Washington D.C. office between January 1, 2002 and December 31, 2004, but which answers all other components of the interrogatory.  *Defendant rejected this compromise.* | objection and Defendant waive the objection.  See *e.g., Thompson v. HUD*, 219 FRD 93 (D.Md. 2003).  The Court should overrule the Defendant's overly broad objection because the Interrogatory, as modified, is reasonably tailored to similarly-situated employees (other legal secretaries) and is limited to the time period relevant to this suit.   Ms. McFadden alleges that she was not provided a reasonable accommodation due, in part, to her race.  She is therefore entitled to discover information regarding what other accommodations the Defendant provided to similarly-situated employees in support of her effort to establish disparate treatment. |
| Interrogatory No. 20: Identify and describe all Family and Medical Leave Act leave provided by Ballard Spahr to any of its employees between the years 2002 and 2004.  Please be sure to include the following: a) date(s) of the leave; b) identity of the employee who received the leave; c) identity of the individual who approved the | **Objections**: "overly broad", "not limited to Ballard Spahr's Washington D.C. office and the time period is unreasonably broad," "not reasonably calculated to lead to the discovery of admissible evidence." | Contrary to Defendant's objection, this request is not overly broad, but calls for the production of information that the Defendant Firm should have readily available, as they are obligated to compile and maintain this data per FMLA regulations.  29 C.F.R. § 825.500.  This interrogatory is not limited to the firm's Washington D.C. office, since the leave decision-maker, Fern Forman, did not work in the Firm's Washington D.C. office, but its Philadelphia office; therefore, at a minimum, the information produced should |

| | | |
|---|---|---|
| leave; d) whether medical verification was requested and/or received; and e) the reason(s) for the leave. | | cover both offices. This information is sought to make comparisons between the provision of FMLA leave to Ms. McFadden vis-à-vis other administrative personnel to support her race discrimination claim, which alleges that she was denied her full entitlement of FMLA leave due to her race. |
| Interrogatory No. 22: Identify each and every legal secretary employed by Ballard Spahr from the year 2002- to present (per Definition K above). | **Objections**: "overly broad", "not limited to Ballard Spahr's Washington D.C. office," "not reasonably calculated to lead to the discovery of admissible evidence." <br><br>***Plaintiff offered a compromise to Defendant narrowing her request as follows: Plaintiff will accept an answer, which identifies each and every legal secretary employed by Ballard Spahr in its Washington D.C. and Philadelphia offices from the year 2002 to present (per Definition K above). *Defendant rejected this compromise* | The Court should overrule Defendant's "overly broad" objection, since the interrogatory specifically designates a class of employees who are comparable to Ms. McFadden and is confined to the relevant time period. In Ms. McFadden's view, this interrogatory should not be limited to the Washington, D.C. office (for which the Defendant did not provide information, in any event); but rather encompasses both the D.C. and Philadelphia offices since leave and accommodations decisions are or were made out of Philadelphia. The identity of Firm legal secretaries is discoverable. This information defines the scope of her comparators for purposes of identifying potential witnesses and may lead to the discovery of evidence of disparate treatment. |
| Interrogatory No. 23: Identify each and every reasonable accommodation provided | **Objections**: "overly broad", "not limited to Ballard Spahr's Washington D.C. office and not reasonably calculated to lead to | Because Ms. McFadden contends that she was denied a reasonable accommodation for her |

| | | |
|---|---|---|
| by Ballard Spahr to an employee of the Firm due to medical reasons. Please be sure to include: a) date(s) of the accommodation; b) name of the employee who received the accommodation; c) identity of the person(s) who approved the accommodation; d) whether medical verification was requested and/or received; and e) the reason(s) for the accommodation. | the discovery of admissible evidence." "The information requested also is confidential information under Federal law." | disabling conditions due to her race, information regarding other instances where the Firm provided reasonable accommodation is discoverable as potential evidence of disparate treatment. Ms. McFadden requests an order compelling the Defendant to produce, at least, answers with respect to its Washington D.C. and Philadelphia offices, for the reasons identified above. Since the Defendant's production would be pursuant to Court order in a civil action, it would be insulated from any claim of breach of confidentiality by an employee. In addition, Ms. McFadden and her counsel are willing to agree not to disclose this information to anyone and to add this information to the parties' existing confidentially agreement. |
| Document Request No. 8: All documents relating to any proposed or actual termination of any member of the Firm's support staff between the years 2003 and present. | **Objections**: "overly broad", "not limited to Ballard Spahr's Washington D.C. office", not reasonably calculated to lead to the discovery of admissible evidence", "vague", "unduly burdensome" and protected by the attorney-client and work product privileges.<br>**Response**: Defendant produced documents regarding Plaintiff only. | This document request is aimed at uncovering evidence relating to the discharge of employees from the Defendant firm. Plaintiff alleges that her termination was motivated, in whole or in part, by her race, disability, and protected activity and that her discharge amounts to disparate treatment. To compare and contrast her termination with other similarly-situated employees, she seeks documents relating to the |

8

| | | |
|---|---|---|
| | | individuals terminated by the Firm and the reasons therefore. Ms. McFadden has reason to believe the Firm had a pattern of terminating African-Americans, with or without disabilities, and she should have access to the data to demonstrate this. Indeed, it is well established that data regarding the employer's treatment of other members of the Plaintiff's class is probative of discriminatory motive. *Minority Employees at NASA v. Beggs*, 723 F.2d 958, 962 (D.C. Cir. 1983); *Stella v. Mineta*, 284 F.3d 135, 145 (D.C. Cir. 2000)( patterns of retention are probative). |
| Request No. 11: All records that relate to any medical-related absences taken by support staff at Ballard Spahr, including but not limited to leave taken by Janet Craig, Elaine Wilber, and/or Kathy Hanna. | **Objections**: "overly broad", "not limited to Ballard Spahr's Washington D.C. office", "not reasonably calculated to lead to the discovery of admissible evidence", "vague", "unduly burdensome" | Records pertaining to support staff who took medical-related absences from work in the Firm's Washington D.C. and Philadelphia offices are directly relevant to Ms. McFadden's claims of failure to accommodate and disparate treatment in leave and leave procedures. The individuals listed in the Request are Caucasian current or former support staff personnel who were employed by the Firm simultaneously with Ms. McFadden and received accommodations for medical illnesses of their own or their family members. They are unquestionably appropriate comparators; thus, |

9

| | | |
|---|---|---|
| | | documents relating to their medical-related leave and attendance are clearly appropriate in discovery. The request is not overbroad, or vague but honed and precise. Again, Defendant waives its unduly burdensome objection because it has failed to specify how producing the documents would cause an undue burden. *Infra*. |
| Request No. 14:    All documents relating to any proposed or actual schedule modification provided to a non-attorney employee of Ballard Spahr between January 1, 2003 through December 2004. | **Objection**: "overly broad", "not limited to Ballard Spahr's Washington D.C. office", "not reasonably calculated to lead to the discovery of admissible evidence", "vague", "unduly burdensome", violates privacy and information requested is confidential under Federal law.<br><br>***Plaintiff offered a compromise to Defendant narrowing her request as follows: support staff in its Washington D.C. and Philadelphia offices. *Defendant rejected this compromise* | The documents requested are relevant and could lead to the discovery of admissible evidence as it relates to Ms. McFadden's claim of disability discrimination and race/disability/retaliatory disparate treatment when she was harassed about her limited modified schedule and was denied FMLA leave. She intends to show that she was treated less favorably than those outside her protected group. The request is not overly broad, or vague but clearly honed and precise with appropriate time parameters. Again, Defendant waives its unduly burdensome objection because it has failed to specify how producing the documents would cause an undue burden. *Infra*. With regard to its "confidentiality" objection, Defendant would not breach any alleged confidentiality by producing these documents, since the Defendant's production would be pursuant to Court |

10

| | | |
|---|---|---|
| | | order in a civil action. In addition, Ms. McFadden and her counsel are willing to agree not to disclose this information to anyone and would add these materials to the parties' existing confidentially agreement. |
| <u>Request No. 16:</u>   All documents which relate to, reference, or concern the selection of the person to replace Vanessa McFadden. | **Objection**: Invades the privacy of the replacement | Provided that Defendant is ordered to supplement Interrogatory No. 6, to include any known protected activity, Plaintiff will not seek an order compelling documents pursuant to this Request. |
| <u>Request No. 21:</u>   For each termination identified in response to Interrogatory Nos. 12 and 13, provide all documents relating to the discharge action. | **Objection**: "overly broad", "not limited to Ballard Spahr's Washington D.C. office", not reasonably calculated to lead to the discovery of admissible evidence", "vague", "unduly burdensome", violates privacy of non-parties and protected by attorney-client and work product privileges. | Defendant provided Answers to Interrogatory Nos. 12 & 13 by listing six employees who the Firm terminated. Despite its production of this information, Defendant refuses to provide records relating to these discharge decisions. In this case, Ms. McFadden has the formidable task of demonstrating unlawful motive behind her discharge. One way to demonstrate this motive is by presenting to the Court important differences between her discharge and that of other employees who were similarly employed. Plaintiff is not seeking communications between Ballard Spahr and its attorneys, but rather internal documents concerning the rationale and decision to terminate other employees inside and outside Ms. McFadden's protected |

11

| | | |
|---|---|---|
| | | class. This information is clearly relevant and bears no protection under law as "confidential." Once again, Defendant waives its unduly burdensome objection due to lack of specificity. *Infra*. |
| <u>Request No. 26:</u>   Any and all documents identifying, describing, referencing or relating to the demographics of Ballard Spahr's personnel, by disability, race and protected activity, employed in the years 2002 or 2003 or 2004. | **Objection**: "overly broad", "not limited to Ballard Spahr's Washington D.C. office", not reasonably calculated to lead to the discovery of admissible evidence", "vague", "unduly burdensome"<br><br>***Plaintiff offered a compromise to Defendant narrowing her request as follows: its Washington D.C. and Philadelphia offices.  *Defendant rejected this compromise* | Plaintiff requests documents, which contain data regarding the demographic make up of the Defendant Firm.  The Request is not overly broad, but appropriately limited to the years 2002-2004 and sufficiently specific about the particular type of demographics sought.  The request is reasonably calculated to lead to the discovery of admissible evidence as statistical information is probative in intentional discrimination cases, s*ee Minority Employees at NASA v. Beggs*, 723 F.2d 958, 962 (D.C. Cir. 1983); as are patterns of retention, *Stella v. Mineta*, 284 F.3d 135, 145 (D.C. Cir. 2000). Defendant' un-explained unduly-burdensome objection is waived.  *Infra*. Lastly, in addition the reasons discussed above, demographic data of the firm's Washington D.C. and Philadelphia offices are directly relevant to Ms. McFadden's claims of disparate treatment committed by discriminating officials who worked in these offices. |

**B. SANCTIONS ARE JUSTIFIED AGAINST DEFENDANT**

Federal Rule of Civil Procedure 37 permits sanctions when the parties have conferred in good faith and when a party's failure to respond was not substantially justified. Here, Defendant had no justification for withholding information and materials it admitted were relevant. For instance, most of Defendant's objections rested on its contention that Ms. McFadden could only obtain information concerning her "employing unit" in Washington D.C.. Putting aside for the moment the relevance of the Philadelphia office where the benefits and termination decisions were made/generated from, since the Defendant believed the Washington D.C. office was "in play," its failure to produce documents pertaining to this office is without defense. Moreover, the Defendant's long-time refusal to produce plainly relevant information and materials regarding Ms. McFadden's direct comparators not only speaks to their undeniable relevance, but to Defendant's efforts to unjustifiably thwart Ms. McFadden from proving disparate treatment and pretext. Defendant's actions have needlessly forced Ms. McFadden to pay attorney's fees for the preparation and filing of this Motion. Thus, Ms. McFadden respectfully requests Defendant be sanctioned 4.2 hours at the *Laffey* Matrix rate of $300/hour for preparation of this Motion to Compel.

Respectfully submitted,

Dated: January 9, 2007          By**:**_____/S/_____
                                         Teresa W. Murray
                                THE LAW OFFICE OF T.W. MURRAY
                                1025 Connecticut Avenue, Suite 1000
                                Washington, D.C. 20036
                                Phone: 202-327-5477/Fax: 202-327-5451

                                Counsel for Plaintiff