UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Vanessa A. McFadden, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05CV02401 |
| | ) | Judge Richard J. Leon |
| Ballard Spahr Andrews and | ) | |
| Ingersoll, LLP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' OBJECTIONS AND ANSWERS TO
## PLAINTIFF'S FIRST INTERROGATORIES

Defendants, Ballard Spahr Andrews & Ingersoll, LLP ("Ballard Spahr") *et al.* hereby respond to Plaintiff's First Interrogatories as follows:

### Objections to Definitions and Instructions

1.     Defendants object to Instruction No. 1 in that they are being asked to produce information covered by attorney-client or work product privilege.

2.     Defendants object to Definition (k) as overbroad and violating the privacy rights of other non-parties.

3.     Defendants object to Definition (o) as overbroad, imposing requirements beyond the Federal Rules of Civil Procedure and violating attorney-client and work product privilege.

4.     Defendants object to Definition (p) as overbroad and imposing requirements beyond the Federal Rules of Civil Procedure.

1

Interrogatory No. 1:    State each and every qualification, and essential function of the position of

Legal Secretary at Ballard Spahr.

**OBJECTION**:

**RESPONSE**:    Qualifications and functions of the position of legal secretary are set forth

in Ballard 00519-00520.

Interrogatory No. 2:    Describe all Firm policy(ies) and practices, which were applicable to

Plaintiff that relate to the reasonable accommodation of qualified

employees with disabilities.

**OBJECTION**:    Defendants object to this interrogatory as being vague in its use of the

phrase "policy(ies) and practices" and as to the implication that Plaintiff

was a "qualified" employee with a disability.

**RESPONSE**:    Notwithstanding or waiving the objection, Defendants state that Ballard

Spahr makes every effort to accommodate qualified persons with

disabilities until it leads to undue hardship for the Firm. See also excerpts

from Ballard Spahr policy manuals produced at Ballard 01358-01373.

Interrogatory No. 3:    Identify each and every reasonable accommodation offered by Ballard

Spahr to Plaintiff for her actual, perceived, or record of disability.

**OBJECTION**:    Defendants object to the interrogatory as implying that Plaintiff had an

"actual, perceived, or record of disability."

2

**RESPONSE**:    Notwithstanding or waiving the objection, Defendants state that Ms. McFadden was granted extensive leave time; was provided monetary loans by Charles Henck and advances by the Firm; was provided hardship loans; was provided full pay on days partially worked and on days when she did not work at all; was provided legal assistance and advice dealing with Mr. McFadden's former employer, specifically with regard to problems involving life insurance; and was provided the opportunity to return to work at any available position for which she was qualified. On Ms. McFadden behalf, the Firm negotiated with its disability carrier and obtained provisional benefits for her. The Firm also adopted new insurance policies, such as an accelerated death benefit, solely for Ms. McFadden.

Interrogatory No. 4:    Identify each and every reasonable accommodation requested by Plaintiff for her actual, perceived, or record of disability.

**OBJECTION**:    Defendants object to the interrogatory as implying Plaintiff was disabled (either actual, perceived, or record of a disability) and that Plaintiff requested "reasonable accommodation."

**RESPONSE**:    Notwithstanding or waiving that objection, Defendants state that Plaintiff requested leave, which she was provided. See also Response to Interrogatory No. 7.

3

Interrogatory No. 5:    Describe in detail the process undertaken by Ballard Spahr to evaluate any and all reasonable accommodation requests made by Plaintiff, including the identity of each person who participated in the process, each and every option considered by Ballard Spahr, and its ultimate decision.

**OBJECTION:**    Defendants object to this interrogatory as implying that Plaintiff made "reasonable accommodation requests."

**RESPONSE:**    Notwithstanding or waiving that objection, Defendants state that Plaintiff requested no accommodation other than time off and that Ballard Spahr (1) provided Plaintiff with all the leave she requested; (2) reduced Plaintiff's work hours and schedule; (3) provided Plaintiff with days off with no deduction in pay; and (4) provided Plaintiff the opportunity to return to work at any available position for which she was qualified.  See also Response to Interrogatory Nos. 4, 7.

Interrogatory No. 6:    Identify the person selected to replace Vanessa McFadden as Legal Secretary. Be sure to specify the replacement's race, disability/serious health condition status, and whether s/he engaged in prior protected activity.

**OBJECTION:**    Defendants object to the Interrogatory to the extent that it requires them to inquire into whether employees have engaged in prior protected activity  or whether employees are disabled or have a serious health condition.

**RESPONSE:**    Notwithstanding to objection above, Defendants state that Ms. McFadden

4

was replaced by Melissa McKinney-Nqaroori.  Ms. McKinney-Nqarori

initially worked as an agency temp from January, 2004 to May, 2004 and

began her regular, full-time employment in May, 2004.  In March, 2006,

Ms. McKinney-Nqarori resigned and was replaced by Dayna "Cooper,

who is African-American.

Interrogatory No. 7:    Identify in detail all leave requested and received by Plaintiff from January

1, 2002 up to the date of her termination of employment.

**OBJECTION**:

**RESPONSE**:        Notwithstanding or waiving the objection, Defendants cannot specifically

recall oral requests for leave by Plaintiff, although such requests may have

been made. See also Ballard 00562-4, 1206.  Details of Ms. McFadden's

schedule from January 1, 2002 to October 29, 2002 can be found at

Ballard 00598 and 00602.   Because Ms. McFadden used all of her sick

and vacation days in 2002, she was advanced ten days of vacation time.

Ms. McFadden requested intermittent leave from January-June, 2003 to

take her husband to the hospital. See Ballard 00562-4. Ms. McFadden also

was advanced ten days of vacation in 2003.

Ms. McFadden requested disability leave to begin on October 16, 2003

and to continue indefinitely. See Ballard 00296. Details of Ms.

McFadden's 2003 work schedule can be found at Ballard 00600.

Finally, Ms. McFadden requested an indefinite leave of absence for non-

5

FMLA leave on March 15, 2004, with the understanding that after three
months of non-FMLA leave her employment would terminate. See Ballard
00609-11.  See Ballard 00299,1299-1301.

**Interrogatory No. 8:**    State each and every reason why Vanessa McFadden's employment with
Ballard Spahr was terminated.

**RESPONSE:**    Ms. McFadden was terminated because she had exhausted all her FMLA
leave and an additional three months of non-FMLA leave which was
provided and she informed Ballard Spahr that she was unable to return to
work.

**Interrogatory No. 9:**    Identify in detail all schedule modifications requested and received by
Plaintiff from January 1, 2002 up to the date of her termination from
employment.

**RESPONSE:**    Plaintiff never requested any schedule modification.  Plaintiff was given a
lighter work load, schedule modification, and days off without a reduction
in pay to deal with her personal issues.  See also Ballard 00299;  Response
to Interrogatory Nos. 7, 21.

**Interrogatory No. 10:**    Describe any and all denials of Plaintiff's requests for leave from January
1, 2002 up to the date of her termination from employment. Please be sure
to specify the date of denial, the identity of all participants in the decision

6

to deny the leave request, and explain any and all reasons for the denials.

**OBJECTION**:    Defendants object that this interrogatory is overly broad as to its time

frame and not reasonably calculated to lead to the discovery of admissible

evidence.

**RESPONSE**:    Notwithstanding or waiving this objection, see Response to Interrogatory

Nos. 7, 9, 21. No request by Plaintiff was denied.


Interrogatory No. 11:  Describe any and all discussions, meetings, and communications regarding

Plaintiff's request(s) for reasonable accommodation that have been held

between and/or among partners and/or employees of Ballard Spahr.

**OBJECTION**:    Defendants object to this interrogatory as implying that Plaintiff made

such requests.

**RESPONSE**:    Notwithstanding or waiving the objection, Defendants state that Plaintiff

never requested anything other than leave and that she was always

provided with the leave she requested.


Interrogatory No. 12:  Identify all discharges where Margaret Riley-Jamison was directly or

indirectly involved in the decisional process between the years 2002 and

2004. For each discharge, identify the following: (a) date of action; (b)

name of employee title of position employee held; (c) race,

disability/serious health condition, prior protected activity of replacement;

if applicable, and (e) reason(s) for the action.

7

**OBJECTION**:    Defendants object that this interrogatory is overly broad and not

reasonably calculated to lead to the discovery of admissible evidence.

Defendants further object to the use of the word "indirectly" which is

vague. The interrogatory also is objectionable because it requires an

inquiry in an employee's disability or serious health condition and prior

"protected activity."

**RESPONSE**:    Notwithstanding or waiving the objection, Defendants state that Ms.

Riley-Jamison was directly involved with respect to the following

terminations: Patricia Dixon, an African-American document specialist

who was terminated due to her position being discontinued; Delores

Donadelle, an African-American document specialist; Kelli Dunn, a

Caucasian legal secretary who was terminated due to her position being

discontinued; Jane Gallent, a Caucasian legal secretary who was

terminated for violating Ballard Spahr policies; Teresa Gaydar, a

Caucasian legal assistant; and Lorraine Hegi, a Caucasian legal secretary

who was terminated for performance problems.


Interrogatory No. 13:    Identify all discharges where Charles Henck was directly or indirectly

involved in the decisional process between the years 2002 and 2004. For

each discharge, identify the following: (a) date of action; (b) name of

employee title of position employee held; (c) race, disability/serious health

condition, prior protected activity of replacement; if applicable, and (e)

reason(s) for the action.

**OBJECTION**: Defendants object that this interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the use of the word "indirectly" which is vague. The interrogatory also is objectionable because it requires an inquiry in an employee's disability or serious health condition and prior "protected activity."

**RESPONSE**: Notwithstanding or waiving the objection, Defendants state that Mr. Henck has not terminated any employee.

Interrogatory No. 14: Identify and describe any and all communications (See Definition to include e-mails) between Margaret Riley-Jamison and any partner or manager of Ballard Spahr regarding Plaintiff's medical condition or termination. Be sure to describe all such communications between Ms. Riley-Jamison and any of the individuals identified in Defendants' Initial Rule 26 (a)(1)(A) disclosures.

**OBJECTION**: Defendants object that this interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE**: See documents produced in response to Document Request No. 4.

Interrogatory No. 15: Describe in detail how Plaintiff's job duties and functions were performed during her leaves of absence from work from October 2003 up to and

9

including the date of her termination.

**RESPONSE:**    Where possible, a floater performed Plaintiff's job duties and

responsibilities through the end of December, 2003.  When Plaintiff did

not return to work, an agency temp was hired in January, 2004.  See also

Response to Interrogatory No. 6.

Interrogatory No. 16:  Identify and describe all vacant positions within Ballard Spahr between

October 2003 and December 2004.

**OBJECTION:**    Defendants object that this interrogatory is overly broad and not

reasonably calculated to lead to the discovery of admissible evidence

inasmuch as the interrogatory is not limited to Ballard Spahr's

Washington, D.C. office or to support staff positions.

Interrogatory No. 17:  Describe in detail all leave and schedule modifications requested by and

received by any and all legal secretaries employed by Ballard Spahr

(except Plaintiff) from January 1, 2002 through December 31, 2005.

Please be sure to specify the date(s) of the leave, the identity of all

participants in the decision to grant the leave request, and explain any and

all reasons for the leave.

**OBJECTION:**    Defendants object that this interrogatory is overly broad and unduly

burdensome. The interrogatory is not limited to Ballard Spahr's

Washington, D.C. office and the time period is unreasonably broad.

Interrogatory No. 18:    State each and every factual basis for Ballard Spahr's contention that

Plaintiff represented that she "was unable to return to work." Please be

sure to identify the person(s) who witnessed such an alleged statement.

**RESPONSE**:    John DiBattista, Wendy Iverson, Fern Forman and Margaret Riley-

Jamison had a telephone conversation with Ms. McFadden on or about

May 14, 2004. Plaintiff was informed that her FMLA had expired as well

as an additional three months of unpaid leave. Plaintiff was asked if she

could return to work. Plaintiff replied that she could not work because she

was sick. It is also believed that Plaintiff represented to others that she was

unable to work.

Interrogatory No. 19:    Identify all formal discrimination complaints filed against Ballard Spahr

wherein it is alleged that the Firm or any or all of its partners "FMLA"

discriminated against the complaining party on any of the following basis

[sic]: race, health condition (ADA or Family Medical Leave Act) or

retaliation. For each such complaint, identify the following: (a) the date of

the complaint/charge; (b) names of Charging Party/Plaintiff; (c) bases of

the complaint/charge; (d) issue(s) in the complaint/charge; and (e) status of

complaint/charge (i.e. finding of discrimination, pending trial, settled, etc.)

**OBJECTION**:    Defendants object that this interrogatory is overly broad, not limited to

Ballard Spahr's D.C. office, vague and not reasonably calculated to lead to

the discovery of admissible evidence.

11

**RESPONSE**:        Notwithstanding said objection, Defendants state that from the time period

2002 through the present no complaints have been filed.

Interrogatory No. 20:  Identify and describe all Family and Medical Leave Act leave provided by

Ballard Spahr to any of its employees between the years 2002 and 2004.

Please be sure to include the following: (a) date(s) of leave; (b) identity of

employee who received the leave; (c) identity of individual who approved

the leave; (d) whether medical verification was requested and/or received;

and (e) the reason(s) for the leave.

**OBJECTION**:       Defendants object that this interrogatory is overly broad, not limited to

Ballard Spahr's D.C. office and not reasonably calculated to lead to the

discovery of admissible evidence.

Interrogatory No. 21:  State with particularity how the Firm calculated Plaintiff's leave (including

Family Medical Leave Act leave) during her medical-related absence from

work from October 2003 until her termination.

**RESPONSE**:        Ms. McFadden went on family medical leave intermittently from January,

2003. She worked only three to four days per week. She used her earned,

unused vacation, sick, personal, and optional leave to cover FMLA

absences. From January 1-October 15, 2003, Ms. McFadden used 34 days

of paid FMLA leave and 18.5 days of unpaid FMLA leave. Beginning

October 16, 2003, Ms. McFadden began an indefinite medical leave of

absence. See Ballard 00600-2. During 2003, Ms. McFadden used 34 days

of paid leave (20 vacation days, 10 sick days, 2 personal days and 2

optional holiday days). See Ballard 00603-4. This left no additional days

for Plaintiff to use even though Plaintiff was twice received forward

advances of leave. Her FMLA leave expired on February 4, 2004.


Interrogatory No. 22:    Identify each and every legal secretary employed by Ballard Spahr from

the year 2002- to present (per Definition K above).

**OBJECTION**:    Defendants object that this interrogatory is overly broad, not limited to

Ballard Spahr's D.C. office and not reasonably calculated to lead to the

discovery of admissible evidence.


Interrogatory No. 23:    Identify each and every reasonable accommodation provided by Ballard

Spahr to an employee of the Firm due to medical reasons. Please be sure to

include: (a) date(s) of the accommodation; (b) name of employee who

received the accommodation; (c) identity of the person(s) who approved

the accommodation; (d) whether medical verification was requested and/or

received; and (e) the reason(s) for the accommodation.

**OBJECTION**:    Defendants object that this interrogatory is overly broad, not limited to

Ballard Spahr's D.C. office and not reasonably calculated to lead to the

discovery of admissible evidence. The information requested also is

confidential information under Federal law.

Interrogatory No. 24:   State each and every factual and legal basis for the Defendants' affirmative

defense in its Answer that they are entitled to a "set-off of any recovery by

Plaintiff."

**OBJECTION**:   Defendants object that this interrogatory is overly broad to the extent that

it seeks each and every factual and legal bases for Defendants' affirmative

defense.

**RESPONSE**:   Notwithstanding or waiving this objection, Ballard Spahr provided

numerous salary advances, loans, and overpaid wages to Ms. McFadden.

These advances and loans were never repaid. Ballard Spahr is entitled to a

set-off of these amounts. A draft calculation is located in Ballard 00584.

Ballard Spahr also paid that employee portion of Ms. McFadden's

insurance premiums from January, 2004 though May 31, 2004.


Interrogatory No. 25:   Identify and describe each defense Ballard Spahr will advance in response

to the Complaint, identifying any facts, which support the defense(s).

**OBJECTION**:   Defendants object that this interrogatory is overly broad, vague, unduly

burdensome, and seeks information protected by attorney-client and work

product privilege. Moreover, Defendants object that it is impossible to

answer this Interrogatory until the completion of discovery.

**RESPONSE**:   Notwithstanding or waiving the objection, Defendants have set forth their

14

affirmative defenses in their Answer to Plaintiff's Complaint.


Interrogatory No. 26:  Identify each person whom Ballard Spahr knows or believes had, or may

have, information concerning the allegations contained in this action,

including information which may support or negate the allegations

presented in the Complaint, and identify the information s/he is known or

believed to have.

**OBJECTION**:  Plaintiff has exceeded the permissible number of interrogatories under

Rule 33 of the Federal Rules of Civil Procedure. Additionally, Defendants

object that this Interrogatory is overly broad, vague, unduly burdensome,

and seeks discovery of information protected by attorney-client and work

product privilege.


Interrogatory No. 27:  State with particularity the days and hours Ms. McFadden worked and the

days and hours she did not report to work from January 1, 2002 up to the

time of her termination.

**OBJECTION**:  Plaintiff has exceeded the permissible number of interrogatories under

Rule 33 of the Federal Rules of Civil Procedure. Additionally, Defendants

object that this Interrogatory is overly broad and not reasonably calculated

to lead to the discovery of admissible evidence.


Interrogatory No. 28:  Describe in detail the conference held between Ms. McFadden and John

15

DiBattista, Fern Forman and Margaret Riley-Jamison, on or about May 14, 2004.

**OBJECTION**:     Plaintiff has exceeded the permissible number of interrogatories under Rule 33 of the Federal Rules of Civil Procedure.


Interrogatory No. 29:   State each and every reason why Ballard Spahr denied Plaintiff's reasonable accommodation request for the Receptionist position.

**OBJECTION**:     Plaintiff has exceeded the permissible number of interrogatories under Rule 33 of the Federal Rules of Civil Procedure.


Interrogatory No. 30:   Identify in detail the procedures a member of the Firm's support staff must use to obtain a leave of absence. Please be sure to describe all procedures available for obtaining FMLA and sick leave from January 1, 2003 through the present.

**OBJECTION**:     Plaintiff has exceeded the permissible number of interrogatories under Rule 33 of the Federal Rules of Civil Procedure. Additionally, Defendants object that this Interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

16

Respectfully submitted,

Ballard Spahr Andrews & Ingersoll, LLP, *et al.*
By counsel

_____

Bernard J. DiMuro, Esq. (D.C. Bar #393020)
Jonathan R. Mook, Esq. (D.C. Bar #929406)
DiMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA  22314
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via mail this 14th day of August, 2006 to the following:

> Teresa W. Murray, Esq.
> The Law Offices of T.W. Murray, LLC
> 1111 Bonifant Street
> Silver Spring, Maryland 20920
> *Counsel for Plaintiff*

_____

Jonathan R. Mook

17