# The Law Offices of T.W. Murray, LLC

1717 K Street, N.W.
Suite 600
Washington, D.C. 20036

1111 Bonifant Street
Silver Spring, Maryland 20910

Ph: 301-585-1870  Fax: 301-585-1871

October 25, 2006

**VIA FACSIMILE: 703-548-3181**
<u>**AND FIRST-CLASS MAIL**</u>

Mr. Jonathan R. Mook, Esq.
DiMuro Ginsberg, P.C.
908 King Street, Suite 200
Alexandria, Virginia 22314

>  Re:  <u>*McFadden v. Ballard Spahr Andrews & Ingersoll, LLP et al.*, Case No. 05cv2401</u>

Dear Mr. Mook:

   I have reviewed the Defendants' Responses to our discovery requests. Upon review of these responses, it is evident that the Defendants are exhibiting little respect for Vanessa McFadden's right to information through the discovery process. By failing to answer critical interrogatories (or portions thereof), produce key documents, and raise baseless and unfitting objections – particularly in response to requests for information on comparators to demonstrate disparate treatment – it appears the Defendants are attempting to obstruct Ms. McFadden's efforts to obtain relevant and important information pertaining to her claims. I hope that this is not the case and trust that the Defendants will promptly cure the following deficient discovery responses:

**<u>Defendants' Objections and Answers to Plaintiff's First Set of Interrogatories</u>**

<u>Interrogatory No. 1</u>:   State each and every qualification, and essential function of the position of Legal Secretary at Ballard Spahr.

>  **Defendants' Objections:** None.
>  **Defendants' Answer**:  Reference to documents (Ballard 519-520)
>
>  **Plaintiff's Response**: This interrogatory specifically asks the Defendants to identify the essential function(s) of the Legal Secretary position, which Ms. McFadden formerly held. As you know, a critical standard in ADA cases concerns the plaintiff employee's ability to perform the essential functions of a job with or without a reasonable accommodation.

>Ms. McFadden is entitled to know what the Defendants contend were the essential functions of her position so that she may address this element of her claim. Please supplement Defendants' answer by stating each and every essential function of the Legal Secretary position.

<u>Interrogatory No. 6:</u>   Identify the person selected to replace Vanessa McFadden as Legal Secretary. Be sure to specify the replacement's race, disability/serious health condition status, and whether s/he engaged in prior protected activity.

>**Defendants' Objections**: requires them to inquire into whether employees have engaged in prior protected activity or whether employees are disabled or have a serious health condition.
>**Defendants' Answer** (in part): "…. Ms. McFadden was replaced by Melissa McKinney-Nqaroori."
>
>**Plaintiff's Response**: Defendants answer is glaringly incomplete. Defendants failed to provide Ms. McKinney-Nqaroori's race and any disability, serious health condition *known by the firm, its partners, or Ms. Riley-Jamison*. To answer this portion of the interrogatory, Defendants may, but need not contact Ms. Nqaroori, since the critical issues is whether the Defendants were aware of any disabling or serious health condition had by Ms. McKinney-Nqaroori or whether she engaged in protected activity. Plaintiff requires this information for purposes of establishing her *prima facie* burdens, among others. Please provide all of this information by way of supplement.

<u>Interrogatory No. 14:</u>   Identify and describe any and all communications (See Definition to include e-mails) between Margaret Riley-Jamison and any partner or manager of Ballard Spahr regarding Plaintiff's medical condition, **or** termination. Be sure to describe all such communications between Ms. Riley Jamison and any of the individuals identified in Defendants' Initial Rule 26(a)(1)(A) disclosure.

>**Defendants' Objections**: "overly broad", "not reasonably calculated to lead to the discovery of admissible evidence"
>**Defendants' Answer**: "See documents produced in response to Document Request No. 4."
>
>**Plaintiff's Response**: Both of the objections raised by the Defendants regarding this interrogatory are unsubstantiated and must be withdrawn. First, the interrogatory is not overly broad in that it is limited to communications held between one of the Defendants, Ms. Riley-Jamison and any firm partner or manager concerning two particular topics: a) Ms. McFadden's medical condition, and b) Ms. McFadden's termination. The interrogatory is narrow and specific. Second, Defendants' "not reasonably calculated to lead to the discovery of admissible evidence" objection is indefensible. Obviously, Ms. Riley-Jamison's conversations with a firm partner regarding Ms. McFadden's

2

termination may reveal the reasons and/or motives behind her firing. Similarly, Ms. Riley-Jamison may have conferred with other firm managers about Ms. McFadden's health and her perceptions about Ms. McFadden's ability to continue working, which may not only be relevant to establishing whether Ms. McFadden is a qualified individual with a disability but evince Ms. Riley-Jamison's animus toward individuals with physical limitations, as she has done in the past. All of this information would be probative to a judge and jury who are evaluating Ms. McFadden's discrimination claims. Third, Defendants' reference to documents does not sufficiently answer this interrogatory since it calls for Defendants to "[i]dentify and describe any and all communications," which would include conversations and any other forms of verbal communication. Please withdraw your objections and supplement your answer with the description of oral communications, as well.

Interrogatory No. 16: Identify and describe all vacant positions within Ballard Spahr between October 2003 and December 2004.

**Defendants' Objections**: "overly broad and not reasonably calculated to lead to the discovery of admissible evidence inasmuch as the interrogatory is not limited to Ballard Spahr's Washington D.C. office or to support staff positions.

**Plaintiff's Response**: As a compromise, Plaintiff will accept a supplemental answer identifying and describing all vacant support staff position within Ballard Spahr's Washington D.C. office between October 2003 and December 2004. If this is an acceptable compromise, please supplement. If not, please so advise.

Interrogatory No. 17: Describe in detail all leave and schedule modifications requested and received by any and all legal secretaries employed by Ballard Spahr (except Plaintiff) from January 1, 2002 through December 31, 2005. Please be sure to specify the date(s) of the leave, the identity of all participants in the decision to grant the leave request, and explain any and all reasons for the leave.

**Defendants' Objections**: "overly broad and unduly burdensome", "not limited to Ballard Spahr's Washington D.C. office and the time period is unreasonably broad."

**Plaintiff's Response**: Without an explanation of how this interrogatory is overly broad and unduly burdensome to answer, Plaintiff cannot adequately test the objections and Defendants waive these objections. *See e.g., Thompson v. HUD*, 219 FRD 93 (D.Md. 2003). As a compromise, Plaintiff will accept a supplemental answer, which is limited to Ballard Spahr's Washington D.C. office between January 1. 2002 and December 31, 2004, but which answers all other components of the interrogatory. If this is an acceptable compromise, please supplement. If not, please so advise.

Interrogatory No. 19:  Identify all formal discrimination complaints filed against Ballard Spahr wherein it is alleged that the Firm or any or all of its partners " FMLA"(sic) discriminated against the complaining party on any of the following basis: race, health condition (ADA or Family Medical Leave Act) or retaliation.  For each such complaint, identify the following: (a) the date of the complaint/charge; (b) names of Charging Party/Plaintiff; (c) bases of the complaint/charge; (d) issue(s) in the complaint/charge; and (e) status of complaint/charge (i.e., finding of discrimination, pending trial, settled, etc.).

**Defendants' Objections**: "overly broad, not limited to Ballard Spahr's D.C. office, vague and not reasonably calculated to lead to eh discovery of admissible evidence."  .
**Defendants' Answer** (in part): "…. Defendants state that from the time period 2002 through the present no complaints have been filed."

**Plaintiff's Response**:  Defendants unreasonably limit their response to the years 2002 to present.  As you know, knowledge, motive and intent are central legal questions presented in this and many discrimination and retaliation cases.  To the extent that there exist other discrimination complaints, which contain evidence that shows that Ballard Spahr, Ms. Riley-Jamison, or any individual involved in the decisional processes at issue in the case has a racial or disability bias; or that these parties treated other members of Ms. McFadden's class in a similar manner; or that there was a finding that any of the aforementioned committed race or disability discrimination in employment *since the firm's inception* - this information is directly relevant to whether these parties committed unlawful, discriminatory acts here.  Rule 404(b) of the Federal Rules of Evidence permits the introduction of prior bad acts to establish motive, knowledge or intent. As a compromise, Plaintiff will modify her Interrogatory as follows:  Identify all formal discrimination complaints filed against Ballard Spahr wherein it is alleged that the Firm, Ms. Riley-Jamison, Charles Henck, Allan Winn, John DiBattista, Wendy Iverson, Fern Forman, or any of the individuals involved in the firm's decisions regarding Ms. McFadden's FMLA leave and continued employment/termination, on any of the following basis: race, health condition (ADA or Family Medical Leave Act) or retaliation.  For each such complaint, identify the following: (a) the date of the complaint/charge; (b) names of Charging Party/Plaintiff; (c) bases of the complaint/charge; (d) issue(s) in the complaint/charge; and (e) status of complaint/charge (i.e., finding of discrimination, pending trial, settled, etc.). If Defendants accept this proposed compromise, please supplement.  If not, please so advise.

Interrogatory No. 20:  Identify and describe all Family and Medical Leave Act leave provided by Ballard Spahr to any of its employees between the years 2002 and 2004.  Please be sure to include the following: a) date(s) of the leave; b) identity of the employee who received the leave; c) identity of the individual who approved the leave; d) whether medical verification was requested and/or received; and e) the reason(s) for the leave.

4

**Defendants' Objections**: "overly broad", "not limited to Ballard Spahr's Washington D.C. office and the time period is unreasonably broad," "not reasonably calculated to lead to the discovery of admissible evidence."
**Defendants' Answer**: No answer provided

**Plaintiff's Response**: Contrary to Defendant's objection, this request is not overly broad, but calls for production of information that the Defendant firm should already have compiled and maintained as mandated by FMLA regulations. See 29 C.F.R. § 825.500. This interrogatory is not limited to the firm's Washington D.C. office, nor should it be. Fern Forman, from the firm's Philadelphia office, was intimately involved in decisions concerning Ms. McFadden's FMLA leave; therefore, at a minimum, the information produced should cover both offices. Yet, if Ms. Forman made FMLA decisions on the firm's behalf for additional Ballard Spahr's offices, information for these offices should be provided as well. This is particularly important and indeed, directly relevant to Ms. McFadden's race discrimination claim, which alleges that she was denied her full entitlement of FMLA leave due to her race; therefore, she would need this information for making comparisons in treatment. Lacking justification for their assertion, please withdraw these objections and provide a full and complete answer to this interrogatory forthwith.

<u>Interrogatory No. 22:</u> Identify each and every legal secretary employed by Ballard Spahr from the year 2002- to present (per Definition K above).

**Defendants' Objections**: "overly broad", "not limited to Ballard Spahr's Washington D.C. office," "not reasonably calculated to lead to the discovery of admissible evidence."
**Defendants' Answer**: No answer provided

**Plaintiff's Response**: Ms. McFadden is entitled to receive information on the scope of her comparables for purposes of identifying potential witnesses and evidence of disparate treatment, among others. Plaintiff does not agree that this interrogatory is overly broad, since it specifically designates a class of employees and the relevant time period. She further disagrees that this request should be limited to the Washington, D.C. office (for which the Defendants did not provide information, in any event); but rather encompasses both the D.C. and Philadelphia offices for the reasons stated above. As a compromise, Plaintiff will accept an answer, which identifies each and every legal secretary employed by Ballard Spahr in its Washington D.C. and Philadelphia offices from the year 2002 to present (per Definition K above). If Defendants accept this proposed compromise, please provide such an answer. If not, please so advise.

<u>Interrogatory No. 23:</u> Identify each and every reasonable accommodation provided by Ballard Spahr to an employee of the Firm due to medical reasons. Please be sure to include: a) date(s) of the accommodation; b) name of the employee who received the

5

accommodation; c) identity of the person(s) who approved the accommodation; d) whether medical verification was requested and/or received; and e) the reason(s) for the accommodation.

**Defendants' Objections**: "overly broad", "not limited to Ballard Spahr's Washington D.C. office and not reasonably calculated to lead to the discovery of admissible evidence." "The information requested also is confidential information under Federal law."

**Plaintiff's Response**:  Because Ms. McFadden contends that she was denied a reasonable accommodation for her disabling conditions due to her race and for engaging in protected activity, she is entitled to information regarding other instances where the firm granted reasonable accommodation.  This information is plainly relevant and would be admissible evidence.  Moreover, without an explanation from Defendants regarding how it considers this interrogatory to be overly broad, Plaintiff cannot adequately test the objection or respond to it; consequently, the objection is waived.  Defendants also fail to identify the "federal law" it claims prohibits the disclosure of reasonable accommodation information.  Please identify this purported statute and how the Defendants believe it permits them to withhold the data requested.  If Defendants are referring to the Health Insurance Portability and Accountability Act, employers are not "covered entities" under the statute; thus, this law does not preclude the Defendants from answering this interrogatory.  Defendants must, therefore, withdraw their objections and provide an answer.

## Defendants' Objections and Responses to Plaintiff's First Request for the Production of Documents

Request No. 8:  All documents relating to any proposed or actual termination of any member of the Firm's support staff between the years 2003 and present.

**Defendants' Objections**: "overly broad", "not limited to Ballard Spahr's Washington D.C. office", not reasonably calculated to lead to the discovery of admissible evidence", "vague", "unduly burdensome" and protected by the attorney-client and work product privileges.
**Defendants' Response**: documents produced regarding Plaintiff.

**Plaintiff's Response**: This document request is aimed at uncovering evidence relating to  the discharge of employees from the Defendant firm.  Plaintiff alleges that her termination was motivated, in whole or in part, by her race, disability, and protected activity and that her discharge amounts to disparate treatment.  In order to compare and contrast her termination with other similarly-situated employees, she seeks the documents requested; thus, Defendants' production of a handful of documents relating to Ms. McFadden's termination is wholly inadequate and unresponsive.  This request is sufficiently precise and reasonably tailored, not vague or overly broad, in that it is limited in scope to support state and for terminations occurring between the year 2003 and present.  Since the Defendants have not

identified or explained how producing the documents requested would be unduly burdensome, this objection is waived. *Infra*. If Ms. McFadden's termination decision was only considered and determined by individuals in the firm's Washington, D.C. office, she agrees to limit her request to that office; however, if other firm members or employees who work in offices other than the D.C. office and participated in the termination decision, her request would cover those particular offices as well. Please advise and/or supplement this request accordingly.

<u>Request No. 11</u>:   All records that relate to any medical-related absences taken by support staff at Ballard Spahr, including but not limited to leave taken by Janet Craig, Elaine Wilber, and/or Kathy Hanna.

**Defendants' Objections**: "overly broad", "not limited to Ballard Spahr's Washington D.C. office", not reasonably calculated to lead to the discovery of admissible evidence", "vague", "unduly burdensome"
**Defendants' Response**: No documents produced.

**Plaintiff's Response**: As an initial matter, Defendants' failure to provide documents relating to the individuals specifically named in the request is indefensible. These individuals are or were Caucasian support staff personnel in the firm's Washington D.C. office who were employed by the firm at the same time of Ms. McFadden's employment and received accommodations for medical illnesses of their own or their family members. They are appropriate comparators and documents relating to their leave are clearly appropriate in discovery. For the reasons discussed above, the leave and attendance records belonging to support staff in the firm's Washington D.C. and Philadelphia offices are directly relevant to Ms. McFadden's claims of failure to accommodate and disparate treatment in leave and leave procedures. The request is not overbroad, or vague but clearly honed and precise. Again, Defendants waive their unduly burdensome objection because they have failed to specify how producing the documents would cause an undue burden. *Infra*. Please produce the documents requested.

<u>Request No. 14</u>:   All documents relating to any proposed or actual schedule modification provided to a non-attorney employee of Ballard Spahr between January 1, 2003 through December 2004.

**Defendants' Objection**: "overly broad", "not limited to Ballard Spahr's Washington D.C. office", not reasonably calculated to lead to the discovery of admissible evidence", "vague", "unduly burdensome", violates privacy and information requested is confidential under Federal law.
**Defendants' Response**: No documents produced.

**Plaintiff's Response**: Documents requested are relevant and could lead to the discovery

7

of admissible evidence as it relates to Ms. McFadden's claim of disability discrimination and race/disability/retaliatory disparate treatment when she was harassed about her limited modified schedule and was denied FMLA leave. The request is not overly broad, or vague but clearly honed and precise. Again, Defendants waive their unduly burdensome objection because they have failed to specify how producing the documents would cause an undue burden. Also, Defendants failed to cite to any statutory or common law authority which empowers them to withhold the documents requested pursuant to a "privacy" or "confidential" privilege. Please state with particularity the basis of this objection so that Plaintiff can adequately respond, if Defendants intend to maintain this vague objection. Finally, for the reasons discussed above, schedule modifications granted to support staff personnel in the firm's Washington D.C. and Philadelphia offices are directly relevant to Ms. McFadden's claims This geographic change is the only modification Ms. McFadden proposes for this document request. If Defendants accept this proposed compromise, please produce responsive documents in accordance with this modification. If not, please so advise.

Request No. 15:    All documents relied upon in evaluating Vanessa McFadden's requests for reasonable accommodation.

**Defendants' Objections**. "vague" and "predicated upon the assumption that Ms. McFadden requested a reasonable accommodation"
**Defendants' Response:** No documents produced.

**Plaintiff's Response**: If it is Defendants' contention that Ms. McFadden did not requeste a reasonable accommodation of any sort, please so state. If, on the other hand, the Defendants admit that Ms. McFadden requested one or more reasonable accommodations, simply provide any documents the Defendants considered when responding to such requests. We await your supplemental response.

Request No. 16:    All documents which relate to, reference, or concern the selection of the person to replace Vanessa McFadden.

**Defendants' Objection**: Invades the privacy of the replacement
**Defendants' Response:** No documents produced.

**Plaintiff's Response**: Again, Defendants failed to cite to any statute or common law privilege that permits them to withhold documents in their possession relating to Ms. McKinney-Nqaroori, Ms. McFadden's replacement, particularly when information regarding her membership in protected classes is significant, as well as her qualifications and means in which she was hired, which may shed some light on Defendants' motive(s). Defendants' failure to produce any documents based on such a vague and baseless privacy objection is unjustifiable. Please withdraw the objection and produce all responsive documents.

<u>Request No. 17</u>:   The professional calendars for calendar years 2002-2004 (including electronically created or stored calendars) of the following individuals:

    (a) Charles Henck;

    (b) Allan Winn; and

    (c) Margaret Riley-Jamison.

**Defendants' Objection**: "overly broad", not reasonably calculated to lead to the discovery of admissible evidence, protected by attorney-client privilege, and violates the privacy of "non-parties"
**Defendants' Response**: No documents produced.

**Plaintiff's Response**: This request is by no means overly broad since it specifies the three individuals whose professional calendars are requested. It is reasonably calculated to lead to the discovery of admissible evidence as these calendars may chronicle Ms. McFadden's and other similarly-situated employees' attendance, signify when and with whom meetings were held regarding leave, accommodation, and retention issues as it pertains to Ms. McFadden and/or other support staff personnel. And once more, Defendants launch the vague and unheard-of objection of "privacy". Consistently, Defendants fail to cite to any statutory or common law authority which empowers them to withhold the documents requested pursuant to "privacy". If Defendants intend to maintain this objection, please explain with particularity the basis of this objection so that Plaintiff can adequately respond, otherwise Plaintiff expects it to be withdrawn and responsive documents produced.

<u>Request No. 21</u>:   For each termination identified in response to Interrogatory Nos. <u>12 and 13</u>, provide all documents relating to the discharge action.

**Defendants' Objection**: "overly broad", "not limited to Ballard Spahr's Washington D.C. office", not reasonably calculated to lead to the discovery of admissible evidence", "vague", "unduly burdensome", violates privacy of non-parties and protected by attorney-client and work product privileges.
**Defendants' Response**: No documents produced.

**Plaintiff's Response**: Because Ms. McFadden alleges unlawful discharge on the theory of discriminatory, disparate treatment, this request is certainly reasonably calculated to lead to the discovery of admissible evidence. It is not overly broad, particularly in light of Defendants Answers to Interrogatory Nos. 12 and 13 that identified only six

9

terminations at issue. Defendants must withdraw this objection. Plaintiff directs Defendants to Definition H for a precise definition of "relate to", if this is the basis of their "vague" objection. If not, please explain the basis of your objection. Yet again, Defendants waive their unduly burdensome objection because they have failed to specify how producing the documents would cause an undue burden. *Infra*. Defendants once more fail to cite to any statutory or common law authority which authorizes them to withhold the documents requested pursuant to a "privacy" of non-parties, particularly when there is a pending civil action. Please state with particularity the basis of this objection so that Plaintiff can adequately respond, if Defendants intend to maintain this vague objection. We await your response.

Request No. 26:    Any and all documents identifying, describing, referencing or relating to the demographics of Ballard Spahr's personnel, by disability, race and protected activity, employed in the years 2002 or 2003 or 2004.

**Defendants' Objection**: "overly broad", "not limited to Ballard Spahr's Washington D.C. office", not reasonably calculated to lead to the discovery of admissible evidence", "vague", "unduly burdensome"
**Defendants' Response**: No documents produced.

**Plaintiff's Response**: This request is clear. Plaintiff requests any documents which contain data regarding the demographic make up of the Defendant Firm. It is not overly broad but appropriately limits the data to the years 2002-2004 and specifies the particular type of demographics sought. The request is reasonably calculated to lead to the discovery of admissible evidence as statistical information is probative in intentional discrimination cases, s*ee Minority Employees at NASA v. Beggs*, 723 F.2d 958, 962 (D.C. Cir. 1983); as are patterns of retention, *Stella v. Mineta*, 284 F.3d 135, 145 (D.C. Cir. 2000). Defendants' un-explained unduly-burdensome objection is waived. *Infra*. Lastly, for the reasons discussed above, demographic data of the firm's Washington D.C. and Philadelphia offices are directly relevant to Ms. McFadden's claims of disparate treatment committed by discriminating officials who worked in these offices. Ms. McFadden proposes to only modify this request to the Washington D.C. and Philadelphia offices. All other aspects of the request remain the same. If Defendants accept this proposed compromise, please produce responsive documents in accordance with this modification. If not, please so advise.

Request Nos. 3-5, 12, 13, 18, 19, 20, 25, 27, and 28:    See First Request for Production of Documents.

**Plaintiff's Response**: Please advise if Defendants are withholding any documents pursuant to objections stated in response to these document production requests that have not been delineated in the Defendant's privilege log.

Please provide Defendants' response to these matters as soon as practicable, but no later

than 10:00 am on October 31, 2006, if the depositions will go forward as noted and discovery is not extended.  If, however, discovery is extended, please respond within 14 days.

                                      Very truly yours,

                                      Teresa W. Murray