



ATTORNEYS AT LAW    PC

BERNARD J. DIMURO
NINA J. GINSBERG
JONATHAN R. MOOK
JOHN M. TRAN
MICHAEL E. BARNSBACK
HILLARY J. COLLYER
JENNIFER S. KESSLER
STEPHEN J. STINE

MICHAEL S. LIEBERMAN,
OF COUNSEL

October 31, 2006

**Via Facsimile & Mail**
Teresa W. Murray, Esquire
The Law Offices of T.W. Murray, LLC
1111 Bonifant Street
Silver Spring, Maryland 20910-3310

Re:   *Vanessa A. McFadden v. Ballard Spahr Andrews & Ingersoll, LLP, et al.*
      Civil Action No.: 1:05CV02401 (RJL)

Dear Ms. Murray:

I am writing in response to your letter of October 25, 2006, regarding Defendants' discovery responses, which were served on August 14, 2006. Defendants address below the points raised in your letter.

**Interrogatories**

You contend that the response to Interrogatory No. 1 is inadequate as the Defendants do not list the functions of a legal secretary, but instead refer you to pages in the document production containing a job description. The Defendants could list the identical functions in response to the Interrogatory, but it would be a repeat of the contents of the job description referred to. If you want Defendants to go through this exercise, please let me know.

The Defendants will supplement Interrogatory No. 6 with information on Ms. McKinney-Nqaroori.

You contend that Interrogatory No. 14 is not overly broad and reasonably calculated to lead to the discovery of admissible evidence. In contrast to you contention, the interrogatory asks for communications between Margaret Riley-Jamison and every partner or manager of Ballard Spahr and every person listed in the Defendants' Initial Rule 26(a)(1)(A) disclosures. There is no limitation as to the time period and the interrogatory also calls for attorney-client privileged communications. This is overly broad.



   With respect to Interrogatory No. 16, Defendants are willing to provide a list of vacant receptionist positions in the Washington D.C. office between October 2003 and May 2004, if this is an acceptable compromise. As Ms. McFadden has asserted that she could not perform the position of legal secretary, a list of vacant positions for legal secretaries is irrelevant.

   With respect to Interrogatory No. 17, Defendants' existing objection contains a more than sufficient description of the interrogatory's over breadth. The interrogatory is not limited to the Washington D.C. office and the time period is overbroad. Additionally, it requires Defendants to reveal extensive information about the health conditions and personal information of other employees, which is confidential.

   With respect to Interrogatory No. 19, Defendants do not agree to your compromise inasmuch as there is no time limitation whatsoever and Plaintiff seeks information, as you state, "since the firm's [i.e., Ballard Spahr's] inception," which was in 1886. Defendants reiterate that since 2002, no complaints have been filed.

   With respect to Interrogatory No. 20, the request is overly broad in time period and not limited to the Washington D.C. office. Ms. McFadden's employing unit is the Washington D.C. office, Hence, information about other offices is irrelevant. Moreover, Defendants strongly object to providing confidential information about other employees.

   With respect to Interrogatory No. 22, the request is overly broad in time period and not limited to the Washington D.C. office. As noted above, Ms. McFadden's employing unit is the Washington D.C. office. Information from other offices is irrelevant. Providing a list of legal secretaries also has no relevance to this action. Moreover, Defendants do not maintain all of the information requested by Definition K and do not consent to providing this confidential and private information of other employees to Ms. McFadden.

   With respect to Interrogatory No. 23, the request is overly broad in time period and not limited to the Washington D.C. office. Because Ms. McFadden's employing unit is the Washington D.C. office, information from other offices is irrelevant and Defendants strongly object to providing the private information of other employees. With respect to the federal law, the FMLA requires that such information be kept confidential. In addition, Ballard Spahr receives private health information from covered entities under HIPPA and must maintain the confidentiality of the information. Employers have standing to assert employees' privacy. See, e.g. *United States v. Westinghouse Corp.*, 638 F. 2d 570 (3$^d$ Cir. 1980).



**Document Requests**

With respect to Document Request No. 8, Ms. McFadden has requested termination information for every member of Ballard Spahr's support staff from 2003 through the present. On its face this request is overbroad. As the Washington D.C. office was Ms. McFadden employing unit, no information outside that office is relevant. In addition, the request is not limited to similarly situated employees, that is to say employees who were on disability leave before termination. Employees who were terminated for performance problems, job elimination, or other reasons are not similarly situated to Ms. McFadden.

With respect to Request No. 11, Ballard Spahr objects to providing the private health-related information of other employees to Ms. McFadden. The request is overly broad as it requests <u>all</u> records relating to medical-related absences, not just records of those absences.

With respect to Request No. 14, the request is overly broad as it is not limited to the Washington D.C. office, Ms. McFadden's employing unit. It also seeks private information from other employees. Ballard Spahr does not agree to provide unlimited information about schedule modification provided for other employees or information from offices other than the Washington D.C. office.

With respect to Request No. 15, all records about Ms. McFadden's leave already have been provided. Additionally, the ADA policy has been provided. Ms. McFadden did not make a formal request for a "reasonable accommodation." She did request leave, which was granted.

In Request No. 16, Plaintiff seeks all documents that refer or relate to the selection of Ms. McFadden's replacement. This request would include private information of an employee, for which you have made no assurances of privacy. Therefore, Ballard Spahr cannot release the information.

In Request No. 17, Plaintiff requests the professional calendars for 2002-2004 for Charles Henck, Alan Winn and Ms. Riley-Jamison. The professional calendars of Mr. Henck and Mr. Winn contain information on Ballard Spahr's clients that is protected by attorney-client privilege. All three calendars may contain information relating to physician's appointments and the personal lives of these individuals. All of this information is irrelevant. Defendants would agree to produce any calendar entries referencing Ms. McFadden. Let me know if Plaintiff will limit the document request in



this regard.

With respect to Request No. 21, see the above comments on Interrogatories Nos. 12 and 13.

With respect to Request No. 26, Defendants object to any information regarding employees outside the Washington D.C. office. The request for any and all documents identifying, referencing or relating to demographics also is overbroad. The information requested is far beyond the statistical report.

As to your concerns relating to Document Request Nos. 3-5, 12, 13, 18, 19, 20, 25, 27, and 28, your letter provides no indication of the problem with the response. Please explain your concerns so that they can be addressed.

If you wish to discuss these issues in more detail, you may contact my partner, Ben DiMuro.

Very truly yours,

Jonathan R. Mook
bb
Jonathan R. Mook

JRM/bb