UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VANESSA A. McFADDEN,<br><br>Plaintiff,<br><br>v.<br><br>BALLARD SPAHR ANDREWS<br>and INGERSOLL, LLP, *et al.*,<br><br>Defendants. | Civil Action No. 1:05cv2401<br>Judge Richard J. Leon |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants, Ballard Spahr Andrews & Ingersoll, LLP ("Ballard Spahr") *et al.* hereby respond to Plaintiff's First Request for Production of Documents as follows:

**Objections to Definitions and Instructions**

1. Defendants object to Instruction No. 1 in that they are being asked to produce information covered by attorney-client or work product privilege.

2. Defendants object to Definition (k) as overbroad and violating the privacy rights of other non-parties.

3. Defendants object to Definition (o) as overbroad, imposing requirements beyond the Federal Rules of Civil Procedure and violating attorney-client and work product privilege.

4. Defendants object to Definition (p) as overbroad and imposing requirements beyond the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

REQUEST NO. 1

All documents identified, used, referenced, referred to, and/or relied upon in responding to the above interrogatories, labeling each one as to the interrogatory to which it responds, and indexing those documents with a table of contents.

OBJECTION: Defendants object to the extent that the document requests puts burdens on the Defendants beyond what is required in the Federal Rules of Civil Procedure and to create an index and table of contents for plaintiff.

REQUEST NO. 2

Any and all Firm policies, practices, guidelines, and manuals that relate to leaves of absences for health-related reasons that were applicable to Plaintiff during her employment with Ballard Spahr.

RESPONSE: See Ballard 01358-01373.

REQUEST NO. 3

All communications (See Definition I, including emails) between and/or among Charles Henck and any employee or partner of Ballard Spahr (including Plaintiff) relating to Vanessa McFadden in any of the following respects: a) her husband's medical condition and/or certification thereof; b) reasonable accommodation of Ms. McFadden; c) proposal and/or decision to terminate Ms. McFadden; d) her complaints of mistreatment and/or discrimination; e) Ms. McFadden's job duties and/or responsibilities; and f) her leave or attendance.

2

OBJECTION: Defendants object that this request is overly broad, not limited to Ballard Spahr's D.C. office, vague, unduly burdensome, not reasonably calculated to lead to the discovery of relevant evidence and seeks information protected by attorney-client and work product privilege.

RESPONSE: Notwithstanding or waiving this objection, see Ballard 00001, 00006-7, 00012, 00020, 00020, 00028, 00046-8, 00159-00163, 00477-9, 00481-00506, 00525-00562, 00571-00580, 00585-00597, 00600, 00603-00629, 00649-00671, 00673-00696, 00704-7, 00714-5, 00738-00742, 00757-00762, 00766, 00789, 00804-6, 00810-00870, 00874-00890, 00892-01002, 01024-01033, 01309-01319, 01320-01350.

REQUEST NO. 4

All communications (See Definition 2, including emails) between and/or among Margaret Riley-Jamison and any employee or partner of Ballard Spahr (including Plaintiff) relating to Vanessa McFadden in any of the following respects: a) her husband's medical condition and/or certification thereof; b) reasonable accommodation of Ms. McFadden; c) proposal and/or decision to terminate Ms. McFadden; d) her complaints of mistreatment and/or discrimination; e) Ms. McFadden's job duties and/or responsibilities; and f) her leave or attendance.

OBJECTION: Defendants object that this request is overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of relevant evidence and seeks information protected by attorney-client and work product privilege.

3

RESPONSE:  Notwithstanding or waiving this objection, see Ballard 00012, 00503-4, 00541, 00544, 00597-00562, 00578-00580, 00600, 00617-00620, 00686-7, 01309-01319, 01320-01350.

REQUEST NO. 5

All communications (See Definition I, including emails) between and/or among Wendy Iversen and any employee or partner of Ballard Spahr (including Plaintiff) relating to Vanessa McFadden in any of the following respects: a) her husband's medical condition and/or certification thereof; b) reasonable accommodation of Ms. McFadden; c) proposal and/or decision to terminate Ms. McFadden; d) her complaints of mistreatment and/or discrimination; e) Ms. McFadden's job duties and/or responsibilities; and f) her leave or attendance.

OBJECTION:  Defendants object that this request is overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of relevant evidence and seeks information protected by attorney-client and work product privilege.

RESPONSE:  Notwithstanding or waiving this objection, see Ballard 00024, 00292, 00542, 00545, 00548-00553, 00555-9, 00617-8, 01320-01350.

REQUEST NO. 6

Any and all policies, practices, guidelines, and manuals regarding reasonable accommodation of employees with actual, perceived or recorded disabilities at Ballard Spahr.

RESPONSE:  See Ballard 01358-01373.

4

REQUEST NO. 7

All documents which refer or relate to the Firm's procedures available to employees who wish to take FMLA leave.

RESPONSE:   See Ballard 00021, 00603-6, 00609, 01358-01373.

REQUEST NO. 8

All documents relating to any proposed or actual termination of any member of the Firm's support staff between the years 2003 and present.

OBJECTION: Defendants object that this request is overly broad, not limited to Ballard Spahr's D.C. office, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks information protected by attorney-client and work product privilege.

RESPONSE:   Notwithstanding or waiving this objection, see Ballard 00001, 00046, 00607-8 for documents relating to the termination of Plaintiff.

REQUEST NO. 9

Any and all documents, which relate to the Receptionist position and/or its essential functions, including, but not limited to, its position description, performance standards, and vacancy announcements.

RESPONSE:   See Ballard 01351-3.

REQUEST NO. 10

5

All personnel, human resources, and disciplinary files of Vanessa McFadden, including all files containing records of Ms. McFadden's medical condition and/or history.

RESPONSE:   See Ballard 00001-01033.

REQUEST NO. 11

All records that relate to any medical-related absences taken by support staff at Ballard Spahr, including but not limited to leave taken by Janet Craig, Elaine Wilber and/or Kathy Hanna.

OBJECTION: Defendants object that this request is overly broad, not limited to Ballard Spahr's D.C. office, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object that this request violates the privacy of other non-parties and the information requested is confidential under Federal law.

REQUEST NO. 12

The position descriptions of all non-attorney employees of Ballard Spahr.

OBJECTION: Defendants object that this request is overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE:   Notwithstanding or waiving this objection, see Ballard 01351-7.

REQUEST NO. 13

6

All documents relating to, relied upon, considered, or reviewed by Ballard Spahr when considering and deciding to terminate Ms. McFadden.

OBJECTION: Defendants object that this request is overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE: Notwithstanding or waiving this objection, see Ballard 00046-8, 00578-00580. See also documents produced in response to Request No. 8.

REQUEST NO. 14

All documents relating to any proposed or actual schedule modification provided to a non-attorney employee of Ballard Spahr between January 1, 2003 through December 2004.

OBJECTION: Defendants object that this request is overly broad, not limited to Ballard Spahr's D.C. office, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request violates the privacy interests of other non-parties and violates Federal law.

REQUEST NO. 15

All documents relied upon in evaluating Vanessa McFadden's request for reasonable accommodation.

OBJECTION: Defendants object that this request is vague and is predicated upon the assumption that Ms. McFadden requested "reasonable accommodation."

REQUEST NO. 16

7

All documents which relate to, reference, or concern the selection of the person to replace Vanessa McFadden.

OBJECTION: Defendants object that this document requests violates the privacy of other non-parties.

REQUEST NO. 17

The professional calendars for calendar years 2002-2004 (including electronically created or stored calendars) of the following individuals:

 a. Charles Henck;

 b. Allan Winn; and

 c. Margaret Riley-Jamison.

OBJECTION: Defendants object that this request is overly broad, not reasonably calculated to lead to the discovery of admissible evidence and seeks information protected by the attorney-client privilege. Defendants also object that this request violates the privacy of non-parties.

REQUEST NO. 18

All communications (See Definition I, including emails) concerning Vanessa McFadden in any respect, had between and/or among each and any of the following persons between October 2003 and May 2004:

 a. Charles Henck;

 b. Wendy Iversen;

    c.    Janet Craig;

    d.    Allan Winn; and

    e.    Margaret Riley-Jamison.

OBJECTION: Defendants object that this request is overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE: Notwithstanding or waiving this objection, see documents produced in response to Request Nos. 3-5.

## REQUEST NO. 19

Every statement and every draft of every statement given by any individual relating in any aspect to the allegations contained in the Complaint.

OBJECTION: Defendants object that this request is overly broad, vague, not reasonably calculated to lead to the discovery of admissible evidence and seeks information protected by attorney-client and work product privilege.

RESPONSE: Notwithstanding or waiving this objection, see documents produced at EEOC 34-54, 143

## REQUEST NO. 20

All documents (See Definition J) that have not otherwise been produced, relating in any aspect to the allegations contained in the Complaint in the control and/or possession of Ballard Spahr, including but not limited to such documents in the possession of the following individuals:

9

    a.    Charles Henck;

    b.    Wendy Iversen;

    c.    Janet Craig;

    d.    Allan Winn; and

    e.    Margaret Riley-Jamison.

OBJECTION: Defendants object that this request is overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of relevant evidence and seeks information protected by attorney-client and work product privilege

RESPONSE: See Ballard 00001-01410, EEOC 1-211.

## REQUEST NO. 21

For each termination identified in response to Interrogatory Nos. 12 and 13, provide all documents relating to the discharge action.

OBJECTION: Defendants object that this request is overly broad, not limited to Ballard Spahr's D.C. office, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks information protected by attorney-client and work product privilege. Defendants also object that this request violates the privacy of non-parties.

## REQUEST NO. 23

All documents relating to any formal or informal complaint or charge of discrimination against Ballard Spahr or any of its managers or partners.

10

OBJECTION: Defendants object that this request is overly broad, not limited to Ballard Spahr's D.C. office, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks information protected by attorney-client and work product privilege. Defendants also object that this request violates the privacy of non-parties.

RESPONSE: Without waiving their objections, Defendants state that from 2002 through the present not complaints of discrimination have been filed, except that of Plaintiff, and, hence, no documents exist.

REQUEST NO. 25

All notes, electronic mail, investigations, comments (formal and informal), letters, memoranda, records of conversations, meeting dates, voice mail messages, and any other documents which Ballard Spahr possesses regarding or relating to the Complaint, including any relating to Defendants' defenses.

OBJECTION: Defendants object that this request is overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of relevant evidence and seeks information protected by attorney-client and work product privilege.

RESPONSE: See Documents produced in response to Request Nos. 1-30 and documents produced by EEOC, EEOC 1-211.

REQUEST NO. 26

Any and all documents identifying, describing, referencing or relating to the

11

demographics of Ballard Spahr's personnel, by disability, race and protected activity, employed in the years 2002 or 2003 or 2004.

OBJECTION: Defendants object that this request is overly broad, not limited to Ballard Spahr's D.C. office, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 27

Any and all documents, which delineate, describe, summarize reference or calculate Plaintiff's leave (whether vacation, sick, FMLA, etc.) between January 2003 and May 2004.

OBJECTION: Defendants object that this request is overly broad, not limited to Ballard Spahr's D.C. office, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks information protected by attorney-client and work product privilege.

RESPONSE: Notwithstanding or waiving this objection, see Ballard 00012, 00050-3, 00159-00163, 00266-00275, 00296-00299, 00562-00564, 00598-00599, 00600-6, 01299-01308.

REQUEST NO. 28

Any and all communications between/with/to/from any partner or manager of Ballard Spahr and Vanessa McFadden regarding her leave, attendance, disability, or reasonable accommodation thereof, that has not already been produced by Ballard Spahr.

OBJECTION: Defendants object that this request is overly broad, vague, and not reasonably

12

calculated to lead to the discovery of admissible evidence.

RESPONSE: Notwithstanding or waiving this objection, see Ballard 00006-7, 00012, 00020, 00159-00163, 00296-00299, 00525, 00562-00564, 00609-00611, 00614-6, 00622-9.

REQUEST NO. 29

Any and all documents relating to Vanessa McFadden's medical condition possessed by Ballard Spahr that has not already been produced.

RESPONSE: See Ballard 00206-8, 00213-7, 00234, 00238-00240, 00259, 00365, 00508-00518, 00538-00540, 00630-00648. As part of this litigation, Defendants have requested by discovery and via subpoena complete medical records for Ms. McFadden. As such documents are received, they will be produced.

REQUEST NO. 30

Any and all documents relating to Cornelius McFadden's medical condition possessed by Ballard Spahr.

RESPONSE: See Ballard 01035-01295 for all documents relating to Cornelius McFadden possessed by Ballard Spahr.

13

Respectfully submitted,

Ballard Spahr Andrews & Ingersoll, LLP, *et al.*
By counsel

_____
Bernard J. DiMuro, Esq. (D.C. Bar #393020)
Jonathan R. Mook, Esq. (D.C. Bar #929406)
DiMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via mail this 14th day of August, 2006 to the following:

Teresa W. Murray, Esq.
The Law Offices of T.W. Murray, LLC
1111 Bonifant Street
Silver Spring, Maryland 20920
*Counsel for Plaintiff*

_____
Jonathan R. Mook