## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Vanessa A. McFadden, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV02401 (RJL/JMF) |
| ) | |
| Ballard Spahr Andrews and ) | |
| Ingersoll, LLP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendants, Ballard Spahr Andrews & Ingersoll LLP and Margaret Riley-Jamison, by counsel, hereby submit their opposition to the motion to compel filed by Plaintiff, Vanessa McFadden.

### I.    Introduction and Statement of Facts

In this case, Plaintiff, a former legal secretary employed by Defendant Ballard Spahr for approximately 15 years, contends that Defendants engaged in disability and race discrimination, violated the Family and Medical Leave Act, and retaliated against her. Plaintiff was terminated from Ballard Spahr's employ in May, 2004, after having been on FMLA and non-FMLA leave since October, 2003. At the time of her termination, Defendants contend they offered Plaintiff a position to return to work, but Plaintiff informed them that she was unable to work due to her disability. Plaintiff acknowledges that Ballard Spahr offered her a position as a word processor, which she could not perform, but contends she requested an alternate position as a receptionist, which contention Defendants have denied.

Plaintiff propounded interrogatories, requests for admission, and document requests on

Defendants by telefax on July 13, 2006. Defendants timely responded on August 14, 2006, with objections and answers. Plaintiff did not complain about any deficiencies in Defendants' production until she sent a letter on October 25, 2006, six days before the close of discovery. Defendants responded to the letter and disputed the alleged deficiencies. In the meantime, on the last day of discovery, October 31, 2006, Plaintiff deposed Defendant Margaret Riley-Jamison; Janet Craig, an employee of Ballard Spahr; and Charles Henck, a partner of Ballard Spahr. At the depositions, Plaintiff received answers to a number of the questions that are the subject of her present motion to compel.

## II.     Legal Argument

In her motion to compel, Plaintiff argues that Defendants should be required to supplement their responses to Interrogatory Nos. 1, 6, 14, 16, 17, 20, 22, and 23 and Document Request Nos. 8, 11, 14, 16, 21, and 26 because those responses purportedly are deficient. This argument is untimely and inaccurate for the reasons below.[1]

### A.     Plaintiff's Motion to Compel Is Untimely

Discovery in this matter closed on October 31, 2006. Now, over two months later, Plaintiff has filed a motion to compel. This motion is untimely because it was filed after the discovery

---

[1]     Plaintiff's motion also was filed without a reasonable effort to confer with Defendants' counsel. As Plaintiff acknowledges on page 2 of her motion to compel, she made no effort to obtain supplemental discovery and made no complaints about discovery until October 25, 2006, over two months after Defendants' discovery responses were served and just before the discovery deadline, when Plaintiff sent a letter claiming that the responses were inadequate. Defendants promptly responded to Plaintiff's letter on October 31, 2006, disputing the deficiencies alleged by Plaintiff. Defendant received no response to this letter, and Plaintiff made no further attempts to confer before bringing her motion over two months after Defendants' October 31 letter was sent. The Federal Rules of Civil Procedure and the local rules require parties to meet and confer before filing discovery motions. Plaintiff failed to comply with this obligation.

deadline.  See, e.g. *Williams v. Glickman*, 1996 U.S. Dist. LEXIS 6801, \*4 (D. D.C. May 17, 1996) (motion to compel discovery was untimely because it was filed four days after the discovery cutoff and four months after the movant first raised the disputed issues); *Material  Supply International, Inc. v. Sunmatch Industries Co.*, 331 U.S. App. D.C. 42 (D.C. App. 1998); *Stella v. Mineta*, 231 F.R.D. 44, 48 (D.D.C. 2005) (noting that additional discovery had earlier been denied on motion to compel filed five months after the close of discovery). Discovery deadlines are intended to ensure efficient progress in a lawsuit and counsel are expected to abide by them. *Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999).

Plaintiff has provided no explanation as to why she delayed so long after the close of discovery  to file a motion to compel, and there can be no excuse. Plaintiff received Defendants' discovery responses on August 14, 2006, two and a half months before the close of discovery. Plaintiff had more than sufficient time to pursue supplemental discovery, but failed to make any attempt to do so in a timely manner. There is no reason why this court should reward such dilatory behavior by considering a motion to compel at this late date.  *Williams v. Glickman*, 1996 U.S. Dist. LEXIS 6801, \*4 (D. D.C. May 17, 1996).

Moreover, Plaintiff already moved the court on October 26, 2006 to extend the discovery deadline. This motion was denied on November 1, 2006.  Plaintiff's present motion to compel is simply an end run around this court's order denying an extension of discovery and an improper attempt to obtain additional discovery long after the discovery deadline has passed.  Plaintiff's motion, therefore, should be denied as untimely.

**B.    There Is No Basis for Plaintiff's Motion to Compel**

Even if this Court were to ignore the untimeliness of Plaintiff's motion, it should be denied because Plaintiff already has received answers to several of the requests that are the subject of her motion to compel and because the additional information that she seeks is not germane to her lawsuit and would be unduly burdensome for Defendants to produce.

1.    **Plaintiff Has Already Received Answers to Her Discovery Requests Via Depositions**

Plaintiff has already received information responsive to several of the requests and interrogatories through deposition. Plaintiff complains that she did not receive a supplementation regarding the race of Melissa McKinney-Ngarori. (Interrogatory No. 6). However, Plaintiff was informed of her race at the deposition of Defendant Riley-Jamison on October 31, 2006. (Ex. A at 58). Defendants should not be required to provide this information a second time.

Plaintiff also contends that she did not receive a response to Interrogatory No. 1, which requests the qualifications of a legal secretary at Ballard Spahr. Plaintiff previously was provided with a document describing the job and listing its functions. Ex. B - Ballard 519-520. Additionally, Plaintiff asked Ms. Riley-Jamison at her October 31 deposition about the essential job functions of a Ballard Spahr secretary, the same question for which Plaintiff seeks supplementation in Interrogatory No. 1. Ms. Riley-Jamison answered this question, and at the deposition, Plaintiff's counsel indicated no dissatisfaction with the answer given. Exhibit A, pp. 36-37.

Similarly, Plaintiff already has received an answer to Interrogatory No. 14, which seeks information about communications between Defendant "Riley-Jamison and any partner or manager of Ballard Spahr regarding Plaintiff's medical condition, or termination." On August 14, 2006, Defendants provided Plaintiff with responsive documents, including email communications and hand written notes. Plaintiff has taken the position that Defendants' response was inadequate

4

because Ms. Riley-Jamison may have had verbal communications not reflected in the documents. At Ms. Riley-Jamison's deposition on October 31, however, Plaintiff's counsel asked Ms. Riley-Jamison about any and all conversations she had concerning Plaintiff's medical condition or termination, and Ms. Riley-Jamison answered the question.   Exhibit A at pp. 66-67.  At the time, Plaintiff's counsel expressed no dissatisfaction with Ms. Riley-Jamison's response. Hence, Plaintiff has been provided with the information that she is seeking in her motion.

In sum, Plaintiff already has received responses to several of her discovery requests that are the subject of her present motion to compel. Accordingly, Plaintiff's motion with respect to Interrogatory Nos. 1, 6, and 14 should be denied as moot.

### 2.    Plaintiff's Employing Unit Was the Washington, D.C. Office and Discovery Is Properly Limited to that Office

Plaintiff's motion to compel also seeks to require Ballard Spahr to provide information about employees and job actions taken in offices of the firm other than the Washington, D.C. office. (Interrogatory Nos. 16, 17, 20, 22, 23; Document Request Nos. 8, 11, 14, 26.) Ballard Spahr is a national law firm with offices in ten cities. Plaintiff has requested documents from multiple offices of Ballard Spahr. Such wide ranging discovery is clearly inappropriate.

This court has recognized that discovery requests in employment discrimination cases must contain a temporal and geographic limitation. *Glenn v. Williams*, 209 F.R.D. 279, 284 (D. D.C. 2002) (limiting discovery to the employing unit of the plaintiffs). Discovery of complaints that have no bearing upon a plaintiff's division or supervisors are irrelevant to the action. *Id*. The geographic limitation of discovery is determined by the "employing unit" of the plaintiff. *Id*.  Thus, a court properly limits discovery to the plaintiff's local employing unit.  See *Earley v. Champion International Corp*., 907 F.2d 1077, 1084 (11th Cir. 1990)(limiting discovery in Title VII cases to

employing unit); *James v. Newspaper Agency Corp.*, 591 F.2d 579, 582 (10th Cir. 1979) (limiting discovery in gender discrimination case to plaintiff's department); *Burns v. Hy-Vee, Inc.*, 2002 U.S. Dist. LEXIS 23662, *6 (D. Minn. 2002) (holding that company-wide discovery of prior discrimination complaints is not appropriate absent a showing of particular need).[2] To justify the production of documents beyond the employing or work unit, a plaintiff must demonstrate a specific particularized need and relevance. See *Haselhorst*, 163 F.R.D. at 11.

Plaintiff has not made and cannot make such a showing here. Plaintiff worked only in the Washington D.C. office of Ballard Spahr and never sought to work in any other office of the firm. In her Complaint, Plaintiff cites discriminatory animus by Defendant Riley-Jamison, who worked in the Washington, D.C. office, and has never worked at another office of Ballard Spahr. Hence, in this case discovery is properly focused and limited to the Washington, D.C. office of Ballard Spahr. Information about employees and job actions taken in other offices of the firm, therefore, is totally irrelevant to this action. Plaintiff's motion to compel further responses to Interrogatory Nos. 16, 17, 20, 22, 23 and Document Request Nos. 8, 11, 14, 26, therefore, should be denied as irrelevant and overbroad.

### 3. Documents Created Following Plaintiff's Termination Are Irrelevant

Plaintiff was terminated in May, 2004. Prior to that point in time, Plaintiff had been on disability leave starting October 15, 2003. Plaintiff's suggestion to limit the time period of her

---

[2]*Accord, Haselhorst v. Wal-Mart Stores*, 163 F.R.D. 10, 11 (D. Kan. 1995) (discovery limited to employing unit); *Rodger v. Electronic Data Systems*, 155 F.R.D. 537, 540 (E.D. N.C. 1994) (appropriate scope of discovery in age discrimination case was relevant operations division); *Obiajulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 293, 296 (W.D.N.Y. 1996)(limiting discovery to specifically classified employees within the department).

interrogatory and document requests to encompass the period up to and including December, 2004 is insufficient because Plaintiff was terminated seven months earlier. For example, Plaintiff seeks a list of all vacant positions at Ballard Spahr through December, 2004 purportedly to support an argument that she should have been offered one of the vacant positions instead of being terminated for inability to work. (Interrogatory No. 16.) Positions that became vacant following Plaintiff's termination, however, clearly are irrelevant. The issue raised by Plaintiff in this case is whether she could have returned to work at Ballard Spahr at the time she was terminated, not at some later date. This is not a failure to rehire case.

Plaintiff also has requested the identity of every legal secretary in the Washington, D.C. and Philadelphia offices from 2002 through the present. (Interrogatory No. 22.) The identity of legal secretaries in several offices of Ballard Spahr after Plaintiff's termination is overly broad and irrelevant. Moreover, some of the Plaintiff's document requests that are the subject of her present motion to compel are not limited at all in their time frame and, on their face, are overbroad. (See, e.g. Request No. 11, 21.) Other requests are not limited to Plaintiff's period of employment. (See, e.g. 8, 14, 26.) Again, those requests that seek documents created after Plaintiff's termination are not relevant to this case, and Ballard Spahr has appropriately objected to such clearly irrelevant and burdensome discovery. Plaintiff's motion with respect to Interrogatory Nos. 16 and 22 and Document Request Nos. 8, 11, 14, 21 and 26, therefore, should be denied.

### 4. Plaintiff's Assertion that Defendants' Objection of Undue Burden Has Been Waived Is Incorrect

Finally, Plaintiff's motion incorrectly argues that Defendants waived their objection of undue burden for Interrogatory No. 17 and Document Request Nos. 11, 21, and 26 by not specifying how

the requests were unduly burdensome. This is a patently incorrect reading of the case law that Plaintiff cites to support her argument.

In support of her argument, Plaintiff relies upon *Thompson v. HUD*, 219 F.R.D. 93 (D. Md. 2003). Plaintiff erroneously implies that in *Thompson*, the court held that an objection of undue burden is waived if the written objections to the discovery fail to specify how the request is burdensome. This is not a correct reading of the case. The *Thompson* court was considering who bears the costs of a burdensome production. The defendant objected to producing a large quantity of electronic discovery due to the cost, but could not document to the court the amount of the costs. The court, then, ruled in favor of the plaintiffs as to the division of the costs for electronic discovery. This ruling in no manner supports Plaintiff's argument that Defendants waived objection of undue burden in responding to Plaintiff's discovery in this case.[3]

In this matter, Defendants responded to Plaintiff by stating why each request was overly broad and unduly burdensome, as is plain from the second column of Plaintiff's chart on pages 9 - 12 of her motion. Interrogatory No. 17 is not limited to the Washington D.C. office and the time period is overbroad. Document Request No. 11 seeks <u>all</u> health related information of <u>all</u> employees; it is not limited to records of absences. Request No. 21 seeks all documents relating to every termination involving Ms. Riley-Jamison. This request, which contains no limitation as to the time period, is clearly overbroad and is a classic fishing expedition as to matters that are irrelevant. There

---

[3]    The *Thompson* decision references *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35 (D. Md. 2000), another Maryland case. The *Marens* court addressed a motion to compel in a situation where the defendant was unable to support its assertion that discovery was unduly burdensome and involved privileged matters. Again, the court did not rule that by failing to be specific in its written objection, a party waives an unduly burdensome objection. The court merely stated that in responding to a motion to compel, the objecting party should explain why the request is burdensome.

is no discoverable evidence to be gained from this request and nothing to be found in exploring every termination in which Ms. Riley-Jamison has been involved.

In short, there can be no question that Defendants sufficiently made and preserved their objections that Plaintiff's discovery requests were overly broad and unduly burdensome. Plaintiff's motion to compel further responses to Interrogatory No. 17 and Document Requests Nos. 11, 21 and 26, therefore, should be denied.

## III.    Conclusion

For the reasons stated above, Defendants respectfully submit that Plaintiff's motion to compel should be denied in its entirety. The motion was filed long after the close of discovery and seeks information that Plaintiff already has obtained or is irrelevant to the issues raised in this case. There simply is no legal bases to require Defendants to produce such irrelevant and burdensome discovery.

Respectfully submitted,

Ballard Spahr LLP and Margaret Riley-Jamison,
By Counsel

_____/s/_____
Bernard J. DiMuro, Esq. (D.C. Bar #393020)
Jonathan R. Mook, Esq. (D.C. Bar #929406)

DiMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA  22314
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Defendants*