UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
VANESSA A. MCFADDEN            )
                               )
        Plaintiff,             )
                               )
v.                             )    Civil Case No.05cv2401 (RJL/JMF)
                               )
BALLARD SPAHR ANDREWS &        )
INGERSOLL, LLP et al.          )
                               )
        Defendant.             )
_____)

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL
DEFENDANT'S RESPONSES TO DISCOVERY REQUESTS**

Nothing in Defendant Ballard Spahr Andrews & Ingersoll (hereinafter "Ballard Spahr" or "Firm")'s Opposition to Plaintiff's Motion to Compel Defendant's Responses to Discovery Requests excuses the Defendant's failure to follow clear Federal Rules of Civil Procedures, which require it to produce to Plaintiff McFadden requested, relevant discovery responses.  Because the Defendant has failed to: 1) answer Plaintiff's written discovery, irrespective of later deposition answers; 2) provide responses regarding portions of discovery requests it does not object to; and 3) produce answers and documents, which go directly to motive and intent, an order compelling Defendant to respond is required under Federal Rules.  For these reasons and because Defendant's arguments concerning timeliness and undue burden lack foundation, Ms. McFadden respectfully requests that the Court grant her Motion to Compel.

ARGUMENT

A.  **DEFENDANT IS OBLIGATED TO ANSWER PLAINTIFF'S WRITTEN DISCOVERY REQUESTS, IRRESPECTIVE OF ANSWERS PROVIDED DURING DEPOSITIONS OF INDIVIDUALS, NOT THE FIRM.**

Defendant do not deny failing to fully Answer Plaintiff's Interrogatory Nos. 1, 6 and 14. Rather, it claims that Ms. McFadden has received the information she sought via interrogatories to Ballard Spahr from individuals she deposed. First, Ms. McFadden propounded these interrogatories to the law firm of Ballard Spahr. The Firm had an obligation under Federal Rule of Civil Procedure to answer interrogatories posed to the Firm. The receipt of limited information from Margaret Riley-Jamison, the Firm's Human Resources Manager in a deposition, not taken under Rule 30(b)(6), does not constitute answers from the Defendant Firm. Although Ms. Riley-Jamison is a defendant in this matter, she is an individual and separate entity from the Firm. Thus, when Ms. Riley-Jamison answered deposition questions, she was not speaking as the Firm's designated representative, and thus cannot be considered statements or admissions made by the Firm. Accordingly, *Ballard Spahr* has yet to provide Plaintiff with answers to these interrogatories, despite its representation that it would do so for at least Interrogatory No. 6.

Second, Defendant was not excused from answering discovery requests simply because some of the information request was obtained via deposition. This Court has found that although the information sought in written discovery can or has been obtained elsewhere in no way exempts a party from complying with discovery requests. In Williams v. Johanns, Civ. Action No. 03-2245 (CKK/JMF) the Court concluded

2

>that a witness can speak to a certain topic does not relieve a party from producing documents that pertain to that topic. Information can be communicated in many ways. That it can be conveyed in one way hardly makes all of the production of other ways of communicating it unnecessary.

Consequently, Defendant must respond to Ms. McFadden's discovery requests notwithstanding information obtained via deposition.

Third, the answers provided by Ms. Riley-Jamison in her deposition do not fully answer Ms. McFadden's interrogatories. Interrogatory No. 6 asked Defendant to "specify [Ms. McFadden's] replacement's race, disability/serious health condition status, and whether she engaged in prior protected activity." Defendant essentially wants credit for Ms. Riley-Jamison's deposition answer specifying the replacement's race. Even if Plaintiff were to accept her answer as definitive, Ms. McFadden still has not received answers to the replacement's disability status and known protected activity. This information is relevant to establishing whether the replacement is inside or outside Ms. McFadden's protected groups and Defendant has not provided this plainly relevant information. Similarly, Defendant's attempted reliance on Ms. Riley-Jamison's answers regarding her communication with any Firm partner or manager regarding Ms. McFadden's medical condition or termination (Interrogatory No. 14), even if accepted as the Firm's answer, which it is not, fails to fully answer the interrogatory. To comprehensively answer this interrogatory, Ballard Spahr was duty-bound to inquire with Firm partners and managers, in addition to its employee Ms. Riley-Jamison, about communications on the topic in question. Ms. McFadden is not relegated to simply relying on Ms. Riley-Jamison's recollection of communications with Firm management, as it is commonly known that individuals' memories differ and in some

3

cases significantly. In other words, a Firm partner may remember a conversation with Ms. Riley-Jamison regarding McFadden's termination, that Riley-Jamison may not recall. Thus, the Firm must inquire with all the parties specified in the interrogatory and identify all communications requested.

In all, the Firm has failed to fully answer Plaintiff's Interrogatories 1, 6, and 14, in addition to the interrogatories identified in Plaintiff's Motion to Compel, and cannot rely on incomplete and separate answers from individuals not representing the Firm.

> B. INFORMATION CONCERNING THE FIRM'S PHILADELPHIA OFFICE IS RELEVANT SINCE FMLA AND TERMINATION DETERMINATIONS WERE GENERATED FROM THAT OFFICE AND DEFENDANT'S FAILURE TO PRODUCE INFORMATION REGARDING THE WASHINGTON D.C. IS COMPLETELY WITHOUT EXCUSE AND SANTIONABLE.

### 1. *Ballard Spahr's Philadelphia Office*

As a compromise to resolve the parties' discovery disputes, Plaintiff offered to modify some of her discovery requests to cover only the Firm's Washington D.C. and Philadelphia offices. Ms. McFadden worked in the Washington, D.C. office; yet, communications she received from the Firm regarding her Family and Medical Leave Act (FMLA) requests and her termination were generated from Firm's Philadelphia Office. See Exhibits 1 & 2. Because the individuals who appear to have, at least, been involved in the decision making regarding Ms. McFadden's FMLA leave and discharge worked in Philadelphia and the decisions themselves may have been made in Philadelphia, there can be no question that the Philadelphia office, where these decision makers made other leave and employment decisions as well, is relevant. Thus,

Defendant should be compelled to respond to Interrogatory Nos. 16, 17, 20, 22, 23 and Document Production Request Nos. 8, 11, 14, 26 with respect to both the Washington D.C. and Philadelphia Firm offices.

> ### 2. Rule 33 Required Defendant to Answer Interrogatories To the Extent Not Objected To; However, Defendant Failed to Provide Answers for the Washington D.C. Office.

Federal Rule of Civil Procedure 33(b)(2) states, in part, that "the objecting party shall state the reasons for objection and *shall answer to the extent the interrogatory is not objectionable."* (emphasis added). Here, Ms. McFadden sought, through interrogatories and document production requests, various information and records,[1] which mostly pertained to comparators for purposes of demonstrating disparate treatment. Defendant registered objections stating that it objected to the discovery requests because the request was "not limited to Ballard Spahr's Washington, D.C. office." In essence, the Defendant did not object to information or records relating to the D.C. office. Indeed, in its Opposition, Defendant concedes that "in this case discovery is properly focused and limited to the Washington D.C. office of Ballard Spahr." Opposition to Motion to Compel at 6. That being so, Rule 33 mandated that the Defendant to, at a minimum, provide answers to interrogatories and responsive documents pertaining to the Washington, D.C. office. Defendant has not and cannot defend its inexcusable failure to provide this patently relevant information. Not only should the Court order Defendant to produce proper responses, but given that Ms. McFadden was forced to expend time and resources to compel information, which the Defendant concedes as relevant, the Court

5

should sanction Defendant as well.

## C. POST-TERMINATION INFORMATION

Defendant argues that Interrogatory Nos. 6 and 22 and Document Production Request Nos. 8, 11, 14, 21 and 26 request information outside the relevant time period, chiefly after her termination. Yet, the information sought by Ms. McFadden goes directly at eliciting evidence regarding disparate treatment and knowledge and intent. How decisionmakers acted after Ms. McFadden's termination can be highly probative of their knowledge and motive when making the decision. For instance, if after Ms. McFadden's termination, Defendant terminated three more disabled individuals within six months, (Document Request No. 21) such information would be compelling circumstantial evidence from which a reasonable juror could infer a discriminatory pattern. And given the broad definition of relevance, Ms. McFadden should be permitted to review information and records regarding the Firm's hiring and staffing decisions made post-termination.

## D. DEFENDANT HAS WAIVED ITS UNDUE BURDEN OBJECTION

Both in its responses to discovery requests and its Opposition to the Motion to Compel, Defendant makes no showing to justify its burdensome objections. As this Court has done with "claims of burdensomeness without an affidavit specifying exactly why this is so", it should again flatly reject Defendant's objection on this ground. *Williams*, *supra*.

---

[1] Interrogatory Nos. 16, 17, 20, 22, 23 and Document Production Request Nos. 8, 11, 14, 26.

See also, *Caldwell v. Ctr. For Corr. Health and Policy Studies*, 228 FRD 40, 44 (D.D.C. 2005).

**E.  THE COURT MUST REJECT DEFENDANT'S DESPERATE TIMELINESS ARGUMENTS**

In an attempt to stave off an order compelling Defendant to produce plainly relevant information, Defendant has argued that Plaintiff's Motion to Compel should be rejected as untimely.  First, nothing in Rule 39 states that a party must file a Motion to Compel within the discovery period.  Second, obligations under the Federal Rules of Procedure to provide discovery responses are continuing and do not expire simply by the close of discovery.  Third, Plaintiff notified the Court of unresolved discovery disputes and asked the Court for more time to address the issues; however, the Court did not extend discovery. Plaintiff, nevertheless conducted depositions and after obtaining information via deposition and no compromise from Defendant despite proposals to modify discovery requests, was a motion to compel ripe for Court intervention.  To be clear, Plaintiff is not seeking additional discovery, but responses to her original requests that Defendant, in dereliction of governing rules of civil procedure, failed to provide.

                                            Respectfully submitted,

Dated: February 6, 2007           By**:**_____/S/_____
                                                  Teresa W. Murray
                                          THE LAW OFFICE OF T.W. MURRAY
                                          1025 Connecticut Avenue, Suite 1000
                                          Washington, D.C. 20036
                                          Phone: 202-327-5477/Fax: 202-327-5451

                                            Counsel for Plaintiff