**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| **VANESSA A. MCFADDEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-2401 (RJL/JMF)** |
| | ) | |
| **BALLARD, SPAHR, ANDREWS, &** | ) | |
| **INGERSOLL, LLP, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

Plaintiff alleges that her employer (a) discriminated and retaliated against her on the basis of race in violation of Title VII, 42 U.S.C. § 2000e-16(a), the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the D.C. Human Rights Act, D.C. Code § 2-1402.11 et seq.; (b) discriminated and retaliated against her on the basis of disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the D.C. Human Rights Act, D.C. Code § 2-1402.11 et seq.; and (c) violated the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.

This case has been referred to me for resolution of all non-dispositive motions. Currently before me are <u>Defendants' Motion to Test the Sufficiency of Plaintiff's Responses to Requests for Admission</u> ("Defs. Mot. Test"); <u>Defendants' Motion to Compel Plaintiff to Appear for Deposition, to Amend Motion Deadline, and for Sanctions</u> ("Defs. Mot. Comp."); <u>Defendants' Motion to Strike Objections and for Sanctions</u> ("Defs. Mot. Strike"); and <u>Plaintiff's Motion to Compel Defendant's Responses to</u>

Discovery Requests ("Pls. Mot.").  For the reasons stated below, Defendants' motions will all be denied, and Plaintiff's motion will be granted in part and denied in part.

## I.    Background

Plaintiff Vanessa McFadden, an African-American female, began work as a full-time legal secretary for Defendant, the law firm of Ballard Spahr Andrews & Ingersoll LLP ("Ballard Spahr"), in June 1989. Complaint ("Compl.") ¶¶ 12-13.  In October 2002, her husband was diagnosed with cancer, and McFadden was initially excused from work to care for him. Compl. ¶¶ 17-18.  Over the following months, McFadden requested additional leave and an adjusted part-time schedule to care for her ailing husband from her supervising partner, Mr. Charles Henck, and the Human Resources Manager, Ms. Riley-Jamison.  She alleges Ballard Spahr and Ms. Riley-Jamison repeatedly violated the Family and Medical Leave Act ("FMLA") by denying her leave, misrepresenting the leave entitled to her under the FMLA, interfering with that entitlement, and failing to keep her husband's medical condition confidential. See generally Compl. ¶¶ 19-31.  She also alleges she was subjected to harassing comments by Ms. Riley-Jamison and other Ballard Spahr employees that were designed to coerce her back into work and away from caring for her ill husband. Compl. ¶ 32.

In or around April 2003, McFadden began experiencing her own health problems that required additional absence from work, which Ballard Spahr approved. Compl. ¶¶ 36-38.  Though she returned to work full time, she was diagnosed with a variety of ailments and her physical condition deteriorated.  By October 2003, her physician declared her disabled and no longer able to continue working. Compl. ¶¶ 38-39.  She eventually began receiving disability payments under Ballard Spahr's disability plans.

Following the expiration of her leave period, McFadden alleges she requested returning to a position suitable for her disabling conditions but was instead terminated. Compl. ¶¶ 46-48.  McFadden claims she was discriminated against on the basis of race and disability, treated differently than similarly situated white employees, and retaliated against for complaining of disparate treatment and taking FMLA and disability-related absences.

## II.    Defendant's Motion to Test the Sufficiency of Plaintiff's Responses to Requests for Admission

Defendants ask the Court to "test the sufficiency of Plaintiff Vanessa McFadden's Responses to Defendants' Requests for Admission." Defs. Mot. Test at 1.  Defendants also ask the Court to deem specific requests to be admitted as true. Memorandum of Points and Authorities in Support of Defendants' Motion to Test the Sufficiency of Plaintiff's Responses to Requests for Admission ("Defs. Mem. Test") at 1.

McFadden alleges in her complaint that she was able to return to work as a receptionist and accommodate her disabilities following her own medical treatment, but Ballard Spahr refused to allow her to do so. See Compl. ¶ 48.  According to Defendants, statements by McFadden's physicians and McFadden herself in seeking disability payments indicate that she is completely incapable of ever returning to work. Defs. Mem. Test at 2.  In pursuing discovery, Ballard Spahr sought Plaintiff's medical records from McFadden, and she produced twenty-five pages of medical records from two physicians. Id.  Believing this production inadequate in light of Plaintiff's medical condition, Defendants subpoenaed her health care providers and disability insurance carrier to obtain McFadden's medical records and insurance submissions, which generated over 200 pages of material. Id. at 2-3.  Based on that production, Defendants propounded

requests for admission upon McFadden regarding the contents of the medical records, many of which McFadden, according to Defendants, wrongfully denied. Id. at 3. Defendants thus ask the Court to intervene.

A.      The Controversy

Defendants submitted requests for admission to McFadden on September 6, 2006. She responded on October 5, 2006, and Defendants were wholly unsatisfied with some of McFadden's denials without explanation.  On October 12, Defendants forwarded a letter detailing their concerns and, before Plaintiff responded, filed the instant motion on October 25.  Plaintiff forwarded a detailed letter on October 27, 2006, explaining her denials, and amended her responses accordingly.  In Defendants' reply brief, Defendants claim that some responses, even as supplemented, remain inadequate.[1]

The chart that follows indicates the Request for Admission, the objection McFadden initially made in her counsel's letter of October 26, 2006, McFadden's supplemental answers, and Defendants' current objection, despite the supplementation.

_____

[1] Since Defendants, in their Reply brief, do not continue to assert that McFadden's now supplemented answers to Requests 26, 41, 42, and 51 are inadequate, I take it that Defendants no longer consider McFadden's answers to these Requests insufficient and I will therefore ignore Defendant's original objections to those answers.

| REQUEST, served 9/6/06 | OBJECTION VIA LETTER RESPONSE, 10/27/06 | SUPPLEMENTAL ANSWER, 11/6/06 | REMAINING OBJECTION, as of 11/13/06 |
|---|---|---|---|
| 5. Exhibit 5 (HCP 4-16) is a true and accurate copy of Plaintiff's medical records with Dr. Kristen Thomas. | Ms. McFadden has never before seen many of these documents created and/or maintained by health care professionals, so she cannot verify under penalty of perjury their accuracy. She cannot verify records HCP 4-15 because she has not seen them before; she can admit HCP-16, which she has seen. Will supplement accordingly. | Admits HCP-16 but cannot verify truth and accuracy of remainder, so denies. | Plaintiff required to make reasonable inquiry to answer request under FRCP 36 as records within Plaintiff's custody and control; she failed to do so, so request should be deemed admitted. |
| 6. Exhibit 6 (HCP 19-949) is a true and accurate copy of Plaintiff's medical records with Dr. Brenda Berberian. | Ms. McFadden has never before seen many of these documents created and/or maintained by health care professionals, so she cannot verify under penalty of perjury their accuracy. She admits to seeing HCP-23, 25, 26, 27, 28, 41, and 44; she has not seen and cannot verify the truth and accuracy of the remaining documents. Will supplement accordingly. | Admits HCP-23, 25, 26, 27, 28, 41, 44 but cannot verify truth and accuracy of remainder, so denies. | Plaintiff required to make reasonable inquiry to answer request under FRCP 36 as records within Plaintiff's custody and control; she failed to do so, so request should be deemed admitted. |

| | | | |
|---|---|---|---|
| 10. Exhibit 10 (Unum 00107-00122) is a true and accurate copy of Dr. Ajay Dashottar's medical records of Ms. McFadden. | Ms. McFadden has never before seen many of these documents created and/or maintained by health care professionals, so she cannot verify under penalty of perjury their accuracy. She has never before seen Exhibit 10. [Defendants' counsel's 9/1/06 letter indicates Plaintiff's counsel had previously received Dr. Dashottar's documents; Plaintiff's counsel states that this is false.] | Not included in supplemental answers. | Plaintiff required to make reasonable inquiry to answer request under FRCP 36 as records within Plaintiff's custody and control; she failed to do so, so request should be deemed admitted. |
| 11. Exhibit 11 (Unum 00171-00218) is a true and accurate copy of Dr. Calvin Griffin's medical records of Ms. McFadden. | Ms. McFadden has never before seen many of these documents created and/or maintained by health care professionals, so she cannot verify under penalty of perjury their accuracy. She has never before seen Exhibit 11. | Not included in supplemental answers. | Plaintiff required to make reasonable inquiry to answer request under FRCP 36 as records within Plaintiff's custody and control; she failed to do so, so request should be deemed admitted. |

| | | | |
|---|---|---|---|
| 12. Exhibit 12 (Unum 00243-00251) is a true and accurate copy of Dr. Mussenden's medical records of Ms. McFadden. | Ms. McFadden is unaware of the documents identified in this request; she has admitted the truth and accuracy of the documents created by Dr. Mussenden of which she has been aware. Furthermore, some documents in this request (UNUM 243, 244, 249-51) appear to related to Dr. Armstrong. | Not included in supplemental answers. | Plaintiff required to make reasonable inquiry to answer request under FRCP 36 as records within Plaintiff's custody and control; she failed to do so, so request should be deemed admitted. |
| 13. Exhibit 13 (Unum 00255-6) is a true and accurate copy of a letter from Dr. Clark to Unum Provident about Ms. McFadden. | Ms. McFadden has never before seen many of these documents created and/or maintained by health care professionals, so she cannot verify under penalty of perjury their accuracy. She has never before seen Exhibit 13. | Not included in supplemental answers. | Plaintiff required to make reasonable inquiry to answer request under FRCP 36 as records within Plaintiff's custody and control; she failed to do so, so request should be deemed admitted. |
| 32. In Exhibit 7, on bates-number HCP 53, Dr. Morgan states that Ms. McFadden feels that her memory is "not too good." | Document speaks for itself. Statement referenced is only a fragment of a sentence. If Defendants insist on answer, "Ms. McFadden will supplement with an answer admitting to the entire statement." | Acknowledges document contains full statement containing fragment, but cannot state under penalty of perjury this unsigned document was authored by Dr. Morgan. | Qualified response that although document appears to be written by physician, she cannot attest to it, is inadequate. She failed to make reasonable inquiry so request should be deemed admitted. |

| | | | |
|---|---|---|---|
| 34. In Exhibit 13, on bates-number Unum 00256, Dr. Clark wrote that "it is not to be expected that [Ms. McFadden] will ever be able to resume gainful employment" on March 27, 2004. | Ms. McFadden has never before seen many of these documents created and/or maintained by health care professionals, so she cannot verify under penalty of perjury their accuracy. She has never before seen Exhibit 34. | Acknowledges statement included on UNUM 00256, but cannot state under penalty of perjury that Dr. Clark "wrote" the statement. | Qualified response that although document appears to be written by physician, she cannot attest to it, is inadequate. She failed to make reasonable inquiry so request should be deemed admitted. |
| 37. In Exhibit 21, on bates-number Unum 00626 and 00628, Dr. Armstrong prescribed Ms. McFadden an oxygen canister for her lifetime. | Response is valid. UNUM 626 is prescription issued by Dr. Armstrong for oxygen canister, but does not prescribe such an instrument "for her lifetime." UNUM 628 is document prepared by Lincare that states via "medical information . . . provided to our office during the patient intake process, . . . [t]he estimated length of need for oxygen therapy is 99 Mos. (Lifetime)." Thus, she cannot admit Dr. Armstrong prescribed an oxygen canister for her lifetime. | Admits Dr. Armstrong prescribed oxygen canister but denies documents together indicate Dr. Armstrong prescribed it for her lifetime. | Plaintiff is playing games with documents with phrasing of her response. Documents clearly demonstrate Dr. Armstrong prescribed home oxygen for life. |

| | | | |
|---|---|---|---|
| 40. Ms. McFadden received long-term disability benefits from Unum Provident retroactive to January, 2004. | UNUM made one-time payment under reservation of rights clause covering January 14, 2004 through March 31, 2004, which still evaluating claim. Thus, McFadden has not received full LTD benefits from January 2004 to present. If this is not what Defendants intended to request for admission, "please clarify." | Admits she received "payments" [as opposed to LRD benefits] from Unum Provident retroaction to January 2004. | Claims now admitted, with change to qualifier that payments are for LTD benefits. Should admit payments are for LTD benefits or state why request is inaccurate. |
| 43. The standard to be disabled for long-term disability insurance from social security is the inability to engage in any substantial gainful activity by reason of any medically determinate physical or mental impairments which can reasonably be expected to last for a continuous period of time of not less than 12 months. | Calls for admission of legal test or standard. | Calls for Plaintiff to admit or deny legal standard in contravention of FRCP 36, so denies. | Confusing. Acknowledges standard comes from 20 CFR 404.1505 as standard for SSDI but argues Plaintiff denied without explanation. |
| 44. Ms. McFadden was approved for benefits from Unum Provident in the amount of approximately $2,727.82 per month. | Not addressed in letter. | Deny. | Plaintiff claims figures are inadequate; Defendants state exhibits and Plaintiff's own interrogatory responses indicate otherwise. |

| 45. Ms. McFadden was approved for benefits from social security in the amount of approximately $1,497.00 per month. | Not addressed in letter. | Not included in supplemental answers. | Not exactly addressed in reply; lumped in with above, #44. |
|---|---|---|---|

As I have pointed out in other opinions, Requests for Admissions are not a discovery device but are designed to narrow the issues for trial. Nat'l Semiconductor Corp. v. Ramtron Int'l Corp., 265 F. Supp. 2d 71, 74 (D.D.C. 2003). Denial is an appropriate response to a Request for Admission under Rule 36, which provides that a respondent may either (1) object to a request on grounds that the matter is beyond the scope of discovery permitted by Rule 26(b)(1); (2) admit the request; (3) deny the request; (4) provide a detailed explanation as to why the request cannot be admitted or denied; or (5) provide some qualified admission as to parts of the request. Fed. R. Civ. P. 36(a). Moreover, Rule 37(c)(2) provides an automatic remedy. If the party requesting the admission later proves the genuineness of the document or the truth of the matter requested, the court may order the party that denied the request to pay the costs of her opponent in making that proof. Fed. R. Civ. P. 37(c)(2).

While Rule 37 unquestionably permits the court to determine "whether the answer complies with the requirement of [Rule 36 (a)]," the exercise of that power in this case is a waste of time.

First, I do not understand McFadden to be denying the authenticity of any of the documents to which Defendants refer in the Requests for Admission. Second, even if she did deny their authenticity, Defendants need only secure a certification by the custodian

of the records as to their authenticity and that certification would overcome any objection

that the records were not authentic *and* render them admissible under the business records

exception to the hearsay rule. Fed R. Evid. 902(11) and 803(6).  Once they are admitted,

the documents themselves have whatever probative force they have, whether or not

McFadden objected to their authenticity or their admissibility, or whether she interpreted

them differently from Defendants.  Rule 37(c)(2) would then permit Defendants to seek

the cost of securing that certification, the sanction authorized by the Rule.  There is

therefore absolutely no reason to review the sufficiency of McFadden's responses, and

Defendants' motion to test their sufficiency and for sanctions is denied.

### III.    Defendants' Motion to Compel Plaintiff to Appear for Deposition, to Amend Dispositive Motion Deadline, and for Sanctions

In this motion, Defendants ask the Court to compel Plaintiff's deposition, amend

deadlines for dispositive motions, and award Defendants attorney and court reporter costs

for Plaintiff's failure to attend her deposition on October 26, 2006. Defs. Mot. Comp. at

1.  The heart of the dispute centers on Plaintiff's request to appear for deposition

following the discovery cut-off of October 30, 2006, in order for Plaintiff to provide

supplemental discovery responses and records from the Social Security Administration,

and avoid appearing for deposition twice.[2]

Initially, on October 3, 2006, Defendants noticed Plaintiff for a deposition on

October 26, 2006, which was four days prior to the close of discovery. Defendants'

Memorandum in Support of Its Motion to Compel Plaintiff to Appear for Deposition, to

Amend Dispositive Motion Deadline, and for Sanctions ("Defs. Mem. Comp.") at 1-2.

Plaintiff then contacted Defendants to request that the deposition be postponed to a date

---

[2] Plaintiff currently lives in Florida.

until Defendants had received supplemental discovery responses from Plaintiff and records from the Social Security Administration so that Plaintiff would not have to travel from Florida to Washington, D.C. twice. Id. at 2. Defendants agreed by letter to accommodate Plaintiff's request if she signed the attached consent order to extend the date of her deposition beyond the discovery deadline. Id.

Rather than sign and return the order proposed by Defendants, Plaintiff asked Defendants to extend discovery generally. Id. at 3. Defendants rejected the request, and on October 23, 2006, Defendants informed Plaintiff by fax that, as they had not received the signed consent order, the deposition was proceeding as scheduled on October 26. Id. On October 25, 2006, at around 6:30 p.m., Plaintiff called Defendants and informed them that she would not be appearing for the 10:00 a.m. deposition the next day.[3] Defendants appeared anyway. Id.

Defendants' request for an order that Plaintiff appear for a deposition is moot. Plaintiff states the parties previously agreed to depose Plaintiff after the close of discovery and that she has no opposition to appearing for a deposition. Plaintiff's Response to Defendants' Motion to Compel Plaintiff to Appear for Deposition and to Amend Dispositive Motion Deadline and Opposition to Defendants' Motion for Sanctions ("Pls. Resp.") at 1. Similarly, Defendants' request to modify the scheduling order is unopposed by Plaintiff. Id.

Plaintiff understandably opposes any sanctions for her failure to appear at the deposition. Plaintiff operated throughout that month on the assumption that the parties had agreed to depose Plaintiff following the close of discovery. See id. at 2-3. Plaintiff's

---

[3] Plaintiff filed a motion to extend discovery on October 26, 2006, which Defendants opposed, and which Judge Leon denied by minute order without explanation on November 1, 2006.

counsel was out of the office in trial on October 23, the date Defendants faxed Plaintiff to indicate their plans to proceed with the deposition, and as a result only received the fax on October 24. Id. at 3.  Plaintiff, a disabled senior citizen who resides in Florida, had inadequate time to appear in Washington, D.C. for a deposition she had long assumed would take place at a later date. Id.  On October 25, Plaintiff's counsel reiterated as much to Defendants' counsel. Id.  Defendants do not dispute this contention in their reply brief.  See Defendants' Reply in Support of Motion to Compel Plaintiff to Appear for Deposition, to Amend Dispositive Motions Deadline, and for Sanction.

Defendants' request for an order compelling Plaintiff's attendance at a deposition and for an amended dispositive motions deadline will therefore be denied as moot.  The Court will require parties to meet and confer and propose dates for Ms. McFadden's deposition and for new dispositive motion deadlines.  As for Defendants' request for sanctions, the parties' bickering over the consent order proposed by Defendants and whether an agreement was in place such that Ms. McFadden could reliably plan her deposition outside the discovery period is not in need of resolution by this Court.  Plaintiff clearly informed Defendants she would not be able to attend the deposition in Washington, D.C. on such short notice, whether through faulty reliance on a supposed agreement to conduct the deposition outside of the discovery period or not.  The Court finds her failure to attend the deposition was in good faith.  More importantly, Defendants proceeded fully aware that Ms. McFadden would not be present.  The Court will not award sanctions for costs Defendants needlessly incurred.  Defendants' motion is denied.

**IV.    Defendants' Motion to Strike Objections and for Sanctions**

Defendants ask the Court to strike Plaintiff's objections in her Third Supplemental Answers to Defendant's interrogatories and document requests and to impose sanctions on Plaintiff and her counsel. Defendants' Memorandum in Support of Motion to Strike Objections and for Sanctions ("Defs. Mem. Strike") at 1. Defendants claim that Plaintiff failed to comply with Judge Leon's order of September 29, 2006, which, according to Defendants, required Plaintiff "to fully and completely respond to Defendants' interrogatories and document requests without objection." Id. Defendants mischaracterize Judge Leon's order and as a result their motion should be denied.

A.    Waiver

Defendants initially propounded 26 interrogatories and 95 requests for production to Plaintiff in May 2006. Id. at 2. After finding Plaintiff's discovery responses inadequate, in part because she objected to almost every interrogatory and request, Defendants filed a motion to compel on August 3, 2006. In an order dated September 29, 2006, and issued through the court filing system three days later, the district judge, without elaboration, overruled Plaintiff's objections to Defendants' interrogatories and document requests and required her to provide supplemental responses in accordance with the Order within fifteen days. See Order, 9/29/06 [docket #22] ("Sept. Order").

Defendants' motion to compel included an argument that Plaintiff waived her objections because of a three-day delay in responding to interrogatories. See Memorandum of Points and Authorities in Support of Defendants' Motion to Compel [docket #10] at 3. The subsequent order from the Court did not specifically grant Defendants' motion to compel, nor did it address Defendants' waiver argument. See Sept.

Order.  The court did, however, directly address other arguments of Defendants by ordering that (1) Plaintiff's objections were overruled; (2) Plaintiff must answer Interrogatories 17 forward; (3) Plaintiff must supplement her answers to other specific interrogatories; (4) Plaintiff must fully respond to document requests; (5) Plaintiff must provide a damages calculation; and (6) Plaintiff must respond within fifteen days of the date of the order. See Sept. Order.  In their current motion to strike objections, Defendants interpret Judge Leon's order to require Plaintiff to respond to interrogatories and document requests entirely "without objection." Defs. Mem. Strike at 1.

Plaintiff interprets the court's order more narrowly.  According to Plaintiff, the order ruled on the specific issues raised by Defendants and overruled Plaintiff's objections to interrogatories 3-10, 11, 14, 16, and 17 forward, as well as to document requests 31-9. Plaintiff's Opposition to Defendants' Motion to Strike Objections and for Sanctions ("Pls. Opp. Strike") at 3-4.  Plaintiff did not reassert those objections in her supplemental responses. Id.  Furthermore, the court did not order her to waive her objection to privileged documents and information, and as such, Plaintiff claims she has produced all non-privileged information and documents. Id. at 6.

Defendants seek sanctions for Plaintiff's responses under Rule 37. See Defs. Mem. Strike at 3.[4]  District courts are entrusted with broad discretion regarding whether to impose sanctions under Rule 37 and the nature of any sanctions to be imposed. Bonds v. District of Columbia, 93 F.3d 801, 808 (D.C. Cir. 1996).  However, a court's discretion is not without limits. As this Circuit has emphasized, any sanctions awarded must be proportional to the underlying offense. Id.  Though Defendants raised the waiver

---

[4] Defendants' reply brief reiterates the request for sanctions but erroneously refers to Rule 27(b). See Defendants' Reply in Support of Motion to Strike Objections and for Sanctions at 2.  The Court assumes Defendants intended to cite to Rule 37.

argument in their initial motion to compel, the district judge specifically did not rule on waiver of objections or privilege in overruling the objections to Defendants' discovery requests. See Sept. Order. This Court will not attempt to expand on the district court's order now. Moreover, the Court has reviewed Plaintiff's supplemental answers to both the interrogatories and document requests and finds Plaintiff, even when objecting, provided substantive answers to each. Therefore, the Court does not find Plaintiff's responses violate the court's order of September 29, 2006.

B.    Delay

Though Judge Leon signed and dated his Order on September 29, 2006, the Order was not issued through the Court's electronic filing system until October 2, 2006. According to Defendants, the Supplemental Responses were thus due on Monday, October 16, 2006, because October 14, 2006, the actual deadline of fifteen days following September 29, was a Saturday. See Defs. Mem. Strike at 2, n.2. The responses were served, however, on October 17, 2006. Id. at 2. While Defendants are correct that the fifteen days tolls from "the date of this Order," September 29, Defendants fail to show how "Defendants' ability to litigate this case has been seriously hampered." See Defs. Mem. Strike at 3. Defendants do not show any prejudice resulting from Plaintiff's delay of one day in providing supplemental responses to warrant the sanctions they seek. In my discretion, I will not penalize Plaintiff for this slight delay. Defendants' motion is therefore denied in its entirety.

**V.    Plaintiff's Motion to Compel Defendant's Responses to Discovery Requests**

Finally, I turn to McFadden's demand that Defendants answer certain interrogatories and provide additional documents. Plaintiff asks the Court for an order to

compel Defendants to provide supplemental answers and responses to her discovery

requests and for appropriate sanctions. Pls. Mot. Comp. at 1.  Plaintiff served Defendants

with discovery requests on July 13, 2006, and received answers and documents a month

later. Id. at 1-2.  Five days before the close of discovery, October 25, 2006, Plaintiff sent

Defendants a letter outlining deficiencies in their discovery responses and proposing

some compromises in light of Defendants' objections. Id. at 2.  According to Plaintiff,

Defendants responded on October 31, 2006, reiterating its objections to the

interrogatories and rejecting some of Plaintiff's compromises and claiming they would

supplement their responses. Id.  Plaintiff states that after waiting two months for the

promised supplemental discovery without receiving any, she filed this motion on January

9, 2007. Id. at 1.

   Plaintiff provides a detailed chart of every disputed interrogatory and document

request in her motion.  I will deal with each of the interrogatories and requests to produce

seriatim, but I will first address two of Defendants' general objections.

   First, Defendants object to the timeliness of Plaintiff's motion and to the

burdensomeness of the interrogatories. Defendants' Opposition to Plaintiff's Motion to

Compel ("Defs. Opp.") at 2-3.  While Plaintiff's motion was filed after the deadline for

discovery had expired, it seeks to compel answers and documents that were demanded

during the discovery period.  I know of no provision of the Federal Rules of Civil

Procedure that would condemn Plaintiff's claim as untimely.  Indeed, if such a motion

could not be filed after the discovery period, it would create an incentive to delay

responses and then "run out the clock."

Second, as McFadden correctly points out, I join every other member of the federal judiciary who has considered the question of burdensomeness and refuse to consider an objection of burdensomeness without a specific showing, usually made by affidavit, of why the demand is unreasonably burdensome. See Williams v. Johanns, 235 F.R.D. 115, 123 (D.D.C. 2006).

With that said, I turn to the Interrogatories and Requests to Produce Documents.

A.      Interrogatories

**Interrogatory Number 1.**      In response to an interrogatory demanding to know each and very qualification of the position of legal secretary, Defendants produced the position description for that position. See Pls. Mot. Comp. at 3.  I have reviewed that position description and it suffices to answer this question with the understanding that Defendants will not be permitted to claim that there were any other qualifications and functions other than those specified in the position description.

**Interrogatory Number 6.**      Plaintiff sought the race of her successor and whether her successor had engaged in prior protected activity and was disabled or had a serious health condition. Id. at 3-4.  Defendants provided the name but not the other information sought. Id.  Plaintiff's establishing that she was replaced by someone not in her protected class bears on whether she can make out a prima facie case. See Schwartz v. Paralyzed Veterans of Am., 930 F.Supp. 3, 9 (D.D.C. 1996) (finding whether replacement is member of same protected class clearly material to the question of discrimination).  It is therefore relevant and Defendants will provide this information as to Plaintiff's immediate successor.

**Interrogatory Number 14.**   Defendants told McFadden to "[s]ee documents produced

in response to Document Request No. 4." Pls. Mot. Comp. at 4.  I have not seen those documents nor do Defendants explain what those documents are and why they answer this interrogatory, nor does McFadden tell me why the documents produced are not an answer to this interrogatory.  In the absence of any showing by McFadden of the specific deficiency, I will have to deny her motion.

**Interrogatory Number 16.**   Initially, McFadden sought all vacant positions at Ballard Spahr between October 2003 and December 2004. Pls. Mot. Comp. at 5.  In response to Defendants' objection that the interrogatory was overly broad, McFadden narrowed her request to all vacant positions in Defendants' D.C. office on the grounds that she has the right to know the positions to which she could have been reassigned instead of being terminated. Id.  She would have to admit that she did not qualify for a position as a lawyer, and I will therefore order Defendants to answer but limit their answers to the support, non-lawyer staff.

**Interrogatory Number 17.**   McFadden wants to know the leave and schedule modifications requested and granted in the D.C. office in the  period from January 1, 2002, through December 31, 2005. Id. at 5-6.  I will require Defendants to provide this information but acknowledge their objection to the time period; I therefore limit the required response to the time period from the first date of her first request for leave to the date of her termination.

**Interrogatory Number 20.**   McFadden seeks the Family Leave Act leave provided to employees in both the Philadelphia and D.C. offices between the years 2002 and 2004. Id. at 6-7.  She points out that the person who made the leave decision was in Philadelphia. Id.  First, as I have just done, I will order Defendants to provide the

information for  the time period from the first date of her first request for leave to the date of her termination, but only as to the Washington office. See Waters v. United States Capitol Police Bd., 216 F.R.D. 153, 158-59 (D.D.C. 2003).  In my view, that a decision came from Defendants' Philadelphia office is irrelevant since the appropriate consideration is whether she was treated differently from the persons employed in Washington.

**Interrogatory Number 22.**   Defendants balk at providing the names of all legal secretaries in both offices for the period 2002 through the present. Pls. Mot. Comp. at 7. While I will require Defendants to produce this information, I will similarly limit it to all legal secretaries in the Washington office employed during the period of McFadden's employment.

**Interrogatory Number 23.**   Plaintiff demands that Defendants provide information of any reasonable accommodation ever provided to other employees in both the Washington and Philadelphia offices. Id. at 7-8.  Seeking this information for every accommodation is unreasonable, and therefore I will require Defendants provide this information only for the period of McFadden's employment in the Washington office.

B.     Request to Produce Documents

**Document Request Number 8.**      McFadden's request for all documents pertaining to the proposed or actual termination of any employee in either office for the period from 2003 to the present is unreasonable in several respects. See id. at 8-9.  I will order production limited to documents pertaining to the actual termination of support staff in the Washington office during McFadden's employment.

**Document Request Number 11.**     Similarly, McFadden's demand for records pertaining to medical-related absences taken by the support staff for an unspecified period of time is unreasonable. See id. at 9-10.  I will order production limited to such records relating to the Washington office in the period of McFadden's employment.

**Document Request Number 14.**     McFadden's demand for documents pertaining to proposed or actual schedule modifications similarly will be limited to documents pertaining to actual schedule modifications in the Washington office during the term of her employment. See id. at 10-11.

**Document Request Number 16.**     Defendants refuse to produce documents pertaining to the selection of McFadden's successor because it would invade the successor's privacy.  I will alleviate that concern when I sign the Protective Order that I will require the parties to execute and order the documents to be produced.

**Document Request Number 21.**     McFadden indicates that Defendants have informed her that they terminated six employees but balk at giving her the documents pertaining to those terminations. See id. at 11-12.  I will order Defendants to produce the documents pertaining to the discharge of the employees terminated in the Washington office during her employment.

**Document Request Number 26.**     Defendants have refused to produce documents pertaining to the "demographics of Ballard Spahr's personnel by disability, race and protected activity" for the years 2002, 2003, and 2004. Id. at 12.  If available, the documents from the Washington office only must be made available to McFadden for the years in which she was employed.

**IV.    Conclusion**

For the reasons discussed herein, Defendants' motions to test the sufficiency of Plaintiff's responses to Requests for Admission, to compel Plaintiff to appear for deposition, to amend deadlines, and for sanctions, and to strike objections and for sanctions are all **DENIED**.  Plaintiff's motion to compel is **GRANTED IN PART AND DENIED IN PART** as described herein.  Defendants are to provide supplemental responses in accordance with this Memorandum Opinion no later than July 13, 2007. Parties are to meet and confer and provide this Court with (1) a proposed Protective Order for information provided in discovery and (2) a joint proposed amended schedule no later than July 20, 2007.

An Order accompanies this Memorandum Opinion.

**SO ORDERED.**


_____/s/_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE


Dated:  June 29, 2007