UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VANESSA A. MCFADDEN<br>　　　Plaintiff,<br><br>v.<br><br>BALLARD SPAHR ANDREWS &<br>INGERSOLL, LLP et al.<br><br>　　　Defendants. | )<br>)<br>)<br>)　Civil Case No.05cv2401 (RJL)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedures 33 and 34 and applicable Local Rules Plaintiff, Vanessa A. McFadden, by and through undersigned counsel, hereby responds to the Defendants' Interrogatories and Request for Production of Documents as follows:

### GENERAL OBJECTIONS

These general objections are specifically incorporated into each and all of the enumerated responses that follow:

1. Plaintiff objects to the Defendants' Interrogatories and Request for Production of Documents to the extent that they may be construed to request disclosure of information that was prepared in anticipation of litigation, constitutes attorney work product, discloses the mental impressions, conclusions, opinions or legal theories of any attorneys for Plaintiff, contains privileged attorney-client communications, or seeks information that is protected by any other applicable privilege, law, rule or immunity.

EXHIBIT 9

of that schedule by Defendants, as described in ¶¶ 26-29 of the Complaint.

**ANSWER:** See Attachment D. The facts, events and communications are set forth in the allegations at the Complaint paragraphs indicated in interrogatory.

8. List and describe each of the harassing comments you allege to have been subjected to in the Complaint including the time, date, speaker, comment, location and witnesses.

**ANSWER:** The harassing comments were made in the office of Meg Riley Jamison, at my desk and in the firm's kitchen. I don't recall the exact dates or times, but I experienced anxiety and panic attacks after these confrontations. The only other person that I can recall making harassing comments about my schedule leave was my boss Mr. Charles Hank. See Complaint.

9. Describe each of the complaints about discriminatory or retaliatory behavior you allege to have made to Defendants including the time, date, substance of the complaint, to whom you made the complaint, location and witnesses.

**ANSWER:** I was called into Ms. Riley-Jamison's office on a weekly basis if not more to discuss the care of my husband's condition after the 3-4 day work week which was approved by DC management, taking my daughters out of college during their senior year, getting family members, church members and friends to assist in my husband's care. These comments were made in Ms. Riley-Jamison's office only by Ms. Riley-Jamison's her self. I received a call from Dr. John Marshall, my husband's oncologist around the end of May 2003 stating that the treatments weren't making any progress and his condition had not improved. I was at my desk, Ms. Riley Jamison was passing and told me to leave my desk because showing emotions (crying) was not professional. She then went to Ms. Briscoe and ask her to

6

take me outside to get some air (because she was late for an interview ) without even questioning me about what was wrong.

I was in the firm's kitchen taking my medications and Ms. Riley-Jamison blurted out why did Ms. Craig go to Ms. Iversen and expressed why I was treated so unfairly when I was not well myself and with my husband's condition. Also Ms. Craig confronted Mr. Henck as well and referenced to Mr. Henck as a coward as long as it didn't affect him he didn't really care and she could not believe his negative attitude about the situation.

10.  Identify and describe when and how you became disabled as alleged in ¶¶ 36, 38-39, 71, 73, 76, 82 of the Complaint including a description of what you were able to do, what activities you were not able to do, how you were not able to do the activities, and to what illness/medical condition you attribute your inability to undertake the activity.

**OBJECTION:** Plaintiff objects to this interrogatory as calling for information protected by the doctor-patient privilege. The interrogatory is also overly broad since it fails to delineate any time parameters, and as such, calls for the disclosure of the medical information concerning treatment and conditions, which may be outside the time period relevant to this lawsuit. Without waiving these objections, Plaintiff provides the answer below.

**ANSWER:** I was diagnosed with Graves Disease, a thyroid disorder (refer to attachment K) and several other chronic illnesses. My daughter aids in personal hygiene on a daily basis, she also prepares my meals. My sight is fine until I have a head ache cluster, which lasts from two to three days. I have bronchial asthma. I use oxygen for anxiety and panic attacks, witch are caused by stress. I can only stand with the assistance of a cane and could only stand for

7

one to two minutes at a time. I can't lift most anything. My balance is lost when walking and my daughter has to assist me out of the bed every morning. I also have bad bladder control. See Attachment K for applicable dates.

11. Identify and describe what type of position you contend that you could perform during 2004, including a description of what the job responsibilities are and state whether you could perform them.

**ANSWER:** I could perform the position of Receptionist. I understand the duties of the receptionist are to manage incoming telephone calls. This is a function I could have performed.

12. Describe as precisely as you can the conversation regarding your termination referenced in ¶¶ 46-48 of the Complaint, including time, location, participants and content of the conversation.

**ANSWER:** See Attachment P. John DiBatise offered me a position in word processing which I could not do because it required typing and editing documents as quickly as possible. I asked why I could not do the receptionist job because Ms Betty Ann Hahn was out on disability. They had a temp working in that position. Ultimately Ms Betty Ann passed away on October 16, 2004. I understand the Firm hired Ms Hahn as a permanent replacement on October 21, 2004 the day of her funeral. Ms Riley Jameson stated that our situations are different.

13. With respect to each instance of "haranguing and misinformation provided by

8

Ballard Spahr and Unum" as alleged in ¶ 49 of the Complaint, please:

    (a)    set forth in detail a description of same;

    (b)    identify the persons with knowledge of facts;

    (c)    identify all documents which evidence, support, refer or relate to such facts.

**ANSWER:** See Attachments. I cannot remember date and time of verbal conversations because there were so many phone calls during the period of February 2003 up until my disability was approved in September 2005.

14.    Identify and describe all of the employees of Ballard Spahr who received considerations that you did not and contend you are entitled to as described in ¶¶ 55-59, 108 of the Complaint, including the names of the employees and how you contend that they were treated differently than you.

**ANSWER:** See Attachment T.

15.    Identify and describe each physical or mental impairment you have which substantially limits major life activities, including which major life activity is limited and how.

**ANSWER:** See Answer and Objections to Interrogatory No. 10.

16.    Identify and describe in detail the way in which Defendants miscalculated your FMLA entitlement and denied and interfered with your leave as alleged in ¶ 92 of your