

May 11, 2004

Original Recipient

BALLARD SPAHR ANDREWS
INGERSOLL
FERN FORMAN
1735 MARKET STREET
PHILADELPHIA, PA 19103

VANESSA MCFADDEN
3457 MASSACHUSETTES AVE SE
WASHINGTON, DC 20019

RE:    McFadden, Vanessa            DOB: August 15, 1957
       Claim Number:                1164932
       Policy Number:               502318

Dear Sir or Madam:

We are writing regarding the disability claim for Vanessa McFadden. This letter copy has been amended to remove confidential information.

This letter is in regard to the Long Term Disability claim that you have with our company.

We have recently completed our review of your claim for disability benefits and have determined that we are unable to approve your claim as you are not disabled as defined by the policy through your employer, Ballard, Spahr, Andrews, & Ingersoll, LLP.

This policy defines disability as follows:

**"HOW DOES UNUM DEFINE DISABILITY?**

"Disability" and "disabled" mean that because of injury or sickness:

1. the insured cannot perform each of the material duties of his regular occupation; and
2. after benefits have been paid for 24 months, the insured cannot perform each of the material duties of any gainful occupation for which he is reasonably fitted by training, education or experience

You have submitted a claim with a diagnosis of graves disease, hypertension, bronchial asthma, depression, and fibromyalgia. Restrictions and limitations were set forth by Dr. Philip Mussenden in an attending physician's statement dated February 2, 2004. This doctor notes "avoid heat and air pollution Avoid heavy lifting, pulling, and pushing. Cannot lift greater than 10 lbs, walk long distances "

Unum Life Insurance Company of America
The Benefits Center
PO Box 9500
Portland, ME 04104-5058
Phone: 1-800-858-6843
Fax: 1-800-447-2498
www.unumprovident.com

1242-03

EXHIBIT 20

Claimant Name: Vanessa McFadden    Claim #: 1164932

UNUM00312

Claimant Name: McFadden Vanessa
Claim Number: 1164932

May 11 2004
Page 2 of 5

We have reviewed your entire claim file including all medical records submitted by your treating physicians. It appears that you stopped working on 10/16/03 due to multiple conditions. The records indicate that at the time you stopped working your Graves disease was controlled and you were experiencing a normal functioning thyroid gland without need for treatment. We would not expect this condition to cause an impairment based on the control achieved prior to when you stopped working.

Your hypertension is unpredictable based on the documentation provided. On many examinations your blood pressure was significantly elevated, while at the time of other visits it was at near normal levels. You did not report symptoms related to these transient elevations; therefore, it is unexpected that this condition would cause a resulting impairment.

The records also demonstrated that you continued to be treated for bronchial asthma. Pulmonary Function Tests (PFT) have shown moderate restrictive lung disease with moderate defect. This study completed in October of 2003 appeared to examine your pulmonary function with appropriate effort given by you. Your medications for this condition have been adjusted based on your symptoms, clinical findings, and PFT findings. It is reasonable that this condition would cause a loss of function consistent with the restrictions and limitations provided. Of note, you continued to report that you are smoking 10 cigarettes per day. We would expect a more aggressive treatment approach to obtain cessation.

You are also currently treating with Dr. Clark for your reported clinical depression. No Global Assessment Function (GAF) score has been provided, nor any specific restrictions and limitations.

You were also diagnosed with fibromyalgia in December of 2003 based on a clinical examination consistent with the American College of Rheumatology (ACR) criteria for this condition. However, you have also been diagnosed with polyarthritis with mild but diffuse joint involvement. Your knees seem to be the most affected with arthritic findings of all 3 compartments and crepitus and synovitis noted on examination. This is further complicated by your morbid obesity Body Mass Index (BMI) 40. It is reasonable that you would have limited capacity consistent with the restrictions and limitations of avoid walking long distances provided pertaining to your rheumatologic status.

In an effort to further clarify your medical condition, we contacted Dr. Calvin Griffin by telephone on March 30, 2004. We asked him specifically about your hands and if you would have the ability to use your hands for activities. He stated that we were reviewing notes from an early visit with him when you had tender points of your hands and shoulders. He stated that at the time of that evaluation you were being worked up for an inflammatory arthritis or possibly Carpal Tunnel Syndrome (CTS). We discussed the February office visit note which noted a negative Tinel's and Phalen's signs and no findings of your hands. He stated that you would have limitations secondary to FM that include no significant lifting or repetitive motion as this would worsen your symptoms.

After reviewing the medical records, clinical findings did document extensive tenderness of your hands and wrists in December of 2003. Therefore, it is reasonable that you would be precluded from significant lifting or repetitive activities at that time. Considering that your clinical findings normalized by February of 2004, we would expect that your ability to use your hands would have returned to normal levels at that time. It is not unreasonable that you would be precluded

1242-03

Claimant Name: Vanessa McFadden    Claim #: 1164932

UNUM00313

Claimant Name: McFadden Vanessa
Claim Number: 1164932

May 11 2004
Page 3 of 5

from lifting significant amounts as this may worsen your chronic pain symptoms; however, this level of lifting would not be expected to preclude you from sedentary level activities on a full time basis.

We also contacted your psychiatric provider, Dr Granville Clark on May 4, 2004 to further clarify your psychiatric condition. Dr Clark had little specific information about your symptoms and related impairments. He indicated that it is difficult to separate the effects of chronic pain from depression You have had chronic mild to moderate depression He did not know details about panic attacks, including specific symptoms and frequency The details about depressive symptoms were limited

Dr. Clark indicated that you have moderate depression, which in itself would not preclude you from returning to work You have many physical complaints, which he characterizes as overwhelming. He believes you are doing very well dealing with your overall condition The physical symptoms from his description are the major source of restrictions and limitations.

We have also reviewed the requirements of your occupation based on the job description provided by your employer. Occupational research based on the information obtained in that review has revealed that your occupation; as defined by the Department of Labor's Dictionary of Occupational Titles, would most reasonably be classified as that of a Legal Secretary. The duties of a Legal Secretary are best defined as follows: Perform secretarial duties utilizing legal terminology, procedures, and documents Prepare legal papers and correspondence, such as summonses, complaints, motions, and subpoenas. Conduct legal research, prepare and process legal documents and papers, such as summonses, subpoenas, complaints, appeals, motions, and pretrial agreements. Mail, fax, or arrange for delivery of legal correspondence to clients, witnesses, and court officials. Receive and place telephone calls Schedule and make appointments. Make photocopies of correspondence, document, and other printed matter. Organize and maintain law libraries and document and case files. Assist attorneys in collecting information such as employment, medical, and other records. Attend legal meetings, such as client interviews, hearings, or depositions, and take notes. Draft and type office memos. Review legal publications and perform data base searches to identify laws and court decisions relevant to pending cases. Submit articles and information from searches to attorneys for review and approval for use Complete various forms, such as accident reports, trial and courtroom requests, and applications for clients.

The Department of Labor has determined that the occupation of Legal Secretary is performed while sitting most of the time but may involve walking or standing for brief periods of time and may involve lifting of up to 10 pounds on an occasional basis. The position also requires frequent, reaching, handling, fingering, talking, hearing, near acuity, and accommodation

After reviewing the medical data submitted and telephone discussions with two of your treating providers, we have determined that the restrictions and limitations as presented by your treating physician are supported by the medical records on file However, these restrictions and limitations do not preclude you from performing your sedentary occupation. Based on this information, we are unable to issue any additional benefits to you and your claim has been closed

If you have additional information to support your request for disability benefits, it must be sent to my attention for further review at the address noted on this letterhead, within 180 days of the date you receive this letter.

1242-03

*Claimant Name: Vanessa McFadden     Claim #: 1164932*

UNUM00314

Claimant Name: McFadden, Vanessa
Claim Number: 1164932

May 11 2004
Page 4 of 5

However, if you disagree with our determination and want to appeal this claim decision, you must submit a written appeal. This appeal must be received by us within 180 days of the date you receive this letter. You should submit your written appeal to the following address:

UnumProvident
The Benefits Center
Quality Performance Support – Appeals Unit
PO Box 9548
Portland, ME 04122-5058

A decision on appeal will be made not later than 45 days after we receive your written request for review of the initial determination. If we determine that special circumstances require an extension of time for a decision on appeal, the review period may be extended by an additional 45 days (90 days in total). We will notify you in writing if an additional 45 day extension is needed.

If an extension is necessary due to your failure to submit the information necessary to decide the appeal, the notice of extension will specifically describe the required information, and you will be afforded at least 45 days from receipt of the notice to provide the specified information. If you deliver the requested information within the time specified, the 45 day extension of the review period will begin after you have provided that information. If you fail to deliver the requested information within the time specified, we may decide your appeal without that information.

You will have the opportunity to submit written comments, documents, or other information in support of your appeal. You will have access to all relevant documents as defined by applicable U.S. Department of Labor regulations. The review will take into account all new information, whether or not presented or available at the initial determination. No deference will be afforded to the initial determination.

The review will be conducted by us and will be made by a person different from the person who made the initial determination and such person will not be the original decision maker's subordinate. In the case of a claim denied on the grounds of a medical judgment, we will consult with a health professional with appropriate training and experience. The health care professional who is consulted on appeal will not be the individual who was consulted during the initial determination or a subordinate. If the advice of a medical or vocational expert was obtained by the Plan in connection with the denial of your claim, we will provide you with the names of each such expert, regardless of whether the advice was relied upon.

If your request on appeal is denied, the notice of our decision will contain the following information:

a. the specific reason(s) for the appeal determination;
b. a reference to the specific Plan provision(s) on which the determination is based;
c. a statement disclosing any internal rule, guidelines, protocol or similar criterion relied on in making the adverse determination (or a statement that such information will be provided free of charge upon request);
d. a statement describing your right to bring a civil suit under federal law;

1242-03

---

Claimant Name: Vanessa McFadden    Claim #: 1164932

UNUM00315

Claimant Name: McFadden Vanessa  
Claim Number: 1164932

May 11 2004  
Page 5 of 5

e.  a statement that you are entitled to receive upon request, and without charge, reasonable access to or copies of all documents, records or other information relevant to the determination; and

f.  a statement that "You or your plan may have other voluntary alternative dispute resolution options, such as mediation   One way to find out what may be available is to contact your local U S. Department of Labor office and your State insurance regulatory agency"

Notice of the determination may be provided in written or electronic form. Electronic notices will be provided in a form that complies with any applicable legal requirements.

Unless there are special circumstances, this administrative appeal process must be completed before you begin any legal action regarding your claim.

If we do not receive your written appeal within 180 days of the date you receive this letter, our claim determination will be final.

If you have *new, additional* information to support your request for disability benefits, we would be happy to review it. Please send this information to the address below.

Please be aware that we have not evaluated your claim with respect to any policy provisions other than those discussed above, and that the Company reserves its right to enforce any and all provisions of the policy.

Sir or Madam, if you have any questions, please feel free to contact me at 1-800-858-6843 extension 55565.

Sincerely,

*Robert Spellman Jr.*

Robert Spellman Jr.  
Senior Disability Benefits Specialist  
Unum Life Insurance Company of America

1242-03