UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VANESSA A. MCFADDEN )<br>)<br>Plaintiff, )<br>)<br>v.   ) <br>)<br>BALLARD SPAHR ANDREWS & )<br>INGERSOLL, LLP et al. )<br>)<br>Defendants. )<br>) | Civil Case No.05cv2401 (RJL) |

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO
DEFENDANTS' REQUESTS FOR ADMISSIONS**

Pursuant to Federal Rules of Civil Procedures 36 and applicable Local Rules Plaintiff Vanessa A. McFadden, by and through undersigned counsel, hereby provides her Answers and Objections to Defendants' Requests for Admissions.

OBJECTIONS & COMMENTS

The following objections and comments are specifically incorporated into each and all of the enumerated responses below:

1. Plaintiff generally and specifically objects to any Request for Admission, which asks her to admit or deny the transmission of any document(s) from one individual/organization to another individual/organization or to Defendants. Plaintiff hereafter admits or denies whether a documents is a true and accurate copy of a record that she has previously seen and/or reviewed, but makes no representations as to the circulation of the records to other parties. She lacks the personal knowledge to admit or deny the transmission of such records and, therefore, denies same.

EXHIBIT 28

2. Where Requests for Admissions call for Plaintiff to admit or deny statements referenced in a document(s), Plaintiff states that, notwithstanding her answer, which in no way waives this objection, that the document(s) speak for itself/themselves.

3. Plaintiff's responses are based upon facts and information presently available and are given without prejudice to the responding party's right to further amend or supplement these responses at a later date as such information becomes available or upon subsequent review of records or information learned.

4. By responding or failing to respond to some or all of the Requests for Admissions, Plaintiff does not concede the relevance, materiality or any applicable privilege or doctrine as such objections may apply at trial or otherwise in this action.

5. By responding or failing to respond to some or all of the Requests for Admissions, Plaintiff does not concede the objections raised herein.

6. By responding or failing to respond to some or all of the Requests for Admissions, Plaintiff does not concede the admissibility of any of the documents referenced in the Requests and specifically preserves her right to challenge on any evidentiary ground the admissibility of any or all of the documents referenced herein, at trial or on summary judgment.

## REQUESTS FOR ADMISSION

1. Exhibit 1 (P 130) is a true and accurate copy of a May 4, 2004 memorandum from Dr. Carlyle Voss to his file on Plaintiff.

**RESPONSE:** Admit.

2. Exhibit 2 (P 135) is a true and accurate copy of a December 22, 2003 memorandum written by Dr. Philip L. Mussenden.

**RESPONSE:** Admit.

3. Exhibit 3 (P 131-2) is a true and accurate copy of an October 7, 2004 letter from Dr. Ranville S. Clark to Robert Spellman, Jr.

**RESPONSE:** Admit.

4. Exhibit 4 (P 202-7) is a true and accurate copy of Plaintiff's Medical Certification submitted for long-term disability benefits to Ballard Spahr.

**RESPONSE:** Admit.

5. Exhibit 5 (HCP 4-16) is a true and accurate copy of Plaintiff's medical records with Dr. Kristen Thomas.

**RESPONSE:** Deny.

6. Exhibit 6 (HCP 19-49) is a true and accurate copy of Plaintiff's medical records from Dr. Brenda Berberian.

**RESPONSE:** Deny.

7. Exhibit 7 (HCP 53-57) is a true and accurate copy of Plaintiff's medical records from Dr. Seth Morgan.

**RESPONSE:** Admit.

3

8. Exhibit 8 (Unum 00019) is a true and accurate copy of the Attending Physician's Statement submitted to Unum Provident

**RESPONSE:** Admit.

9. Exhibit 9 (Unum 00088-00093) is a true and accurate copy of Dr. Mussenden's office notes on Ms. McFadden's visits.

**RESPONSE:** Admit.

10. Exhibit 10 (Unum 00107-00122) is a true and accurate copy of Dr. Ajay Dashottar's medical records of Ms. McFadden.

**RESPONSE:** Deny.

11. Exhibit 11 (Unum 00171-00218) is a true and accurate copy of Dr. Calvin Griffin's medical records of Ms. McFadden faxed on March 8, 2004.

**RESPONSE:** Deny.

12. Exhibit 12 (Unum 00243-00251) is a true and accurate copy of Dr. Mussenden's medical records of Ms. McFadden.

**RESPONSE:** Deny.

13. Exhibit 13 (Unum 00255-6) is a true and accurate copy of a letter from Dr. Clark to Unum Provident about Ms. McFadden.

**RESPONSE:** Deny.

4

14. Exhibit 14 (Unum 247-406) is a true and accurate copy of Dr. Griffin's medical records that were submitted to Unum Provident and dated June 21, 2004.

**RESPONSE:** Admit.

15. Exhibit 15 (Unum 00472-6) is a true and accurate copy of Dr. Mussenden's medical records about Ms. McFadden that were submitted to Unum Provident and dated June 26, 2004.

**RESPONSE:** Admit.

16. Exhibit 16 (Unum 00594-7) is a true and accurate copy of Dr. Clark's medical records that were submitted to Unum Provident and dated from October 7, 2004.

**RESPONSE:** Admit.

17. Exhibit 17 (Unum 00607-00615) is a true and accurate copy of Dr. Thomas' medical records about Ms. McFadden that were submitted to UnumProvident and dated August 23, 2004.

**RESPONSE:** Admitted as to documents Bates UNUM 0607-0609. Denied as to the remainder.

18. Exhibit 18 (Unum 00637-00652) is a true and accurate copy of Dr. Mussenden's medical records that were submitted to UnumProvident.

**RESPONSE:** Admit.

19. Exhibit 19 (Unum 00826-00831) is a true and accurate copy of the Claimant's Supplemental Statement that was submitted to UnumProvident.

5

**RESPONSE:** Admit.

20.    Exhibit 20 (Unum 00841-4) is a true and accurate copy of Dr. Mussenden's medical records about Ms. McFadden.

**RESPONSE:** Admit.

21.    Exhibit 21 (Unum 00617-00631) is a true and accurate copy of Dr. Armstrong's medical records about Ms. McFadden.

**RESPONSE:** Admit.

22.    Exhibit 22 (Unum 00493-00507) is a true and accurate copy from Dr. Clark's medical records about Ms. McFadden.

**RESPONSE:** Admit.

23.    Exhibit 23 (P 108) is a true and accurate copy of Ms. McFadden's notes on a conference call between herself and employees of Ballard Spahr.

**RESPONSE:** Admit.

24.    Exhibit 24 (Unum 00565-7) is a true and accurate copy of a letter Ms. McFadden submitted to UnumProvident in support of her appeal.

**RESPONSE:** Admit.

25.    Exhibit 25 (Unum 00912-3) is a true and accurate copy of a letter from UnumProvident to Ms. McFadden granting her long-term disability benefits.

**RESPONSE:** Admit.

26.  In Exhibit 19, on bates-number Unum 00828, Ms. McFadden states that she will never return to work on a part time or full time basis and "yes" in response to the question of "how does [her] injury or sickness continue to impede [her] ability to perform [her] occupational duties."

**RESPONSE:** Deny.

27.  In Exhibit 19, on bates-number Unum 00826, Dr. Mussenden states that Ms. McFadden is "permanently; medically disabled."

**RESPONSE:** Admit.

28.  In Exhibit 23, Ms. McFadden states that in response to an offer from Ballard Spahr for a word processing position, she stated "my doctors have found me to be mentally and physically disabled permanently."

**RESPONSE:** Admit.

29.  In Exhibit 2, Dr. Mussenden states that Ms. McFadden is "physically and mentally incapacitated."

**RESPONSE:** Admit.

30.  In Exhibit 3, on bates-number P 132, Dr. Clark states that "Ms. McFadden is incapable of resuming employment, now or in the foreseeable future."

**RESPONSE;** Admit.

7

31. In Exhibit 4, on bates-number P 205, Dr. Mussenden states that Ms. McFadden is "unable to perform any work."

**RESPONSE:** Admit.

32. In Exhibit 7, on bates-number HCP 53, Dr. Morgan states that Ms. McFadden feels that her memory is "not too good."

**RESPONSE:** Deny.

33. In Exhibit 8, Dr. Mussenden certifies that Ms. McFadden cannot be released to full time or part time work indefinitely.

**RESPONSE:** Admit.

34. In Exhibit 13, on bates-number Unum 00256, Dr. Clark wrote that "it is not to be expected that [Ms. McFadden] will ever be able to resume gainful employment" on March 17, 2004.

**RESPONSE:** Deny.

35. In Exhibit 18, on bates-number Unum 00638, Dr. Mussenden wrote that he "placed [Ms. McFadden on] long-term disability on October 14, 2003."

**RESPONSE:** Admit.

36. In Exhibit 18, on bates-number Unum 00639, Dr. Mussenden wrote on December 22, 2003, that "Ms. McFadden is physically and mentally incapacitated."

8

**RESPONSE:** Admit.

37.  In Exhibit 21, on bates-number Unum 00626 and 00628, Dr. Armstrong prescribed Ms. McFadden an oxygen canister for her lifetime.

**RESPONSE:** Deny.

38.  Ms. McFadden applied for long-term disability insurance with Unum Provident on or about February, 2004 and appealed the denial of her claim on or about October, 2004.

**RESPONSE:** Plaintiff admits that she applied for long-term disability benefits from Unum Provident in or about February 2004. Remainder is admitted.

39.  Ms. McFadden was approved for long-term disability benefits by Unum Provident on or about September, 2005. (See Exhibit 25).

**RESPONSE:** Admit.

40.  Ms. McFadden received long-term disability benefits from Unum Provident retroactive to January, 2004.

**RESPONSE:** Deny.

41.  Ms. McFadden applied for social security disability insurance on or about November, 2003 and was approved for benefits on or about March 16, 2004.

**RESPONSE:** Deny.

42.  The standard to be disabled for long-term disability insurance from Unum Provident is "that because of injury or sickness: (1) the insured cannot perform each of the

9

material duties of his regular occupation; and (2) after benefits have been paid for 24 months, the insured cannot perform each of the material duties of any gainful occupation for which he is reasonably fitted by training, education or experience." (See Exhibit 25).

**RESPONSE:** Deny.

43. The standard to be disabled for long-term disability insurance from social security is the inability to engage in any substantial gainful activity by reason of any medically determinate physical or mental impairments which can reasonably be expected to result in death or which has lasted or can be expected to last for a continuous period of time of not less than 12 months.

**RESPONSE:** Deny.

44. Ms. McFadden was approved for benefits from Unum Provident in the amount of approximately $2,727.82 per month.

**RESPONSE:** Deny.

45. Ms. McFadden was approved for benefits from social security in the amount of approximately $1,497.00 per month.

**RESPONSE:** Deny.

46. Dr. Carlyle Voss is a mental health professional employed by Unum Provident.

**RESPONSE:** Based upon information received, a Dr. Lyle Voss is employed by Unum Provident as a Medical Director. Plaintiff denies the remainder.

10

47. Dr. Philip L. Mussenden is a physician who was Ms. McFadden primary care provider.

**RESPONSE:** Admit.

48. Dr. Ranville S. Clark is a psychiatrist who treated Ms. McFadden.

**RESPONSE:** Admit.

49. Dr. Kristen Thomas is a physician who treated Ms. McFadden.

**RESPONSE:** Admit.

50. Dr. Brenda Berberian is a physician specializing in dermatology who treated Ms. McFadden.

**RESPONSE:** Admit.

51. Dr. Seth Morgan is a physician specializing in neurology who treated Ms. McFadden.

**RESPONSE:** Deny.

52. Dr. Ajay Dashottar is a physician specializing in endocrinology/internal medicine who treated Ms. McFadden.

**RESPONSE;** Deny.

11

53. Dr. Calvin Griffin is a physician who treated Ms. McFadden.

**RESPONSE:** Admit.

54. Dr. Earl Armstrong is a physician specializing in pulmonology who treated Ms. McFadden.

**RESPONSE:** Admit.

Dated: October 5, 2006

Respectfully submitted,

By: /s/ Teresa W. Murray
Teresa W. Murray

THE LAW OFFICES OF T.W. MURRAY, LLC
1111 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-585-1870/Fax: 301-585-1871

## CERTIFICATE OF SERVICE

I hereby certify that on the __5th__ day of __October 2006__, a copy of the foregoing Plaintiff's Answers and Objections to Defendants' Requests for Admissions was sent via priority mail to:

Jonathan Mook
DIMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA 22314

/s/ Teresa W. Murray

12

I verify under penalty of perjury that the foregoing Complainant's Answers and Objections to Defendants' Requests for Admissions are true and correct.

Executed this 3nd day of October 2006.

_____
Vanessa A. McFadden