

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Vanessa A. McFadden, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Ballard Spahr Andrews and )<br>Ingersoll, LLP, *et al.*, )<br>)<br>Defendants. )<br> ) | Civil Action No. 1:05CV02401<br>Judge Richard J. Leon |

### DEFENDANTS' OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES

Defendants, Ballard Spahr Andrews & Ingersoll, LLP ("Ballard Spahr") *et al.* hereby respond to Plaintiff's First Interrogatories as follows:

#### Objections to Definitions and Instructions

1.  Defendants object to Instruction No. 1 in that they are being asked to produce information covered by attorney-client or work product privilege.

2.  Defendants object to Definition (k) as overbroad and violating the privacy rights of other non-parties.

3.  Defendants object to Definition (o) as overbroad, imposing requirements beyond the Federal Rules of Civil Procedure and violating attorney-client and work product privilege.

4.  Defendants object to Definition (p) as overbroad and imposing requirements beyond the Federal Rules of Civil Procedure.

1



Interrogatory No. 1: State each and every qualification, and essential function of the position of Legal Secretary at Ballard Spahr.

**OBJECTION**:

**RESPONSE**: Qualifications and functions of the position of legal secretary are set forth in Ballard 00519-00520.

Interrogatory No. 2: Describe all Firm policy(ies) and practices, which were applicable to Plaintiff that relate to the reasonable accommodation of qualified employees with disabilities.

**OBJECTION**: Defendants object to this interrogatory as being vague in its use of the phrase "policy(ies) and practices" and as to the implication that Plaintiff was a "qualified" employee with a disability.

**RESPONSE**: Notwithstanding or waiving the objection, Defendants state that Ballard Spahr makes every effort to accommodate qualified persons with disabilities until it leads to undue hardship for the Firm. See also excerpts from Ballard Spahr policy manuals produced at Ballard 01358-01373.

Interrogatory No. 3: Identify each and every reasonable accommodation offered by Ballard Spahr to Plaintiff for her actual, perceived, or record of disability.

**OBJECTION**: Defendants object to the interrogatory as implying that Plaintiff had an "actual, perceived, or record of disability."

2

**RESPONSE:** Notwithstanding or waiving the objection, Defendants state that Ms. McFadden was granted extensive leave time; was provided monetary loans by Charles Henck and advances by the Firm; was provided hardship loans; was provided full pay on days partially worked and on days when she did not work at all; was provided legal assistance and advice dealing with Mr. McFadden's former employer, specifically with regard to problems involving life insurance; and was provided the opportunity to return to work at any available position for which she was qualified. On Ms. McFadden behalf, the Firm negotiated with its disability carrier and obtained provisional benefits for her. The Firm also adopted new insurance policies, such as an accelerated death benefit, solely for Ms. McFadden.

Interrogatory No. 4: Identify each and every reasonable accommodation requested by Plaintiff for her actual, perceived, or record of disability.

**OBJECTION:** Defendants object to the interrogatory as implying Plaintiff was disabled (either actual, perceived, or record of a disability) and that Plaintiff requested "reasonable accommodation."

**RESPONSE:** Notwithstanding or waiving that objection, Defendants state that Plaintiff requested leave, which she was provided. See also Response to Interrogatory No. 7.

3