UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
VANESSA A. MCFADDEN           )
                              )
       Plaintiff,             )
                              )
v.                            )    Civil Case No.05cv2401 (RJL/JMF)
                              )
BALLARD SPAHR ANDREWS &       )
INGERSOLL, LLP et al.         )
                              )
       Defendants.            )
_____)

## ERRATA

Plaintiff Vanessa McFadden's Opposition to Defendants' Motion for Summary Judgment is corrected as follows:

 Page 7, nt. 39: "Ex. 1, McFadden Depo. at 161-167" is corrected to "Ex. 1, McFadden Depo. at 161-167; Ex. 27, McFadden's medical records."

 Page 10, line 7: " . . . retained her, after her FMLA leave and non-FMLA leave expired." is corrected to " . . . retained her, after her FMLA leave and non-FMLA leave expired."[1]

 Page 11, line 16: ". . . worked at lease one year and 1,250 hours to 12 weeks of unpaid leave." (footnote omitted) corrected to ". . . worked at least one year and 1,250 hours to 12 weeks of unpaid leave." (footnote omitted)

 Page 12, line 2: ". . . FMLA regulations, employers must apprise of their FMLA rights, . . ." is corrected to ". . . FMLA regulations, employers must apprise employees of their FMLA rights, . . ."

 Page 12, line 17: "But where – there exists evidence of both legitimate and illegitimate . . ." is corrected to "But where there exists evidence of both legitimate and illegitimate . . ."

 Page 13, lines 6-8: "These statutes forbid employers from "discriminate[ing] against qualified individuals with a disability because of the disability of such individual in regard to job application procedures, the hiring, . . . or discharge of employees …"[2] is corrected to "These statutes forbid employers from "discriminat [ing] against qualified individuals with a

---

[1] Ex. 23, Hahn Leave of Absence Request"
[2] 42 U.S.C. § 12112(a).

disability because of the disability of such individual in regard to job application procedures, the hiring, . . . or discharge of employees …"[3]

Page 18, line 8: "They represented to McFadden that her FMLA leave had to be taken with this "coverage period" only." is corrected to "They represented to McFadden that her FMLA leave had to be taken within this "coverage period" only."

Page 18, lines 11-12: ". . . for her own pre-scheduled medical appoints. Her absences on those days had nothing to do with Mr. McFadden's serious health condition, and therefore, was not a FMLA-qualifying absence." (footnote omitted) is corrected to ". . . for her own pre-scheduled medical appointments. Her absences on those days had nothing to do with Mr. McFadden's serious health condition, and therefore, were not FMLA-qualifying absences."

Page 19, line 14: ". . .'willful' violations of the FMLA, plaintiffs must demonstrate that "the employer know or . . ." is corrected to ". . .'willful' violations of the FMLA, plaintiffs must demonstrate that "the employer knew or . . ."

Page 19, nt. 107, line 2: ". . . days the Firm counted as FMLA leave. See Ex. 19 (yellow highlighted days)" is corrected to ". . . days the Firm counted as FMLA leave. See Ex. 19 (yellow highlighted days); See also, Ex. 22, Declaration of Vanessa McFadden (hereinafter "McFadden Decl.") ¶ 3; Ex. 26, McFadden 2002 & 2003 Attendance Record."

Page 20, line 15: "Requiring McFadden to call the office in everyday of her pre-scheduled and pre-" is corrected to "Requiring McFadden to call the office everyday of her pre-scheduled and pre-"

Page 21, line 11: ". . .into coming to work. She feared that if she took any additional days off, she would loose her. . ." is corrected to ". . .into coming to work. She feared that if she took any additional days off, she would lose her. . ."

Page 21, line 13: ". . . entitlement and restricted her absences to those necessary to take her husband for chemotherapy." is corrected to ". . . entitlement and restricted her absences to those necessary to take her husband for chemotherapy."[4]

Page 23, line 6: "Under the DCHRA, for instance, individual liability can be found of the . . ." is corrected to "Under the DCHRA, for instance, individual liability can be found if the . . ."

Page 23, line 11: ". . . decision-making control should not be credited by the Court, but rather if anything, leave such . . ." (footnote omitted) is corrected to ". . . decision-making control should not be credited by the Court, but rather if anything, convince the Court to refer such . . ."(footnote omitted)

---

[3] 42 U.S.C. § 12112(a); D.C. Code § 2-1401.25(5a)."
[4] Riley-Jamison's pressured caused McFadden to hire her sister to care for her husband one workday per week. Ex. 25, V. Adams Verified Statement. This cost McFadden approximately $300/month. Ex. 22, McFadden Decl. ¶ 4."

Page 25, line 3:  ". . . this fashion, and one of the courts indicated that a jour should determine whether the . .." (footnote omitted) is corrected to ". . . this fashion, and one of the courts indicated that a jury should determine whether the . .." (footnote omitted).

Page 26, line 20: "She requested this position because she knew, eve with her limitations, that she. . ." is corrected to "She requested this position because she knew, even with her limitations, that she. . ."

Page 28, line 12: "Further, Hahn's had not job protection on May 14, 2004 and therefore had no entitlement. . ." is corrected to "Further, Hahn had no job protection on May 14, 2004 and therefore had no entitlement. . ."

Page 29, line 7: ". . . termination served the same end – the save the Firm some trouble." is corrected to ". . . termination served the same end – to save the Firm trouble."

Page 29, nt. 151: "Ex. ___ Briscoe Decl. ¶ ___ Ex. ___, Defs. Supplemental Answers to Interrogatory Nos 17 & 20." is corrected to "Ex. 10, Briscoe Decl. ¶ 12; Ex. 20, Defs. Supplemental Answers to Interrogatory Nos. 17 & 20."

Page 30, line 7: "This argument fails since there is not . . " is corrected to "This argument fails since there is no . . "

Page 30, nt. 154: "MSJ at 24-27." is corrected to "MSJ at 24-27.  The Court should note that despite its Order compelling the Defendants to produce all records relating to leave and accommodations, which the Firm afforded other legal secretaries, Defendants' supplemental production conspicuously omits the other secretaries' attendance records.  Only McFadden's attendance records were produced.  See Ex. 26.  Thus, the Court should reject all undocumented dates pertaining to comparators proffered by Defendants in support of their Motion."

Page 31, line 12: "At least thee. . ." is corrected to "At least three. . ."

Page 33, nt. 164: "Ex. 10 Briscoe Decl. ¶ 11." is corrected to "Ex. 10, Briscoe Decl. ¶ 11; Ex. 24, Briscoe's Request for Leave of Absence and Termination Letter."

Page 33, line 4 "Briscoe." is corrected to "Briscoe.[5]

Page 33, line 6: ". . .expiration they were offered no reasonable accommodation and were summarily discharged." is corrected to ". . .expiration they were offered no reasonable accommodation and were summarily discharged.[6]

---

[5] Ex. 23, Hahn Request for Leave of Absence"
[6] Ex. 10, Briscoe Decl. ¶ 11."

In addition, the following exhibits and appendix accompany the Opposition Memorandum (in addition to those already filed, as noted):

Appendix – Plaintiff's Response to Defendants' Statement of Undisputed Facts and Statement of Genuine Issues of Material Fact

Ex. 1, Deposition of Vanessa McFadden

Ex. 2, Deposition of Charles Henck

Ex. 3, McFadden Performance Evaluations

Ex. 4, McFadden's Salary Increases

Ex. 5, Fern Forman's Memorandum re: FMLA Leave (11/1/02)

Ex. 6, Cornelius McFadden FMLA Certification

Ex. 7, McFadden email re: chemotherapy treatments

Ex. 8, Deposition of Janet Craig

Ex. 9, Deposition of Margaret Riley-Jamison

Ex. 10, Declaration of Cassandra Briscoe

Ex. 11, Plaintiff's Third Supplemental Answers to Defendants' Interrogatories

Ex. 12, McFadden's Leave of Absence Request (10/03)

Ex. 13, Ballard Spahr's FMLA & ADA Policies

Ex. 14, Ballard Spahr Ltr to McFadden dated Mar. 9, 2004

Ex. 15, Fern Forman Memorandum re: LTD (9/29/03)

Ex. 16, McFadden's Request for Non-FMLA Leave

Ex. 17, Ballard Spahr Ltr to McFadden dated May 20, 2004

Ex. 18, Defendants' Answers to Plaintiff's Requests for Admissions (Filed with Orig.)

Ex. 19, 2002-2004 Calendars (Filed with Orig.)

Ex. 20, Defendants' Supplemental Answers to Plaintiff's Interrogatories

Ex. 21, List of Ballard Spahr Legal Secretaries

Ex. 22, Declaration of Vanessa McFadden

Ex. 23, Betty Ann Hahn Leave of Absence Request (Hard Copy Only)

Ex. 24, Cassandra Briscoe Leave of Absence Request & Termination Ltr (Hard Copy Only)

Ex. 25, Velta Adams Verified Statement

Ex. 26, McFadden's 2002 & 2003 Attendance Record

Ex. 27, McFadden's Medical Records (Filed in Hard Copy Only)

Ex. 28, Riley-Jamison termination letters

**A corrected copy of the Opposition Memorandum, Appendix and exhibits (as noted) are attached.**

Respectfully submitted,

Dated: October 15, 2007               By**:_____/S/**_____
                                         Teresa W. Murray
THE LAW OFFICE OF T.W. MURRAY
7474 Greenway Center Drive
Suite 820
Greenbelt, Maryland 20770
Phone: 301-982-2005
Fax: 301-982-0004