## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Vanessa A. McFadden, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV02401 |
| ) | Judge Richard J. Leon |
| Ballard Spahr Andrews and ) | |
| Ingersoll, LLP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' OBJECTIONS AND ANSWERS TO
### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Defendants, Ballard Spahr Andrews & Ingersoll, LLP ("Ballard Spahr") *et al.* hereby

respond to Plaintiff's First Request for Admissions as follows:

### Objections to Definitions and Instructions

1. Defendants object to Instruction No.1 in that they are being asked to produce

   information covered by attorney-client or work product privilege

2. Defendants object to Definition (k) as overbroad and violating the privacy rights

   of other non-parties.

3. Defendants object to Definition (o) as overbroad, imposing requirements beyond

   the Federal Rules of Civil Procedure and violating attorney-client and work

   product privilege.

4. Defendants object to Definition (p) as overbroad and imposing requirements

   beyond the Federal Rules of Civil Procedure.

## ADMISSIONS

Request No. 1:      Vanessa McFadden is an individual with an actual disability.

**OBJECTION**:      Defendants object that Plaintiff did not define what is meant by "actual

disability." Defendants further object that it is impossible to respond until

Ms. McFadden produces her medical records, which she refuses to do.

**RESPONSE**:      On the basis of the objection above, it is denied. Defendants state that

Plaintiff had a medical condition that prevented her from returning to

work.

Request No. 2:      Vanessa McFadden met or exceeded the expectations of Ballard Spahr

while working as a legal secretary for the Firm.

**OBJECTION**:      Defendants object that this request is overbroad, does not specify a time

period, and Ms. McFadden's performance is set forth in her evaluations.

**RESPONSE**:      Denied. Defendants further state that Ms. McFadden was unable to meet

the expectation that she be able to come to work when she was asked

whether she could return to work after all her leave expired and she replied

that she could not.

Request No. 3:      Ballard Spahr terminated Vanessa McFadden effective May 14, 2004.

**RESPONSE**:      Admitted.

Request No. 4:      Prior to her termination, Vanessa McFadden was a qualified individual

2

with a disability.

**OBJECTION**:     Defendants object that it is impossible to respond until Ms. McFadden

produces her medical records, which she refuses to do and that this

Request is vague as to time frame. Defendants further object that Plaintiff

does not define "qualified individual with a disability."

**RESPONSE**:     On the basis of the objection above, it is denied. This Request is also

denied because Ms. McFadden informed Defendants that she could not

return to work.

Request No. 5:     Vanessa McFadden was regarded as disabled by Ballard Spahr.

**OBJECTION**:     Defendants object that this Request is vague as to time frame.

**RESPONSE**:     At the time of termination, it is admitted that Plaintiff was regarded as

unable to return to work because of a medical condition. The remaining

Request is denied.

Request No. 6:     Vanessa McFadden was regarded as disabled by Margaret Riley-Jamison.

**OBJECTION**:     Defendants object that this Request is vague as to time frame.

**RESPONSE**:     At the time of termination, it is admitted that Plaintiff was regarded as

unable to return to work because of a medical condition. The remaining

Request is denied.

Request No. 7:     Ballard Spahr possessed records of Vanessa McFadden's disabling

3

condition, prior to her discharge.

**OBJECTION**:      Defendants object that this Request is vague as to time frame and the

definition of "disabling condition."

**RESPONSE**:      Denied.


Request No. 8:      Vanessa McFadden's disability and physical limitations were the

motivating factors behind her termination.

**OBJECTION**:      Defendants object that this is a compound request.

**RESPONSE**:      Plaintiff was terminated because she could not return to work. The

remaining Request is denied.


Request No. 9:      Ballard Spahr replaced Vanessa McFadden with a non-disabled individual.

**OBJECTION**:

**RESPONSE**:      Denied on the basis that Ballard Spahr does not know if the replacement is

disabled or not. Ms. McFadden's replacement has not identified a

disability to Ballard Spahr.


Request No. 10:      Prior to her termination, Vanessa McFadden requested to assigned to the

Receptionist position.

**OBJECTION**:

**RESPONSE**:      Denied.


4

Request No. 11:    Vanessa McFadden could perform the essential functions of the

Receptionist position with or without a reasonable accommodation.

**OBJECTION**:    Defendants object that this Request is vague as to time frame.

**RESPONSE**:    This Request is denied as Ms. McFadden said she could not return to

work.

Request No. 12:    Ballard Spahr denied Vanessa McFadden's request to be reassigned to the

position of Receptionist.

**OBJECTION**:

**RESPONSE**:    Denied.  Ms. McFadden did not request to be reassigned as a receptionist.

Request No. 13:    Vanessa McFadden engaged in protected activity by complaining about

race-based disparate treatment.

**OBJECTION**:

**RESPONSE**:    Denied. Ms. McFadden did not complain about race-based disparate

treatment.

Request No. 14:    Vanessa McFadden engaged in protected activity by taking and requesting

disability-related absences and leave from work.

**OBJECTION**:

**RESPONSE**:    Denied because Ms. McFadden did not request "disability related"

absences and leave. It is admitted that she requested leave to take care of

5

her husband and for her medical conditions, but not for a "disability."

**Request No. 15:**  Vanessa McFadden engaged in protected activity by requesting reasonable accommodation.

**OBJECTION:**  Defendants object that the term "reasonable accommodation" is vague.

**RESPONSE:**  Denied. Ms. McFadden did not request "reasonable accommodation," but did request and was granted time off from work.

**Request No. 16:**  After Vanessa McFadden's discharge, Ballard Spahr replaced her with an individual who had no prior protected activity.

**RESPONSE:**  Denied in as much as Defendants keep no data and ask no questions about prior EEO activity of applicants or new hires.

**Request No. 17:**  Vanessa McFadden is African-American.

**RESPONSE:**  Admitted.

**Request No. 18:**  Ballard Spahr provided liberal leave procedures and benefits to non-African-American members of its support staff.

**OBJECTION:**  Defendants object that the Request is confusing and the term "liberal leave" is vague.

**RESPONSE:**  On the basis of the above objection, denied.

6

Request No. 19:      Vanessa McFadden requested reasonable accommodations for her

                     disability, including time off from work, and reduced work schedule from

                     full-time to part-time.

**OBJECTION**:       Defendants object that the terms "reasonable accommodations" and

                     "reduced work schedule" are vague.

**RESPONSE**:        It is admitted that Ms. McFadden requested and received time off from

                     work. It is denied that Ms. McFadden requested "reasonable

                     accommodations."


Request No. 20:      Charles Henck is Caucasion.

**RESPONSE**:        Admitted.


Request No. 21:      Margaret Riley-Jamison is Caucasian.

**RESPONSE**:        Admitted.


Request No. 22:      Ballard Spahr released confidential medical information concerning

                     Cornelius and/or Vanessa McFadden to one or more of the Firm's

                     employees.

**OBJECTION**:       Defendants object on the grounds that the Request is vague and confusing.

**RESPONSE**:        Denied.  It is denied that Ballard Spahr released any confidential

                     information to Firm employees except to the extent those employees

                     needed certain medical information to deal with Ms. McFadden's leave

                                          7

and benefits requests.

Request No. 23:    Prior to the year 2002, Vanessa McFadden worked for Ballard Spahr at

least one year and over 1,250 hours.

**RESPONSE**:    Admitted.

Request No. 24:    Ballard Spahr hired a Caucasian individual to replace Vanessa McFadden.

**RESPONSE**:    Admitted.

Request No. 25:    On or after October 18, 2003, Vanessa McFadden had a serious health

condition as defined under the Family and Medical Leave Act.

**OBJECTION**:    Defendants object that it is impossible to respond until Ms. McFadden

produces her medical records, which she has failed to do.

**RESPONSE**:    On the basis of the objection above, the Request is denied. Defendants

state that beginning on or about October 18, 2003, Ballard Spahr provided

Ms. McFadden with FMLA leave for her health condition.

Request No. 26:    On or after October 18, 2003, Vanessa McFadden's serious health

condition entitled her to leave of up to 12 weeks, under the Family and

Medical Leave Act.

**OBJECTION**:    Defendants object that it is impossible to respond until Ms. McFadden

produces her medical records, which she has failed to do.

8

**RESPONSE**:    On the basis of the objection above, it is denied. Nevertheless, Defendants admit that Ms. McFadden received all her FMLA leave and was given an additional three months of unpaid leave.

Request No. 27:    In and after October 20, 2002, Cornelius McFadden had a serious health condition as defined under the Family and Medical Leave Act.

**OBJECTION**:    Defendants object that it is impossible to respond until Ms. McFadden produces documents requested in discovery, which she has failed to do.

**RESPONSE**:    On the basis of the objection above, it is denied. Nonetheless, Defendants admit that in or after October, 2002, they were informed that Mr. McFadden was seriously ill.

Request No. 28:    Vanessa McFadden requested a leave of absence from work in or around October 2002 to care for her husband, Cornelius McFadden, who was suffering from a serious health condition.

**OBJECTION**:    Defendants object that it is impossible to respond until Ms. McFadden produces documents requested in discovery, which she has failed to do.

**RESPONSE**:    On the basis of the objection above, the Request is denied. It is admitted that Ms. McFadden requested a leave of absence in or around October 2002 to care for her husband.

Request No. 29:    Vanessa McFadden was entitled to up to 12 weeks of leave under the

9

Family and Medical Leave Act due to her need to provide care for her

spouse's serious health condition.

**OBJECTION**:    Defendants object that it is impossible to respond until Ms. McFadden

produces documents requested in discovery, which she has failed to do.

**RESPONSE**:    On the basis of the objection above, the Request is denied. Nonetheless,

Defendants admit that Ms. McFadden received FMLA leave to care for her

husband.

Request No. 30:    Ballard Spahr replaced Vanessa McFadden with an individual with no

prior EEO activity.

**OBJECTION**:    Defendants object on the basis that it is impossible to respond because

Defendants maintain no data and ask no questions about prior EEO

activity of applicants and new hires. Defendants also object that this

Request is repetitive.

**RESPONSE**:    On the basis of the above objection, the Request is denied.

Respectfully submitted,

Ballard Spahr Andrews & Ingersoll, LLP, *et al.*
By counsel

Bernard J. DiMuro, Esq. (D.C. Bar #393020)
Jonathan R. Mook, Esq. (D.C. Bar #929406)
DiMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Defendants*

10

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and accurate copy of the foregoing was served via mail this 14th day of August, 2006 to the following:

> Teresa W. Murray, Esq.
> The Law Offices of T.W. Murray, LLC
> 1111 Bonifant Street
> Silver Spring, Maryland 20920
> *Counsel for Plaintiff*

Jonathan R. Mook

11