UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Vanessa A. McFadden,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Ballard Spahr Andrews and<br>Ingersoll, LLP, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 1:05CV02401<br>Judge Richard J. Leon |

## DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES

Defendants, Ballard Spahr Andrews & Ingersoll, LLP ("Ballard Spahr") *et al.* hereby respond to Plaintiff's First Interrogatories as follows:

**Objections to Definitions and Instructions**

1. Defendants object to Instruction No. 1 in that they are being asked to produce information covered by attorney-client or work product privilege.

2. Defendants object to Definition (k) as overbroad and violating the privacy rights of other non-parties.

3. Defendants object to Definition (o) as overbroad, imposing requirements beyond the Federal Rules of Civil Procedure and violating attorney-client and work product privilege.

4. Defendants object to Definition (p) as overbroad and imposing requirements beyond the Federal Rules of Civil Procedure.

| | |
|---|---|
| <u>Interrogatory No. 6</u>: | Identify the person selected to replace Vanessa McFadden as Legal Secretary. Be sure to specify the replacement's race, disability/serious health condition status, and whether s/he engaged in prior protected activity. |
| **OBJECTION**: | Defendants object to the Interrogatory to the extent that it requires them to inquire into whether employees have engaged in prior protected activity or whether employees are disabled or have a serious health condition. |
| **RESPONSE**: | Notwithstanding to objection above, Defendants state that Ms. McFadden was replaced by Melissa McKinney-Nqarori. Ms. McKinney-Nqarori initially worked as an agency temp from January, 2004 to May, 2004 and began her regular, full-time employment in May, 2004. In March, 2006, Ms. McKinney-Nqarori resigned and was replaced by Dayna Cooper, who is African-American. |

**SUPPLEMENTAL RESPONSE**:

Ms. Kenney-Ngaruri is Caucasian. She went on maternity/FMLA leave from September 19, 2005 through January 2, 2006. Defendants know of no protected activity in which Ms. Kenney-Ngaruri engaged, not whether she has any disability.


| | |
|---|---|
| <u>Interrogatory No. 16</u>: | Identify and describe all vacant positions within Ballard Spahr between October 2003 and December 2004. |
| **OBJECTION**: | Defendants object that this interrogatory is overly broad and not |

2

reasonably calculated to lead to the discovery of admissible evidence inasmuch as the interrogatory is not limited to Ballard Spahr's Washington, D.C. office or to support staff positions.

**SUPPLEMENTAL RESPONSE**:

| Position Vacant | Department | Date |
|---|---|---|
| Accounting Coordinator | Finance/Accounting | 1/5/2004 |
| Accounting Coordinator | Finance/Accounting | 1/19/2004 |
| Administrative Assistant | Administration | 9/20/2004 |
| Legal Assistant | Public Finance | 10/23/2003 |
| Legal Assistant | Public Finance | 12/1/2003 |
| Legal Assistant | Public Finance | 3/5/2004 |
| Legal Assistant | Real Estate | 4/7/2004 |
| Legal Assistant | Real Estate | 4/8/2004 |
| Legal Assistant | Public Finance | 9/23/2004 |
| Legal Secretary | Litigation | 10/20/2003 |
| Legal Secretary | Unassigned | 11/17/2003 |
| Legal Secretary | Real Estate | 2/17/2004 |
| Legal Secretary | Litigation | 3/1/2004 |
| Legal Secretary | Financial Planning/Management | 4/5/2004 |
| Legal Secretary | Real Estate | 5/10/2004 |
| Legal Secretary | Business & Finance | 5/10/2004 |
| Legal Secretary | Real Estate | 5/24/2004 |
| Legal Secretary | Litigation | 5/25/2004 |
| Legal Secretary | Real Estate | 6/28/2004 |
| Legal Secretary | Litigation | 8/2/2004 |

| Legal Secretary | Real Estate | 9/20/2004 |
| Legal Secretary | Unassigned | 10/5/2004 |
| Legal Secretary | Public Finance | 11/15/2004 |
| Legal Secretary | Litigation | 11/18/2004 |
| Receptionist | Office Service | 8/9/2004 |
| Receptionist | Office Services | 10/21/2004 |

Interrogatory No. 17:   Describe in detail all leave and schedule modifications requested by and received by any and all legal secretaries employed by Ballard Spahr (except Plaintiff) from January 1, 2002 through December 31, 2005. Please be sure to specify the date(s) of the leave, the identity of all participants in the decision to grant the leave request, and explain any and all reasons for the leave.

**OBJECTION**:   Defendants object that this interrogatory is overly broad and unduly burdensome. The interrogatory is not limited to Ballard Spahr's Washington, D.C. office and the time period is unreasonably broad.

**SUPPLEMENTAL RESPONSE**:

Elaine Wilbur, a legal secretary, received a temporary modified work schedule while maintaining full-time hours to accommodate child care issues from approximately September, 2001 through July, 2004. Her schedule was approved by Joseph Nealon, the partner for whom she worked.

Emily Murray, a legal secretary, received FMLA leave from September 12, 2003 through

4

October 26, 2003 for maternity leave.

Jeanine Winley, a legal secretary, received FMLA leave from January 13, 2004 through March 16, 2004 for medical reasons.

Judy Mintz, a legal secretary, has a modified wok schedule in which she takes an unpaid leave of absence from the last week of June through the first week of September. When on her leaves of absence, she is not paid and does not accrue leave. This schedule was approved by Allen Winn, the partner for whom she works.

Lois Swanson, a legal secretary, received FMLA leave from August 21, 2003 through September 1, 2003 for medical reasons.

Martha Hall, a legal secretary, and Kathey Hannah, a legal secretary, worked a job share in 2002. Ms. Hannah returned to 35 hours a week on March 3, 2003, and Ms. Hall was transferred to the ARC (Administrative Resource Center). This schedule was approved by Rick Ballard, the partner for whom they worked.

Rose Quatrone, a legal secretary, received FMLA leave from May 13, 2002 through August 10, 2002 for medical reasons.

Rhea Maher, a legal secretary, received a modified work schedule where she worked four days a week and used FMLA leave as of April 19, 2002 due to medical reasons. She left the firm on December 7, 2002.

Sevonne Parker, a legal secretary, received FMLA leave from June 27, 2002 through September 29, 2002 for maternity leave.

Pikki Cecilia Ng, a legal secretary, received a leave of absence from February 24, 2003 through March 16, 2003, to get married overseas.

All the above employees with FMLA leave sent leave requests to Fern Forman in Ballard Spahr's benefits department. As a matter of course, all persons requesting FMLA leave were required to complete an FMLA certification form that requested medical verification.

Interrogatory No. 20:  Identify and describe all Family and Medical Leave Act leave provided by Ballard Spahr to any of its employees between the years 2002 and 2004. Please be sure to include the following: (a) date(s) of leave; (b) identity of employee who received the leave; (c) identity of individual who approved the leave; (d) whether medical verification was requested and/or received; and (e) the reason(s) for the leave.

**OBJECTION**:  Defendants object that this interrogatory is overly broad, not limited to Ballard Spahr's D.C. office and not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE**:

See response to Interrogatory No. 17. As explained further in Interrogatory No. 17, legal secretaries Elaine Wilbur, Emily Murray, Jeanine Winley, Lois Swanson, Rose Quatrone, Rhea Mahar, and Sevonne Parker requested and received FMLA leave. In addition, Ms. McFadden requested and received FMLA leave. Other employees of the Washington D.C. office who requested and received FMLA leave during the relevant time period are as follows:

Karen Sykes, an applications specialist, received FMLA leave from January 24, 2002 through March 7, 2002 for medical reasons. She is an exempt employee.

Emily Naftzger, a legal assistant, received FMLA leave from May 21, 2004 through

6

August 6, 2004 for maternity leave.

Casey Briscoe, the support services supervisor, received FMLA leave starting October 31, 2003 for medical reasons.

Margaret Riley-Jamison, the human resources manager, received maternity/FMLA leave from June 25, 2003 through October 11, 2003.

Betty Ann Hahn, a receptionist, received FMLA and non-FMLA for two different absences from September 12, 2003 through November 21, 2003 and beginning February 12, 2004, due to medical reasons. Ms. Hahn passed away in October, 2004.

Laura B. White, a legal assistant, went on pregnancy/FMLA leave from December 23, 2002 through March 14, 2003.

All the above employees with FMLA leave sent leave requests to Fern Forman in Ballard Spahr's benefits department. As a matter of course, all persons requesting FMLA leave were required to complete an FMLA certification form that requested medical verification.

Interrogatory No. 22: Identify each and every legal secretary employed by Ballard Spahr from the year 2002- to present (per Definition K above).

**OBJECTION**: Defendants object that this interrogatory is overly broad, not limited to Ballard Spahr's D.C. office and not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE**:

See Ballard 1411-1412.

7

Interrogatory No. 23: Identify each and every reasonable accommodation provided by Ballard Spahr to an employee of the Firm due to medical reasons. Please be sure to include: (a) date(s) of the accommodation; (b) name of employee who received the accommodation; (c) identity of the person(s) who approved the accommodation; (d) whether medical verification was requested and/or received; and (e) the reason(s) for the accommodation.

**OBJECTION**: Defendants object that this interrogatory is overly broad, not limited to Ballard Spahr's D.C. office and not reasonably calculated to lead to the discovery of admissible evidence. The information requested also is confidential information under Federal law.

**SUPPLEMENTAL RESPONSE**:

Because accommodations provided to Ballard Spahr employees in the Washington D.C. office may include leave, see Supplemental Responses to Interrogatory Nos. 17 and 20.

Vanessa McFadden received various accommodations including FMLA leave and non-FMLA leave.

As a matter of practice, Ballard Spahr provides staff with a variety of ergonomic computer keyboards and chairs as requested. The firm's vendor comes in and trains employees in selecting and adjusting a chair that is appropriate for the employee. In assisting employees in this fashion, Ballard Spahr may be accommodating employees' medical reasons. However, because of the procedure by which such accommodations are provided, Ballard Spahr does not have records of making specific accommodations to specific employees for specific medical conditions.

8

Respectfully submitted,

Ballard Spahr Andrews & Ingersoll, LLP, *et al.*
By counsel

_____
Bernard J. DiMuro, Esq. (D.C. Bar #393020)
Jonathan R. Mook, Esq. (D.C. Bar #929406)
DiMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, Virginia 22314-3067
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served hand delivery this 18th day of July, 2007, to the following:

Teresa W. Murray, Esq.
The Law Offices of T.W. Murray, LLC
7474 Greenway Center Drive, Suite 820
Greenbelt, Maryland 20770-3538
*Counsel for Plaintiff*

_____
Jonathan R. Mook




ATTORNEYS AT LAW

BERNARD J. DIMURO
NINA J. GINSBERG
JONATHAN R. MOOK
JOHN M. TRAN
MICHAEL E. BARNSBACK
HILLARY J. COLLYER
JENNIFER S. KESSLER
STEPHEN J. STINE

MICHAEL S. LIEBERMAN,
OF COUNSEL

August 15, 2007

*Via Facsimile & Mail*
Teresa W. Murray, Esquire
The Law Offices of T.W. Murray, LLC
7474 Greenway Center Drive, Suite 820
Greenbelt, MD 20770
(301)982-0004 (fax)

Re:  *Vanessa A. McFadden v. Ballard Spahr Andrews & Ingersoll, LLP, et al.*
     Civil Action No.: 1:05CV02401 (RJL)

Dear Ms. Murray:

I am writing in response to your letter of July 31, 2007. I will address each of your questions in turn.

**Defendants' Supplemental Answers to Plaintiff's First Set of Interrogatories**

In Interrogatory No. 16, the date is when the position became vacant.

In Interrogatory No. 17, Ms. Maher's schedule modification began before January 1, 2002. It continued through the end of her employment in December of 2002. The schedule was approved by Joe Fanone, a partner at Ballard Spahr.

In Interrogatory No. 20, the time period ends when Ms. McFadden was terminated. Ms. Hahn went on FMLA leave for the first time starting September 12, 2003. She returned to work on November 27, 2003. She then left for FMLA leave again on February 12, 2004. During this absence, Ms. Hahn received FMLA leave and an additional period of non-FMLA leave. Ms. Hahn's leave lasted until after Ms. McFadden's termination. She was later terminated. Please refer to Ballard 1445-1452 for more information.

In Interrogatory No. 22, the race for the listed employees is referenced in the attached document.

908 KING STREET, SUITE 200
ALEXANDRIA, VIRGINIA 22314

**Defendant's Supplemental Responses to Plaintiff's First Request for the Production of Documents**

All documents in Ballard Spahr's possession from the Leave Request forms are being provided. Ballard Spahr has reviewed its files and has found the additional pages for Ms. Briscoe, Ms. Naftzger, and Ms. Riley-Jamison. One of the missing pages from Ms. Hahn's file was found. No additional pages from Ms. Winley's file were located.

Very truly yours,

Jonathan R. Mook

JRM/JSK
Enclosures

cc: Bernard J. DiMuro, Esquire