UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**VANESSA A. MCFADDEN**          )
                                        )
      Plaintiff,             )
                                        )
   v.                             )   **Civil Case No. 05cv2401  (RJL/JMF)**
                                        )
**BALLARD SPAHR ANDREWS &**  )
**INGERSOLL, LLP et al.**           )
                                        )
      Defendants.       )
_____)

## DECLARATION OF VANESSA MCFADDEN

I, Vanessa McFadden, do declare and say as follows:

1. My name is Vanessa McFadden and I am the Plaintiff in the above-captioned action against my former employer, Ballard Spahr Andrews & Ingersoll.

2. When my husband, Cornelius McFadden was diagnosed with Stage 4 colon cancer, I requested a 16-week leave of absence to take care of him, particularly while he was undergoing chemotherapy treatments. Fern Forman and Margaret Riley-Jamison denied this request and stated that I could not have 16 weeks, but could only take leave during a 12-week period between October 17, 2002 and January 8, 2003. Ms. Riley-Jamison also told me that the days I worked during this coverage period would count toward my 12-week FMLA leave entitlement.

3. Therefore, I worked my regular full-time schedule from November 4, 2002 until late January 2003. I obtained approval from my supervisor Charles Henck and managing partner, Allan Winn for a modest, part-time schedule so that I could transport my

husband to chemotherapy treatments and physically care for him afterwards. They permitted me to take 2 days off one week and 1 day off the following week. I worked this schedule until from approximately January 27, 2003 to June 14, 2003. According to my calculations, I took a total of 2 weeks off from October 21, 2002 through November 4, 2002 and a total of 30 days (6 weeks) between January 2003 and June 2003.

4. On the some of the days that I reported to work under the part-time schedule, I paid my sister Velta Adams to take care for my husband. I paid her approximately seventy-five dollars per week. I would often times work late on the days I was schedule to report to complete work that had been left undone in my absence. At times, Mr. Henck would allow Ms. Briscoe to cover my position. But most of the time I would complete the work myself. The firm did not provide full coverage for my work in my absence.

I declare under penalty of perjury under 28 U.S.C. 1746 that the above statement is true and correct. The foregoing statement does not conflict with statements given previously in my deposition or other sworn statements.

_____/s/_____             Date: October 9, 2007
Vanessa McFadden

2