UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
**VANESSA A. MCFADDEN**        )
                              )
        Plaintiff,            )
                              )
            v.                )   **Civil Case No. 05cv2401 (RJL/JMF)**
                              )
**BALLARD SPAHR ANDREWS &**   )
**INGERSOLL, LLP et al.**      )
                              )
        Defendants.           )
_____)

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY
TO PLAINTIFF'S RESPONSE TO STATEMENT OF UNDISPUTED FACTS**

Plaintiff, McFadden ("McFadden"), by and through undersigned counsel, submits this Motion to Strike Defendant's Reply to Plaintiff's Response to Statement of Undisputed Facts. Defendant, Ballard Spahr Andrews & Ingersoll ("Defendant"), has submitted this redundant filing without authority or leave of court, and has placed unfair influence on this Court. Accordingly, the Court should strike Defendant's Reply to Plaintiff's Response to the Statement of Undisputed Facts and decide the Defendant's motion for summary judgment without consideration of its improper submission. As required by Local Rule 7(m), Plaintiff has conferred with Defendants regarding whether they oppose this Motion. Defendant opposes.

**I. FACTS**

On September 7, 2007, Defendant filed a motion for summary judgment, and along with that motion, provided a statement of undisputed facts, per Local Court Rule 7(h). McFadden, in return, filed an opposition to the motion for summary judgment as well as a response to the

statement of undisputed facts, per Rule 7(h). In Plaintiff's response, she listed the facts that were in dispute that the opposing party claimed were undisputed; additionally, she identified other facts that were not mentioned by the opposing party that were in dispute. On November 10, 2007, Defendant then filed along with its reply brief, "Defendant's Reply to Plaintiff's Response to Statement of Undisputed Facts and Response to Statement of Genuine Issues of Material Fact," to which Defendant attached three exhibits. Plaintiff moves to strike this filing under Federal Rule of Civil Procedure 12(f).

## II. STANDARD OF REVIEW

On its own initiative or on a party's motion, the court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter in order to avoid the time, effort, and expense necessary to litigate spurious issues. Fed. R. Civ. P. 12(f); *Fantasy, Inc. v. Fogerty, Inc.*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion. *See Naegele v. Albers*, 355 F. Supp. 2d 129, 145 (D.D.C. 2005); *See also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664-65 (7th Cir. 1992) (citing *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988)). In considering a motion to strike, the court will draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion to strike. *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 553-54 (D. Haw. 1998); *Joe Hand Promotions, Inc. v. Nekos*, 18 F. Supp. 2d 214, 218 (N.D.N.Y. 1998); *Seibel v. Society Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997).

## III. ARGUMENT

The Defendant's "Reply" or more accurately, second statement of undisputed facts should be stricken from consideration because neither the Local Court Rules nor the Federal

Rules of Civil Procedure authorize such a filing. The U.S. District Court for the District of Columbia has identified the procedure for moving for summary judgment. According to local rules, "[e]ach motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement." D.D.C. LCvR 7 (h) (2006). Also, an opposition to a motion for summary judgment "shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." *Id*. The Defendant has filed an extra response in contradiction to Local Rule 7(h). This Rule does not allow for a second round of submissions over material facts. While Defendant was permitted to file a reply to Plaintiff's opposition brief, it did not have the authority to file a second statement of undisputed facts. And after nearly three months, Defendant has not sought leave of court to file a supplemental statement.

      The Defendant's restatement of facts, which it contends are not dispute, is a redundant measure that should be stricken from the pleadings in this case. Federal rules allow the Court to strike any "insufficient defense or any ***redundant, immaterial, impertinent, or scandalous matter***" upon motion made by a party (emphasis added). Fed. R. Civ. P. 12(f). Essentially, Ballard Spahr's supplemental statement provides Defendant a second bite at the apple, which is neither contemplated nor sanctioned by the civil rules of procedure.

      More, this unauthorized, supplemental statement exerts improper influence upon the Court in its ruling on the motion for summary judgment. The Defendant is unfairly attempting to influence the Court in its decision by filing an additional statement of undisputed facts. Plaintiff

is not permitted to file a second statement of disputed facts; thus, as a matter of fair play, Defendant cannot be permitted a one-sided opportunity to tender an additional presentation of its case to the Court. Accordingly, the Court should not consider Defendant's Reply to Plaintiff's Response to the Statement of Undisputed Facts and decide the Motion for Summary Judgment without consideration of the Defendant's improper Reply.

## IV.  CONCLUSION

Defendant's Reply to Plaintiff's Response Statement of Undisputed Facts and Response to Statement of Genuine Issues of Material Fact should be stricken from consideration by the Court since Defendant has filed the response without authority or leave of court, filed a redundant statement, and has placed unfair influence on this Court.

Respectfully submitted,

Dated: February 6, 2008                By**:**_____/s/_____
                                              Teresa W. Murray

THE LAW OFFICE OF T.W. MURRAY
7474 Greenway Center Drive
Suite 820
Greenbelt, Maryland 20770
Phone: 301-982-2005
Fax: 301-982-0004