UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| Vanessa A. McFadden, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05CV02401 (RJL/JMF) |
| | ) | |
| Ballard Spahr Andrews and | ) | |
| Ingersoll, LLP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO STRIKE**

Plaintiff, Vanessa A. McFadden has moved, pursuant to Fed. R. Civ. P. 12(f), to strike Defendants' Reply to Plaintiff's Response to Statement of Undisputed Facts. As set forth below, Defendants' reply does not contain any "redundant, immaterial, impertinent, or scandalous matter" which would justify the striking of Defendants' reply pursuant to Fed. R. Civ. P. 12(f). Accordingly, Plaintiff's motion should be denied.

**I.   PROCEDURAL BACKGROUND**

On September 7, 2007, Defendants, Ballard Spahr Andrews and Ingersoll, LLP and Margaret Jamison-Riley (hereinafter collectively referred to as "Defendants"), filed their motion for summary judgment seeking the dismissal of all of Plaintiff's claims in this case. In support of their motion, Defendants attached two pleadings: a statement of undisputed facts and a memorandum of points and authorities in support of Defendants' motion.

In response to Defendants' motion, Plaintiff also filed two substantive pleadings: an opposition brief and a separate pleading entitled Plaintiff's Response to Defendants' Statement

of Undisputed Facts and Statement of Genuine Issues of Material Fact.  As the title of this pleading indicates, Plaintiff responded to Defendants' statement of undisputed facts and, additionally, set forth a separate statement of what Plaintiff claims to be genuine issues of material fact, which Plaintiff asserts "warrant the denial of Defendants' motion for summary judgment."

In reply to Plaintiff's two pleadings opposing Defendants' summary judgment motion, Defendants also submitted two pleadings: a reply memorandum in support of their motion for summary judgment and a separate reply to Plaintiff's Response to Statement of Undisputed Facts ("Defendants' Reply").  It is this latter pleading that Plaintiff seeks to strike.

Defendants' Reply pointed out that Plaintiff had not responded to, nor disputed, numerous facts set forth in Defendants' statement of undisputed facts.  With respect to those individual facts that Plaintiff did purport to dispute, Defendants' Reply explained that Plaintiff failed to come forward with any admissible evidence to raise a genuine issue of material fact.[1]

---

[1]  Defendants' Reply did not set forth additional statements of fact, as Plaintiff would have this Court believe. Rather, Defendants' Reply corrected Plaintiff's failure to cite to the record, Plaintiff's mischaracterization of the record, and Plaintiff's citations to unrelated portions of the record.  For example:

- Plaintiff disputed Defendants' Statement of Fact No. 5, that Defendant Riley-Jamison had no hiring or firing authority, by citing a section of Ms. Riley-Jamison's deposition in which she states that Ballard Spahr attorneys had the power to hire and fire secretaries. Defendants' Reply pointed out that the deposition section cited by Plaintiff did not contradict Statement of Fact No. 5. Defendants' Reply did not add any new facts.

- Plaintiff also disputed Defendants' Statement of Fact No. 28, that Ballard Spahr added a new accelerated death benefit for her benefit. In disputing this fact, Plaintiff cited her own deposition in which she states that she does not believe Ballard Spahr added the accelerated death benefit for her, but has no evidence other than her subjective belief. Defendants' Reply pointed out that Plaintiff

Defendants' Reply also responded to what Plaintiff asserted were genuine issues of material fact which, as Defendants pointed out, simply constituted a series of questions, rather than factual statements supported by the record.[2]

## II.   ARGUMENT

Under Fed. R. Civ. P. 12(f), a court may order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Critically, the federal rules provide that a motion to strike, such as Plaintiff's motion here, must be made "by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within twenty (20) days after the service of the pleading upon the party." Fed. R. Civ. P. 12(f).[3] Because the pleading that McFadden seeks to strike was served almost three months ago, Plaintiff's motion should be denied on the grounds that it is untimely.

Even if Plaintiff's motion were not untimely, it still should be denied on the merits. Motions under Rule 12(f) are viewed with "disfavor" (*Doeman v. Howard Univ.*, 2006 U.S. Dist. LEXIS 9735, *9 (D.D.C. Feb. 12, 2006)), and Plaintiff has offered no basis for this Court to

---

offered no evidence contradicting Fact No. 28; again, Defendant did not add any new facts.
The remainder of the Defendants' Reply similarly explained deficiencies in Plaintiff's citations to the record and attached a chart listing where Plaintiff inaccurately cited deposition transcripts.

[2]   For example, in Plaintiff's Statement of Genuine Issues of Material Fact, Plaintiff set forth twenty questions, including questions such as: (1) whether violations of the FMLA were willful? (2) whether Riley-Jamison committed unlawful harassment? and (3) whether Plaintiff made inconsistent statements to the Social Security Administration? As explained in Defendant's Reply, such legal argument does not create a genuine issue of material fact.

[3]   The rule does allow the court to strike a portion of a pleading upon its "own initiative at any time." Fed. R. Civ. P. 12(f). As set forth, *infra*, there is no basis for this court to do so.

3

invoke such a drastic remedy as the striking of a pleading in this circumstance.

Plaintiff's primary argument in support of her motion to strike is that the local rules of this Court do not provide for a defendant to file a pleading in reply to a plaintiff's statement of material facts as to which plaintiff contends there exists a genuine dispute. D.D.C. LCvR7(h). The critical error in plaintiff's logic is that even though there may not be a local rule permitting a defendant to file a reply (be it a brief or a response to a plaintiff's statement of material facts at issue), the scheduling order entered in this case provided for the Defendants to file replies. See Joint Response to Court Order, Ex. 2 (filed July 18, 2007). The parties' amended scheduling order, which was adopted by this Court on July 20, 2007, clearly provided for the Defendants to file replies in support of their motion for summary judgment. Defendants did just that.

Finally, there certainly is nothing "redundant, immaterial, impertinent, or scandalous" about Defendants' Reply.[4] In opposition to Defendants' motion for summary judgment, Plaintiff filed two separate pleadings and Defendant filed replies to those two separate pleadings. Plaintiff has not identified any statements in Defendants' Reply that would constitute "redundant, immaterial, impertinent, or scandalous" material, and this Court certainly may take judicial notice that there is none.

## III.   CONCLUSION

There is nothing improper about the filing of Defendants' Reply to Plaintiff's Response

---

[4] A matter is immaterial or impertinent when not relevant to the resolution of the issue at hand. *Judicial Watch v. United States*, 224 F.R.D. 261, 263 (D. D.C. 2004). Material is "scandalous" if it generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court. *United States ex rel K & R Ltd. Partnership v. Massachusetts Housing Finance Agency*, 456 F.Supp.2d 46 (D.D.C. 2006).

to Defendants' Statement of Undisputed Facts.  Plaintiff's motion to strike Defendants' Reply is untimely and, in any event, the filing of Defendants' Reply was in accord with the scheduling order entered in this case and, otherwise, is an appropriate pleading for this Court to consider in support of Defendants' motion for summary judgment.  Plaintiff's motion to strike should be denied.

                Respectfully submitted,

                Ballard Spahr LLP and Margaret Riley-Jamison,
                By Counsel

                _____/s/_____
                Bernard J. DiMuro, Esq. (D.C. Bar #393020)
                Jonathan R. Mook, Esq. (D.C. Bar #929406)
                DiMURO GINSBERG, P.C.
                908 King Street, Suite 200
                Alexandria, VA  22314
                (703) 684-4333
                (703) 548-3181 (facsimile)
                *Counsel for Defendants*