# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **VANESSA A. MCFADDEN** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Case No. 05cv2401 (RJL/JMF) |
| **BALLARD SPAHR ANDREWS & INGERSOLL, LLP et al.** | ) ) ) ) | |
| Defendants. | ) ) | |

### PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO STRIKE DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO STATEMENT OF UNDISPUTED FACTS

#### I. INTRODUCTION

Before the Court is Plaintiff Vanessa McFadden's Motion to Strike a reply statement filed by Defendants Ballard Spahr Andrews & Ingersoll, LLP and Margaret Riley-Jamison ("Defendants") without authority from the Federal and Local Rules of Civil Procedure and Leave of Court. Defendants filed an Opposition to Plaintiff's Motion arguing for the denial of the Motion on timeliness grounds, and on claims that the scheduling order authorized the reply's submission and that the reply is not redundant. The Court should reject these arguments, however, because Plaintiff's Motion is not time-barred, the Court's October 24, 2007 did not authorize the Defendants to file two replies and because their second reply is in fact a redundant presentation of material facts Defendants believe are not in genuine dispute.

## II. ARGUMENT

As an initial matter, "Defendant's Reply to Plaintiff's Response to Statement of Undisputed Facts and Response to Statement of Genuine Issues of Material Fact," is not a pleading, but rather a statement. Defendants attempt to artfully caste their Reply statement as a "pleading"; however, that is not the nature of their filing. Black's Law Dictionary defines "pleadings" as the "formal allegations by the parties to a lawsuit of their respective claims and defenses, with the intended purposes being to provide notice of what is to be expected at trial." 6th Ed., 1990. Defendants' Reply to Plaintiff's Response to Defendants' Statement does not constitute an "Answer," nor does it set forth the claims and defenses of the Defendants. Actually, statements and responsive statements of undisputed facts are documents filed by the parties and used by the court to aid in the sifting of the facts for purposes of deciding summary judgment motions. These documents do not constitute pleadings.

The Court's Local Rules of Civil Procedure concerning these statements supports this conclusion. Local Rule of Civil Procedure 7 states that "[e]ach motion for summary judgment shall be accompanied by a **statement** of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement" and that an opposition to a motion for summary judgment "shall be accompanied by a separate concise **statement** of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the **statement**." (emphasis added). Nowhere in this rule, or in any other Local Rule that Plaintiff could locate, are these statements referred to or described as a pleading.

Because Plaintiff is moving to strike a statement and not a pleading, the 20-day requirement of Federal Rule of Civil Procedure 12(f) does not operate to bar Plaintiff's Motion. In part, Rule 12(f) states that a motion to strike must be filed "by a party before responding to a *pleading* . . . within twenty (20) days after the service of the *pleading* upon the party." F.R.C.P. 12(f) (emphasis added). As discussed above, the filing at issue is not a pleading, but a statement; thus, the 20-day time limit for filing a motion to strike a pleading is inapplicable here. Hence, Ms. McFadden has filed a timely motion for the Court's consideration.

Just as Rule 12(f) does not save the Defendants reply, neither does an alleged scheduling order, which Defendants claim, "provided for the Defendants to file replies." Opposition to Motion to Strike at 4. Defendants are incorrect. While the Court issued an initial order in July 2007 regarding the briefing schedule in this case,[1] this order was later modified, with consent of the parties, on October 24, 2007. (Exhibit 1). This order plainly states "that defendants shall file their reply brief in support of their motion to summary judgment on or before 11/5/2007."[2] Therefore, contrary to the Defendants' argument, the Court, in fact, did not provide for multiple "replies." Using the Defendants' logic, since the Court used the singular form of the word "reply" the Court authorized the filing of only one reply brief. Consequently, neither the federal rules, local rules, nor the Court's governing scheduling order permits the Defendants to file a second statement concerning the facts they claim are undisputed.

Finally, Defendants' reply represents a subsequent statement of undisputed facts that amounts to nothing more than a successive and redundant statement, which they already

---

[1] Plaintiff does not concede that this original order contemplated or allowed for the filing of a second reply, rather it is Plaintiff's interpretation of this briefing schedule to make provisions for cross-motions for summary judgment, which would result in "replies" being filed – one reply by each party.

[2] More, case deadlines were specifically reset as follows: "Reply to Motion for Summary Judgment due by 11/5/2007." (Exhibit 1). This new order provided no authorization for a second reply by Defendants.

presented to the Court. Per Local Rules of Civil Procedure, each party may file a single statement of material facts. Accordingly, Defendants filed their statement along with their Motion for Summary Judgment. In circumvention of this rule, however Defendants filed a second statement, which again, set forth the material facts they contend are not in dispute, but this time, labeled it as a "reply." This second iteration of alleged undisputed facts is indeed, redundant material. As such, Rule 12(f) provides for the Court to strike the reply statement from consideration.

### IV. CONCLUSION

Having presented no viable procedural or substantive arguments opposing Plaintiff's Motion to Strike, the Court should strike Defendant's Reply to Plaintiff's Response Statement of Undisputed Facts and Response to Statement of Genuine Issues of Material Fact and consider the pending dispositive motion based solely upon the appropriate filings submitted to the Court.

Respectfully submitted,

Dated: February 19, 2008        By**:_____/s/_____**
                                  Teresa W. Murray

THE LAW OFFICE OF T.W. MURRAY
7474 Greenway Center Drive
Suite 820
Greenbelt, Maryland 20770
Phone: 301-982-2005
Fax: 301-982-0004