UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VANESSA A. MCFADDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2401 (RJL/JMF) |
| | ) | |
| BALLARD, SPAHR, ANDREWS, & INGERSOLL, LLP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This case has been referred to me for resolution of all non-dispositive motions. Currently before me is Plaintiff's Motion to Strike Defendant's Reply to Plaintiff's Response to Statement of Undisputed Facts ("Motion to Strike") [#56].

**I.   Background**

Plaintiff moves this Court to strike Defendants' Reply to Plaintiff's Response to Statement of Undisputed Facts and Response to Statement of Genuine Issues of Material Fact ("Reply Statement") [#54][1], which she argues is "redundant [and was filed] without authority or leave of court, and has placed unfair influence on this Court." Motion to Strike at 1.

**II.   Discussion**

Rule 12(f) of the Federal Rules of Civil Procedure permits the court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent or

---

[1] This document was initially filed on November 5, 2007, as part of Defendants' Reply Memorandum in Support of Their Motion for Summary Judgment [#52]. That filing was rejected by the Clerk of the Court, however, because it was entered into the electronic filing system as a motion for summary judgment instead of as a reply. On November 6, 2007, the defendants re-filed their reply [#53] by itself and, in a separate entry, re-filed the Reply Statement [#54].

scandalous mater." Fed. R. Civ. P. 12(f). A pleading is a document in which a party "sets forth or responds to allegations, claims, denials or defenses." Black's Law Dictionary at 1191 (8th ed. 2004). Under Rule 7 of the Federal Rules of Civil Procedure, the only pleadings that are permitted are a complaint, an answer to a complaint, an answer to a counterclaim or a crossclaim, a third-party complaint, an answer to a third-party complaint and, if ordered, a reply to an answer. Fed. R. Civ. P. 7(a). The document that plaintiff seeks to strike is not a pleading and is therefore not subject to being stricken upon the application of a party. Kopff v. Battaglia, 425 F. Supp. 2d 76, 86 n.13 (D.D.C. 2006); Sum of $66, 839.59 Filed in Registry of Court v. IRS, 119 F. Supp.2d 1358, 1359 n.1 (N.D. Ga. 2000); 2 J. Moore, *et al.*, MOORE'S FEDERAL PRACTICE § 12.37[2] (3d ed. 2008) ("Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike").[2]

A court has "liberal discretion" to strike document on its own initiative, Pigford v. Veneman, 215 F.R.D. 2, 4 (D.D.C. 2003), and often does so in order to enforce local rules. See, e.g., Superior Production Partnership v. Gordon Auto Body Parts Co., Ltd., No. 06-cv-916, 2008 WL 2230774, at *1 (S.D. Ohio May 28, 2008) ("[T]he Court may choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court."). Indeed, this Court exercised that discretion in this very case by striking plaintiff's initial Motion to Strike for failure to comply with Local Rule 7(m). See Minute Order (1/29/08). As to the Reply Statement, however, the Court does not find any violation of the Local Rules that would justify its striking. Plaintiff argues that Local

---

[2] There is authority that supports the notion that the definition of pleading, for purposes of a motion to strike, also encompasses "affidavits and declarations filed in support of technical pleadings." Judicial Watch, Inc. v. U.S. Dep't of Commerce, 224 F.R.D. 261, 263 n.1 (D.D.C. 2004). The Reply Statement can not be considered a pleading even under this more expansive interpretation.

Rule 7(h) sets forth the briefing rules for motions for summary judgment and does not authorize the Reply Statement, which she characterizes as a second statement of undisputed facts. Motion to Strike at 2. Plaintiff is correct that this rule does not affirmatively grant a party the right to file a second statement of undisputed facts; at the same time, however, it contains no prohibition against such a filing – in fact, it makes no reference at all to what is or is not permitted to be filed as part of a reply in support of a motion for summary judgment.[3] LCvR 7(h). The motion will therefore be denied.

                                                      /s/
                                       JOHN M. FACCIOLA
                                       UNITED STATES MAGISTRATE JUDGE

Dated: June 24, 2008.

---

[3] The Local Rules set forth only two affirmative constraints on a reply: it must be filed "[w]ithin five days after service of the memorandum in opposition," LCvR 7(d), and the "reply memorandum shall not exceed 25 pages, without prior approval from the Court." LCvR 7(e).

3